UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. |
| -against- | : |
| | : **COMPLAINT** |
| ALAMY INC., | : |
| | : |
| Defendant. | : |
| | : |

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff"), by its undersigned attorneys, Duane Morris LLP, for its Complaint alleges as follows:

### NATURE OF THE ACTION

1.      This is a case of willful copyright infringement and false application of copyright management information in violation of 17 U.S.C. §§ 106, 501, and 1202.  Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### JURISDICTION AND VENUE

2.      This is a civil action seeking damages and injunctive relief for, *inter alia*, copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

3.      Personal jurisdiction over Defendant is proper.  At all material times, Defendant has conducted business at a principal office address in this Judicial District and

Defendant has committed torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and Judicial District.

4.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

## PARTIES

5.      Plaintiff Michael Grecco Productions, Inc. is a photography studio and business owned and operated by photographer Michael Grecco.  Plaintiff is the successor by corporate name change to Michael Grecco Photography, Inc.  Plaintiff is incorporated in California and has a principal place of business located at 3103 17th Street, Santa Monica, California 90405.

6.      Upon information and belief, defendant Alamy, Inc. ("Defendant") is a New York based company duly organized and existing under the laws of New York with a principal place of business located at 20 Jay Street, Suite 848, Brooklyn, New York 11201.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7.      Michael Grecco, principal and owner of Michael Grecco Productions, Inc., is an award winning commercial photographer and film director.  Plaintiff is noted for its iconic celebrity portraits, innovative magazine covers, editorial images and advertising spreads for numerous Fortune 500 companies and some of the widely recognized media and entertainment organizations in the world.

8.      Upon information and belief, Defendant owns and operates the website located at the URL http://www.alamy.com, where it reproduces, displays, distributes, and purports to offer license rights to photographic images and other content the copyrights in

2

which are owned by others.  For its services, Defendant some or all of the fees paid by customers who pay to acquire what they believe to be license rights in those media images.

9.     On information and belief, Defendant has a distribution agreement with RGB Ventures LLC d/b/a Superstock ("Superstock"), a Florida company with a principal place of business located at 6620 Southpoint Drive South, Suite #501, Jacksonville, Florida 32216. Based on that relationship, Defendant obtains access to photographic images and copyrighted content in the possession of Superstock, and Defendant reproduces, promotes, distributes and sublicenses the photographic images and other content received through its relationship with Superstock.

10.    In 2012, Plaintiff entered into an Exclusive Contributor Agreement and a Non-Exclusive Contributor Agreement (collectively, the "Agreements") with Superstock. By way of the Agreements, Plaintiff granted limited licenses to certain copyrighted material in Plaintiff's portfolio to Superstock.  The Agreements authorized Superstock to perform its licensing obligations through specified agents referred to in the Agreements as "Third Party Distributors" and expressly identified in Exhibit A to Agreements.  Defendant is expressly identified in the Agreements as a Third Party Distributor for Superstock.

11.    Pursuant and subject to the limited rights set forth in the Agreements, Plaintiff provided approximately 1,700 copyrighted images to Superstock on a hard drive and subsequently provided additional copyrighted images to Superstock by electronic transmission through Superstock's FTP (collectively, the "Copyrighted Works").

12.    Upon information and belief, Defendant obtained some and potentially all of Plaintiff's Copyrighted Works from Superstock.

3

13.     On or about December 2, 2013, the Agreements were terminated.

14.     In Section V(C), each Agreement provides: "SuperStock may continue to exercise the licensing rights granted herein for the following period after termination or expiration: (18) months . . . subject to all other relevant terms and conditions of this Agreement, including license restrictions and payment to Contributor" (the "Survival Term").  Under this Section, Superstock's rights, and the rights of all Superstock Third Party Distributors including Defendant, to the Copyrighted Works expired at the end of the Survival Term.

15.     Upon information and belief, Defendant was informed by Superstock and, therefore, had knowledge of termination of the Agreements and knew that Superstock's, and therefore Defendant's, permission to reproduce, display, distribute, offer for license or otherwise use any of Plaintiff's Copyrighted Works expired at the end of the 18-month Survival Term.

16.     Defendant had no right, permission, authorization or other lawful basis to promote, market, distribute, offer to license, or otherwise use Plaintiff's Copyrighted Works as of the expiration of the Survival Term.

