

| | | |
|---|---|---|
| NEW YORK | *FIRM and AFFILIATE OFFICES* | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | JOVALIN DEDAJ | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 212 471 4760 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 212 208 4642 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* jdedaj@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | *www.duanemorris.com* | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

August 2, 2018

<u>VIA ECF</u>

Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Michael Grecco Productions, Inc. v. Alamy Inc.*, 18-cv-3260-PKC-JO

Dear Judge Chen:

      Pursuant to your Honor's Individual Practices and Rules 3A, Plaintiff Michael Grecco Productions, Inc. ("MGPI" or "Plaintiff") opposes Defendant Alamy Inc.'s ("Defendant") request for a pre-motion conference seeking leave to file a motion to dismiss MGPI's Complaint. Defendant's contemplated motion is premised on disputed factual contentions that are not capable of resolution on a Rule 12 motion. In fact, Defendant's principal contention directly contradicts the representations made on the website where the infringing copies of Plaintiff's twenty-seven Copyrighted Works[1] were publicly displayed and distributed. Defendant has identified no ground for a potential motion to dismiss that does not rely on disputed issues of fact, or otherwise capable of being resolved based on the allegations in the Complaint.

**<u>There Is No Personal Jurisdiction Issue Regarding The Defendant</u>**

      The Defendant is Alamy Inc., a company organized under New York law with a principal place of business located at 20 Jay Street, Suite 848, Brooklyn, New York. Complaint ¶ 6. Defendant does not contend otherwise. Instead, Defendant creatively defines "Alamy" for purposes of its letter as an entity not currently named as a party and then proposes to challenge personal jurisdiction over the non-party on the grounds that it is a foreign corporation and the Complaint does not sufficiently allege that the New York long-arm statute applies.

      Defendant's argument is disingenuous, at best. The Complaint against the actual Defendant cannot be dismissed for lack of personal jurisdiction. Defendant merely contests

---

[1] The Copyrighted Works, as the term is used and defined in Plaintiff's Complaint, are displayed in attachment A to the Complaint. [ECF Doc. 1-1, pp. 2-8].

DuaneMorris

Hon. Pamela K. Chen
August 2, 2018
Page 2

liability for the copyright violations identified in the Complaint, suggesting that it will prove the website on which the infringement occurred is wholly managed and run by its corporate parent. Those facts are in dispute. Importantly, Defendant's representation to this Court directly contradicts the representation on the website itself that "'Alamy' Means Alamy Inc." [https://www.alamy.com/terms/us.asp][2] The website further instructs users that the "Alamy License Agreement" being offered for images found on the website – which included Plaintiff's Copyrighted Works – "is a legal agreement (the "Agreement") between you … and Alamy Inc. ("Alamy," collectively with you, the "parties" to the Agreement)."

In essence, Defendant asks this Court for leave to file a motion to dismiss premised on the falsity of the representations set forth on the website where the infringement of Plaintiff's copyrights occurred. There is no good faith basis to submit a motion premised on there being no disputed issue of fact concerning Alamy Ltd.'s sole responsibility for the acts of infringement - such as holding Plaintiff's Copyrighted Works out for an Alamy license without authorization - when Defendant actively conducts business based on representations that contradict its intended argument. In any event, should Defendant actually establish in discovery that the representations on the Alamy website are false, and Alamy Ltd. committed all acts of infringement solely on its own with no involvement by Defendant, there will not be any impediment to joining, or replacing, Alamy Ltd. as named defendant merely because it is based in England. Alamy Ltd. conducts ongoing business by and through a subsidiary organized and headquartered in this forum, and the ongoing business it transacts through its subsidiary includes the reproduction, public display and offering for license and distribution, of countless photographic images that it obtains and redistributes for a profits through licenses in the name of it forum-based subsidiary. Alamy Ltd.'s sustained and substantial business transactions in this forum – assuming the truth of Defendant's suggestion that they are not, in fact, Defendant's own transactions - give rise to the infringement claims asserted in the Complaint. This Court clearly has jurisdiction over Alamy Ltd., should Defendant succeed in establishing the facts alleged in its letter to this Court. See Uebler v. Boss Media AB, 432 F. Supp. 2d 301, 304 (E.D.N.Y. 2006).

