UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL GRECCO PRODUCTIONS, INC.,

    *Plaintiff*,

v.

ALAMY INC.,

    *Defendant.*

1:18-cv-03260-PKC-JO

## ALAMY INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Nancy E. Wolff
Lindsay W. Bowen
Brittany L. Kaplan-Peterson
COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, NY 10010
Telephone: (212) 974-7474

*Attorneys for Defendant Alamy Inc.*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..………………………………………….......................ii, ii

PRELIMINARY STATEMENT ..………………….....…………………………….....…....1

ARGUMENT………………………………………………………………………..……..2

I.  ALAMY IS PROTECTED FROM LIABILITY IN CONNECTION WITH
    THE BOB MARLEY PHOTOGRAPH UNDER SECTION 512(c) BECAUSE
    THE PHOTOGRAPH IS PLAINLY USER-GENERATED CONTENT...........................2

II. PLAINTIFF HAS FAILED TO PLEAD A CLAIM UNDER SECTION 1202
    BECAUSE A WATERMARK DOES NOT CONSTITUTE COPYRIGHT
    MANAGEMENT INFORMATION ….....………….....……………………..………5

III. PLAINTIFF FAILS TO STATE A CLAIM AGAINST ALAMY INC. AND
     PERSONAL JURISDICTION CANNOT BE EXERCISED OVER ALAMY
     LIMITED ……………………………….....…………………………….………..8

CONCLUSION……...…………………………………....………………..……………….11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Aimster Copyright Litig.*,
　252 F. Supp. 2d 634 (N.D. Ill. 2002) ........................................................................................4

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ..................................................................................................................7

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) ..................................................................................................................7

*Greg Young Publ'g, Inc. v. Zazzle, Inc*,
　No. 2:16-cv-04587 (SVW), 2017 WL 2729584 (C.D. Cal. May 1, 2017) ................................4

*Gym Door Repairs, Inc. v. Young Equip. Sales*,
　206 F. Supp. 3d 869 (S.D.N.Y. 2016), *recons. den.*, No. 15-CV-4244 (JGK),
　2016 WL 6652733 (S.D.N.Y. Nov. 10, 2016) ........................................................................10

*Highsmith et al. v. Getty Images (US), Inc. et al.*,
　No. 1:16-cv-5924 (JSR), Dkt. No. 67 (S.D.N.Y. Oct. 3, 2016) ................................................5

*Highsmith et al. v. Getty Images (US), Inc. et al.*,
　No. 1:16-cv-5924 (JSR), Dkt. No. 68 (S.D.N.Y. Oct. 28, 2016) ..............................................5

*Kanongataa v. Coed Media Group, LLC*,
　No. 1:16-cv-07472 (LAK), Dkt. No. 17 (S.D.N.Y. Dec. 1, 2016) ...........................................8

*Kanongataa v. Coed Media Group, LLC*,
　No. 1:16-cv-07472 (LAK), Dkt. No. 27 (S.D.N.Y. Feb. 15, 2017) ..........................................8

*Krechmer v. Tantaros*,
　No. 17-4061-cv, 2018 WL 4044048 (2d Cir. Aug. 24, 2018) ...............................................6, 8

*Mercator Corp. v. Windhorst*,
　159 F. Supp. 3d 463 (S.D.N.Y. 2016) .....................................................................................10

*Michael Grecco Photography, Inc. v. Everett Collection, Inc.*,
　589 F. Supp. 2d 375 (S.D.N.Y. 2008) .......................................................................................5

*Millennium TGA, Inc. v. Leon*,
　No. 12-cv-01360 MKB, 2013 WL 5719079 (E.D.N.Y. Oct. 18, 2013) ...................................7

*Pablo Star Ltd. v. The Welsh Gov't*,
　170 F Supp. 3d 597 (S.D.N.Y. 2016) ......................................................................................10

