UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

|  |  |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., | : |
|  | : |
| Plaintiff, | : |
|  | : |
|  | : Civil Action No. 18-cv-03260-PKC-JO |
| -against- | : |
|  | : |
| ALAMY INC., | : |
|  | : |
| Defendant. | : |
| _____ | : |


**PLAINTIFF'S OPPOSITION TO DEFENDANT' MOTION TO DISMISS**

Jovalin Dedaj
1540 Broadway
New York, NY  10036-4086
Telephone: (212) 471-4760
Facsimile: (212) 208-4642
Email: JDedaj@duanemorris.com

Steven M. Cowley *Pro Hac Vice*
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone: (857) 488-4261
Facsimile: (857) 401-3090
Email: SMCowley@duanemorris.com

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL ALLEGATIONS IN PLAINTIFF'S COMPLAINT ...................................................2

FACTUAL ALLEGATIONS IN DEFENDANT'S MOTION NOT BASED ON THE COMPLAINT ...........................................................................................................3

STATEMENT OF APPLICABLE LEGAL STANDARDS ...........................................................5

      A.    Motion to Dismiss Standard..........................................................................5

      B.    Pleading Requirements for Copyright Infringement.....................................6

      C.    Pleading Requirements for Violations of the DMCA.................................6

      D.    Standard For Taking Judicial Notice Of Facts Not Alleged In The Complaint......................................................................................................7

ARGUMENT ............................................................................................................................8

I.    PLAINTIFF STATES A VALID CLAIM OF COPYRIGHT INFRINGEMENT AGAINST ALAMY, INC. ...................................................8

      A.    Plaintiff States a Valid Claim for Copyright Infringement Against Alamy, Inc. .............................................................................................................8

      B.    Defendant's Attempt To Shift Liability To The UK Company By Alleging Numerous Disputed Facts Is Not Grounds For A Rule 12(b)(6) Motion ... 9

      C.    There No Viable Challenge To Jurisdiction Over The UK Company Before The Court ....................................................................................... 11

II.    PLAINTIFF STATES A VALID CLAIM UNDER THE DMCA ...................... 13

      A.    Plaintiff States a Valid Claim Under the DMCA...................................... 13

III.    DEFENDANT'S AFFIRMATIVE DEFENSE OF IMMUNITY IS PREMISED ON DISPUTED ISSUES OF FACT ................................................ 15

      A.    Defendant's Factual Allegations Concerning The Bob Marley Photograph Are Disputed And Inappropriate For A Motion To Dismiss ................... 15

      B.    Defendant Is Not An Internet Service Provider Entitled To Any Immunity ............................................................................................................... 16

i

CONCLUSION...................................................................................................................18

DM2\9226244.1

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Agence Fr. Presse v. Morel*, 769 F. Supp. 2d 295, 2011 U.S. Dist. LEXIS 5990
 (S.D.N.Y. 2011) ..................................................................................................7, 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..........................................................................6

*BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596 (S.D.N.Y. 2010) ........7, 14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..........................................................6

*Columbia Pictures Indus., Inc. v. Redd Horne, Inc.*, 749 F.2d 154 (3d Cir. 1984) ......10

*Faulkner v. Nat'l Geographic Enterprises Inc.*, 409 F.3d 26 (2d Cir. 2005) ...............10

*Fischer v. Forrest*, 2015 U.S. Dist. LEXIS 4395 (S.D.N.Y. Jan. 13, 2015)...................7

*Hayden v. County of Nassau*, 180 F.3d 42 (2d Cir. 1999)..............................................7

*Jesselson v. Lasertechnics, Inc.*, 1997 WL 317355 (S.D.N.Y. June 12, 1997) ............12

*Johnson v. Levy*, 812 F. Supp. 2d 167 (E.D.N.Y. 2011).................................................7

*Jorgensen v. Epic/Sony Records*, 351 F.3d 46 (2d Cir. 2003) ........................................6

*Kelly v. L.L. Cool J.*, 145 F.R.D. 32 (S.D.N.Y. 1992) ....................................................9

*Lefkowitz v. John Wiley & Sons, Inc.*, 2014 U.S. Dist. LEXIS 75650, 2014 WL
 2619815 (S.D.N.Y. June 2, 2014)..........................................................................6, 8

*Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045 (9th Cir. 2017)...........16

*Random House, Inc. v. Rosetta Books LLC*, 283 F.3d 490 (2d Cir. 2002) ......................6

*Ritani, LLC v. Aghjayan*, 970 F. Supp. 2d 232, 2013 U.S. Dist. LEXIS 130600,
 2013 WL 4856160 (S.D.N.Y. 2013).......................................................................5-6

