UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL GRECCO PRODUCTIONS, INC.,

                Plaintiff,

   v.

ALAMY INC.,

                Defendant.

Case No. 18 Civ. 03260 (PKC) (JO)

## ALAMY INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Alamy Inc. ("Defendant"), by its undersigned counsel, hereby answers the complaint of plaintiff Michael Grecco Productions, Inc. ("Plaintiff") in this action, dated June 4, 2018 (Dkt. No. 1) (the "Complaint"), as follows:

### NATURE OF THE ACTION

1. Admits that this is a civil action in which Plaintiff seeks damages and injunctive relief for claims arising under the Copyright Act, 17 U.S.C. § 101 *et seq.*, but denies that Plaintiff is entitled to prevail and/or recover any relief whatsoever on such claims, and denies the remaining allegations in Paragraph 1.

### JURISDICTION AND VENUE

2. States that the allegations in Paragraph 2 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant admits that this is a civil action in which Plaintiff seeks damages and injunctive relief for claims arising under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and as such, this Court has subject matter jurisdiction over such claims.


3. States that the allegations in Paragraph 3 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant admits that it maintains a place of business in Brooklyn, New York, and denies the remaining allegations in Paragraph 3.

4. States that the allegations in Paragraph 4 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the allegations in Paragraph 4.

**PARTIES**

5. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 and therefore denies same.

6. Admits the allegations in Paragraph 6.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

7. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and therefore denies same.

8. Denies the allegations in the first sentence of Paragraph 8, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 8 because it is ambiguous and confusingly worded and therefore denies same. Defendant further states that its corporate parent, Alamy Ltd., an English corporation based in Milton Park, Abingdon, Oxfordshire, England, owns and operates the website located at https://www.alamy.com.

9. Denies the allegations in Paragraph 9. Defendant states that Alamy Ltd. has a distribution agreement with Superstock, but that such agreement is irrelevant because Alamy Ltd.

did not obtain any of the allegedly infringed photographs at issue in this case (which are attached to the Complaint as Exhibit A) (the "Allegedly Infringed Photographs") from Superstock.

10. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore denies same.

11. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore denies same.

12. Denies the allegations in Paragraph 12. Defendant states that Alamy Ltd. obtained digital files from Superstock containing numerous photographic images, including some photographic images purportedly owned by Plaintiff; however, Alamy Ltd. did not obtain the Allegedly Infringed Images from Superstock. Defendant further states that it is apparent on the face of the printouts or screenshots attached to the Complaint as Exhibit C that third-party contributors other than Superstock supplied the Allegedly Infringed Images to Alamy Ltd., and respectfully refers the Court to such exhibit for a full and accurate statement of its contents. *See, e.g.*, Cplt., Exh. C at p. 4 (identifying "A.F. ARCHIVE" as the "Contributor");

13. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 and therefore denies same.

14. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 and therefore denies same.

15. Denies the allegations in Paragraph 15.

16. States that the allegations in Paragraph 16 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the allegations in Paragraph 16.

17. Denies the allegations in the first sentence of Paragraph 17, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that the Allegedly Infringed Photographs are "created and owned by Plaintiff," and therefore denies same. Defendant further states that the Allegedly Infringed Photographs attached to the Complaint as Exhibit A speak for themselves, and respectfully refers the Court to such exhibit for a full and accurate statement of its contents, and denies any mischaracterization thereof. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 17 because they are ambiguous and confusing insofar as Exhibit B does not display the referenced works and therefore denies same.

18. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and therefore denies same. Defendant further states that the copyright registration certificates attached to the Complaint as Exhibit B speak for themselves, and respectfully refers the Court to such exhibit for a full and accurate statement of its contents, and denies any allegation in Paragraph 18 inconsistent therewith.

19. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and therefore denies same.

20. States that the allegations in Paragraph 20 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the allegations in Paragraph 20, and further states that it does not own the referenced website located at https://www.alamy.com.

21. States that the allegations in Paragraph 21 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the allegations in Paragraph 21.

22. Denies the allegations in Paragraph 22.

23. Denies the allegations in Paragraph 23. Defendant states that the screenshots or printouts attached to the Complaint as Exhibit C speak for themselves, and respectfully refers the Court to such exhibit for a full and accurate statement of its contents.

## FIRST CLAIM FOR RELIEF
### (Direct Copyright Infringement, 17 U.S.C. § 101 *et seq.*)

24. Defendant repeats and realleges the responses set forth in Paragraph 1-23 as if fully set forth herein.

25. States that the allegations in Paragraph 25 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and therefore denies same.

26. Denies the allegations in Paragraph 26. Defendant states that Alamy Ltd. had access to the Allegedly Infringed Images, but it did not obtain such images from Superstock nor engage in any infringing conduct.

