

| | | |
|---|---|---|
| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | FIRM and AFFILIATE OFFICES | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | STEVEN M. COWLEY | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 857 488 4261 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 857 401 3090 | LAS VEGAS |
| LOS ANGELES | E-MAIL: SMCowley@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | www.duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

June 21, 2019

**VIA ECF**

Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers S1227
Brooklyn, New York 11201

      Re:    <u>*Michael Grecco Productions, Inc. v. Alamy Inc.*, 18-cv-3260-PKC-JO</u>

Dear Judge Orenstein:

      This firm is counsel to Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") in the above-captioned action. Pursuant to Your Honor's Individual Rule IV A, Plaintiff submits this letter to request an order compelling the production of documents by Defendant Alamy Inc. ("Defendant"). Counsel for the parties conferred regarding Defendant's initial responses to Plaintiff's document requests on Monday, June 17, 2019. As a result of that call, some issues were resolved and Defendant served its Amended Objections And Responses To Plaintiff's First Request For The Production Of Documents And Things ("Amended Responses"). We submit this letter to address certain production issues that are not resolved by those Amended Responses.

      Specifically, Plaintiff now moves for an order compelling production of documents responsive to Plaintiff's requests 11, 12, 13, 14, 20, 23, 24, 26 and 29. A copy of Defendant's Amended Responses setting forth the full requests and objections at issue is enclosed.

      Plaintiff served its initial requests for production of documents following a discovery conference with the Court on April 25, 2019, during which the parties were instructed to bifurcate discovery. Specifically, in a Case Management and Discovery Order entered on April 25, 2019, your Honor ordered that the "first phase of discovery [is to focus] on whether the plaintiff has sued the defendant responsible for the conduct at issue." (ECF Doc. 38).

      Plaintiff served an initial set of requests for production of documents focusing on the facts and circumstances relevant to a determination of that preliminary issue. Alamy has objected to certain requests, claiming that they fall outside the scope of the first phase of discovery, among

DuaneMorris

Honorable James Orenstein
June 21, 2019
Page 2

other things.  For the following reasons, Plaintiff believes that the objections posed to the relevant requests should be overruled and Defendant ordered to produce responsive documents.

Section 106 of the Copyright Act in this action grants copyright owners six exclusive rights in their works, four of which are at issue based on Plaintiff's allegations of infringement of its copyrights in more than twenty photographic images:

> (1) to reproduce the copyrighted work in copies or phonorecords;
>
> (2) to prepare derivative works based upon the copyrighted work;
>
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease or lending; [and]
>
> . . . .
>
> (5) In the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly[.]

17 U.S.C. § 106.  It is axiomatic that these exclusive rights are divisible, meaning each may be the subject of a separate license or assignment, and, importantly, each may be the subject of a separate claim of infringement.  Accordingly, in order to address the question whether this Defendant may be sued for infringing Plaintiff's copyright in the photographic images at issue, the analysis is to be undertaken exclusive right by exclusive right.  *See VHT, Inc. v. Zillow Group, Inc.*, 918 F.3d 723, 735 (9th Cir. 2019)(to address a defendant's motion for judgment notwithstanding the verdict of copyright infringement, "[t]he task fell to the district court to examine the evidence as to each right.").  This means Plaintiff's discovery is to focus on the questions whether Defendant was involved in (1) the reproduction of the images; (2) the creation of derivative works from the images; (3) the distribution of the images; and/or (4) the public display of the copyrighted images.

Requests 11 and 12 seek production identifying the acts of reproduction (*i.e.*, copying) the photographic images and those individuals involved in those acts.  By these requests, Plaintiff seeks to discover if Defendant and its employees participated in creating unauthorized copies of the infringing images obtained from "contributors" in violation of 17 U.S.C. § 106(1).  Whether or not Defendant was the party who owns the company website, and regardless of how the Alamy entities choose to allocate intra-corporate responsibilities between themselves, if Defendant participated in the unauthorized reproductions of Plaintiff's copyrighted images, then it is individually liable for acts of direct infringement.  That goes directly to the question to be addressed in the first phase of discovery.

Honorable James Orenstein
June 21, 2019
Page 3

DuaneMorris

Similarly, requests 13 and 14 seek discovery as to the facts and circumstances surrounding the public display of the copyrighted images and the identification of the individual employees involved in those acts. Again, Defendant contends those facts are outside the scope of the initial phase of discovery. But evidence establishing whether Defendant's employees played a role in the unauthorized public display of the Plaintiff's images goes directly to whether Plaintiff may sue the Defendant for violation of 17 U.S.C. § 106(5).

This issue repeats with regard to request 20, which seeks production of records identifying the employees who played a role in the distribution of the images. It is undisputed that all the images at issue were made available for license through this Defendant (and the Defendant entered licenses for at least some of the images). Defendant again argues that responsive documents are outside the initial phase of discovery, but Defendant is responsible for its employees' actions resulting in the images being made available for download and license. *See EMI Christian Music Group, Inc. v. MP3Tunes, LLC*, 884 F.3d 79, 96-97 (2d Cir. 2016); *see also* 17 U.S.C. § 106(3).

Requests 23 and 24 seek discovery as to facts and circumstances surrounding any modifications made to the images in connection with the display and distribution of the images on the website. It is undisputed that the images were tagged and categorized for searching and watermarked to protect "Alamy's" monetary interest in any download. Evidence that Defendant's employees participated in these activities goes directly to the issue of whether it can be sued for violation of 17 U.S.C. § 106(2). *See VHT, Inc.*, 918 F.3d at 736 (noting the trial court reasoned the jury could permissibly find the defendant website's moderators' actions to select and tag certain photographs to render them searchable by users of the website supported a finding of direct infringement as to those images).

Request 29 seeks documents concerning the policies or practices regarding removal of images from the website. That evidence goes to the issue of whether Defendant exercises control and authority over the content posted on the website. Evidence that Defendant had or exercised such authority – when combined with the evidence that it profits from licenses of the images on the website – goes directly to the issue of whether it is liable for vicarious infringement, should Alamy Ltd. be the direct infringer. *See Rams v. Def Jam Recordings, Inc.*, 202 F. Supp. 3d 376, 384–85 (S.D.N.Y. 2016).

Request 26 seeks evidence concerning any demand letter sent to someone suspected of downloading images off the Alamy website without paying. Defendant's position here is that it had nothing to do with the website that displayed the infringing images. Plaintiff seeks to test that position against representations made concerning Defendant's rights to the images posted on that website and/or enforcement of the websites terms and conditions.

Respectfully,

*/s/ Steven M. Cowley*

Steven M. Cowley

DM2\10046295.2