UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL GRECCO PRODUCTIONS, INC.,

                              Plaintiff,

                    v.                                    Case No. 18 Civ. 03260 (PKC) (JO)

ALAMY INC.,

                              Defendant.

### ALAMY INC.'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), and the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), defendant Alamy Inc. ("Defendant") hereby serves amended objections and responses to plaintiff Michael Grecco Productions, Inc. ("Plaintiff") First Set of Requests for the Production of Documents, dated May 14, 2019 (each, a "Request" and, collectively, the "Requests") as follows:

### GENERAL OBJECTIONS

Defendant makes the following General Objections to the Requests.  To the extent that one or more of these General Objections are applicable to a specific Request, such General Objections are incorporated therein by reference.  The assertion of the same, similar, or additional objections in response to a specific Request does not waive any of Defendant' General Objections:

1.      Defendant objects to each Request, and to each of the definitions and instructions included in the Requests, to the extent they require that Defendant create documents not already in existence, process documents in a manner outside Defendant' ordinary course of business, or

purport to impose other obligations beyond, or inconsistent with, those imposed by the Federal Rules or the Local Rules, or any other applicable statute, regulation, rule, or court order.

2.      Defendant objects to each Request to the extent that it seeks the production of documents that constitute or contain information that falls outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings.

3.      Defendant objects to each Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

4.      Defendant objects to each Request as being vague, ambiguous, overly broad, unduly burdensome, and not limited in time or scope.

5.      Defendant objects to each Request to the extent that it purports to require production of documents that are not within Defendant' possession, custody or control.  Defendant will produce responsive documents only with respect to information or documents within its possession, custody, and/or control.

6.      Defendant objects to each Request as unduly burdensome to the extent that it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

7.      Defendant objects to each Request to the extent that it seeks documents prepared in anticipation of litigation or otherwise protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Defendant does not waive, and intends to preserve, any applicable privilege.  Any production of such documents shall have been inadvertent, and shall not constitute waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure.

8.      Defendant objects to the Requests to the extent that they assume disputed facts or legal conclusions in defining the documents requested.  Defendant denies any such disputed facts or legal conclusions to the extent assumed by each Request.  Any response or objection by Defendant to any such Request is without prejudice to this objection.

9.      Defendant objects to each Request to the extent that it seeks documents subject to a confidentiality obligation owed to any non-party to this lawsuit.  Defendant will attempt to obtain permission of any such non-party to disclose the requested documents.  With respect to any non-party that does not provide to Defendant permission to disclose such documents, Defendant will provide the identity of such non-party and a description of the documents in Defendant' custody, possession or control sufficient to allow Defendant to request the documents directly from such non-party (or permission for Defendant to disclose such information).

10.      Defendant objects to each Request as overbroad in geographical scope to the extent that it seeks production of documents existing outside the United States.

11.      Defendant objects to each Request to the extent that it seeks the production of documents that constitute or contain confidential or proprietary information belonging to Defendant.  Defendant will produce documents or information only under the terms of an appropriate protective order entered in the above-captioned action.

12.      Defendant objects to the definition of "Defendant," "You," and "Your" on the ground that "other person acting or purporting to act on behalf of any such entity" renders the definition vague, ambiguous, overly broad, and unduly burdensome.

13.      In responding and objecting to these Requests, Defendant does not concede that any of the documents sought or provided are relevant to the claims of any party, proportional to the needs of the case, or admissible in evidence.

14.     In providing answers to the Requests, Defendant does not in any way waive any objections to these Requests, instructions, or definitions that Defendant may later assert, including but not limited to competency, relevance, materiality and admissibility, vagueness, and overbreadth.  Defendant expressly reserves the right to object to the use of any answers below in any subsequent proceedings or any other action.  Defendant further reserves the right to object to additional discovery into the subject matter of the Requests.

