

Cowan,

DeBaets,

Abrahams &

Sheppard LLP

41 Madison Avenue

New York, NY 10010

T: 212 974 7474

F: 212 974 8474

www.cdas.com

Nancy E. Wolff

(212) 974-7474

nwolff@cdas.com

June 21, 2019

**VIA ECF**

Hon. James Orenstein, U.S.M.J.
Eastern District of New York
United States Courthouse
225 Cadman Plaza East, Room 1227 South
Brooklyn, New York 11201

Re:   *Michael Grecco Prods., Inc. v. Alamy Inc.*, Case No. 18 Civ. 3260 (PKC) (JO)

Dear Judge Orenstein:

This firm represents defendant Alamy Inc. ("Alamy") in the above-captioned action. Pursuant to Rule IV.A.2 of Your Honor's Individual Practices, we write to request an order requiring plaintiff Michael Grecco Productions, Inc. ("Grecco") to take the deposition of Alamy corporate designee by telephonic or other remote means pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure. We also write pursuant to Rules II.A of Your Honor's Individual Practices to request an extension of the first phase of discovery, which is set to be completed by June 25, 2019 (Dkt. No. 39), to permit the deposition to occur at a mutually convenient date. These requests are related and addressed in turn below.

**I.     Request for Deposition by Telephonic or Other Remote Means**

On June 11, 2019, Grecco noticed the deposition of Alamy pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, to take place in New York on June 24, 2019 at 10:00 a.m. and continuing between 9:00 a.m. and 12:30 p.m. on June 25, 2019. The notice of deposition identifies twenty-nine (29) topics for examination on a broad range of topics (certain of which fall outside the scope of jurisdictional discovery).[1] The individual most qualified to address these 29 topics, John Schlizzi, the president of Alamy, is located in the United Kingdom and therefore is not readily able to appear at the noticed location for the deposition, Duane Morris LLP, 1540 Broadway, New York, New York 10036, at the specified time. There is no individual located in the United States with sufficient knowledge of the identified topics.

To enable Grecco to timely take the deposition of this individual, Alamy requests that the Court order that Mr. Schlizzi's deposition be taken by video deposition.[2] Rule 30(b)(4) of the Federal Rules of Civil Procedure provides, in relevant part, that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant such a request, so the decision to grant or deny such an application "is left to the discretion of the Court,

---

[1] A true and correct copy of the notice of deposition is attached hereto as Exhibit A.
[2] Plaintiff, through his counsel, has not consented to this request.

which must balance the claims of prejudice and those of hardship." *RP Family, Inc. v. Commonwealth Land Title Ins. Co.*, No. 10 Civ. 1149 (DLI) (CLP), 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011). As the Court has recognized, it is the hardship and inconvenience to the witness that is of concern. *See id.*

Here, Grecco is asking Alamy to fly the president of its company over three thousand miles, at Alamy's expense, only to sit for a deposition that further establishes that Alamy is not the correct party to be sued. Not only will this pose an unnecessary financial burden on Alamy, but it will also subject the witness, Mr. Schlizzi, to a significant inconvenience. Based on his position as president of Alamy, Mr. Schlizzi has numerous responsibilities and obligations that would be hindered by the requirement that he appear in person for a deposition in this forum. To limit the hardship to Mr. Schlizzi, the Court should order Grecco to take Mr. Schlizzi's deposition by video or other remote means, which he is willing to do. This will not prejudice Grecco, who will still be able Grecco to perceive Mr. Schlizzi's demeanor, but without subjecting Mr. Schlizzi or Alamy to unnecessary cost or inconvenience. *See Packard v. City of N.Y.*, 326 F.R.D. 66, 68 (S.D.N.Y. 2018) (noting that any prejudice to the party taking the deposition by video conference is minimal because the party will be able to observe the deponent's demeanor through the video connection); *Sloniger v. Deja*, No. 09 Civ. 858S, 2010 WL 5343184, at *11 (W.D.N.Y. Dec. 20, 2010) (discussing the merits of a video deposition).

## II. Request to Extend First Phase of Discovery to Permit Deposition

The first phase of discovery is set to be completed by June 25, 2019 under the current Scheduling Order (Dkt. No. 39). Because Mr. Schlizzi is unable to travel to New York for the deposition as noticed on June 24 and 25, 2019, and Grecco is unwilling to stipulate to a video deposition, the parties will not be able to hold the deposition before the current close of this phase of discovery.

While a video deposition could be held earlier, the earliest date on which all parties are available for an in-person deposition in New York is on or about July 31, 2019. Accordingly, Alamy requests either: (1) a brief extension of the close of the first phase of discovery to allow Grecco to take the video deposition of Mr. Schlizzi, as Alamy's corporate designee, on the earliest date that is mutually convenient for all parties; or in the event that Mr. Schlizzi is required to travel to New York for the deposition, (2) an extension of the same deadline through Friday, August 2, 2019.

While this is the third request for an extension or adjournment in this case, it is the first request pertaining to an extension of a discovery deadline.[3] Plaintiff, through his counsel, consents to this extension. The requested extension of time will not impact any other scheduled deadline.

We thank the Court for its attention to this matter.

---

[3] Alamy previously requested an extension the deadline to answer the Complaint on June 20, 2018 (Dkt. No. 12) and an adjournment of a discovery planning conference on April 5, 2019 (Dkt. No. 35). Both requests were granted.

Cowan, DeBaets, Abrahams & Sheppard LLP

Respectfully submitted,

/s/ Nancy E. Wolff
Nancy E. Wolff

cc: All counsel of record (via ECF)