

| | | |
|---|---|---|
| Cowan, DeBaets, Abrahams & Sheppard LLP | 41 Madison Avenue<br>New York, NY 10010<br>T: 212 974 7474<br>F: 212 974 8474<br>www.cdas.com | Nancy E. Wolff<br>212 974 7474<br>nwolff@cdas.com |

June 26, 2019

**VIA CM/ECF**

Magistrate Judge James Orenstein
225 Cadman Plaza East
Room 1227 South
New York, New York 11201

Re:  <u>Michael Grecco Productions Inc. v. Alamy Inc.</u>, Case No. 18 Civ. 03260 (PKC) (JO)

Dear Judge Orenstein:

On behalf of defendant Alamy Inc., we respectfully submit this letter in response to plaintiff Michael Grecco Productions Inc.'s ("MGP") pre-motion letter, dated June 23, 2019 (Dkt. No. 42), concerning its intended motion to compel Alamy Inc.'s production of documents responsive to certain requests set forth in MGP's First Request for the Production of Documents and Things ("Request" or "Requests"), including, in particular, Request Nos. 11-14, 20, 23-24, 26, and 29.

### I.  Discovery was Bifurcated to Permit "Some" Discovery as to Whether Alamy Inc. is the Correct Entity to Be Sued.

This is an action for copyright infringement and violations of Section 1202(a) of the Digital Millennium Copyright Ac arising from conduct in which Alamy Inc. took no part. Although the Court denied Alamy Inc.'s motion to dismiss the complaint for this and other reasons, it acknowledged that Alamy Inc.'s "principal argument" – particularly, that MGP "has sued the wrong entity" – "may ultimately succeed at a later point in the litigation, *e.g.*, after *some* discovery has occurred." Dkt. No. 32 at 5-6 (emphasis added). The Court noted in the corresponding footnote that "the Alamy website contains certain information that may corroborate [Alamy Inc.'s] argument." *Id.* at 5 n. 1. While this "certain information" is not specifically identified, the Court is presumably referring to the information on one or both of the website pages cited in Alamy Inc.'s motion to dismiss (*i.e.*, the "Terms and Conditions" and "Contact Us" pages located at https://www.alamy.com/terms/general.aspx and https://www.alamy.com/contactus/uk.aspx, respectively), which serve as evidence that Alamy Ltd., an English corporation based in England, owns and operates the website located at www.alamy.com. *See* Dkt. No. 26 at 7; Dkt. No. 28 at 8.

In effort to streamline the resolution of this case, and consistent with the Court's initial comments, Alamy Inc. requested at its earliest opportunity that the discrete and potentially case-dispositive question of whether Alamy Inc. is the correct entity to be sued be bifurcated and decided first on an expedited basis. *See* Dkt. No. 37 at 2 n. 1. Your Honor considered and decided to grant such request at the April 25, 2019 discovery planning conference. *See* Dkt. No. 28. As discussed at the conference and formalized in the Order entered shortly thereafter, "the first phase of discovery [is to] focus[] on whether the plaintiff has sued the defendant responsible for the conduct at issue."

Case 1:18-cv-03260-PKC-JO Document 44 Filed 06/26/19 Page 2 of 3 PageID #: 335

Cowan,
DeBaets,
Abrahams &
Sheppard llp

Page 2

Dkt. No. 39; *see also* Dkt. No. 40. Notwithstanding this Order, MGP served numerous overreaching Requests and now seeks an order compelling Alamy Inc. to produce a wide swath of documents that pertain directly to the merits of its claims over Alamy Inc.'s reasonable objections.

## II. The Court Should Deny MGP's Motion to Compel Alamy Inc.'s Production of Extensive Documents that Pertain Directly to the Merits of Its Claims.

While MGP argues (at 1) that the Requests are "focus[ed] on the facts and circumstances relevant to a determination of [this] preliminary issue," as discussed below, the plain language of these Requests establishes otherwise. In fact, none of the Requests at issue focus on whether Alamy Inc. is responsible for, or participated in, the conduct at issue, but instead, relate broadly to such conduct (most without even mentioning Alamy Inc. or Alamy Ltd.) and, in the case of Request Nos. 26 and 29, do not concern the relevant conduct at all.

Request Nos. 11-14. These Requests call for the production of "[a]ll Documents concerning" and identification of "all persons who played any role in" the "reproduction" (Request Nos. 11-12) and "public display" (Request Nos. 13-14) of the "Copyrighted Works at Issue." MGP repeatedly and correctly notes in its letter motion that reproduction and public display of copyrighted works fall within the exclusive rights of the copyright holder under 17 U.S.C. § 106, but this provides no basis for MGP's contention that it should be entitled to the documents at this stage of the litigation. Such extensive information is not reasonably required to ascertain whether Alamy Inc. is the correct party to be sued. Any information that may be necessary can be found in the three hundred pages of documents that Alamy Inc. has already produced, or can be easily obtained at the upcoming deposition of Alamy Inc.'s Rule 30(b)(6) designee by simply asking whether and to what extent Alamy Inc. was involved in the reproduction and display of the images at issue.

Request No. 20. This Request calls for the production of "[a]ll Documents concerning the holding out, or offering, any of the Copyrighted Works At Issue for a potential license, or other permission to use." Notably, MGP claims (at 3) that this Request seeks production of "records identifying the employees who played a role in the distribution of the images," but the plain meaning of the Request demonstrates otherwise. For similar reasons as discussed with respect to Request Nos. 11-14 above, the broad scope of documents sought by this Request falls outside the scope of the first phase of discovery.

Request Nos. 23-24. These Requests call for the production of "[a]ll Documents concerning" and identification of "all persons who played any role in" "any modification to, alteration to, cropping of, addition of any watermark or metadata to, or removal of any watermark or metadata from, any of the Copyrighted Works At Issue after obtained or received from its source." These documents go to the heart of MGP's DMCA claim and most (if not all) are irrelevant to the question of whether Alamy Inc. can be sued in this action.

<u>Request No. 26.</u>  This Request calls for "[a]ll Documents concerning the assertion of copyrights, or demand for a fee or other payment, by Alamy Ltd. or Alamy Inc. against, or communicated to, any other Person that related to the Person's reproduction, display, distribution, or other use of any photographic image displayed on the Website."  Any such "assertion of copyrights" or "demand for a fee or other payment" would not give rise to either of the claims asserted by MGP in this action, much less would it establish that Alamy Inc. is the correct party to be sued.  Further, the Request is not even specifically tied to the images at issue.

<u>Request No. 29.</u>  This Request calls for "[a]ll Documents concerning the policies and practices applicable to the removal of content from the Website by officers, directors, employees or contractors for Alamy Ltd. and / or Alamy, Inc. that were in effect at any time between January 2, 2016 and the present."  MGP claims that such evidence "goes to the issue of whether [Alamy Inc.] exercises control and authority over the content posted on the website," but this has no bearing on whether Alamy Inc. is properly named as a defendant in this action.

*   *   *

Ultimately, MGP wants more than just "some" discovery and is seeking to expand the limited-scope first phase of discovery into full-fledged discovery on the merits of its claims.  This does not comport with the letter and spirit of the Court's initial comments or Your Honor's subsequent decision to bifurcate.  For the foregoing reasons, Alamy Inc. respectfully submits that MGP's motion to compel the production of documents responsive to Request Nos. 11-14, 20, 23-24, 26, and 29 should be denied.

Respectfully Submitted,


<u>/s/ Nancy E. Wolff    </u>
Nancy E. Wolff

*Counsel for Defendant Alamy Inc.*

cc:     Marissa B. Lewis, Esq.