

# DuaneMorris®

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE OF DUANE MORRIS*

ALLIANCES IN MEXICO AND SRI LANKA

*FIRM and AFFILIATE OFFICES*

STEVEN M. COWLEY
DIRECT DIAL: +1 857 488 4261
PERSONAL FAX: +1 857 401 3090
*E-MAIL:* SMCowley@duanemorris.com

*www.duanemorris.com*

June 26, 2019

**VIA ECF**

Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers S1227
Brooklyn, New York 11201

> **Re:** ___*Michael Grecco Productions, Inc. v. Alamy Inc.*, 18-cv-3260-PKC-JO___

Dear Judge Orenstein:

This firm is counsel to Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") in the above-captioned action. Pursuant to your Honor's Scheduling Order of June 24, 2019, Plaintiff submits this letter in response to Defendant Alamy Inc.'s ("Defendant") request for an order requiring Plaintiff to take the deposition of Defendant's corporate designee by remote means. For the reasons set forth below, Plaintiff objects to Defendant's request that Plaintiff be limited to a remote deposition of the sole designee Defendant intends to produce to testify as to all issues in the first phase of discovery.

Plaintiff joins Defendant's request to extend the deadline for completion of the first phase of discovery in order to permit the completion of the Defendant's deposition on a mutually convenient date, which the parties expect will be the last week of July, based on the available dates exchanged between counsel.

On June 11, 2019, Plaintiff served Defendant with a notice of deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The deposition was noticed to take place in New York on June 24, 2019 and June 25, 2019 at the offices of Plaintiff's counsel.[1]

---

[1] Because the relevant topics cover the different aspects of Defendant's operations and the functions and responsibilities of employees who were involved in the actions giving rise to the copyright infringement claims at issue, Plaintiff anticipated the Defendant likely would designate more than one witness in order to cover particular topics, which is the reason that the notice of

DuaneMorris

Honorable James Orenstein
June 26, 2019
Page 2

Defendant is a New York corporation with a principal place of business located in Brooklyn.  Despite the employees who make up the Defendant's headquarters staff being present in New York (presumably), Defendant has chosen to designate its most senior officer who happens to live in England (according to the Defendant) as the designee on every topic identified in the Rule 30(b)(6) notice.  Rule 30(b)(6) permits the Defendant to put forward any designee of its choosing, so long as it honors its obligation to provide the information necessary to its designee so s/he is a knowledgeable witness capable of binding the company on the topics identified.  "It is settled law that a party need not produce the organizational representative with the greatest knowledge about a subject; instead, it need only produce a person with knowledge whose testimony will be binding on the party." *Rodriguez v. Pataki,* 293 F. Supp. 2d 305, 311 (S.D.N.Y. 2003).

Having exercised its discretion to designate its corporate president as its designee on all topics, Defendant is self-imposing any inconvenience that witness may experience to appear in New York to testify.  Any suggestion in Defendant's letter motion that Plaintiff is seeking to impose this inconvenience on the Defendant is simply inaccurate.  If anything, Plaintiff would have anticipated that had it served a notice for the deposition of Defendant's president instead of a notice under Rule 30(b)(6), it would have been met with an objection that the President is not a necessary, or even appropriate, witness.  Plaintiff acknowledges that Defendant may choose its own designee, but Defendant cannot suggest that Plaintiff has somehow forced this designation by the topics listed in its notice.  Those topics necessarily follow from the preliminary issue that Defendant requested be the sole focus of this initial stage of discovery.

Even if Defendant's designee is the individual most qualified to address the topics for examination, "[t]here is a presumption that depositions of corporate officers will take place at the corporate officer's residence or the corporation's principal place of business." *Silva Run Worldwide Ltd. v. Gaming Lottery Corp.*, No. 96 CIV. 3231 (RPP), 2003 WL 23009989, at *1 (S.D.N.Y. Dec. 23, 2003) (quoting *Buzzeo v. Board of Education, Hempstead,* 178 F.R.D. 390, 392 (E.D.N.Y. 1998).  "Because the presumption is based on the principle that plaintiffs, rather than defendants, choose the forum, the presumption is overcome when a plaintiff is constrained in selecting a forum."  *Silva,* 2003 WL 23009989, at *1 (citing *The Topps Co. v. Productos Stani Sociedad Anomia Industrial y Commercial,* 2001 WL 406193, at *3 (S.D.N.Y. 2001).  Here, Plaintiff was constrained in selecting this forum because this is the forum where Defendant is organized and headquartered, and this is the forum where the infringing acts occurred.  Plaintiff is forced by the principles of personal jurisdiction to bear the inconvenience of pursuing a lawsuit across the country from its California location to enforce its copyrights in images that were held out for license by this Defendant without Plaintiff's authorization, because the Defendant made the decision to incorporate and locate its principal place of business in New York.  In response,

---

deposition contemplated the potential need to complete the deposition in the morning of a second day.  The intention was to prevent the need for any witness to sit around waiting for a change in topics, while one or more other witnesses testified on their topics first.

DuaneMorris

Honorable James Orenstein
June 26, 2019
Page 3

Defendant's assertion that is too inconvenient to ask Defendant's self-selected corporate representative to appear in the state and city where the company is headquartered to discuss the activities of its corporate employees as they relate to the Plaintiff's photographic images, appears to be highly cynical.

It should be noted that Defendant's contention that its president will be hampered in performing important company responsibilities if he has to take the time to appear in New York to testify appears highly questionable. New York is the site of the company's headquarters. If the president's appearance in Manhattan makes it too difficult to attend to the company business at Defendant's Brooklyn headquarters, it is very hard to understand how he is able to work effectively for his company from England.

In addition to contesting Defendant's claim of inconvenience or burden to produce a corporate designee to testify in its home state of New York, Plaintiff objects to Defendant's request that Plaintiff be limited a taking a Rule 30(b)(6) deposition by videoconference, based on the prejudice that will impose on Plaintiff's discovery As this is the only deposition contemplated before the completion of the first phase of discovery, this is a significant deposition. Having to take the deposition by videoconference limits Plaintiff's counsel to only being in a position to question the Defendant's designee on documents that he has pre-marked and forwarded to the witness in advance of the deposition. Any unanticipated issues that come up during the deposition will not be addressed by marking a document not contemplated and prepared well in advance. And while video technology is more revealing than telephonic depositions of old, Plaintiff's counsel will not be permitted the same opportunity to assess the witness's "body language" and demeanor as permitted in face-to-face questioning. Plaintiff informed Defendant that it would cooperate in scheduling a video deposition of a remote witness should that witness be necessary to address a narrow topic, such that the risks of not having pre-marked exhibits delivered in advance and the lack of an opportunity to assess the witness's demeanor would be limited. But that is not what Defendant proposes. Instead, Defendant unilaterally decided to prepare its most-senior officer, who apparently resides in England, to testify on every topic identified in the Rule 30(b)(6) notice. As this may be the only deposition Plaintiff will take before it must address a potential new dispositive motion, any limitation on the effectiveness and vitality of the deposition is unreasonable. This is especially true when it is considered that the burdens on the Plaintiff's discovery would be imposed to accommodate entirely self-imposed burdens on the Defendant.

Accordingly, Plaintiff joins in Defendant's request for an extension of the deadline to complete the first phase of discovery in order to permit the completion of Defendant's Rule 30(b)(6) witness during the last week of July.

Respectfully,

/s/ Steven M. Cowley

Steven M. Cowley

DM2\10075661.3