

| | | |
|---|---|---|
| Cowan, DeBaets, Abrahams & Sheppard LLP | 41 Madison Avenue<br>New York, NY 10010<br>T: 212 974 7474<br>F: 212 974 8474<br>www.cdas.com | Nancy E. Wolff<br>212 974 7474<br>nwolff@cdas.com |

June 26, 2019

**VIA ECF**
Hon. James Orenstein, U.S.M.J.
Eastern District of New York
United States Courthouse
225 Cadman Plaza East, Room 1227 South
New York, New York 11201

Re:  *Michael Grecco Productions Inc. v. Alamy Inc.*, Case No. 18 Civ. 03260 (PKC) (JO)

Dear Judge Orenstein:

This firm represents defendant Alamy Inc. in the above-captioned action.  Pursuant to Your Honors Order of June 27, 2019, we write in response to plaintiff Michael Grecco Productions Inc.'s ("Plaintiff") letter dated June 26, 2019 (Dkt. No. 46), wherein it opposed Alamy Inc.'s request, by letter dated June 21, 2019 (Dkt. No. 43), for an order requiring the deposition of Alamy Inc.'s corporate designee to be taken remotely.[1]

As Plaintiff correctly notes, "[t]here is a presumption that depositions of corporate officers will take place at the corporate officer's residence or the corporation's principal place of business." Dkt. No. 46 at 2 (citations omitted).  This presumption is intended for the convenience of defendants, who do not select the forum in which they are sued.  *See Topps Co. v. Productos Stani Sociedad Anomina Indus. y Commercial*, No. 99 Civ. 9437 (CSH) (GWG), 2001 WL 406193, at *3 (S.D.N.Y. Apr. 20, 2001) ("This presumption is based on the notion that the plaintiff, having brought litigation and having exercised a choice as to where it would be conducted, cannot be heard to complain that a deposition is taking place in an inconvenient location."); *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) ("Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. The defendants, on the other hand, are not before the court by choice.").  Here, the United Kingdom is presumptively the appropriate location, as Alamy Inc.'s corporate designee, John Schlizzi, resides there and would be significantly inconvenienced if made to travel to New York for an in-person deposition.  *See* Dkt. No. 43 at 2 (explaining inconvenience to Mr. Schlizzi).[2]

Although the general presumption is not applicable in a suit in which plaintiff had "little choice" of forum, *Arneauld v. Pentair, Inc.*, No. 11 Civ. 3891 (SJF) (ETB), 2012 WL 5932956, at *10

---

[1] Although the entry for Docket No. 43 refers only to a request for an extension of time, Alamy Inc.'s letter also includes a request for a deposition by remote means.  *See* Dkt. No. 43 at 1-2.

[2] There is no basis for Plaintiff's contention the inconvenience to Mr. Schlizzi is "self-imposed" and "highly questionable."  As Alamy Inc. explained in its initial letter, it designated Mr. Schlizzi because he is most qualified to address the broad range of topics that Plaintiff identified in the notice of deposition.  *See* Dkt. No. 43 at 1.

COWAN,
DEBAETS,
ABRAHAMS &
SHEPPARD LLP

PAGE 2

(E.D.N.Y. Nov. 26, 2012) (citation omitted), this is not such a case. Plaintiff argues that it was "constrained in selecting this forum" (Dkt. No. 46 at 2),[3] but in fact, it chose this forum for *its own convenience*, preferring to bring suit in New York – where Plaintiff has filed seventeen lawsuits in the last three years alone – instead of in the United Kingdom. Contrary to Plaintiff's assertions, this is not the forum where the allegedly infringing acts occurred and the entity that engages in the relevant activities is not located in New York. This is not a situation that compels suspension of the general presumption in favor of conducting Mr. Schlizzi's deposition, as Alamy Inc.'s corporate designee, in the United Kingdom.

Plaintiff's claims that it will be "prejudice[d]" if required to take the deposition by video are speculative and easily surmountable. *See* Dkt. No. 26 at 3. First, Plaintiff is purportedly concerned about having to pre-mark deposition exhibits because "unanticipated issues that come up during the deposition" may lead to questioning on documents that were not marked. If this were to happen, Plaintiff could simply send the new documents to Mr. Schlizzi via email and/or provide Mr. Schlizzi with a complete set of documents produced in this case[4] and reference them by Bates number. Plaintiff also cites the inability to observe the witnesses "body language" and "demeanor." But this "is a problem with any remote deposition, and remote depositions are a presumptively valid means of discovery." *Usov v. Lazar*, No. 13 Civ. 818, 2015 WL 5052497, at *2 (S.D.N.Y. Aug. 25, 2015) (citations omitted). Moreover, the fact that Mr. Schlizzi's "deposition would be conducted by videoconference, rather than by telephone, minimizes any prejudice by allowing [Plaintiff and its counsel] to view his demeanor during questioning." *Id. See also, e.g.*, *Tangtiwatanapaibul v. Tom & Toon Inc.*, No. 17 Civ. 00816 (LGS) (KHP), 2017 WL 10456190, at *3 (S.D.N.Y. Nov. 22, 2017) (granting motion to permit depositions by video conference via FaceTime, Skype, or similar application); *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 398 (S.D.N.Y. 2006) (finding there is "little prejudice" in conducting depositions by telephone, but allowing the defendants seeking to observe the deponents' demeanor to conduct the depositions by videoconference instead, if they were willing to bear the expense).

---

[3] The cases that Plaintiff cites on this point are inapposite. In *Silva Run Worldwide Ltd. v. Gaming Lottery Corp.*, the court found the plaintiff was "constrained in selecting [the] forum" because "the transactions in question occurred in New York" and its claims "ar[o]se under the securities laws of the United States." No. 96 Civ. 3231 (RPP), 2003 WL 23009989, at *1 (S.D.N.Y. Dec. 23, 2003) (requiring deposition of the defendant's corporate officer to be taken as noticed in New York, rather than Toronto, where "[c]oncerns of cost, convenience and efficiency also militate[d] against conducting the depositions in Toronto" and "the [d]efendant made no [ ] claim" of inconvenience due to "missing work days"). In *Topps Co. v. Productos Stani Sociedad Anomina Indus. y Commercial*, the court found that the plaintiff was not necessarily constrained to choose the forum even though its claims arose from agreement wherein the defendant consented to jurisdiction in New York and agreed that New York law would apply, and ultimately ordered that the depositions of the defendant's corporate officers take place in Argentina based on cost and convenience. No. 99 Civ. 9437 (CSH) (GWG), 2001 WL 406193, at *3 (S.D.N.Y. Apr. 20, 2001).

[4] Alamy Inc. has produced approximately 306 pages of documents to date. Plaintiff has produced none.



For the foregoing reasons, Alamy Inc. respectfully requests that the Court grant its requests for an order requiring Plaintiff to take the deposition of its corporate designee by remote means and for an extension of the first phase of discovery to permit the completion of such deposition.[5]

Respectfully Submitted,


/s/ Nancy E. Wolff
Nancy E. Wolff

*Counsel for Defendant Alamy Inc.*

cc:     Marissa B. Lewis, Esq.

---

[5] Plaintiff joins in the request for an extension of the first phase of discovery.  Dkt. No. 46 at 3.