

COWAN,
DEBAETS,
ABRAHAMS &
SHEPPARD LLP

41 MADISON AVENUE
NEW YORK, NY 10010
T: 212 974 7474
F: 212 974 8474
www.cdas.com

Nancy E. Wolff
(212) 974-7474
nwolff@cdas.com

July 17, 2019

**VIA ECF**
The Hon. James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Michael Grecco Prods., Inc. v. Alamy Inc.*, Case No. 18 Civ. 03260 (PKC) (JO)

Dear Judge Orenstein:

This firm represents defendant Alamy Inc. in the above-captioned action. Pursuant to Your Honor's July 10, 2019 Order (Dkt. No. 49), we write on behalf of both Alamy Inc. and plaintiff Michael Grecco Productions, Inc. ("Plaintiff") to advise the Court of the status of this matter.

**1. Status of Issues Related to Plaintiff's Motion to Compel (Dkt. No. 42)**

A. Plaintiff's Statement.

At the July 10, 2019, hearing on Plaintiff's motion to compel, Plaintiff understood the Court to directed the Defendant to (1) produce documents responsive to Plaintiff's request 26 ("All Documents concerning the assertion of copyrights, or demand for a fee or other payment, by Alamy Ltd. or Alamy Inc. against, or communicated to, any other Person that relates to the Person's reproduction, display, distribution, or other use of any photographic image displayed on the Website"); and (2) identify documents responsive to the remaining requests identified in Plaintiff's motion to compel (numbers 11, 12, 13, 14, 20, 23, 24, and 29) that relate to Alamy, Inc. so the parties could confer and determine whether they could resolve their production disputes without further action by the Court on Plaintiff's motion to compel. Defendant did not comply with either instruction.

Rather than produce the demand letters responsive to request 26, Defendant produced one letter and now argues that all non-produced demand letters do not relate to Alamy, Inc. (contrary to its prior representations to Plaintiff and the Court). There is nothing on the face of the single "representative" demand letter produced that excludes a relationship to Alamy, Inc., or limits the rights asserted to Alamy, Ltd. In fact, the firm who issued that demand letter asserted rights on behalf of "Alamy", apparently favoring the ambiguity as to which company or companies held





the asserted rights. As Plaintiff has shown in previous filings with the Court, terms and conditions posted on the "Alamy" website define that eponymous term as this defendant, Alamy, Inc. Nevertheless, Defendant's counsel repeatedly insists that nothing on the website has anything to do with Alamy, Inc. Plaintiff should not be forced to simply accept Defendant's conclusory argument, and should be in a position to test it by questioning the witnesses about the facts concerning the nature and bases for the rights asserted in the demand letters and the origins of the images at issue in those letters. If Alamy, Inc. is the company that obtained the images at issue in the demand letters from its U.S. "customers" (as that term was used by defendant's counsel at the July 10 hearing), or issued licenses in those images to users of the website, or received payments from licensees or infringers who responded to demand letters, those facts will support Plaintiff's argument that the Court should reach the opposite conclusion as to what "Alamy" as used in the demand letters refers. Plaintiff needs the documents to ask the necessary questions concerning the relevant images, but that is being blocked by Defendant who simply insists that the Plaintiff and the Court must accept its legal argument as dispositive questions asked. This Court already instructed the Defendant to produce the documents responsive to request 26, and Plaintiff requests that Defendant's attempt to avoid that instruction be denied.

With regard to requests 11, 12, 13, 14, 20, 23, 24, and 29, Defendant's counsel has represented that no responsive documents relating to Alamy, Inc. exist, but its Second Supplemental Responses (a copy is enclosed with this letter) raise concerns about that representation. Specifically, Defendants Second Supplemental Responses appears to rely on a position that there are no documents in Alamy, Inc.'s "possession" as opposed to a definitive statement that no documents exist. An objection based on what responsive documents are in Alamy, Inc.'s possession – as opposed to Alamy, Ltd. possession – was not raised in either of Defendant's prior responses. More problematically, it is a concept that is easily manipulated, and leaves Plaintiff unable to prevent the Defendant from cherry-picking documents found at or through the Alamy, Ltd. headquarters that it wants to use in this case, while preventing Plaintiff from gaining access to all documents it does not like. Defendant has variously described Mr. Schlizzi as its President, and more recently as its Secretary. Notably, the documents produced to date reveal that Mr. Schlizzi also is Alamy, Ltd.'s CFO. Obviously, Mr. Schlizzi as an officer of Alamy, Inc. has full control access to and ability to produce all documents at Alamy, Ltd. that Alamy, Inc. believes support its argument. Plaintiff believes that Defendant should bear an equal responsibility to produce all responsive documents that Mr. Schlizzi can access, even if it does not consider them to be helpful to its cause, and it should not be allowed to create a new "possession" qualifier that artificially distinguishes between the documents Mr. Schlizzi can access and produce. Because Defendant did not identify all responsive documents that relate to Alamy, Inc. as instructed, but instead injected a new lack of possession qualifier, Plaintiff is unable at this time to say that there are no documents still subject to its motion to compel. The second concern raised by





