

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

*FIRM and AFFILIATE OFFICES*

STEVEN M. COWLEY
DIRECT DIAL: +1 857 488 4261
PERSONAL FAX: +1 857 401 3090
*E-MAIL:* SMCowley@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

September 19, 2019

**VIA ECF**

Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers S1227
Brooklyn, New York 11201

Re:     *Michael Grecco Productions, Inc. v. Alamy Inc.*, **18-cv-3260-PKC-JO**

Dear Judge Orenstein:

In advance of the status conference scheduled for September 23, 2019 and pursuant to this Court's Amended Case Management And Scheduling Order dated July 29, 2019 (ECF No. 52) counsel for both parties write to advise the Court of the status of this matter.

Since the last status conference on July 29, 2019, Defendant produced additional documents and two designees to testify in response to a Rule 30(b)(6) Notice of Deposition identifying 29 topics. There are a number of disputes between the parties concerning both the Defendant's document production and the Rule 30(b)(6) deposition of Defendant's designees. Counsel for the parties have conferred regarding these disputes, but have been unable to resolve them at this time. The parties' respective positions on the open issues are set forth below.

**I.     Defendant's Document Production**

Plaintiff's Position:  Following this Court's order bifurcating discovery such that the first phase shall focus on whether the Plaintiff has sued the Defendant responsible for the conduct at issue, Plaintiff served its First Set of Requests For Production. The parties had a number of disputes concerning Defendant's initial Responses to the Plaintiff's Requests For Production, which were submitted to this Court by letters dated June 21, June 26 and July 17, 2019. (ECF Nos. 42, 44 and 50). Two conferences were held to address those issues, on July 10 and July 29, 2019. This Court ordered additional production by the Defendant at each conference. (ECF Nos.



Honorable James Orenstein
September 19, 2019
Page 2

49 and 51).   From the Plaintiff's perspective, there are two remaining issues concerning Defendant's production of documents in the first phase of discovery.  The first is one of timing – Defendant did not timely produce all of its responsive documents by the August 2, 2019 deadline imposed by this Court.  (ECF No. 51).   That issue is material only because of its impact on the completion of the Rule 30(b)(6)  deposition, which is discussed more fully below.  A closely related and troubling issue is what appears to have been an attempt to create a document subsequent to the filing of this Complaint solely to support the defense posed (*viz.*, that Alamy, Inc. is not the right Defendant) and held out as if it was a license agreement applicable to the claims asserted in this case.  It was not.  The actual license agreement(s) in place at the time of the infringing licenses by Alamy, Inc. – with materially different language contradicting Defendant's defense – was not produced by Defendant until September 16, 2019.  Defendant takes the position that all questioning of its Rule 30(b)(6) designees ended on September 10 and no witness will testify voluntarily about the relevant licenses.  As discussed below, this second issue impacts the completion of the Rule 30(b)(6) deposition.  Beyond that, the apparent attempt to create a new litigation-inspired "license" and hold it out as material to the issue of which entity is responsible for the infringement alleged may require its own discovery to determine who had knowledge of and played a role in that misleading conduct.

Defendant's Position:

On May 14, 2019, Plaintiff served its First Set of Document Requests (Nos. 1-31) (the "Requests").  The Requests went beyond the scope of the first phase of discovery; rather than focusing on whether Defendant Alamy Inc. was correctly sued, Plaintiff sought documents that clearly went to the merits (*e.g.*, all documents related to the reproduction of the images at issue).  The dispute was resolved by Your Honor, who agreed that the Requests went outside the scope of the first phase of discovery, imposed certain restrictions on the Requests, and ordered Defendant to respond to the modified requests.[1]

After submission of a joint status report on July 17, 2019 (Dkt. No. 50), the Court set another status conference for July 29, 2019.  At the conference, Your Honor ordered Defendant to produce to Plaintiff additional documents in UK Alamy's possession.  On August 2, 2019, pursuant to the Court's directive, Defendant produced nearly 1,400 additional documents to Plaintiff that were in UK Alamy's possession.  Because the focus of the July 29, 2019 conference was Plaintiff's Document Request Number 26, which sought "[a]ll Documents concerning the assertion of copyrights, or demand for a fee or other payment, by Alamy Ltd. or Alamy Inc. against, or communicated to, any other Person that relates to the Person's reproduction, display, distribution, or other use of any photographic image displayed on the Website," the girth of Defendant's additional production consisted of invoices and demands for payment from UK Alamy.