17.     Among the stylized and valuable photographs of celebrities and iconic events created and owned by Plaintiff that Defendant accessed and reproduced through its relationship with Superstock are the photographic images displayed in Exhibit A (collectively, the "Infringed Copyrighted Works").  The Infringed Copyrighted Works displayed in Exhibit B are the subjects of Plaintiff's copyright infringement and Digital

DM2\7589292.3

Millennium Copyright Act ("DMCA") violation claims set forth in Counts I and II of this Complaint, respectively.

18.     Plaintiff has registered its Copyrighted Works with the United States Copyright Office.  Attached hereto as Exhibit B are copies of the Certificates of Registration issued by the United States Copyright Office for the Infringed Copyrighted Works identified in Exhibit A: VA 1-736-729; VA 2-064-915; VA 1-298-833; VA 2-030-740; VA 1-418-420; VA 1-298-835; VA 1-431-698; VA 1-418-417; VA 2-030-741; and VAu 469-004.

19.     Plaintiff is the exclusive owner of the copyrights in and to all of the Copyrighted Works, including without limitation, the exclusive right to sue for the infringement of, and DMCA violations relating to, the Infringed Copyrighted Works.

*Unauthorized Use and Misappropriation of Copyrighted Works*

20.     Even though the Survival Term had expired, in 2016, Plaintiff discovered instances in which Defendant has infringed Plaintiff's exclusive copyrights in the Infringed Copyrighted Works by reproducing, publicly displaying, distributing and offering to license the Infringed Copyrighted Works through its website located at the URL http://www.alamy.com.

21.     Defendant's reproduction, public display, distribution, and offering to license the Infringed Copyrighted Works after the expiration of the Survival Term have been without permission, authorization or license, and constitute willful infringements of Plaintiff's exclusive rights in the Infringed Copyrighted Works.

22.     In order to conceal its infringement of Plaintiff's exclusive copyrights in the Infringed Copyrighted Works, Defendant has provided false copyright management

information by watermarking "Alamy" or "alamy" or "a" on the Infringed Copyrighted Works when reproducing, distributing, publicly displaying and holding out for license the Infringed Copyrighted Works.

23.     Exemplary screenshots or printouts demonstrating Defendant's unauthorized reproductions, distributions and public displays of the Infringed Copyrighted Works are attached hereto as Exhibit C.

## FIRST CLAIM FOR RELIEF
## Direct Copyright Infringement
## (17 U.S.C. § 101 *et seq.*)

24.     Plaintiff realleges paragraphs 1 through 23 above and incorporates them by reference as if fully set forth herein.

25.     Each of the Infringed Copyrighted Works is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.  Plaintiff is the sole and exclusive owner of all rights, title and interest in and to the copyrights in the Infringed Copyrighted Works.

26.     Defendant had access to the Infringed Copyrighted Works prior to the commencement of its infringing conduct.

27.     Defendant's reproduction, distribution, public display and other use and exploitation of the Infringed Copyrighted Works after the expiration of the Survival Term is without license, permission or authorization by Plaintiff, and violates Plaintiff's exclusive copyrights in the Infringed Copyrighted Works in violation of the Copyright Act, 17 U.S.C. §501, *et seq*.

DM2\7589292.3

28.     Defendant's infringement of Plaintiff's exclusive copyrights is willful and deliberate and Defendant has demonstrated an intention to profit from the exploitation of its infringing reproduction, distribution, public display and holding out for license of the Infringed Copyrighted Work at the expense of Plaintiff.

29.     Pursuant to 17 U.S.C. § 504(c)(2), as a result of Defendant's infringement of Plaintiff's exclusive rights in the Infringed Copyrighted Works, Plaintiff is entitled to recover statutory damages up to a maximum amount of $150,000 with respect to each of the Infringed Copyrighted Works, or such amounts up to a maximum of $30,000 with respect to each of the Infringed Copyrighted Works should Defendant's infringement be found not to have been committed intentionally, pursuant to 17 U.S.C. § 504(c)(1).

30.     Alternatively, at Plaintiff's election prior to entry of final judgment, Plaintiff is entitled to recover damages based on Plaintiff's actual damages suffered as a result of Defendant's infringements and the disgorgement of Defendant's profits attributable to the infringements, pursuant to 17 U.S.C. § 504(b), which amounts will be proven at trial.

31.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

32.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive copyrights in the Copyrighted Works.

DM2\7589292.3

**SECOND CLAIM FOR RELIEF**
**Violation of the Digital Millennium Copyright Act**
**(17 U.S.C. § 1202)**

33.     Plaintiff realleges paragraphs 1 through 23 above and incorporates them by reference as if fully set forth herein.