**Defendant Is Not Immune From DMCA Liability**

Defendant applied the false label of "Alamy Stock Photo" to numerous of the Plaintiff's Copyrighted Works. [ECF Document 1-3]. Defendant's suggestion that it is free from liability under the Digital Millennium Copyright Act ("DMCA") because Second Circuit precedent excludes watermarks applied to pre-license versions of copyrighted photographs is simply inaccurate. Defendant quizzically cites to Authors Guild, Inc. v. HathiTrust, 755 F.3d 87, 95 (2d Cir. 2014) to support its proposition, but that decision involved a comprehensive analysis of a fair use defense relating to the creation of a digital library of written works. It has nothing whatsoever to say about the applicability of the DMCA to pre-license versions of images. An affirmative defense of fair use, if raised, will be Defendant's burden to prove and the elements necessarily will

---

[2] The quotes from Defendant's website come from the Terms and Conditions section, found by scrolling to the bottom of the landing page and clicking on that link under the "Legal" column.



Hon. Pamela K. Chen
August 2, 2018
Page 3

be predicated on factual issues in dispute.  Similarly, Defendant's representation that the Plaintiff unsuccessfully litigated this issue previously, citing to <u>Michael Grecco Photography, Inc. v. Everett Collection, Inc.</u>, 589 F. Supp. 2d 375, 387 (S.D.N.Y. 2008) (vacated in part), simply misrepresents that decision.  The portion of the <u>Everett Collection</u> decision pointed to by the Plaintiff discussed dismissal of a Lanham Act claim, in part because the claim was preempted by the Plaintiff's copyright claim.  The <u>Everett Collection</u> court did not address a DMCA claim, and made no finding suggesting that the false application of a defendant's name to a photograph it does not own does not constitute false designation of copyright management information.  To the contrary, the <u>Everett Collection</u> court explained Plaintiff "admits that Everett never claimed to be the author or copyright owner of the Images, and in fact, informed its website users, 'Everett is not the copyright holder of the images.'"  Plaintiff makes no such admission here, as Defendant made no such disclosure.  Instead, Defendant falsely labeled Plaintiff's Copyrighted Works with the phrase "Alamy Stock Photo," for the purpose and with the effect of misleading users of its website to believe that Defendant owned the rights to, and must be paid a license fee for, the use of the images, enabling Defendant to infringe Plaintiff's exclusive right to license its Copyrighted Works.

   Defendant's suggestion that it has a good faith claim to immunity under the DMCA for the infringement of a Bob Marley photo (one of the Copyrighted Works), is similarly flawed, as the immunity relied upon only applies to "service providers," defined in the DMCA as "provider[s] of online services or network access, or the operator of facilities therefor …." 17 U.S.C. §512(k)(B).  There is no support identified for Defendant's suggestion that a business that runs a photo image licensing site, promoting and marketing images for which it obtains licenses permitting Defendant to distribute and for which it further requires customers to enter a license agreement and pay a license fee to it in order to obtain permission to use the images, somehow qualifies as a "service provider" under the DMCA.  Any argument that Defendant qualifies as a "service provider" necessarily relies upon numerous disputed issues of fact.  Even assuming Defendant is able to mount factual support for that proposition, it will then need to establish that the Bob Marley photo was merely passively hosted by Defendant and was content solely controlled by some other user of its network services.  That contention directly contradicts the terms of Defendant's website, including the "Alamy License," in which Defendant asserts control over the terms of distribution of the photo.  In short, Defendant's argument is subject to a factual dispute that cannot be resolved by anything conceded in the Plaintiff's Complaint.  Defendant's suggestion that Exhibit C to the Complaint leaves no dispute as to these factual details is simply false.

   Plaintiff respectfully suggests that there is no good faith basis to incur the substantial delay and attorneys fees associated with the proposed motion to dismiss, given the hotly contested factual disputes underlying each of Defendant's positions.

                       Respectfully,

                        */s/ Jovalin Dedaj*

                        Jovalin Dedaj

cc:  All counsel of record (*via ECF, email and regular mail*)