*Roberts v. Weight Watchers Int'l, Inc.*,
   217 F. Supp. 3d 742 (S.D.N.Y. 2016), aff'd No. 16-3865,
   2017 WL 4994471  (2d Cir. Nov. 2, 2017) .......................................................................7, 8

*Viacom Intern., Inc. v. YouTube, Inc.*,
   676 F.3d 19 (2d Cir. 2012) ................................................................................................4

*Windstream Svcs., LLC v. BMG Rights Management (US) LLC*,
   No. 16-cv-5015 (KMW) (RLE), 2017 WL 1386357 (S.D.N.Y. Apr. 17, 2017) ................3

*Wolk v. Kodak Imaging Network, Inc.*,
   840 F. Supp. 2d 724 (S.D.N.Y. 2012) ............................................................................3, 4

**Rules and Statutes**

17 U.S.C. § 512(c) ..............................................................................................………..2, 3

17 U.S.C. § 512(k) ...............................................................................................................2, 3

17 U.S.C. § 1202(a) ................................................................................................................6

**Other Materials**

Alamy, https://www.alamy.com/contactus/uk.asp ...............................................................8

Terms and Conditions, http://www.alamy.com/terms/general.asp ............................................8, 10

Defendant Alamy Inc., by its attorneys, Cowan, DeBaets, Abrahams & Sheppard LLP, respectfully submits this Reply Memorandum of Law in Further Support of its Motion to Dismiss plaintiff Michael Grecco Productions, Inc.'s complaint dated June 4, 2018 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **PRELIMINARY STATEMENT**

Plaintiff's opposition to Alamy Inc.'s Motion to Dismiss ("Opposition" or "Opp.") relies on misstatements and overstatements.[1]  It is striking that in its Opposition, Plaintiff asks the Court to disregard the limited facts set forth in its Complaint and the exhibits thereto.  Indeed, in order to support its arguments, Plaintiff misstates facts by insisting that its exhibits do not reflect what is plainly evident on their face.  To supplant the exhibits, Plaintiff introduces new factual allegations in this Motion not contained within the Complaint and therefore not entitled to a presumption of truth.  Moreover, Plaintiff overstates the law.  It implausibly maintains that Alamy does not qualify as an Internet Service Provider under the Digital Millennium Copyright Act ("DMCA").  It argues that *any* information, whether related to copyright or not, may constitute copyright management information ("CMI") under the DMCA.  And it urges the Court to find that personal jurisdiction may be exercised over a foreign entity with no ties to New York other than an independent subsidiary domiciled here, after explicitly refusing the opportunity to conduct jurisdictional discovery.  Plaintiff's Opposition is consistent with its approach to this litigation more generally, for which it has already been chastised by the Magistrate Judge.  It reflects Plaintiff's continued reliance on false assertions of law and fact, and demonstrates a consistent and discouraging disregard for both the truth and this Court's time and resources.

---

[1] Capitalized terms utilized herein are assigned the same meaning as set forth in Alamy Inc.'s Memorandum of Law in Support of its Motion to Dismiss ("Motion" or "Mot.").

Because Plaintiff has failed to plausibly identify the requisite factual and legal support for the claims set forth in its Complaint, the Complaint should be dismissed in its entirety.

**ARGUMENT**

I. **ALAMY IS PROTECTED FROM LIABILITY IN CONNECTION WITH THE BOB MARLEY PHOTOGRAPH UNDER SECTION 512(c) BECAUSE THE PHOTOGRAPH IS PLAINLY USER-GENERATED CONTENT**

Plaintiff cannot dispute the fact that, upon recognizing the photographs, including the Marley Photograph, on Alamy's website, it failed to issue a DMCA takedown notice, and chose instead to file the instant lawsuit, burdening the Court with what would have otherwise been a simple DMCA request. Plaintiff's claim with respect to the Bob Marley Photograph should be dismissed for this reason alone. Mot. at 16. Moreover, the Marley Photograph (like the others at issue) has been removed from Alamy's website (*see* Kaplan-Peterson Decl., ¶ 3, Ex. 2), a fact that Plaintiff disregards in its Opposition and misrepresented before Magistrate Judge Orenstein.[2] The removal of the Marley Photograph provides further protection to Alamy under the DMCA's safe harbor provisions. Mot. at 16.