*Stark v. Howe Sound Co.,* 141 Misc. 148 (N.Y. Cnty. Sup.Ct.), *aff'd,* 234 A.D.
 905 (1931)...................................................................................................................12

*Uebler v. Boss Media AB*, 432 F. Supp. 2d 301 (E.D.N.Y. 2006)................................13

*Universal City Studios, Inc. v. Corley*, 274 F.3d 429 (2d Cir. 2001).............................13

*Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610 (S.D.N.Y. 2013)....................6

DM2\9226244.1

*Wolk v. Kodak Imaging Network, Inc.*, 840 F.Supp.2d 724, 745-746 (S.D.N.Y. 2012) ............................................................................................................ 16-17

*Wolk v. Photobucket.com, Inc.*, 569 F. App'x 51 (2d Cir. 2014) ................................... 16

*Zarda v. Altitude Express, Inc.*, 883 F.3d 100 (2d Cir. 2018) ...................................... 12

**Statutes**

17 U.S.C. § 106 ................................................................................................. 10-11, 14

17 U.S.C. § 501(b) ...................................................................................................... 6

17 U.S.C. § 512(c) ................................................................................................. 16-17

17 U.S.C. § 512(k)(1) .................................................................................................. 17

17 U.S.C. § 1201 *et seq.* .............................................................................................. 6

17 U.S.C. § 1202(a) ................................................................................................. 7, 13

17 U.S.C. § 1202(b) ................................................................................................. 6, 13

17 U.S.C. § 1202 *et seq.* ............................................................................................. 13

17 U.S.C. § 1203(c)(3)(B) .......................................................................................... 14

**Other Authorities**

CPLR § 301 ................................................................................................................. 12

Federal Rule of Evidence 201(b) ................................................................................. 8

Rule 12(b)(1) .............................................................................................................. 12

Rule 12(b)(6) ...................................................................................................... *Passim*

www.alamy.com ........................................................................................................... 3

Plaintiff, Michael Grecco Productions, Inc. ("Plaintiff"), through his undersigned counsel, Duane Morris LLP, submits this Memorandum Of Law In Opposition To Defendant's Motion To Dismiss the Plaintiff's Complaint.  Contemporaneous with this Memorandum Of Law, Plaintiff also submits and relies upon the Declaration Of Steven M. Cowley In Support Of Plaintiff's Opposition To Defendant's Motion To Dismiss ("Cowley Decl.").

## PRELIMINARY STATEMENT

This is a case of willful copyright infringement and knowing application of false copyright infringement information in violation of the Digital Millennium Copyright Act ("DMCA") against Alamy, Inc., a New York corporation with a headquarters in this forum. Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") is one of the most noted and highly sought after photography studios in the country.  Plaintiff's claims arise out of Alamy, Inc.'s appropriation of twenty-seven copyrighted photographs created and exclusively owned by the Plaintiff, in order to hold them out for "sales" of licenses for its own financial benefit, to the exclusion of the Plaintiff.  The Defendant induces potential licensees to pay the Defendant, and not search out the true owner and copyright holder in those copyrighted works, by falsely labeling them with its own watermarked assertion of copyrights.

Alamy, Inc.'s attempt to duck responsibility for its willful infringements of Plaintiff's twenty-seven copyrighted works is premised on heavily contested factual allegations.  Every argument put forward in Defendant's Motion relies entirely on factual allegations contracting the allegations of the Complaint and impermissible requests that the Court draw a wide range of inferences in favor of Defendant based on nothing more than its counsel's efforts to malign the reputation of one of the industry's most sought after photography studios.  Defendant's counsel's protestations that Defendant is a good company that tries to do the right thing have no appropriate place in this Rule 12(b)(6) Motion.  Those protestations are disputed and they will

not bear up to [?] in discovery.  Even worse are Defendant's counsel's personal attacks on the Plaintiff.

For the reasons set forth below, the allegations in Plaintiff's Complaint make out twenty-seven claims of copyright infringement, and violations of the DMCA.  Accordingly, Defendant's Motion should be denied.

## FACTUAL ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff is a photography studio and production company owned and operated by photographer Michael Grecco, an award winning commercial photographer and film director. Complaint [ECF Doc. 1] at ¶¶ 5, 7.  Plaintiff is noted for its iconic celebrity portraits, innovative magazine covers, editorial images and advertising spreads for numerous Fortune 500 companies and some of the most widely recognized media and entertainment organizations in the world.  Id. at ¶7.

At issue in this copyright infringement and DMCA violation Complaint are twenty-seven photographic images.  Those images are identified in the Complaint as the "Infringed Copyrighted Works," and copies of all twenty-seven are attached to the Complaint at Exhibit A. [ECF Doc. 1-1].