27. States that the allegations in Paragraph 27 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the allegations in Paragraph 27.

28. States that the allegations in Paragraph 28 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the allegations in Paragraph 28.

29. States that the allegations in Paragraph 29 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the allegations in Paragraph 29.

30. States that the allegations in Paragraph 30 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the allegations in Paragraph 30.

31. States that the allegations in Paragraph 31 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the allegations in Paragraph 31.

32. States that the allegations in Paragraph 32 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the allegations in Paragraph 32.

## SECOND CLAIM FOR RELIEF
### (Violation of Digital Millennium Copyright Act, 17 U.S.C. § 1202)

33. Defendant repeats and realleges the responses set forth in Paragraph 1-23 as if fully set forth herein.

34. States that the allegations in Paragraph 34 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the allegations in Paragraph 34.

35. States that the allegations in Paragraph 35 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the allegations in Paragraph 35, and further states that it does not own any online distribution platform.

36. States that the allegations in Paragraph 36 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the allegations in Paragraph 36.

37. States that the allegations in Paragraph 37 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the allegations in Paragraph 37.

38. States that the allegations in Paragraph 38 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the allegations in Paragraph 38.

39. States that the allegations in Paragraph 39 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the allegations in Paragraph 39.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief does not necessitate a responsive pleading, but Defendant denies that Plaintiff is entitled to any of the relief sought therein.

## DEFENDANT ALAMY INC.'S AFFIRMATIVE DEFENSES

Defendant makes the following allegations as affirmative defenses against the claims asserted against it without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters, and without waiving the right to assert and rely upon other defenses that become available or appear during the course of this action.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim as to Defendant because Alamy Inc. is the wrong party to this action; it does not own, maintain, or operate the website located at https://www.alamy.com nor does it upload images to such website.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the statutory immunity granted to services providers under the Online Copyright Infringement Liability Limitation Act, 17 U.S.C. § 512.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to sue because it does not validly own the copyright rights in some or all of the photographs at issue. Upon information and belief, third-party production companies, including, but not limited to, Twentieth Century Fox Film Corporation, Fox Broadcasting Company, and/or Universal Television Enterprises, validly own the copyright rights in certain of the photographs at issue.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to sue because the asserted copyright registrations are defective or otherwise invalid.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent any copyright has been infringed, which Defendant denies, Defendant's actions were innocent and non-willful, and Plaintiff fails to identify any facts supporting its allegations of willfulness.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent any copyright has been infringed, which Defendant denies, Plaintiff has suffered no damages, or has suffered, at most, *de minimis* damages, as the reasonable license fee for use of any of the photographs at issue is minimal, given the licensing rate for photographs purportedly taken and/or owned by Plaintiff is less than $100.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent any copyright has been infringed, which Defendant denies, Plaintiff failed to mitigate its damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered damages as a result of any act or omission by Defendant or attributable to Defendant.

## NINTH AFFIRMATIVE DEFENSE

To the extent any copyright has been infringed, which Defendant, Plaintiff is not entitled to statutory damages under the Copyright Act.

## TENTH AFFIRMATIVE DEFENSE

To the extent any copyright has been infringed, which Defendant, Plaintiff is not entitled to an award of attorneys' fees under 17 U.S.C. § 505 in light of, *inter alia*, Defendant's reasonable defenses.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or acquiescence.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the statute of limitations and/or laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint is defective in that it contains insufficient allegations pertaining to personal jurisdiction.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant had an implied license to use the photographs at issue, including to copy, display, distribute, license, or offer them for license.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff, as follows:

    a.    Denying all relief sought by Plaintiff in the Complaint;

    b.    Dismissing the Complaint in its entirety with prejudice;

    c.    Declaring that Defendant has not infringed any of Plaintiff's copyrights;

    d.    Finding that Plaintiff is not entitled to damages or attorney's fees;

    e.    Awarding Defendant its costs, including reasonable attorneys' fees in accordance with 17 U.S.C. 505; and

    f.    Granting all such other and further relief as the Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: New York, New York<br>March 26, 2019 | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|  | By:   /s/ Nancy E. Wolff<br>     Nancy E. Wolff<br>     Marissa B. Lewis<br>     41 Madison Avenue, 38th Floor<br>     New York, New York 10010<br>     Tel.: (212) 974-7474<br>     Fax: (212) 974-8474<br>     nwolff@cdas.com<br>     mlewis@cdas.com |

*Attorneys for Defendant Alamy Inc.*

Case 1:18-cv-03260-PKC-JO Document 34 Filed 03/26/19 Page 11 of 11 PageID #: 275