15.     An answer that Defendant shall disclose the documents responsive to any Request is not, and shall not be construed as, a representation that such documents exist.  Such an answer indicates only that Defendant will disclose all such non-privileged documents that it locates through good-faith efforts and reasonable diligence, assuming any such non-privileged documents exist, if there is otherwise no objection to the Request.

16.     Defendant reserves the right to supplement, alter or amend these Objections and Responses, if necessary or appropriate.

## SPECIFIC RESPONSES AND OBJECTIONS

Without waiver of, or prejudice to, any of its General Objections, Defendant responds to the specific Requests as follows:

**Request No. 1:**

Documents identifying Defendant's corporate and legal structure, including without limitation Documents reflecting an organizational chart identifying parent companies, divisions, subsidiaries, affiliates, trade names, fictitious entities, holding companies, related business entities and/or current directors and officers, as it existed at any time between January 1, 2016 and the present.

**Response to Request No. 1:**

Defendant objects to this Request because it is vague and ambiguous, including with respect to the phrase "related business entities," and overly broad and unduly burdensome.

Defendant further objects to this Request to the extent that it seeks documents that are publicly available.  Defendant further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Subject to and without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Defendant will use commercially reasonable efforts to produce relevant documents responsive to this Request.

**Request No. 2:**

Documents sufficient to identify each officer, director, employee and contractor of Alamy Inc. that also held a position (e.g., officer, director, employee or contractor) with Alamy Ltd.

**Response to Request No. 2:**

Defendant objects to this Request because it is vague and ambiguous, particularly with respect to the term "contractor" and the phrase "also held a position," and overly broad and unduly burdensome.  Defendant further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  Defendant further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Subject to and without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Defendant will use commercially reasonable efforts to produce relevant documents responsive to this Request.

**Request No. 3:**

Documents sufficient to identify each job title and the actual responsibilities (at each company) of each Person referenced in Request No. 2.

**Response to Request No. 3:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings.  Defendant further objects to this Request because it is vague and ambiguous, particularly with respect to the phrase "actual responsibilities," and overly broad.  Defendant further objects to this Request to the extent that it seeks documents that are not within Defendant's possession, custody, or control and because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Subject to and without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Defendant will use commercially reasonable efforts to produce documents responsive to this Request, to the extent any such documents exist.

**Request No. 4:**

All Documents concerning any agreement between Alamy Ltd. and Alamy Inc. in existence at any time between January 1, 2016 and the present.

**Response to Request No. 4:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings.  Defendant further objects to this Request on the grounds that it is overly broad and unduly burdensome, including insofar as it seeks the production of "all" documents.  Defendant further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Defendant will use commercially reasonable efforts to produce non-privileged documents responsive to this Request.

**Request No. 5:**

Documents sufficient to identify all corporate functions (e.g., and without limitation, payroll, accounting, information technology, human resources, legal, or similar responsibilities) for the operation of Alamy Inc. performed by Alamy Ltd. officers, directors, or employees.

**Response to Request No. 5:**

Defendant objects to this Request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome.  Defendant further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  Defendant further objects to this Request because a deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, Defendant states that it will not produce documents responsive to this Request because none exist.

**Request No. 6:**

Documents sufficient to illustrate how Alamy Ltd. has been compensated, or Alamy Inc. has been charged, for the corporate functions performed by Alamy Ltd. referenced in Request No. 5.

**Response to Request No. 6:**

Defendant objects to this Request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome.  Defendant further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, Defendant states that it will not produce documents responsive to this Request because none exist.

**Request No. 7:**

Documents sufficient to identify all corporate functions (e.g., and without limitation, payroll, accounting, information technology, human resources, legal, or similar responsibilities) for the operation of Alamy Ltd. performed by Alamy Inc. officers, directors, or employees.

**Response to Request No. 7:**

Defendant objects to this Request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome. Defendant further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. Defendant further objects to this Request because a deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, Defendant states that it will not produce documents responsive to this Request because none exist, as Alamy Inc. does not perform corporate functions for the operation of Alamy Ltd.