Defendant's Second Supplemental Responses is its repeated reliance on a purported "July 10, 2019, Order" somehow limiting discovery. The Court issued no such order on July 10, 2019. Instead, the Court instructed Defendant to identify documents relating to Alamy, Inc. that are responsive to the requests at issue and then confer with Plaintiff to determine if the parties can resolve their production disputes. The Court issued no order on the requests other than number 26 and Defendant's mysterious reliance on an order that does not exist leaves Plaintiff unable to determine what documents, if any, are being withheld on a false premise. Plaintiff requests that Defendant provide the supplemental responses identifying responsive documents relating to Alamy, Inc. that exist, without any new qualifiers such as "possession" or new objections such as a purported July 10 order, so the parties will be in a position to confer as directed.

B. Alamy Inc.'s Statement.

On July 17, 2019, Alamy Inc. served Second Amended Objections and Responses to Plaintiff's First Request for Production of Documents and Things ("Second Amended Responses"), wherein it indicated whether or not Alamy Inc. possesses documents responsive to each Request as modified by the Court during the status conference held on July 10, 2019. It is Alamy Inc.'s position that these Second Amended Responses comply with the Court's instructions. Plaintiff disagrees. In a good-faith effort to address Plaintiff's concerns raised during the parties' telephonic meet-and-confer, Alamy Inc. has made additional representations regarding the Requests that are subject to Plaintiff's Motion to Compel. Particularly, Alamy Inc. has represented that (i) no documents concerning Alamy Inc.'s role in the acts described in Request Nos. 11-14, 20, 23-24 exist because Alamy Inc. played no role in any such acts; (ii) no cease-and-desist letters or other documents responsive to Request No. 26 concerning Alamy Inc.'s "assertion of copyrights, or demand for a fee or other payment," related to a third-party's "reproduction, display, distribution, or other use of any photographic image displayed on the Website" exist because it made no such assertions or demands;[1] and (iii) no documents in response to Request No. 29 concerning "the policies and practices applicable to [Alamy Inc.'s] removal [or posting] of contact from the Website" exist because Alamy Inc. has no role in the removal (or posting) of content on the Alamy Ltd.'s website.

---

[1] Alamy Inc. notes that it previously represented that there are "cease-and-desist letters" that are potentially responsive to Request No. 26. However, it was determined after the July 10, 2019 conference that all such cease-and-desist letters were sent by a third-party service provider on behalf of Alamy Ltd. (not Alamy Inc.) and therefore are not responsive to Request No. 26 as modified by the Court's July 10, 2019 Order. Alamy Inc. nevertheless obtained in good faith a representative example of such a cease-and-desist letter from Alamy Ltd., as well as a copy of the service agreement between the third-party service provider and Alamy Ltd., and produced them for Plaintiff's review on July 17, 2019.





**2. Status of Issues Related to Alamy Inc.'s Motion for a Protective Order (Dkt. No. 43)**

A. Alamy Inc.'s Statement.

Alamy Inc. originally designated John Schlizzi, who resides in the United Kingdom, to serve as its Rule 30(b)(6) representative and requested that his deposition be taken remotely. Dkt. No. 43. Although he is an officer of Alamy Inc.,[2] a New York company, Mr. Schlizzi has advised that he infrequently travels to New York for business (his last trip to New York for business was more than five years ago) and has no plans to travel to New York for business in the future. Rather than make a special trip for purposes of this deposition, Alamy Inc. requests that the Court require that Mr. Schlizzi be deposed by video or other remote means. In a good-faith effort to resolve this dispute, Alamy Inc. has offered to designate Mr. Schlizzi for a subset of topics and to designate Jane Serember, the general manager of Alamy Inc., as its Rule 30(b)(6) witness as to the remaining topics. Ms. Serember works for Alamy Inc. in New York and is available to sit for an in-person deposition in New York.

B. Plaintiff's Statement.

Defendant has represented that its London-based designee, who it has described alternatively as its President and now its Secretary, will be limited to topics 1-5, 8-9 and 23 of the Rule 30(b)(6) Notice, and that it will produce a designee for an in-person deposition in New York on all other topics. With that limitation, Plaintiff agrees to take Mr. Schlizzi's deposition by video conference, if he appears for deposition at the London office of Duane Morris for that deposition.

**3. Schedule for Completion of the First Phase of Discovery**

The first phase of discovery was originally set to close on June 25, 2019 (Dkt. No. 39). The parties jointly propose that the deadline for completion of the first phase of discovery be extended through September 16, 2019.

***

[2] Alamy Inc. inadvertently stated in its letter that Mr. Schlizzi is the president of Alamy Inc. (Dkt. No. 43 at 1-2), but in fact, he is the secretary of Alamy Inc. Regardless of his title, Alamy Inc. maintains that Mr. Schlizzi is most qualified to address the topics for examination identified in Plaintiff's Notice of Rule 30(b)(6) Deposition.





We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ Nancy E. Wolff

Nancy E. Wolff

cc: All Counsel of Record (via ECF)