---

[1] The issue was resolved orally at a conference before the Court on July 10, 2019.



Honorable James Orenstein
September 19, 2019
Page 3

Plaintiff's counsel, however, has taken issue with the fact that a license agreement available on the Alamy UK Website in 2018 (the "2018 Agreement") was not initially produced (though it has since been produced, and regardless, Plaintiff's counsel had possession of the 2018 Agreement and used it as the basis for questioning during both depositions).

With respect to the 2018 Agreement, Defendant initially produced the current licensing agreement prior to the Court's July 29, 2019 order stating that documents in UK Alamy's possession must be produced as well. As previously stated, Defendant's original understanding of the Court's directive at the July 10, 2019 conference was that it only needed to produce documents in *Defendant's* possession. Because Defendant has no control over the Alamy UK Website, and no access to agreements predating the one currently on the Alamy UK Website (which it only has access to because it is accessible to the public), it only produced the current agreement.

Because the focus of the July 29, 2019 conference was on demands for fees or other payments by UK Alamy or Defendant, the vast majority of Defendant's nearly 1,400-page supplemental production consisted of invoices and demands for payment from UK Alamy. As only the current license agreement had been produced as of the date of her deposition, Ms. Serember was designated to testify on the topic.

During Ms. Serember's deposition, Plaintiff's counsel introduced the 2018 Agreement, which Ms. Serember did not recognize, at which point Defendant's counsel stated on the record that Mr. Schilizzi could testify on this topic during his deposition. Plaintiff's counsel introduced the 2018 Agreement during Mr. Schilizzi's deposition and questioned him extensively about it. Following Mr. Schilizzi's deposition, and prior to the end of discovery, Defendant produced additional versions of license agreements that had appeared on the Alamy UK Website, along with an affidavit from Mr. Schilizzi attesting to the date each agreement was made available on the Alamy UK Website.

Plaintiff misconstrues Defendant's good-faith attempt to comply with discovery on an ongoing basis as a malicious attempt to conceal information. It is customary for information to be gleaned from depositions that leads to the production of additional documents and/or clean-up, which is exactly what happened here.

To date, Defendant has produced over 1,700 Bates-stamped documents in response to Plaintiff's Requests. Plaintiff has not indicated to Defendant that there are any current outstanding deficiencies.

## II.     Defendant's Rule 30(b)(6) Deposition Testimony

Plaintiff's Position:   The Rule 30(b)(6) deposition of Defendant is not yet complete. Defendant refuses to make a designee on the unfinished topics available for further questioning



Honorable James Orenstein
September 19, 2019
Page 4

and, instead, contends that Plaintiff must be satisfied with an affidavit from its designee providing Defendant's position as to certain late produced documents, without opportunity to question that witness further, and no testimony or other explanation at all concerning other late produced documents (*e.g.*, Board minutes identifying a previously unidentified officer of Alamy, Inc. that is inconsistent with the Rule 30(b)(6) testimony to date).