34.     Defendant has provided and distributed false copyright management information in connection with the reproduction, distribution, public display and holding out for license of the Infringed Copyrighted Works.   The false copyright management information incorrectly identifies Defendant, as opposed to Plaintiff, as the copyright interest holder in the Infringed Copyrighted Works.

35.     Defendant's use of false copyright management information provided in connection with the reproduction, distribution, public display and holding out for license of the Infringed Copyrighted Works is intended to facilitate or conceal its infringement of Plaintiff's exclusive copyrights.   The false copyright management information is intended to induce end users of the Infringed Copyrighted Works to believe that Defendant, as opposed to Plaintiff, owns or controls the copyrights in the Infringed Copyrighted Works so they will pay Defendant a fee for the ability to make further reproductions and distributions of the Infringed Copyrighted Works by and through Defendant's on-line distribution platform.

36.     The actions of Defendant constitute willful and deliberate violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a).

37.     By reason of Defendant's violations of the Digital Millennium Copyright Act, Plaintiff has suffered damages and is entitled to recover its actual damages and to disgorge any additional profits of Defendant attributable to the violations, pursuant to 17 U.S.C.

§ 1202(c)(2). Alternatively, and at Plaintiff's sole discretion exercised any time prior to entry of final judgment, Plaintiff is entitled to recover statutory damages in an amount between $2,500 and $25,000 per violation of the Digital Millennium Copyright Act, pursuant to 17 U.S.C. § 1203(c)(3)(B).

38.     Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

39.     Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

**WHEREFORE**, Plaintiff demands judgment as follows:

(a)     A declaration that Defendant infringed Plaintiff's exclusive copyrights in the Copyrighted Work in violation of the Copyright Act;

(b)     A declaration that Defendant's infringement was willful;

(c)     An audit of all Plaintiff's Copyrighted Works that were, at any time, transmitted or otherwise provided to Defendant by image file name, serial number, and any other identifying elements assigned either by Plaintiff or Defendant; all transactions by Defendant or entities authorized by Defendant related to the works; and the current disposition of the works;

(d)     An accounting of all revenues earned by Defendant as a result of its reproduction, distribution, display, sublicensing or other use or exploitation of the Infringed

DM2\7589292.3

Copyrighted Works, or any portion of the Infringed Copyrighted Works, since the expiration of the Survival Term;

(e)     Awarding Plaintiff its actual damages and the disgorgement of the non-duplicative gains, profits, property and advantages obtained or derived by Defendant and its agents attributable to the acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), up to a maximum of $150,000 for each Copyrighted Work infringed should Defendant's infringement be found to be willful, or a maximum of $30,000 for each Copyrighted Work infringed should Defendant's infringement not be found to be willful;

(f)     A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally providing and distributing false copyright management information to conceal its infringement;

(g)     Awarding Plaintiff its actual damages and disgorgement of all non-duplicative gains, profits, property and advantages obtained or derived by Defendant from its acts of violations of the Digital Millennium Copyright Act or, in lieu thereof, should Plaintiff so elect, statutory damages in an amount the Court shall deem proper between a minimum of $2,500 and a maximum of $25,000 for each violation of the Digital Millennium Copyright Act, pursuant to 17 U.S.C. § 1203(c)(3)(B);

(h)     Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 1117;

(i)     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

(j)    Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, parents, subsidiaries and assigns, and all those in active concert and participation with Defendant from:

(i)    directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from any of Plaintiff's Copyright Works or to participate or assist in any such activity; and

(ii)   directly or indirectly providing or distributing any false copyright management information in connection with, any of Plaintiff's Copyright Works.

(k)    For such other and further relief as the Court may deem just and proper.

DM2\7589292.3

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to FED. R. CIV. P. 38.


Dated:  June 4, 2018

Respectfully submitted,

DUANE MORRIS LLP

By:      /s/ Jovalin Dedaj
         Jovalin Dedaj
         1540 Broadway
         New York, NY  10036-4086
         Telephone: (212) 471-4760
         Facsimile: (212) 208-4642
         Email: JDedaj@duanemorris.com


         Steven M. Cowley
         (*Pro Hac Vice to be submitted*)
         100 High Street, Suite 2400
         Boston, MA 02110-1724
         Telephone: (857) 488-4261
         Facsimile: (857) 401-3090
         Email: SWCowley@duanemorris.com


         *Attorneys for Plaintiff*
         *Michael Grecco Photography, Inc.*