Perhaps recognizing the weakness of its position, Plaintiff attempts to salvage its claim by arguing—against the full weight of both relevant case law and the plain language of the statute—that Alamy is not an Internet Service Provider ("ISP") within the meaning of the DMCA. The DMCA defines an ISP as a "provider of online services of network access, or the operator of facilities therefor." 17 U.S.C. § 512(k)(1)B). Plaintiff maintains that Alamy is not

---

[2] During the parties' August 27, 2018 case management conference before Magistrate Judge Orenstein, Plaintiff's counsel stated that the Photographs had not yet been removed from Alamy's website. Alamy's counsel corrected Plaintiff, noting that the Photographs had indeed been expeditiously removed following the filing of the Complaint. Plaintiff's counsel conceded that he had not engaged in a recent review of Alamy's website, and accepted Alamy's representation that the Photographs had indeed been taken down. Magistrate Judge Orenstein subsequently chastised Plaintiff's counsel for his misrepresentation to the Court.

2

an ISP because it "provides no interconnection services, or web hosting platforms," Opp. at 17, but cites *no authority* for this limitation. Plaintiff may be attempting to reference the definition of "service provider" set forth in Section 512(k)(1)(A), but this definition applies to the safe harbor provision contained in Section 512(a), which is not the focus of Alamy's argument. Instead, Alamy is immune from liability under Section 512(c), and has asserted as much. Mot. at 12-18. That subsection protects ISPs from liability for infringement "by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider." 17 U.S.C. § 512(c). The applicable definition of "service provider" with respect to this subsection is set forth in Section 512(k)(1)(B), which defines the term more broadly as "a provider of online services or network access, or the operator of facilities therefor." *See, e.g., Windstream Svcs.*, *LLC v. BMG Rights Management (US) LLC,* No. 16-cv-5015 (KMW) (RLE), 2017 WL 1386357, at *6 (S.D.N.Y. Apr. 17, 2017).

The only legal authority cited by Plaintiff is a case relied on by Alamy in its Motion, *Wolk v. Kodak Imaging Network, Inc.* Plaintiff attempts to distinguish the case by arguing that Alamy is different from the website Photobucket because the latter "is not a commercial licensing site and passively provides internet services to other users who control [the website's] content." Opp. at 17. However, Plaintiff misreads the court's analysis in *Wolk*. The court determined that Photobucket constitutes an ISP under the DMCA, not because Photobucket does not earn revenue in connection with its online services, but because it "offers a site that hosts and allows online sharing of photos and videos at the direction of users." *Wolk v. Kodak Imaging Network, Inc.,* 840 F. Supp. 2d 724, 744 (S.D.N.Y. 2012). The court made no reference to the fact that Photobucket did not license photos through their website.

Contrary to Plaintiff's insistence that an ISP must be entirely passive, the DMCA's

3

definition of ISP is "clearly meant to cover more than mere electronic storage lockers." *Viacom Intern., Inc. v. YouTube, Inc.,* 676 F.3d 19, 39 (2d Cir. 2012) (internal citation omitted). Rather, the definition is "intended to encompass a broad set of Internet entities." *Wolk*, 840 F. Supp. 2d at 744. Indeed, it is "difficult to imagine any online service that the definition [of an ISP] would not encompass." *Greg Young Publ'g, Inc. v. Zazzle, Inc,* No. 2:16-cv-04587 (SVW), 2017 WL 2729584, at *6 (C.D. Cal. May 1, 2017). Under a statute where "'service provider' is defined so broadly that [courts] have trouble imagining the existence of an online service that *would not* fall under the definition," *In re Aimster Copyright Litig.,* 252 F. Supp. 2d 634, 658 (N.D. Ill. 2002), Alamy surely qualifies because it operates a website that provides a service—specifically, the opportunity to license user-uploaded images. Plaintiff attempts to distinguish Alamy from other ISPs by claiming that Alamy earns a licensing fee in connection with its online services, Opp. at 17, but Plaintiff's argument is "wholly unmoored from the statutory text," which contains no exclusion for commercial entities that earn revenue in connection with the provision of online services. *See Greg Young Publ'g,* 2017 WL 2729584 at *6.