Plaintiff is the exclusive owner of all copyrights in and to the Infringed Copyrighted Works, including without limitation the exclusive right to sue for the infringement of, and DMCA violations relating to, the Infringed Copyrighted Works.  Complaint [ECF Doc. 1] at ¶ 19.  Plaintiff timely registered its copyrights in each of the Infringed Copyrighted Works with the United States Copyright Office, receiving Certificates of Registration VA 1-736-729; VA 2-064-915; VA 1-298-833; VA 2-030-740; VA 1-418-420; VA 1-298-835; VA 1-431-698; VA 1-418-417; VA 2-030-741; and VAu 469-004.  Id. at ¶ 18.  Plaintiff has provided copies of each of those Registrations along with its Complaint (id. at Exh. B [ECF Doc. 1-2]), and Plaintiff has

specified which Certificate of Registration covers each of the twenty-seven Infringed Copyrighted Works.  Id. at Exh. A [ECF Doc. 1-1].

Plaintiff found each of its Infringed Copyrighted Works reproduced and on display for license and distribution on the website www.alamy.com.  Id. at ¶ 20.  Plaintiff's Complaint provides copies of screenshots taken of images found on the website.  Id. at Exh. C [ECF Doc. 1.3].  As displayed, many of the Infringed Copyrighted Works contained watermarks with false copyright information such as "Alamy Stock Photo" and "Alamy," and they were accompanied by information representing a license to obtain use of the images could be obtained by paying the Defendant, Alamy, Inc.  Id. at ¶ 22.

Plaintiff alleges that Defendant Alamy, Inc. is responsible for the reproduction, display, distribution and offering of licenses in the Infringed Copyrighted Works by and through the website www.alamy.com, and the attribution of the false copyright management information representing that the Defendant possessed the right to offer licenses in the Infringed Copyrighed Works.  Id. at ¶ 8, 20-22.

The Defendant had received no right, permission, or authorization from the Plaintiff, and had no other lawful basis, to promote, market, distribute, offer to license, or otherwise use the Infringed Copyrighted Works.  Id. at ¶ 16.

## FACTUAL ALLEGATIONS IN DEFENDANT'S MOTION NOT BASED ON THE COMPLAINT

Defendant's Motion is premised on a series of representations concerning Alamy, Inc.'s alleged relationship to a party not named as a defendant in this lawsuit, Alamy Ltd. (the "UK Company").  Defendant's allegations seek to point the finger of liability for the infringing acts identified in the Complaint at the UK Company (and then oddly goes on to argue on behalf of the UK Company why a claim not asserted against it (at least not yet) by the Plaintiff should be

dismissed for lack of personal jurisdiction, quixotically disclaiming responsibility for the actions of the UK Company while at the same time voluntarily assuming responsibility for arguing against a legal claim on the UK Company's behalf.  For the purposes of the current Motion and the claims actually asserted against the defendant actually named in the Complaint, it is sufficient to note that none of Defendant's factual allegations concerning the operations of the UK Company and intra-company division of responsibilities are appropriately before the Court on a Rule 12(b)(6) motion.  None of those factual allegations are based on the allegations in the Complaint, documents attached to the Complaint, or referenced and relied on in the Complaint.  Nor are they facts of which the Court may take judicial notice.  See discussion of the applicable legal standards below at pp. 7-8, Section D.  In short, all of the factual allegations Defendant has made about the UK Company are disputed, and cannot ground a motion to dismiss.

It is no mere procedural formality to suggest that the factual allegations concerning the management of the Alamy website are not properly before the Court on this Motion and disputed.  The Defendant's factual allegations are materially false.  For example, while Defendant directs the Court to a "contact us" page on the website showing the UK Company's address (Defendant's Memorandum p. 7), and argue in a footnote that the Court may take judicial notice of information on a website (id. at fn. 5), Defendant does not disclose that the website identifies the New York address as the location job seekers should contact.  Cowley Decl. at ¶¶ 5-8 and Exhs. 4-7.

More egregiously, Defendant asks the Court to take judicial notice of one provision in the Terms and Conditions page posted on the website (Defendant's Memorandum p. 3, fin. 2), while failing to provide the Court with that Document or to inform the Court that it verifies the very allegation Defendant denies in its Motion – that Defendant Alamy, Inc. is the company

responsible for holding out the Plaintiff's twenty-seven Infringed Copyrighted Works for license by and through the website.  See Cowley Decl. at ¶ 4, and Exh. 3, "Terms and Conditions," Section 1 "Definitions":  "Alamy" means Alamy, Inc."[1]  To emphasize, the factual allegations in Defendant's Motion that Alamy, Inc. has nothing to do with the Alamy website and has no role in the infringing acts at issue directly contradict representations on the very website Defendant asks the Court to consider under a doctrine of judicial notice.  Plaintiff disputes Defendant's allegations in good faith.  Indeed, Defendant relies on a website that contradicts its allegations, and Plaintiff has relied on that website in naming Alamy, Inc. as Defendant.