**Request No. 8:**

Documents sufficient to illustrate how Alamy Inc. is compensated, or Alamy Ltd. is charged, for any of the corporate functions performed by Alamy Inc. referenced in Request No. 7.

**Response to Request No. 8:**

Defendant objects to this Request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome. Defendant further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, Defendant states that it will not produce documents responsive to this Request because none exist, as Alamy Inc. does not perform corporate functions for the operation of Alamy Ltd.

**Request No. 9:**

Documents sufficient to identify revenue received, or credited to, Alamy Inc. as a result of the license of any photographic image displayed on the Website.

**Response to Request No. 9:**

Defendant objects to this Request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome, including insofar as it seeks documents related to "any photographic image" and is overly expansive in temporal scope. Defendant further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Subject to and without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Defendant will use commercially reasonable efforts to produce documents responsive to this Request.

**Request No. 10:**

Documents sufficient to identify the goods or services provided by Alamy Inc. that resulted in the revenue referred to in Request No. 9.

**Response to Request No. 10:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings. Defendant further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. Defendant further objects to this Request because a deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Subject to and without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Defendant will use commercially reasonable efforts to produce documents responsive to this Request, to the extent any such documents exist.

**Request No. 11:**

All Documents concerning the reproduction of any of the Copyrighted Works At Issue.

**Response to Request No. 11:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings. Defendant further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. Defendant further objects to this Request to the extent that it seeks documents that are not within Defendant's possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, Defendant states that it will not produce documents responsive to this Request at this time because it falls outside the scope of limited jurisdictional discovery.

**Request No. 12:**

Documents sufficient to identify all Persons who played any role in the reproduction of any of the Copyrighted Works At Issue.

**Response to Request No. 12:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings. Defendant further objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "played any role," overly broad and unduly burdensome, and overly expansive in temporal scope. Defendant further objects to this Request to the extent that it seeks documents that are not within Defendant's possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, Defendant states that it will not produce documents in response to this Request.

**Request No. 13:**

All Documents concerning the public display of any of the Copyrighted Works At Issue.

**Response to Request No. 13:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings.  Defendant further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  Defendant further objects to this Request to the extent that it seeks documents that are not within Defendant's possession, custody, or control, are more readily accessible from third parties, or are otherwise publicly available.

Without waiving the foregoing general and specific objections, Defendant states that it will not produce documents responsive to this Request at this time because it falls outside the scope of limited jurisdictional discovery.

**Request No. 14:**

Documents sufficient to identify all Persons who played any role in the public display of any of the Copyrighted Works At Issue.

**Response to Request No. 14:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings.  Defendant further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  Defendant further objects to this Request to the extent that it seeks documents that are not within Defendant's possession, custody, or control, are more readily accessible from third parties, or are otherwise publicly available.

Defendant further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, Defendant states that it will not produce documents in response to this Request.

**Request No. 15:**

All Documents concerning the distribution, including without limitation any transfer of any electronic or physical copy, of any of the Copyrighted Works At Issue. This Request includes, but is not limited to, Documents concerning the transfer of any of the Copyrighted Works At Issue between or among Alamy Ltd. and Alamy Inc.

**Response to Request No. 15:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings.  Defendant further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  Defendant further objects to this Request on the grounds that it is improperly compound.

Subject to and without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Defendant will use commercially reasonable efforts to produce documents responsive to this Request.

**Request No. 16:**

Documents sufficient to identify all Persons who played any role in the distribution, including without limitation any transfer of any electronic or physical copy, of any of the Copyrighted Works At Issue. This Request includes, but is not limited to, Documents identifying the Persons who played a role in the transfer of any of the Copyrighted Works At Issue between or among Alamy Ltd. and Alamy Inc.

**Response to Request No. 16:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings.  Defendant further

objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, particularly with respect to the phrase "played any role," and overly expansive in temporal scope.  Defendant further objects to this Request on the grounds that it is improperly compound.  Defendant further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, Defendant states that it will not produce documents in response to this Request.