Behind the parties' dispute concerning the completion of the Rule 30(b)(6) deposition is an unresolved dispute concerning the Defendant's refusal to produce knowledgeable designees for deposition in New York City, as noticed. That dispute was presented to the Court by letters dated June 21, June 27, July 1 and July 17, 2019. (ECF Nos. 43, 46, 47 and 50). After the Court's instruction to confer further, the parties reported a compromise whereby Defendant limited the topics on which its London designee would testify to 8 and agreed to produce another knowledgeable witness for deposition in New York City on the remaining 21 topics. (ECF No. 50, p. 4, Section 2B). Late in the afternoon prior to the Rule 30(b)(6) deposition commencing, however, Defendant abandoned that compromise resolution and announced that its London witness would testify about 22 topics and the New York witness about 3 topics. The Defendant asserted the two witnesses would share another 4 topics with the London witness testifying about those topics to the extent they relate to Alamy Ltd. and the New York designee testifying to the extent they related to Alamy, Inc. Plaintiff never agreed to take the deposition of a witness in London on 26 topics, and Defendant's failure to honor the compromise agreed to, or produce all designees in New York as required in the Notice is contrary to this Court's Amended Case Management And Scheduling Order (ECF No. 52, Section II ci). Defendant's "bait and switch" on a purported resolution of this dispute led to predictable problems. A comprehensive deposition by video link of a witness and stenographer in one city, deposing counsel in a second city and defense counsel in a third city is logistically a severe headache. Numerous times throughout the deposition of the London witness, Defendant's counsel objected and argued that I spoke over the witness who had not finished responding. I simply could not tell that the witness was finished answering before starting on the next question. Additionally defense counsel's numerous discussions between themselves on a "hot mic" became extremely challenging from the perspective of coaching the witness. Everything defense counsel said, regardless of whether an "objection" was being asserted, could be heard clearly by the witness. More problematic, the New York designee was not prepared to testify substantively about all but one of the topics on which she was designated. For example, the New York witness was designated to testify as to topic 29: "The Documents referenced in Sections B1i and B1ii of Defendant Alamy, Inc.'s Initial Disclosures." That topic refers to the following documents identified by Defendant:

> B1i     Contributor agreements between Alamy Ltd. and third parties encompassing the photographs at issue, and
>
> B1ii    Licensing Agreements between Alamy Ltd. or Alamy Inc. and third parties concerning the photographs at issue.

DuaneMorris

Honorable James Orenstein
September 19, 2019
Page 5

The New York designee admitted she was unaware of topic 29,  had no knowledge of Defendant's Initial Disclosures and did nothing to prepare to answer questions about that topic. She claimed to have no knowledge of anything relating to the B1i documents (or anything else to do with "Contributors" for that matter).  Although the designee identified the only license produced by Defendant in discovery (at that time), she was unable to testify why there is a material difference in the language of  that exhibit and a version of the license downloaded from alamy.com prior to the lawsuit but not produced by Defendant in discovery (at that time).  She had no knowledge of any other versions of the licenses or changes in their terms.  Defendant then took the position Plaintiff should question the London witness about those issues, even though he was not the designee on topic 29.  The London witness had a specific statement prepared about the version of the license produced in discovery by Defendant – that it was created to correct a mistake – but could not testify about prior versions of the license or what version actually relates to the infringing licenses at issue in this case.

On September 16, 2019, after both designees testified, Defendant finally produced the pre-Complaint versions of the Alamy, Inc. license agreement.  Nevertheless, Defendant takes the position Plaintiff cannot question any designee about those documents.

In the end, the New York witness claimed no knowledge of 21 of the 22 topics on which she was originally designated, including 6 of the 7 topics to which purported to limit her designation as of 4:00 p.m. the afternoon before her deposition commenced.  Plaintiff's counsel incurred over 15 hours traveling to and taking the deposition of that New York witness, plus $302.00 in travel costs.  That deposition should not have occurred.  It was designed to be a waste of time.  Plaintiff requests permission to file a Motion for recovery of attorneys' fees and expenses in connection with the deposition of the New York designee, in addition to an order that the Defendant produce a knowledgeable designee on the remaining topics and documents for deposition in New York.

Plaintiff believes that, in addition to the documents produced only after the testimony of its current two designees, the remaining topics for which the Rule 30(b)(6) deposition remains incomplete relate to the demand letters issued to users of images taken from alamy.com without payment.  Defendant's counsel represented that no such demand letters were issued related to Alamy, Inc. (ECF No. 50, p. 3, fn. 1), but this Court nevertheless confirmed its Order that all demand letters be produced.  (ECF No. 51).  Defendant's subsequent production revealed that, contrary to defense counsel's representation, there were numerous demands for payment of unauthorized downloads issued on behalf of Alamy, Inc.  In addition, Defendant has taken the position that it cannot or will not produce such demand letters issued by a copyright enforcement agent, but did produce what had been described as a spreadsheet of information provided to that agent for use in making those demands.  That spreadsheet contains a vast amount of data and Plaintiff has not yet had the opportunity to question the designee about that spreadsheet and related documents before his testimony terminated due to time constraints.