Plaintiff further attempts to save its claims with respect to the Marley Photograph by insisting that the facts alleged in Plaintiff's Complaint are insufficient to demonstrate that the Marley Photograph was posted to Alamy's website by a third-party user. In making this argument, Plaintiff disregards its own exhibit, which plainly reflects the fact that the Marley Photograph was posted by a third-party user to a forum or online message board hosted on Alamy's website. *See* Cplt. Ex. C at 2. Plaintiff effectively asks the Court to accept the premise that Alamy licenses images through an online message board, with no "buy" button or reference to pricing or license terms. *Compare id.* at 12 (setting forth licensing fees for various types of use). This is simply implausible, as is evident when the page on which the Marley Photograph

4

appeared is viewed in its entirety. *See* Kaplan-Peterson Decl., ¶ 2, Ex. 1.[3] The Marley Photograph was posted by a user named "Michael Ventura," identified as a "Forum regular" located in Washington, D.C. *Id.* at 2. Plaintiff's Complaint contains no factual allegations suggesting that Mr. Ventura's post was reviewed, edited, promoted, or sponsored by Alamy or its staff or editors. Mr. Ventura is not alleged to be an Alamy employee in the Complaint or anywhere on the Forum webpage itself.[4] The Marley Photograph cannot, therefore, be subject to a copyright infringement claim given Alamy's compliance with the DMCA. Mot. at 12-18.

## II. PLAINTIFF HAS FAILED TO PLEAD A CLAIM UNDER SECTION 1202 BECAUSE A WATERMARK DOES NOT CONSTITUTE COPYRIGHT MANAGEMENT INFORMATION

Alamy utilizes a watermark on the display versions of images appearing on Alamy's website, not to indicate authorship or to claim copyright ownership, but instead to identify the "originator of the website" on which the images appear. *See Michael Grecco Photography, Inc. v. Everett Collection, Inc.,* 589 F. Supp. 2d 375, 387 (S.D.N.Y. 2008) (vacated in part on other grounds); *see also Highsmith et al. v. Getty Images (US), Inc. et al.,* No. 1:16-cv-5924 (JSR), Dkt. No. 68 (S.D.N.Y. Oct. 28, 2016); *Id.*, Dkt. No. 67 at 10 (S.D.N.Y. Oct. 3, 2016). As the Court will note, one of the cases cited above involved Plaintiff itself; incredibly, Plaintiff has not seen fit to inform the Court of this case.

In its Opposition, Plaintiff maintains that *any* information appearing next to an image—including a watermark—may constitute CMI, but Plaintiff overlooks the fact that it is not merely the placement, but the content of such information that is relevant to whether the information

---

[3] In considering this Motion, the Court may review the full post, which Plaintiff clearly relied upon and which is integral to Plaintiff's allegations concerning the Marley Photograph. Mot. at 14.

[4] The Court is permitted to consider the "totality" of Alamy's website on this Motion. *See* Mot. at 7, n.5.