Similarly the Defendant's arguments concerning the Bob Marley photograph and its alleged affirmative defenses against DMCA liability are premised almost exclusively on factual allegations found nowhere in the Complaint, or any document relied on in the Complaint, and are not facts of which a Court may take judicial notice.  They are all disputed and not properly presented in support of a Rule 12(b)(6) motion to dismiss.

## STATEMENT OF APPLICABLE LEGAL STANDARDS

### A.  Motion to Dismiss Standard

In analyzing a motion to dismiss, "the Court construes the complaint liberally, accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Ritani, LLC v. Aghjayan*, 970 F. Supp. 2d 232, 246, 2013 U.S. Dist. LEXIS 130600, *28-29, 2013 WL 4856160 (S.D.N.Y. 2013) (internal citation omitted).  The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

---

[1]  Further down, the Terms and Conditions page of the Alamy website further instructs users that the "Alamy License Agreement" being offered for images found on the website – which included Plaintiff's Copyrighted Works – "is a legal agreement (the "Agreement") between you … and Alamy Inc. ("Alamy," collectively with you, the "parties" to the Agreement)."  Cowley Decl. at ¶ 4 and Exh. 3, opening paragraph.

DM2\9226244.1

the claims." *Id.* (internal citation omitted).  A complaint need only allege "enough factual matter (taken as true)" to suggest that a violation occurred, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  To survive a motion to dismiss, the pleading need only contain "[f]actual allegations…[sufficient] to raise a right to relief above the speculative level." *Id.* at 555.  "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

### B.  Pleading Requirements for Copyright Infringement

To state a claim for copyright infringement, a plaintiff "must allege [i] which specific original works are the subject of the copyright claim, [ii] that plaintiff owns the copyrights in those works, [iii] that the copyrights have been registered in accordance with the statute, and [iv] by what acts during what time the defendant infringed the copyright." *Lefkowitz v. John Wiley & Sons, Inc.*, 2014 U.S. Dist. LEXIS 75650, *18, 2014 WL 2619815 (S.D.N.Y. June 2, 2014) (citing *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)); *accord Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 616 (S.D.N.Y. 2013); *see generally Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).  Exclusive licensees have the same right to sue for copyright infringement as actual copyright owners.  *See* 17 U.S.C. § 501(b); *Random House, Inc. v. Rosetta Books LLC*, 283 F.3d 490, 491 (2d Cir. 2002).

### C.  Pleading Requirements for Violations of the DMCA

The Digital Millennium Copyright Act ("DMCA"), 17 U.S.C.S. § 1201 *et seq.*, prohibits, among other things, intentionally removing or altering any copyright management information ("CMI").  *See* 17 U.S.C. § 1202(b).  "Courts have applied this statute in a straightforward manner such that [a] Plaintiff […] needs only allege (1) the existence of CMI on their artwork;

(2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 610 (S.D.N.Y. 2010) (denying motion to dismiss DMCA claim where plaintiff provided an actual example of the allegedly infringing material with altered CMI); *see also Fischer v. Forrest*, 2015 U.S. Dist. LEXIS 4395, *23 (S.D.N.Y. Jan. 13, 2015) (same).  This court, having adopted a "broad definition" of what constitutes CMI, has determined that the existence of CMI is sufficiently pled even where the CMI does not appear on the work itself.  *Agence Fr. Presse v. Morel*, 769 F. Supp. 2d 295, 306, 2011 U.S. Dist. LEXIS 5990, *24 (S.D.N.Y. 2011).

The DMCA also prohibits knowingly providing or distributing false CMI with the intent to induce, enable, facilitate, or conceal infringement.  *See* 17 U.S.C. § 1202(a).  The two prerequisites for a § 1202(a) violation are "knowledge that the copyright management information is false" and "intent to induce, enable, facilitate or conceal an infringement of any right under title 17."  *Agence Fr. Presse v. Morel*, 769 F. Supp. 2d 295, 306, 2011 U.S. Dist. LEXIS 5990, *24 (S.D.N.Y. 2011) (internal citation omitted).  As to intent and knowledge of infringement, "courts must be 'lenient in allowing scienter issues ... to survive motions to dismiss.'"  *Id.* at 306 (quoting *In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677, 693 (2d Cir. 2009)).

### D.      Standard For Taking Judicial Notice Of Facts Not Alleged In The Complaint

"Generally, '[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" Johnson v. Levy, 812 F. Supp. 2d 167, 176 (E.D.N.Y. 2011) (quoting Leonard F. v. Isr. Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999), internal quotation marks omitted). See also Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999).