**Request No. 17:**

All Documents concerning any license applicable to any of the Copyrighted Works At Issue in which Alamy Ltd. or Alamy Inc. is a licensee.

**Response to Request No. 17:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome, including insofar as it seeks the production of "all" documents.  Defendant further objects to this Request to the extent that it seeks documents that are already in Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Defendant will use commercially reasonable efforts to produce documents responsive to this Request, to the extent such documents have not already been produced in this proceeding.

**Request No. 18:**

All Documents concerning any license applicable to any of the Copyrighted Works At Issue in which Alamy Ltd. or Alamy Inc. is a licensor.

**<u>Response to Request No. 18:</u>**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome, including insofar as it seeks the production of "all" documents.  Defendant further objects to this Request to the extent that it seeks documents that are already in Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Defendant will use commercially reasonable efforts to produce documents responsive to this Request, to the extent such documents have not already been produced in this proceeding.

**<u>Request No. 19:</u>**

Documents sufficient to show the receipt and any further transfers of money paid for each of the licenses referred to in Request 18.

**<u>Response to Request No. 19:</u>**

Defendant objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "receipt" and the phrase "further transfers of money paid," and overly broad and unduly burdensome.  Defendant further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Subject to and without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Defendant will use commercially reasonable efforts to produce documents responsive to this Request.

**Request No. 20:**

All Documents concerning the holding out, or offering, any of the Copyrighted Works At Issue for a potential license, or other permission to use.

**Response to Request No. 20:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings.  Defendant further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  Defendant further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.  Defendant further objects to this Request to the extent that it seeks documents that are not within Defendant's possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, Defendant states that it will not produce documents in response to this Request.

**Request No. 21:**

Documents sufficient to identify the source of each of the Copyrighted Works At Issue.

**Response to Request No. 21:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings.  Defendant further objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "source."  Defendant further objects to this Request to the extent that it seeks documents that are publicly available and/or are already in Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Defendant will use commercially

reasonable efforts to produce documents responsive to this Request, to the extent such documents have not already been produced in this proceeding.

**Request No. 22:**

Documents sufficient to identify the specific Copyrighted Work(s) At Issue applicable to each source referenced in Request No. 21.

**Response to Request No. 22:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings.  Defendant further objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "source."  Defendant further objects to this Request to the extent that it seeks documents that are publicly available and/or are already in Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Defendant will use commercially reasonable efforts to produce documents responsive to this Request, to the extent such documents exist and have not already been produced in this proceeding.

**Request No. 23:**

All Documents concerning any modification to, alteration to, cropping of, addition of any watermark or metadata to, or removal of any watermark or metadata from, any of the Copyrighted Works At Issue after obtained or received from its source.

**Response to Request No. 23:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings.  Defendant further objects to this Request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome, including insofar as it seek the production of "all" documents.

Without waiving the foregoing general and specific objections, Defendant states that it will not produce documents responsive to this Request at this time because it falls outside the scope of limited jurisdictional discovery.

**Request No. 24:**

Documents sufficient to identify all Persons who played any role in any of the actions referenced in Request No. 23.

**Response to Request No. 24:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings.  Defendant further objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "played any role," and overly broad and unduly burdensome.

Without waiving the foregoing general and specific objections, Defendant states that it will not produce documents responsive to this Request at this time because it falls outside the scope of limited jurisdictional discovery.

**Request No. 25:**

Documents sufficient to identify the insurance coverage applicable, in whole or in part, to claims arising out of operation of the Website and the identification of all insureds covered by those insurance policies.

**Response to Request No. 25:**

Defendant objects to this Request on the grounds that it is vague and ambiguous. Defendant further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Subject to and without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Defendant will use commercially reasonable efforts to produce documents responsive to this Request.

**Request No. 26:**

All Documents concerning the assertion of copyrights, or demand for a fee or other payment, by Alamy Ltd. or Alamy Inc. against, or communicated to, any other Person that related to the Person's reproduction, display, distribution, or other use of any photographic image displayed on the Website.