Honorable James Orenstein
September 19, 2019
Page 6

<u>Defendant's Position</u>:

In her March 12, 2019 Order, Judge Chen distinguished the issues of (1) whether the Defendant Alamy Inc. "engaged in the conduct at issue"; and (2) "whether or not [the Court] could exercise personal jurisdiction over UK Alamy . . . " *See* Dkt. No. 32 at 7. The latter issue, the Court stated, was unnecessary to "address" because "UK Alamy . . . is not a party to this action." *Id.* Accordingly, as discussed above, the Court directed that the first phase of discovery, including depositions, be limited to "whether the plaintiff has sued the defendant responsible for the conduct at issue," which involves the purported reproduction, distribution, display, and "holding out" of the images at issue for license without authorization on the website located at the URL alamy.com (the "Alamy UK Website"). Dkt. 39 at 1.

On June 11, 2019, Plaintiff served a Notice of Deposition to Defendant pursuant to Rule 30(b)(6), identifying twenty-nine topics, to be taken in New York over two days beginning on June 24, 2019. Defendant initially designated John Schilizzi, director of Defendant Alamy Inc., on all topics, but requested consent to a video deposition since Mr. Schilizzi lives in the United Kingdom and had no plans to come to New York. Dkt. No. 43. When Plaintiff refused, the dispute was addressed at the July 10, 2019 conference, and Your Honor agreed that Mr. Schilizzi should not have to make a special trip to New York for the deposition. On or around July 17, 2019, the parties agreed to split the 30(b)(6) topics between Mr. Schilizzi by video deposition at Plaintiff's counsel's London office[2], and Jane Serember, General Manager of Defendant Alamy Inc. for the North American, Australian, and New Zealand regions, who would appear at Plaintiff's counsel's New York office for her deposition. Ms. Serember was designated to testify regarding topics 6, 7, 10 through 22, and 24 through 29 of the Rule 30(b)(6) deposition notice dated June 11, 2019, and Mr. Schilizzi was designated to testify as to topics 1-5, 8, 9 and 23.

On August 2, 2019, Defendant's counsel proposed dates for the two depositions to opposing counsel. Ten days later, after receiving no response from Plaintiff's counsel, Defendant's counsel followed up to further inquire when Plaintiff's counsel was available to take the depositions. On August 19, 2019, with the end of the first phase of discovery looming, and with no response from opposing counsel (and with some of the proposed dates no longer being feasible due to Plaintiff's counsel's lack of response), Defendant's counsel telephoned Plaintiff's counsel. Plaintiff's counsel acknowledged receipt of Defendant's counsel's emails, but advised that he would need Defendant's counsel to send additional dates for the depositions, which Defendant's counsel did the following day, on August 20, 2019.[3]

Plaintiff's counsel did not respond to confirm any of the new proposed dates. On August 27, 2019, almost a month after initially contacting Plaintiff's counsel to set the depositions,

---

[2] Mr. Schilizzi was ordered to appear at Plaintiff's counsel's London office, three hours away from where he works and resides.

[3] All proposed times for Mr. Schilizzi's deposition were provided in British Standard Time (BST).



Honorable James Orenstein
September 19, 2019
Page 7

Defendant's counsel again followed-up with Plaintiff's counsel to see whether the depositions would still be taking place.  Finally, on August 28, 2019, with roughly two weeks left in the first phase of discovery, Plaintiff's counsel advised that he could take Ms. Serember's depositions on Thursday, September 5, 2019, commencing at 10:00 a.m. EST, and Mr. Schilizzi's deposition on September 10, 2019.  The parties later agreed via email that Mr. Schilizzi's deposition would run from 1:30 p.m. – 6:00 p.m. BST / 8:30 a.m. – 1:00 p.m. EST.