5

constitutes CMI. Alamy's watermark does not contain a copyright notice, or otherwise assert copyright ownership of the images posted to its website. Cplt., Ex. C. Rather, Alamy's watermark is comprised solely of the word "Alamy" or the letter "a." *Id.* at ¶ 22. Further, Alamy makes abundantly clear—and the exhibits to the Complaint reflect—that it does not own copyright rights in the millions of images posted there. *See, e.g., id.*, Ex. C at 4 (expressly stating that the photograph displayed "is the copyright of the FILM/TV COMPANY and/or the photographer assigned by or authorized by/allowed on the set by the Film/TV Company"). In this way, Alamy is similar to a public library, which stamps the library's name on every book to indicate the source of that particular copy of the book, but not to assert copyright ownership in the book. Plaintiff asserts no other facts in its Complaint identifying allegedly false CMI.[5]

Moreover, as confirmed by a recent Second Circuit opinion—a decision absent from the Opposition—Plaintiff's Section 1202 claim should be dismissed because Plaintiff has failed to plausibly allege that Alamy knowingly applied false CMI "with the intent to induce, enable, facilitate, or conceal infringement." 17 U.S.C. § 1202(a). *See Krechmer v. Tantaros,* No. 17-4061-cv, 2018 WL 4044048, at *2 (2d Cir. Aug. 24, 2018) (Summary Order).[6] In that case, the plaintiff-appellant maintained that his *ipse dixit* statement that allegedly false CMI had been applied to conceal infringement sufficed to support his Section 1202 claim. The Second Circuit disagreed, holding that, just as in this case, such a conclusory allegation lacked the factual support required to amplify the claim into a plausible allegation.

---

[5] Plaintiff maintains that it has indeed identified other examples of false CMI (Opp. at 14), but cites to multiple paragraphs in its Complaint that do not reference CMI. The Opposition also cites to paragraph 22 of the Complaint, which expressly states, "Defendant has provided false [CMI] by watermarking 'Alamy' or 'alamy' or 'a' on the Infringed Copyrighted Works…" Cplt. ¶ 6.

[6] *Krechmer* was decided the day after the Motion was served on Plaintiff, but well before the Opposition, making Plaintiff's failure to bring the case to the Court's attention that much more telling.

Here, Plaintiff has not plausibly alleged that Alamy acted with the requisite intent. Plaintiff asserts that Alamy utilizes a watermark for the "nefarious" purpose of "intercept[ing] potential licensees" from Plaintiff (Opp. at 15), but this is a naked assertion. Plaintiff fails to explain why a visitor to Alamy's website would, in the absence of a watermark, contact Plaintiff to license an image instead.[7]  Rather than seek to induce infringement, Alamy utilizes a watermark to ensure that images are properly licensed. Indeed, it is well-established that a watermark is utilized not to encourage, but to *prevent* counterfeiting and other unauthorized use. *See Millennium TGA, Inc. v. Leon,* No. 12-cv-01360 MKB, 2013 WL 5719079, at *16 (E.D.N.Y. Oct. 18, 2013). While factual allegations in the Complaint are entitled to a presumption of truth, the Court need not accept claims that are not amplified with factual allegations sufficient to render them plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Plaintiff appears to argue that because Alamy knew that the Photographs were provided by Superstock and owned by a third party (Cplt. ¶ 15), Alamy's application of its watermark to the Photographs was therefore done with knowledge of the falsity of such CMI. However, as demonstrated by the exhibits to the Complaint that are *not* misleading excerpts, Superstock was not the source of the Photographs. *See* Cplt. Ex. C at 4 & 25. Plaintiff has therefore failed to plausibly allege that Alamy's watermarks were "false," or that Alamy was aware of such a fact. But even assuming the allegation of knowledge were not contradicted by the exhibits, Plaintiff must plausibly allege both knowledge *and* intent, and it has

---

[7] Plaintiff's allegation in its Opposition that Alamy's use of a watermark "enabled" Alamy "to direct potential licensees who ran Google . . . searches for images to see [Alamy's] claim to the right to license the images when they came up in search results" (Opp. at 15) is absent from the Complaint. Such allegation should be disregarded, as it is black-letter law that a plaintiff cannot amend its pleadings through an opposition to a motion to dismiss. *See, e.g., Roberts v. Weight Watchers Int'l, Inc.,* 217 F. Supp. 3d 742, 753 (S.D.N.Y. 2016), aff'd No. 16-3865, 2017 WL 4994471 (2d Cir. Nov. 2, 2017).

not. *Krechmer*, 2018 WL 4044048, at *2.