7

Federal Rule of Evidence 201(b) limits the kinds of facts of which judicial notice may be taken:

> The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> **(1)** is generally known within the trial court's territorial jurisdiction; or
>
> **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

## ARGUMENT

### I.   PLAINTIFF STATES A VALID CLAIM OF COPYRIGHT INFRINGEMENT AGAINST ALAMY, INC.

#### A.   Plaintiff States a Valid Claim for Copyright Infringement Against Alamy, Inc.

Plaintiff sufficiently alleges a claim for copyright infringement of each of the twenty-seven Infringed Copyrighted Works identified in the Complaint.  Plaintiff has adequately alleged the first element for copyright infringement – which specific original works are the subject of the copyright claim – by providing copies of each of the twenty-seven specific Copyrighted Works at issue (Complaint at Exh. A).  *See Lefkowitz v. John Wiley & Sons, Inc.*, 2014 U.S. Dist. LEXIS 75650, *18-19, 2014 WL 2619815 (S.D.N.Y. June 2, 2014).  Plaintiff also alleges that it owns exclusive licenses to the Infringed Copyrighted Works (id. at ¶ 19), and that each of the twenty-seven photographic images have been registered with the United States Copyright Office, specifically identifying and providing copies of each Certificate of Registration supporting those allegations (*id.* at ¶ 18 and Exh. B), thereby satisfying the second and third elements for copyright infringement.  *See Lefkowitz*, 2014 U.S. Dist. LEXIS 75650 at *18-19.  Finally, Plaintiff alleges that it discovered a number of instances in which, without any authorization from Plaintiff, Defendant has reproduced, distributed, displayed and held the

8

Infringed Copyrighted Works out for license, providing copies of screenshots made of a number of those infringing displays.  (Complaint at ¶ 20 and Exh. C), satisfying the fourth element by specifically alleging by what acts and during what time the defendant infringed the copyright. *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (citing *Franklin Electronic Publishers v. Unisonic Prod. Corp.*, 763 F. Supp. 1, 4 (S.D.N.Y. 1991)).

**B.      Defendant's Attempt To Shift Liability To The UK Company By Alleging Numerous Disputed Facts Is Not Grounds For A Rule 12(b)(6) Motion**

Defenant's assertion that it contests Plaintiff's allegations and its own allegation that the UK Company, not the Defendant itself, is responsible for the infringement alleged in the Complaint, do not constitute viable grounds for a motion to dismiss under Rule 12(b)(6). Defendant points to no allegation in the Complaint, and no document or fact capable of being accepted on judicial notice that supports the Defendant's allegation that the UK Company was responsible for the reproduction and display of the Infringed Copyrighted Works.  There is no undisputed fact before this Court explaining which company's employees play which role in those activities, what management employees have responsibility for overseeing those employees in carrying out those roles, and what agreements are in place between the affiliated companies addressing their respective rights and obligations concerning the website.  Instead, Defendant merely represents to the Court in its Motion that it has no responsibility for the infringement, that the UK Company does, and that all facts and inferences necessary to reach that conclusion should be assumed in its favor.

But the Plaintiff's allegations are more than plausible, they are directly supported by the website on which Defendant premises its entire argument.  The named Defendant, Alamy, Inc., has offered all of the Infringed Copyrighted Works for license by and through that website.  See Complaint at Exh. C [ECF Doc. 1-3]; Cowley Decl. at ¶ 4 and Exh. 3.  By the express terms of

9

the infringing offer of a license, "'Alamy' means Alamy Inc." – <u>not</u> the UK Company.  Cowley

Decl. at ¶ 4 and Exh. 3.

That alone is sufficient to establish direct liability for copyright infringement by

Defendant Alamy, Inc.  Pursuant to § 106 of the Copyright Act, Plaintiff is the exclusive owner

of the following rights (among others):

> (1) to reproduce the copyrighted work ….;
>
> (2) to prepare derivative works  based upon the copyrighted work;
>
> (3) <u>to distribute copies … of the copyrighted work to the public by sale or other transfer of ownership</u>, or by rental, lease, or lending;
>
> …
> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
> ….

17 U.S.C. § 106 (emphasis added).

The Second Circuit has made clear, these individual copyrights are discrete and

independent.  See <u>Faulkner v. Nat'l Geographic Enterprises Inc.</u>, 409 F.3d 26, 35 (2d Cir. 2005).