**Response to Request No. 26:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings.  Defendant further objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "assertion of copyrights," and overly broad and unduly burdensome, including insofar as it seeks the production of "all" documents.  Defendant further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.

Without waiving the foregoing general and specific objections, Defendant states that it will not produce documents responsive to this Request at this time because it falls outside the scope of limited jurisdictional discovery.

**Request No. 27:**

Documents sufficient to identify each officer, director, employee or contractor, by name and employer, who had password access, or other ability, to post or delete content to or from the Website. This Request does not include Documents identifying officers, directors, employees, or contractors who had the same ability to post content on the "Our Blog" section of the Website that was extended to users of the Website generally.

**Response to Request No. 27:**

Defendant objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  Defendant further objects

to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. Defendant further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Subject to and without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Defendant will use commercially reasonable efforts to produce relevant documents responsive to this Request, to the extent any such documents exist.

**Request No. 28:**

Documents sufficient to identify each officer, director, employee or contractor, by name and employer, identified to the domain registrar for the Website as a representative with authority to make changes to the account information for that domain.

**Response to Request No. 28:**

Defendant objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. Defendant further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. Defendant further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Subject to and without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Defendant will use commercially reasonable efforts to produce relevant documents responsive to this Request, to the extent any such documents exist.

**Request No. 29:**

All Documents concerning the policies and practices applicable to the removal of content from the Website by officers, directors, employees or contractors for Alamy Ltd. and / or Alamy, Inc. that were in effect at any time between January 2, 2016 and the present.

**Response to Request No. 29:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings. Defendant further objects to this Request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome, including insofar as it seeks the production of "all" documents. Defendant further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. Defendant further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, Defendant states that it will not produce documents responsive to this Request at this time because it falls outside the scope of limited jurisdictional discovery.

**Request No. 30:**

All Documents concerning the policies and practices applicable to the removal of content from the Website by officers, directors, employees or contractors for Alamy Ltd. and / or Alamy, Inc. that were in effect at any time between January 2, 2016 and the present.

**Response to Request No. 30:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings. Defendant further objects to this Request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome, including insofar as it seeks the production of "all" documents. Defendant further

objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, Defendant states that it will not produce documents responsive to this Request at this time because it falls outside the scope of limited jurisdictional discovery.

**Request No. 31:**

The Documents referenced in Sections B 1 I and B 1 ii of Defendant Alamy Inc.'s Initial Disclosures.

**Response to Request No. 31:**

Defendant objects to this Request to the extent that it seeks information outside the scope of the limited jurisdictional discovery permitted at this stage of the proceedings.  Defendant further objects to this Request to the extent that it seeks documents that are publicly available and/or are already in Plaintiff's possession, custody, or control.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Defendant will use commercially reasonable efforts to produce documents responsive to this Request, to the extent such documents have not already been produced in this proceeding.

Respectfully submitted,

Dated: New York, New York                COWAN, DEBAETS, ABRAHAMS  & SHEPPARD LLP
     June 18, 2019

By:   /s/ Nancy E. Wolff                 
      Nancy E. Wolff
      Marissa B. Lewis
      41 Madison Avenue, 38th Floor
      New York, New York 10010
      Tel.: (212) 974-7474
      Fax: (212) 974-8474
      nwolff@cdas.com
      mlewis@cdas.com

*Attorneys for Defendant Alamy Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 18, 2019, I caused a true and correct copy of the foregoing

Defendant Alamy Inc.'s Amended Responses and Objections to Plaintiff's First Set of Requests

for Production of Documents be served by email and U.S. mail on the following:

Steven M. Cowley
Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
smcowley@duanemorris.com

Jovalin Dedaj
Duane Morris LLP
1540 Broadway
New York, New York 10036-4086
jdedaj@duanemorris.com


   /s/ Marissa B. Lewis
   MARISSA B. LEWIS