Thereafter, on September 4, 2019, before either deposition had taken place, Defendant's counsel advised Plaintiff's counsel that, based on the Court's July 29, 2019 Order, which had resulted in the production of certain documents in UK Alamy's possession that Ms. Serember would not have knowledge of (in her capacity as General Manager of Defendant for specific regions), certain topics would need to be shifted from Ms. Serember to Mr. Schlizzi, and certain topics could be shared by both (*i.e.*, Ms. Serember could cover questions specifically relating to Defendant and Mr. Schilizzi could cover questions specifically relating to UK Alamy).[4]

For example, Ms. Serember had been designated to testify regarding topic number 19, "[t]he facts and circumstances concerning the holding out, or offering, any of the Copyrighted Works At Issue for a potential license, or other permission to use."  Because Defendant Alamy Inc. does not hold out or offer any of the works at issue for a potential license, or other permission to use (and does not even have privileges to edit the Alamy UK Website), and as such, would have no documents in its possession regarding same, prior to the Court's July 29, 2019 Order, there were no relevant documents to produce and Ms. Serember was the appropriate witness to testify as to Defendant Alamy Inc.'s lack of involvement.  The August 2, 2019 production, however, which was produced after the 30(b)(6) topics had already been designated, contained certain documents relevant to this topic that Ms. Serember would have no knowledge of, since they were in UK Alamy's possession and not in Defendant's possession.  Since Mr. Schilizzi is both Chief Financial Officer of UK Alamy and a director of Defendant Alamy Inc., he was the more appropriate designee.

Defendant's counsel further advised that, to the extent Plaintiff's counsel wanted to ask Ms. Serember about topics she was formerly designated to testify about, he was welcome to.

- *Ms. Serember's Deposition*.  Plaintiff's counsel deposed Ms. Serember for roughly four and a half hours, and barely addressed the issues relevant to the first phase of discovery. Indeed, it became abundantly clear as Ms. Serember's deposition progressed that Plaintiff's

---

[4] Mr. Schilizzi was designated to cover topics 1 through 5, 8 through 15, 16 (as it relates to UK Alamy), 17 and 18 (as they relate to UK Alamy), 19 through 23, 24 (as it relates to UK Alamy), 25 through 28.  Ms. Serember was designed to cover topics 6, 7, 16 (as they relate to Defendant), 17 and 18 (as they relate to Defendant), 24 (as it relates to Defendant).  Additionally, during Ms. Serember's deposition and prior to Mr. Schilizzi's deposition, Defendant's counsel advised that Mr. Schilizzi would cover topic 29.



Honorable James Orenstein
September 19, 2019
Page 8

counsel was not using the deposition to find facts establishing that *Defendant* was responsible for the conduct at issue, but rather, was attempting to build his case that this Court may assert personal jurisdiction over UK Alamy under agency theory. The majority of the deposition focused on questions relating to the factors courts use to determine whether a subsidiary is a "mere department" of foreign parent.[5]  Following Ms. Serember's deposition, Plaintiff's counsel did not request any further documents – or indicate any further information needed – relating to her testimony.

- *Mr. Schilizzi's Deposition.*[6]  Again, as with Ms. Serember's deposition, Plaintiff's counsel focused his questioning on matters outside the scope of the first phase of discovery and outside the scope of the topics in his 30(b)(6) notice, including, but not limited to, details relating to the revenues of all Alamy entities, the extent to which UK Alamy provides services and functions to Defendant (including, but not limited to, human resource functions), the details of Defendant's corporate meetings, and UK Alamy's insurance agreement.  Plaintiff's counsel barely touched upon the limited focus of the deposition: the purported conduct of Defendant in relation to the photographs at issue.

  Once Plaintiff's counsel had run through his allotted time, nearly five hours of 30(b)(6) testimony – this, in addition to the four-plus hours of testimony elicited from Ms. Serember – Plaintiff's counsel refused to turn over the witness to Defendant's counsel to clarify certain issues with the witness.  Plaintiff's counsel also refused to allow Mr. Schilizzi to clarify certain issues on his own.

  In an attempt to resolve the dispute as directed by the Court's July 29, 2019 Order, Defendant's counsel requested that Plaintiff's counsel propose an amount of time needed to complete the deposition as well as provide an estimate of the number of remaining documents he intended to introduce.  Plaintiff's counsel refused to comply or to provide any of the requested information.