Because factual allegations concerning intent in connection with a Section 1202 claim may properly be resolved on a motion to dismiss, the Court can dismiss Plaintiff's CMI claim as a matter of law. *See Krechmer,* 2018 WL 4044048, at * 2; *Kanongataa v. Coed Media Group, LLC,* No. 1:16-cv-07472 (LAK), Dkt. No. 27 (S.D.N.Y. Feb. 15, 2017) (granting motion to dismiss Section 1202 claim); *Id.*, Dkt. No. 17 at 14-16 (S.D.N.Y. December 1, 2016) (asserting that Section 1202 claim should be dismissed given failure to allege the requisite intent).

### III. PLAINTIFF FAILS TO STATE A CLAIM AGAINST ALAMY INC. AND PERSONAL JURISDICTION CANNOT BE EXERCISED OVER ALAMY LIMITED

By filing its Complaint against Alamy Inc. in New York, Plaintiff is improperly forum shopping. Plaintiff is well-aware that Alamy Limited, the entity that "own[s] and operate[s]" the website www.alamy.com, is a United Kingdom corporation, as the website that is the focus of the Complaint makes manifestly clear.[8] *See* Terms and Conditions ("Terms"), https://www.alamy.com/terms/general.asp (last visited Sept. 27, 2018); Alamy, https://www.alamy.com/contactus/uk.asp (last visited September 27, 2018). To avoid this jurisdictional barrier, Plaintiff suggests that Alamy Limited may be acting as an agent of its subsidiary, Alamy Inc. (Opp. at 11), but this allegation is implausible and is entirely absent from Plaintiff's Complaint. It should therefore be disregarded on a motion to dismiss. *See Roberts,* 217 F. Supp. 3d at 753. Plaintiff's suggestion that the CEO of Alamy Limited is based in New

---

[8] Plaintiff appears to deliberately misstate Alamy Inc.'s argument with respect to Alamy Limited, claiming that, by explaining that Alamy Limited, and not Alamy Inc., maintains and operates the website www.alamy.com, Alamy Inc. is somehow conceding that Alamy Limited is liable for copyright infringement. Opp. at 9. Plaintiff plainly misrepresents the arguments set forth in Alamy Inc.'s Motion, which does not concede such liability.

8

York is similarly absent from the Complaint. It is also entirely lacking in factual support.[9] Ultimately, it is implausible that Alamy Inc., a U.S.-based subsidiary, owns and operates a website that is consistently described in crucial business documents – not only as demonstrated above, but on statutorily-mandated pages such as its privacy policy and DMCA notice information – as owned and operated by Alamy Inc.'s parent company, Alamy Limited.[10] *See* Terms, https://www.alamy.com/terms/general.asp (last visited Sept. 27, 2018).

Alamy Inc. does not dispute that, as a New York corporation, it is subject to general jurisdiction in New York.[11] However, without any plausible allegation as to how Alamy Inc. may be held liable for the alleged acts of infringement set forth in the Complaint, the Complaint should be dismissed to ensure that judicial and party resources are not wasted litigating a case against a defendant that ultimately cannot be held liable for the claims at issue. Indeed, proceeding with this case rewards Plaintiff for its failure to fully investigate the relevant underlying facts underlying its claims. Had Plaintiff sent a letter prior to filing its Complaint or submitted a DMCA takedown notice in connection with the Marley Photograph, Alamy Inc. would have informed Plaintiff of what it somehow missed in perusing the website that makes up the totality of its claims: Alamy Limited owns and operates the website www.alamy.com. *See*

---

[9] In support of this factual assertion, Plaintiff cites to a screenshot of the New York State Department of State website, specifically, the entry for Alamy Inc. Opp. at 12. However, even a cursory review of the exhibit reveals that Plaintiff has, yet again, misrepresented the relevant facts to the Court. The exhibit indicates only that Mr. West is the CEO of Alamy Inc., and that he *may be contacted* at Alamy Inc.'s address in Brooklyn. The exhibit contains no indication of "continuous and systematic exercise of supervisory powers within New York" (*id.*), and Plaintiff's false overstatement to the contrary can and should be disregarded as untethered from fact.