Each right enumerated in § 106 is capable of separate license, transfer and infringement.  <u>See</u>

<u>Columbia Pictures Indus., Inc. v. Redd Horne, Inc.</u>, 749 F.2d 154, 158 (3d Cir. 1984).  Because

Plaintiff has alleged, and supported the allegation with the very Terms and Conditions document

relied on by the Defendant, that Defendant has directly infringed Plaintiff's right "to distribute

copies … of the [Infiringed Copyrighted Works] to the public by sale or other transfer of

ownership," Plaintiff has made out a claim of copyright infringement against Defendant Alamy,

Inc.  All of Alamy, Inc.'s efforts to inject factual allegations concerning the UK Company's

responsibility for the reproduction or display of the Infringed Copyrighted Works are irrelevant,

because Plaintiff is not required to establish that Defendant infringed all of the separate copyrights bestowed under § 106. That Defendant Alamy, Inc. directly infringed one of those copyrights suffices.

Moreover, despite Alamy, Inc.'s attempt to lay all the blame on the UK Company, it remains disputed whether, if the UK Company played any role in reproducing or displaying the Infringed Copyrighted Works, it did so as agent for Alamy, Inc. Given that those other acts of infringement are meaningful in a commercial sense only to the extent that they support the licensing of the images to generate payments, and given that those licenses were offered by Alamy, Inc., it is more than plausible that anyone acting to reproduce and display photographic images for license on the website was doing so as agent for Alamy, Inc., the purported licensor. Alamy, Inc. cannot escape liability for infringing actions of its agents on which it relies to earn its revenue.

**C.**    **There No Viable Challenge To Jurisdiction Over The UK Company Before The Court**

Defendant makes a point of beginning its factual allegations by noting that Plaintiff has not named the UK Company as a Defendant at this time. Defendant's Memorandum at p. 2. Inexplicably Defendant then goes on to argue that Plaintiff cannot sue the entity not named in the lawsuit, because it has not alleged facts establishing personal jurisdiction over that non-party. It is not clear why any Plaintiff would include personal jurisdiction allegations against parties it does not name in its Complaint, but it does seem clear that this observation in no way justifies dismissing the claims asserted against the Defendant who is named in the Complaint.

Alamy, Inc. is a New York corporation with its headquarters located at 20 Jay Street, Suite 848, Brooklyn, New York. Complaint ¶ 6; Cowley Decl. at ¶ 2 and Exh. 1. There is no

possible basis for a motion to dismiss the claims against Alamy, Inc. for lack of personal jurisdiction, and the Motion is not brought under Rule 12(b)(1).

Alamy, Inc.'s argument about the potential to assert personal jurisdiction over the UK Company in New York has nothing to do with this Complaint.  It appears to be an inappropriate attempt by Alamy, Inc. to obtain an advisory opinion from this Court about a potential dispute not actually before it.  This Court does not have jurisdiction to issue such an opinion.  See Zarda v. Altitude Express, Inc., 883 F.3d 100, 110 (2d Cir. 2018).

Notably, if Defendant's allegations are taken at face value, the UK Company is clearly subject to jurisdiction in this forum.  For example, if the website refers only to the UK Company, as Defendant argues in its Motion and despite the actual Terms and Conditions appearing on the website, then the Chief Executive Officer of the UK Company is James West.  See Cowley Decl. at ¶ 3 and Exh. 2.  James West is also the CEO of Defendant Alamy, Inc., and his office is located at 20 Jay Street, Suite 848, Brooklyn, New York.  See id. at ¶2 and Exh. 1.  According to Defenant's representations (to this Court and to the New York Secretary of State), the UK Company's CEO is located in New York, which provides strong support for finding personal jurisdiction over that entity in this forum.   New York courts have explained that: "[a] corporation's continuous and systematic exercise of supervisory powers within New York may be a basis for exerting personal jurisdiction over that corporation under CPLR § 301." Jesselson v. Lasertechnics, Inc., 1997 WL 317355, *3 (S.D.N.Y. June 12, 1997), citing Pomeroy v. Hocking Valley R. Co., 218 N.Y. 530 (1916); see also Stark v. Howe Sound Co., 141 Misc. 148, 156 (N.Y. Cnty. Sup.Ct.), aff'd, 234 A.D. 905 (1931) (holding that foreign corporation does business in New York if it is "supervised, directed, and controlled by its executive officials" in New York).

At a minimum, the overlapping management of the two companies, combined with Alamy, Inc. entering all of the license agreements necessary to commercialize the images it claims the UK Company is responsible for obtaining, reproducing and displaying, provides strong support for attributing Alamy, Inc.'s ongoing business transactions in New York to the UK Company on agency principles.  See Uebler v. Boss Media AB, 432 F. Supp. 2d 301, 304 (E.D.N.Y. 2006).  These issues will be addressed should discovery actually support Alamy, Inc.'s representation that the UK Company committed the infringing reproductions and public displays alleged in the Complaint.  Until then, personal jurisdiction over the UK Company is not a live issue before this Court.