  In the interest of finishing the deposition in one day and to avoid further disputes over the issue, Mr. Schilizzi agreed to sit for an extra hour after the already five-hour deposition.  Once the additional hour was over, Plaintiff's counsel still refused to let Mr. Schilizzi

---

[5] While Ms. Serember's deposition was scheduled to begin at Plaintiff's counsel's New York office at 10:00 a.m. EST, Plaintiff's counsel advised the morning of the deposition that he would not be able to start until 10:30 a.m.  Following further administrative issues, and at Defendant's expense, the deposition did not begin until 10:54 a.m.

[6] Mr. Schilizzi appeared for his deposition at 1:30 p.m. BST / 8:30 a.m. EST, and had offered to start the deposition even earlier, but Plaintiff's counsel would not consent.  Due to more administrative problems on Plaintiff's end, and despite the fact that Mr. Schilizzi was present and ready for questioning, Plaintiff's counsel did not begin the deposition until at least 30 minutes after the deposition had been scheduled to begin, again, at Defendant's expense.



Honorable James Orenstein
September 19, 2019
Page 9

clarify two earlier statements, and refused to allow Defendant's counsel to examine the witness to clarify certain issues.

Following Mr. Schilizzi's deposition, Defendant produced three documents relating to Plaintiff's counsel's extensive line of questioning regarding Defendant's corporate meetings, which Mr. Schilizzi recalled the existence of once he was asked certain questions during the deposition.

For the reasons set forth above, Plaintiff's counsel is not entitled to additional time with either – or any – witness.  He squandered over ten hours of time with Defendant's witnesses asking irrelevant and out-of-scope questions.  During the parties' meet and confer on this issue, Plaintiff's counsel even admitted that he had been using the depositions to amass evidence to argue that Defendant is a "mere department" of UK Alamy and that this Court has personal jurisdiction over Defendant (which Defendant disputes).  Plaintiff has abused the limited discovery he was granted – building his case with respect to an entity that is not even a party to this lawsuit instead of abiding by the scope of limited discovery (as directed), and should not be rewarded with a second bite at the apple.

## III.   <u>Next Phase</u>

<u>Plaintiff's Position</u>:  Plaintiff believes the documents and testimony produced during the first phase of discovery reveals that there is, in fact, no corporate distinction between Alamy Ltd. and Alamy, Inc.  Instead, Alamy, Inc. is merely a paper construct designed to improve Alamy Ltd.'s tax position concerning revenue attributable to sales of licenses to U.S. customers.  Alamy, Inc. has no management or corporate governance separate from Alamy Ltd.  Accordingly, Plaintiff intends to seek leave to amend its Complaint to join Alamy Ltd.  Even assuming Defendant contests that Alamy Ltd. and Alamy, Inc. are alter egos, there is no dispute that Alamy, Inc. held out for license all of the Plaintiff's Copyrighted Works at issue, and entered licenses, for which it secured payments, for at least some of them.  Accordingly, there is no good faith dispute that Alamy, Inc. is a properly named defendant as to some of the acts of infringement raised in the Complaint.  Plaintiff believes that, once the Complaint is amended, the open discovery issues identified above are best resolved as part of comprehensive discovery on the merits.

<u>Defendant's Position</u>:

As discussed above, from Defendant's perspective, the first phase of discovery is complete, and the time is ripe for summary judgment briefing.  Defendant does not believe Plaintiff should be given leave to amend the complaint.  However, in the event that the Court does grant Plaintiff's request, Defendant disputes that there is no corporate distinction between UK Alamy and Defendant and will move to dismiss the amended complaint naming UK Alamy as a party should it be filed.



Honorable James Orenstein
September 19, 2019
Page 10

Respectfully,
*/s/ Steven M. Cowley*
Steven M. Cowley

Counsel for Plaintiff
Michael Grecco Productions, Inc.


*/s/ Nancy E. Wolff*
Nancy E. Wolff

Counsel for Defendant
Alamy, Inc.