[10] Plaintiff could have alleged that Alamy Inc. is secondarily liable in connection with the website, but this claim is absent from the Complaint.

[11] Plaintiff maintains that "the Motion is not brought under Rule 12(b)(1)." Opp. at 12. Presumably, Plaintiff intends to reference Rule 12(b)(2); assuming that is the case, Alamy Inc. does not dispute that it has not brought a motion to dismiss under Rule 12(b)(2).

Terms, https://www.alamy.com/terms/general.asp (last visited Sept. 27, 2018).

Nor did Plaintiff agree to conduct jurisdictional discovery, as suggested by the Magistrate Judge. Such discovery would have revealed that Plaintiff cannot simply remedy its defective pleading by adding Alamy Limited as a defendant, because Alamy Limited is not subject to jurisdiction in this state. Alamy Inc. has demonstrated that the mere in-state presence of a subsidiary does not establish the parent's presence in New York. Mot. at 10. Nor is there any other basis on which to establish jurisdiction. As a matter of law, the availability of Alamy's website to New York residents is insufficient, standing alone, to serve as the basis for exercising personal jurisdiction over Alamy Limited under New York's long-arm statute. *See Pablo Star Ltd. v. The Welsh Gov't,* 170 F Supp. 3d 597 (S.D.N.Y. 2016). Moreover, Plaintiff has failed to allege that Alamy Limited (or Alamy Inc. for that matter) has licensed the Photographs to any customers in New York—indeed, there were no such sales as limited discovery would have shown. Plaintiff also fails to allege any misuse of corporate forms, such that jurisdiction might be exercised over Alamy Limited merely because its subsidiary is in New York. Mot. at 10.

Because Plaintiff has failed to state a claim with respect to Alamy Inc., and because any amendment to the Complaint to add Alamy Limited would be futile, the Complaint should be dismissed in its entirety.[12] *See Gym Door Repairs, Inc. v. Young Equip. Sales*, 206 F. Supp. 3d 869, 892 (S.D.N.Y. 2016), *recons. den.*, No. 15-CV-4244 (JGK), 2016 WL 6652733 (S.D.N.Y. Nov. 10, 2016); *Mercator Corp. v. Windhorst,* 159 F. Supp. 3d 463, 471 (S.D.N.Y. 2016).

---

[12] Plaintiff insists that it has adequately alleged Alamy Inc.'s role in the alleged infringement by pointing to Terms posted to Alamy's website. However, these Terms do not appear in the Complaint, and Plaintiff's selective excerpts do not establish that Alamy Inc. maintains the website; instead, the Terms reflect only that, on a page describing Alamy Inc., Alamy Inc. is abbreviated by the term "Alamy." Opp. at 10. This abbreviation is utilized for purposes of clarity, and not, as Plaintiff insists, to concede that for all purposes (including jurisdictional) that Alamy Inc. is the entity that owns, operates, and maintains the website.

10

## **CONCLUSION**

For all of the foregoing reasons, and those set forth in Alamy Inc.'s opening brief, Alamy Inc. respectfully requests that the Complaint be dismissed in its entirety.

Respectfully submitted,

Dated: September 27, 2018

By: /s/ Lindsay W. Bowen
Lindsay W. Bowen
Nancy E. Wolff
Brittany L. Kaplan-Peterson
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Telephone: (212) 974-7474
lbowen@cdas.com
nwolff@cdas.com
bkaplan@cdas.com

*Attorneys for Defendant Alamy Inc.*