## II.    PLAINTIFF STATES A VALID CLAIM UNDER THE DMCA

### A.    Plaintiff States a Valid Claim Under the DMCA

Congress enacted the Digital Millennium Copyright Act ("DMCA") 17 U.S.C. § 1202 *et seq.*, in 1998 to "strengthen copyright protection in the digital age."  *Universal City Studios, Inc. v. Corley*, 274 F.3d 429, 435 (2d Cir. 2001).  The DMCA prohibits, among other things, both the removal of an author's CMI and the provision of false CMI.  The statute states, in relevant part,

> (a)   False copyright management information. No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement—
>
> (1)  provide copyright management information that is false, or
>
> (2)  distribute or import for distribution copyright management information that is false.
>
> (b)  Removal or alteration of copyright management information. No person shall, without the authority of the copyright owner or the law—
>
> (1)  intentionally remove or alter any copyright management information,
>
> (2)   distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law.

17 U.S.C. § 1202(a)-(b).

DM2\9226244.1

CMI includes, for example, the title or identifying information of the work, information concerning the author or copyright owner, the terms and conditions of use of the work, and identifying numbers or symbols referring to such information. *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010) (citing 17 U.S.C. § 1202(c)(1)-(3), (6)-(7)). The law provides a penalty of not less than $2,500 or more than $25,000 for each violation.  17 U.S.C. § 1203(c)(3)(B).

In the instant case, Plaintiff states a valid claim that Defendant violated the DMCA by impermissibly altering and/or falsifying CMI.  See Complaint at ¶ 22 and Exh. C.  See also BanxCorp, 723 F. Supp. 2d at 610 (denying motion to dismiss DMCA claim where plaintiff provided "an actual example of the allegedly infringing ad" with altered CMI).  Defendant does not (and cannot) refute the allegations that it applied its digitally embedded watermarks to the Infringed Copyrighted Works claiming ownership of those photographs – "Alamy Stock Photo."

"[T]he DMCA defines CMI as information 'conveyed in connection with copies' of a work – it does not require the CMI to appear on the work itself."  Agence Fr. Presse v. Morel, 769 F. Supp. 2d 295, 305 (S.D.N.Y. 2011).  Defendant's attempt to minimize the import of its false watermarks ignores the fact that its false attribution of copyrights in the Infringed Copyrighted Works did not end with the watermarks.  The Complaint also alleges that the Defendant falsely claimed to possess the copyright interests sufficient to hold out the Infringed Copyrighted Works for license – one of the enumerated copyrights under § 106 that is owned exclusively by the Plaintiff – both with licensing information alongside the displays and elsewhere on the website.  See Complaint at ¶¶ 19-23 and Exh. C.  See also Cowley Decl. at ¶ 4 and Exh. 3, where Defendant claims on the website to have the right to license and distribute all photographs displayed – which included the Infringed Copyrighted Works.

DM2\9226244.1

Plaintiff further alleges that Defendant knowingly falsified CMI to conceal and facilitate Defendant's infringement of Plaintiff's Copyrighted Works  Compl. ¶¶ 22, 35.  Defendant's characterization of the Infringed Copyrighted Works it held out for license with false CMI ast "thumbnails" and low resolution, are disputed issues of fact and do not absolve it of liability. Regardless whether other versions of the Infringed Copyrighted Works were distributed by the Defendant without false CMI watermarked on the images, the versions identified in the Complaint were held out with false CMI, because it enabled the Defendant to direct potential licensees who ran Google (or other search engine) searches for images to see Defendant's claim to the right to license the images when they came up in search results.  By emblazoning Plaintiff's photographs with its false claim to possess ownership and a right to license the images, Defendant was able to intercept potential licensees from the Plaintiff and direct it to the website where Defendant made its money.  Once the license was paid for, the goal of Defendant's infringement had been achieved, so the removal of its false CMI from the versions distributed did nothing to mitigate the damage caused, or its own liability.  Defendant's allegation that it did not possess this nefarious purposes in falsely labeling the Plaintiff's photographs as "Alamy Stock Photo[s]" and misrepresenting its copyright interests in the photographs, is just another factual dispute that cannot be resolved on this Motion to Dismiss.

## III.   DEFENDANT'S AFFIRMATIVE DEFENSE OF IMMUNITY IS PREMISED ON DISPUTED ISSUES OF FACT

### A.   Defendant's Factual Allegations Concerning The Bob Marley Photograph Are Disputed And Inappropriate For A Motion To Dismiss

There are no facts in the Complaint, or any document referenced or relied on in the Complaint, that support Defendant's allegation that the Bob Marley photograph was reproduced, displayed and held out for license by some user of its website, without the Defendant's exercise of any control over those actions.  No terms of any agreement with the alleged third party user of

the website are before the Court.  No information concerning the Defendant's role in soliciting, monitoring, screening or otherwise exercising control over the submissions by users of its website are before the Court.  No terms of any offer of license of the Bob Marley photograph are before the Court.  The only license terms before the Court purport to apply to all images on the website and give Alamy, Inc. total control over the fees to be charged and rights to be extended to licensees.   See Cowley Decl. at ¶ 4 and Exh. 3.  Additionally, no information concerning the payments received by Alamy, Inc. for any use of the Bob Marley photograph as displayed on the website is before the Court.  If Alamy, Inc. employees monitor posts such as the alleged contributor's post (and Plaintiff does not agree that the alleged contributor has been established to be someone other than an Alamy, Inc. employee), any applicable immunity may be lost.  See Mavrix Photographs, LLC v. Livejournal, Inc., 873 F.3d 1045, 1052-1056 (9th Cir. 2017). Defendant points to no undisputed facts on these materials issues, it merely asks the Court to assume that all unknown facts support the Defendant's affirmative defense.

In short, Defendant premises its claim to be entitled to dismissal as a matter of law based on an affirmative defense that it bears the burden of proving, because its counsel has made a number of factual representations to the Court and it asks that all inferences and assumptions about evidence not before the Court be made in its favor.  Defendant's argument materially misapprehends its burden on a Rule 12(b)(6) motion and that alone is reason to deny the Motion.

## B.     Defendant Is Not An Internet Service Provider Entitled To Any Immunity

A second fatal flaw in Defendant's immunity defense is that it relies on 17 U.S.C. § 512(c), a safe harbor provision affording protection to internet service providers.  See Wolk v. Kodak Imaging Network, Inc., 840 F.Supp.2d 724, 745-746 (S.D.N.Y. 2012), aff'd sub nom., Wolk v. Photobucket.com, Inc., 569 F. App'x 51 (2d Cir. 2014).

As the district court in Wolk explained:

The DMCA includes two definitions of the term "service provider:"

**(A)** As used in subsection (a), the term 'service provider' means an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received.

**(B)** As used in this section, other than in subsection (a), the term 'service provider' means a provider of online services or network access, or the operator of facilities therefor, and includes an entity described in subparagraph (A).

17 U.S.C. § 512(k)(1).

The Defendant is not an internet service provider by any recognizable standard. It provides no interconnection services, or web hosting platforms. It is a commercial photograph licensing business, that runs a website gathering photographs from a wide array of sources in order to hold them out for license. It purports to impose numerous terms and conditions on the sources of the photographs it displays and distributes, and it claims to exercise control over the terms of the licenses distributing those photographs. Most notably, Defendant makes a hefty fee from its activities gathering, displaying and distributing other parties' photographs. Defendant has not identified any case finding a commercial photograph licensing website to be a passive internet service provider subject to the safe harbor provisions of § 512(c).

The Defendant's in Wolk is a notable example of the type of website that is not a commercial licensing site and passively provides internet services to other users who control everything about the content of the images they put up and use. Defendant is not a Phtobucket website. Nor is defendant YouTube, or other social host platform whose users control what they display on sites hosted. Any factual basis on which a claim that some aspect of Defendant's business qualifies as an internet service provider is not before this Court in the pleadings and

17

necessarily must wait development in discovery before being presented on summary judgment.

Accordingly, Defendant's affirmative defense of immunity relating to the Bob Marley

photograph should be denied.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss should be denied.


Dated:  New York, New York
      September 13, 2018

Respectfully Submitted,
DUANE MORRIS LLP


By:    */s/ Jovalin Dedaj*
      Jovalin Dedaj
      1540 Broadway
      New York, NY  10036-4086
      Telephone: (212) 471-4760
      Facsimile: (212) 208-4642
      Email:  JDedaj@duanemorris.com

      Steven M. Cowley *Pro Hac Vice*
      100 High Street, Suite 2400
      Boston, MA 02110-1724
      Telephone: (857) 488-4261
      Facsimile: (857) 401-3090
      Email: SMCowley@duanemorris.com

      *Attorneys for Plaintiff*
      *Michael Grecco Photography, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 13, 2018, a copy of the foregoing Plaintiff's

Opposition to Defendant's Motion to Dismiss was served on the following parties by email**:**


Nancy E. Wolf
Lindsay W. Bowen
Brittany L. Kaplan-Peterson
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 38th Floor
New York, NY  10010

*Attorneys for Defendant Alamy, Inc.*


/s/ Jovalin Dedaj
Jovalin Dedaj