UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 18-Civ. 03260 (PKC)(JO) |
| -against- | : | |
| | : | **AMENDED COMPLAINT** |
| ALAMY INC. and | : | |
| ALAMY LTD, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff"), by its undersigned attorneys, Duane Morris LLP, for its Amended Complaint alleges as follows:

### NATURE OF THE ACTION

1. This is a case of willful copyright infringement and false application of copyright management information in violation of 17 U.S.C. §§ 106, 501, and 1202. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### JURISDICTION AND VENUE

2. This is a civil action seeking damages and injunctive relief for, *inter alia*, copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

3. Personal jurisdiction over both Defendants in this forum is proper.

4. At all material times, Defendant Alamy, Inc. has conducted business at a principal office address in this Judicial District and has committed torts in this state,

including without limitation the direct acts of copyright infringement described below, which cause harm in this state and Judicial District.

5.      Plaintiff's claims arise out of business Defendant Alamy, Ltd. has conducted in this Judicial District both directly with Alamy, Inc. and, more broadly, by and through Alamy, Inc. acting as its agent.  Alamy, Ltd. also has committed torts in this state, including without limitation the direct and indirect acts of copyright infringement described below and the acts of copyright infringement committed by its agent, Alamy, Inc., on its behalf. Accordingly, this Court has personal jurisdiction over Alamy, Ltd. for the claims asserted in the lawsuit pursuant to New York's Civil Practice Law and Rules Sections 302(a)(1) and 302(a)(3).

6.      At all material times, Defendant Alamy, Inc. was the mere alter ego of Defendant Alamy, Ltd. and Alamy, Ltd. is directly responsible for all acts of Alamy, Inc. within this Judicial District that are relevant to Plaintiff's claims as if it committed those acts in this forum directly.

7.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

## PARTIES

8.      Plaintiff Michael Grecco Productions, Inc. is a photography studio and business owned and operated by photographer Michael Grecco.  Plaintiff is the successor by corporate name change to Michael Grecco Photography, Inc.  Plaintiff is incorporated in California and has a principal place of business located at 3103 17th Street, Santa Monica, California 90405.

DM2\10517521.1

9.     Upon information and belief, Defendant Alamy, Inc. is a New York based company duly organized and existing under the laws of New York with a principal place of business located at 20 Jay Street, Suite 848, Brooklyn, New York 11201.

10.     Upon information and belief, Defendant Alamy, Ltd. is duly organized in the United Kingdom with a principal place of business located at 6-8, West Central, 127 Olympic Ave, Milton, Abingdon OX14 4SA, United Kingdom.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11.     Michael Grecco, principal and owner of Michael Grecco Productions, Inc., is an award winning commercial photographer and film director.  Plaintiff is noted for its iconic celebrity portraits, innovative magazine covers, editorial images and advertising spreads for numerous Fortune 500 companies and some of the widely recognized media and entertainment organizations in the world.

12.     Defendant Alamy Ltd. represents that it owns, and on information and belief both Defendants jointly operate, the website located at the URL http://www.alamy.com (the "alamy.com Website").  Defendant Alamy, Ltd. reproduces, displays, and distributes photographic images and other content by and through the alamy.com Website.  Defendant Alamy, Inc. operates and employs the alamy.com Website in its operations, such as to advertise for open employment positions, and to hold out all photographic images that are available for distribution in the United States for potential license upon terms and conditions that Alamy, Inc. communicates to its customers by and through the alamy.com Website.

DM2\10517521.1

*The Relationship Between Alamy, Inc. and Alamy, Ltd.*

13.     On information and belief, which based on the representation of a corporate officer of both Defendants, ███████████████████████████████████.

14.     As to all actions and transactions relevant to the Plaintiff's claims in this lawsuit, Defendant Alamy, Ltd. exercised complete domination and control of Defendant Alamy, Inc.  Specifically, and without limitation as to all the other ways that Alamy, Ltd. has exercised that domination and control of Alamy, Inc., at all times material to this lawsuit:

(i)     ████████████████████████████████████████ ███████████

(ii)    ██████████████████████████████████████;

(iii)   ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████████

(iv)    ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████

(v)     ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████

(vi) ████████████████████████████████

(vii) ████████████████████████████████



15.    The Defendants have not, and do not, follow formalities of an independent corporate structure for Alamy, Inc.  For example, and without limitation of all the different ways that the formalities of a separate corporate structure were required, in addition to the facts identified in paragraph 14(i)-(vii), which are incorporated here:

(i)     ███████████████████████████████

        ███████████████████████████████

        ██████████████████████████

(ii)    ███████████████████████████████

        ███████████████████████████████

        ██████████

(iii)   ███████████████████████████████

        ███████████████████████████████

        ███████████████████████████████

        ███████████████████████████████

        ██████████████████

(iv)    ███████████████████████████████

        ███████████████████████████████

        ███████████████████████████████

        ██████████



17.     At all materials times, for any customer based in the United States purchasing a license in an image displayed on the alamy.com Website, the Defendants only made available terms of an "Alamy License Agreement" that expressly identified the licensor as Alamy, Inc.  Customers based in the United States seeking to purchase a license in an image displayed on the alamy.com Website did not have an option to purchase a license with Alamy, Ltd. identified as the licensor, even if the customer's only contact was to view the

image on, and download the image from, the alamy.com Website with no other interaction of any kind with Alamy, Inc.

18.     At all materials times, for any customer based in the United States purchasing a license in an image displayed on the alamy.com Website, the Alamy License Agreement expressly represented that Alamy, Inc. had been appointed as the agent for the contributor from whom the image had been obtained, with authority to grant the license on the contributor's behalf.

19.     After Plaintiff filed this lawsuit, Defendants modified the Alamy License Agreement made available to customers based in the United States purchasing a license in an image displayed on the alamy.com Website to state, for the first time, that Alamy, Ltd., based in the United Kingdom, had entered agreements with the contributors from whom the images had been obtained and that Alamy, Ltd. authorizes Alamy, Inc. "to carry out certain sales activities on its behalf," including entering the License Agreement with those customers.

20.     During a preliminary phase of discovery conducted in this lawsuit, Alamy, Inc. produced the modified Alamy License Agreement and held it out as applicable to the licenses and offers of licenses of the Plaintiff's Copyrighted Works which occurred prior to the filing of the Complaint.  On information and belief, that false production was at the direction of, or with the knowledge of, Alamy, Ltd., and was undertaken in a bad faith effort to misrepresent the underlying facts concerning the licenses offered and issued by Alamy, Inc. in order to avoid liability in this case.

21.     ████████████████████████████████████████████████
████████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████

22.    ███████████████████████████████████

███████████████████████████████████████████████

██████████████████████████

23.    ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████

24.    ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████

25.    ███████████████████████████████████

████████████████

26.    In the way, Alamy, Ltd. also seeks to avoid copyright infringement liability in the United States to the true owners of copyrighted images displayed and offered for license

DM2\10517521.1

to customers in the United States, because claims to conduct no U.S. based activities itself that may lead to an infringement claim, while holding out only a perpetually undercapitalized U.S. based subsidiary that it contends has no role in most of the conduct that may give rise to infringement liability in the United States – copying, displaying and distributing copyrighted works without authority from the actual copyright owners.   On information and belief, Alamy, Ltd. intends this scheme to insulate itself from copyright infringement claims under U.S. law and further expects that U.S. copyright owners will not be willing to incur the expense of pursuing a claim against Alamy, Ltd. in the United Kingdom.

27.   ███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████

28.   All of the sales to Non-Managed Accounts based in the United States are obtained as a result of activities performed by employees of Alamy, Ltd. or employees of other subsidiaries acting under the direction and supervision of employees of Alamy, Ltd.

29.   All of the activities conducted by employees of Alamy, Inc. could be performed by employees of Alamy, Ltd.

### *Defendants' Knowledge That Their Authorization to Sub-License Works Owned by the Plaintiff through SuperStock expired in 2016*

30.   On information and belief, Alamy, Ltd. has a distribution agreement with RGB Ventures LLC d/b/a Superstock ("Superstock"), a Florida company with a principal place of business located at 6620 Southpoint Drive South, Suite #501, Jacksonville, Florida 32216.   Based on that relationship, both Defendants obtain access to photographic images

and copyrighted content in the possession of Superstock for reproduction, promotion, distribution and sublicensing through the alamy.com Website and direct sales efforts by Alamy, Inc. employees.

31.     In 2012, Plaintiff entered into an Exclusive Contributor Agreement and a Non-Exclusive Contributor Agreement (collectively, the "Agreements") with Superstock. By way of the Agreements, Plaintiff granted limited licenses to certain copyrighted material in Plaintiff's portfolio to Superstock.  The Agreements authorized Superstock to perform its licensing obligations through specified agents referred to in the Agreements as "Third Party Distributors" and expressly identified in Exhibit A to Agreements.  Defendant is expressly identified in the Agreements as a Third Party Distributor for Superstock.

32.     Pursuant and subject to the limited rights set forth in the Agreements, Plaintiff provided approximately 1,700 copyrighted images to Superstock on a hard drive and subsequently provided additional copyrighted images to Superstock by electronic transmission through Superstock's FTP and, upon information and belief, Defendant obtained some and potentially all of those works from Superstock.

33.     On or about December 2, 2013, the Agreements were terminated.

34.     In Section V(C), each Agreement provides: "SuperStock may continue to exercise the licensing rights granted herein for the following period after termination or expiration: (18) months . . . subject to all other relevant terms and conditions of this Agreement, including license restrictions and payment to Contributor" (the "Survival Term").  Under this Section, Superstock's rights, and the rights of all Superstock Third Party

11

Distributors including Defendants, to the Copyrighted Works expired at the end of the Survival Term.

35.     Upon information and belief, Defendant Alamy, Ltd. was informed by Superstock and, therefore, had knowledge of termination of the Agreements and knew that Superstock's, and therefore Defendant's, permission to reproduce, display, distribute, offer for license or otherwise use any of Plaintiff's Copyrighted Works expired at the end of the 18-month Survival Term.

36.     Because Alamy, Ltd.'s officers and other employees direct, manage and control the operations of Alamy, Inc., the knowledge of the termination of rights in the Plaintiff's works through SuperStock was equally attributable to Alamy, Inc.

37.     Defendants had no right, permission, authorization or other lawful basis to promote, market, distribute, offer to license, or otherwise use Plaintiff's Copyrighted Works as of the expiration of the Survival Term.

38.     Defendants have admitted that at least one of the Infringed Copyrighted Works displayed on the alamy.com Website following the expiration of the Survival Term was obtained from SuperStock.  On information and belief, Defendants took no action to screen out the Plaintiff's Infringed Copyrighted Works in order to prevent them from being obtained from SuperStock, or anyone else, following the receipt from SuperStock of the notice that all rights in those images had terminated.

### The Infringed Copyrighted Works At Issue

39.     Among the stylized and valuable photographs of celebrities and iconic events created and owned by Plaintiff that Defendants reproduced, displayed, distributed and held

out for license are the photographic images displayed in Exhibit A (collectively, the "Infringed Copyrighted Works").  The Infringed Copyrighted Works displayed in Exhibit A are the subjects of Plaintiff's copyright infringement and Digital Millennium Copyright Act ("DMCA") violation claims set forth this Complaint.

40.     Plaintiff has registered its Infringed Copyrighted Works with the United States Copyright Office.  Attached hereto as Exhibit B are copies of the Certificates of Registration issued by the United States Copyright Office for the Infringed Copyrighted Works identified in Exhibit A: VA 1-736-729; VA 2-064-915; VA 1-298-833; VA 2-030-740; VA 1-418-420; VA 1-298-835; VA 1-431-698; VA 1-418-417; and VA 1-232-596.

41.     Plaintiff is the exclusive owner of the copyrights in and to all of the Infringed Copyrighted Works, including without limitation the exclusive right to sue for the infringement of, and DMCA violations relating to, the Infringed Copyrighted Works.

*Defendants' Unauthorized Use of the Infringed Copyrighted Works*

42.     In 2016, Plaintiff discovered instances in which Defendant infringed Plaintiff's exclusive copyrights in all but one of the Infringed Copyrighted Works at issue by reproducing, publicly displaying, distributing and offering to license the Infringed Copyrighted Works through the alamy.com Website.  The Plaintiff discovered the Defendants' infringing reproduction, public display, distribution and holding out for license of the last photographic image identified in Exhibit A for the first time in 2019.  On information and belief, the Defendants' infringement of the Plaintiff's exclusive copyrights in that image commenced after Plaintiff served its Complaint in this lawsuit.

DM2\10517521.1

43.     Defendants' reproduction, public display, distribution, and offering to license the Infringed Copyrighted Works after the expiration of the Survival Term have been without permission, authorization or license, and constitute willful infringements of Plaintiff's exclusive rights in the Infringed Copyrighted Works.

44.     In order to conceal the infringement of Plaintiff's exclusive copyrights in the Infringed Copyrighted Works, Defendant Alamy, Ltd. has provided false copyright management information by watermarking "Alamy" or "alamy" or "a" on the Infringed Copyrighted Works when reproducing, distributing, publicly displaying and holding out for license the Infringed Copyrighted Works on the alamy.com Website.  Among other things, the attribution of these false copyright management designations serves to create a false assurance for any potential customer seeking to purchase a license in one of the Infringed Copyrighted Works that Defendants actually own, or have authorization from the owner of, the images, so that customers will not question whether there is a risk of committing copyright infringement by purchasing a license from Alamy, Inc. and then downloading and using an image.

45.     Exemplary screenshots or printouts demonstrating Defendants' unauthorized reproductions, distributions, public displays and offers of licenses of the Infringed Copyrighted Works are attached hereto as Exhibit C.

46.     Both Defendants would profit from the display of Plaintiff's Infringed Copyrighted Works and the ability to hold them out for license, even if licenses were not purchased by customers, because Alamy, Inc.'s competitive ability to land contracts with high volume U.S. based purchasers of photographic images – such as textbook and magazine

14

publishers, and other media companies – is enhanced based on the sheer number of images available on the alamy.com Website.

47.     Because of the competitive advantage obtained from being able to reproduce and display a large volume of images on the alamy.com Website, even if those copies prove to be infringing and must be removed, Defendant Alamy, Ltd. willingly reproduces, displays and holds out for license images obtained from "contributors," including Plaintiff's Infringed Copyrighted Works, without requiring those contributors to provide proof of ownership or other right to distribute copies of those images to Alamy, Ltd.  Alamy, Ltd.'s decision not to screen and prevent images obtained from contributors who do not provide proof of ownership of the copyrights in the works copied, or authorization from the actual owners, constitutes, at a minimum, reckless disregard for the rights of the actual copyright owners, including the Plaintiff's exclusive rights in its Infringed Copyrighted Works.

48.     Because Alamy, Ltd.'s officers and other employees direct, manage and control the operations of Alamy, Inc., the knowledge that images are obtained from "contributors" without requiring them to provide proof of ownership or other right to distribute copies of those images so that the volume of images displayed on the alamy.com Website would increase even at the risk of infringement of the copyrights owned by the true owners of the images is attributable to Alamy, Inc.  Accordingly, the same reckless disregard for the Plaintiff's exclusive copyrights in the Infringed Copyrighted Works is attributable to Alamy, Inc.

DM2\10517521.1

**FIRST CLAIM FOR RELIEF**
**Direct Copyright Infringement – Both Defendants**
**(17 U.S.C. § 101 *et seq.*)**

49.     Plaintiff realleges paragraphs 1 through 48 above and incorporates them by reference as if fully set forth herein.

50.     Each of the Infringed Copyrighted Works is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.  Plaintiff is the sole and exclusive owner of all rights, title and interest in and to the copyrights in the Infringed Copyrighted Works.

51.     Defendants had access to the Infringed Copyrighted Works prior to the commencement of their infringing conduct.

52.     The reproduction, distribution, public display and other use and exploitation of the Infringed Copyrighted Works after the expiration of the Survival Term is without license, permission or authorization by Plaintiff, and violates Plaintiff's exclusive copyrights in the Infringed Copyrighted Works in violation of the Copyright Act, 17 U.S.C. §501, *et seq*.

53.     Because Alamy, Inc. and Alamy, Ltd. are alter egos of each other and, in reality, there is only one corporate entity responsible for all actions and conduct of the employees of both Defendants, both Defendants are responsible for all actions constituting direct infringement of all the Infringed Copyrighted Works.

54.     Even if the distinct corporate registrations were valid, Defendant Alamy, Ltd. has directly infringed Plaintiff's exclusive copyrights in the Infringed Copyrighted Works by reproducing, posting for public display and distributing the Infringed Copyrighted Works.

55.     Even if the distinct corporate registrations were valid, Defendant Alamy, Inc. has directly infringed Plaintiff's exclusive copyrights by holding out for license and licensing the Infringed Copyrighted Works, and receiving payment of license fees from U.S. based customers who obtained copies of the Infringed Copyrighted Works from the alamy.com Website, without permission or authorization from the Plaintiff.

56.     Defendants infringement of Plaintiff's exclusive copyrights is willful and deliberate and Defendant has demonstrated an intention to profit from the exploitation of their infringing reproduction, distribution, public display and holding out for license of the Infringed Copyrighted Work at the expense of Plaintiff.

57.     Pursuant to 17 U.S.C. § 504(c)(2), as a result of Defendant's infringement of Plaintiff's exclusive rights in the Infringed Copyrighted Works, Plaintiff is entitled to recover statutory damages up to a maximum amount of $150,000 with respect to each of the Infringed Copyrighted Works, or such amounts up to a maximum of $30,000 with respect to each of the Infringed Copyrighted Works should Defendant's infringement be found not to have been committed intentionally, pursuant to 17 U.S.C. § 504(c)(1).

58.     Alternatively, at Plaintiff's election prior to entry of final judgment, Plaintiff is entitled to recover damages based on Plaintiff's actual damages suffered as a result of Defendants' infringements and the disgorgement of Defendants' profits attributable to the infringements, pursuant to 17 U.S.C. § 504(b), which amounts will be proven at trial.

59.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

60.     Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive copyrights in the Infringed Copyrighted Works by the Defendants and all persons acting in concert with the Defendants.

## SECOND CLAIM FOR RELIEF
### Violation of the Digital Millennium Copyright Act – Both Defendants
### (17 U.S.C. § 1202)

61.     Plaintiff realleges paragraphs 1 through 60 above and incorporates them by reference as if fully set forth herein.

62.     Alamy, Ltd. affixes and distributes false copyright management information in connection with the reproduction, distribution, public display and holding out for license of the Infringed Copyrighted Works.   The false copyright management information incorrectly identifies Defendants, as opposed to Plaintiff, as the copyright interest holders in the Infringed Copyrighted Works.

63.     Because Alamy, Inc. and Alamy, Ltd. are alter egos of each other and, in reality, there is only one corporate entity responsible for all actions and conduct of the employees of both Defendants, both Defendants are responsible for the attribution and distribution of false copyright management information in connection with the reproduction, display, distribution and holding out for license of the Infringed Copyrighted Works.

64.     The use of false copyright management information provided in connection with the reproduction, distribution, public display and holding out for license of the Infringed Copyrighted Works is intended to facilitate or conceal the infringement of Plaintiff's

18

exclusive copyrights.  The false copyright management information is intended to induce customers and potential customers of the Infringed Copyrighted Works to believe that Defendants, as opposed to Plaintiff, owns or controls the copyrights in the Infringed Copyrighted Works so they will pay Alamy, Inc. a fee for the ability to make further reproductions and distributions of the Infringed Copyrighted Works by and through the alamy.com Website.

65.     These actions constitute willful and deliberate violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a).

66.     By reason of Defendants' violations of the Digital Millennium Copyright Act, Plaintiff has suffered damages and is entitled to recover its actual damages and to disgorge any additional profits of Defendant attributable to the violations, pursuant to 17 U.S.C. § 1202(c)(2).  Alternatively, and at Plaintiff's sole discretion exercised any time prior to entry of final judgment, Plaintiff is entitled to recover statutory damages in an amount between $2,500 and $25,000 per violation of the Digital Millennium Copyright Act, pursuant to 17 U.S.C. § 1203(c)(3)(B).

67.     Further irreparable harm is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendants from engaging in further violations of the Digital Millennium Copyright Act.

68.     Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

DM2\10517521.1

## THIRD CLAIM FOR RELIEF
### Indirect Copyright Act – Alamy, Ltd.
### (17 U.S.C. § 101 *et seq.*)

69.    Plaintiff realleges paragraphs 1 through 68 above and incorporates them by reference as if fully set forth herein.

70.    At all material times, Defendant Alamy, Ltd. had the right to control, and actually exercised its authority to control, Alamy, Inc.'s ability to hold out the Infringed Copyrighted Works for license, and issuance of actual licenses to the Infringed Copyrighted Works, by and through its control of whether images displayed on the alamy.com Website could be viewed or accessed by a potential customer based in the United States.

71.    Defendant Alamy, Ltd., knew that it could have, but chose not to, require proof that the "contributors" from whom it claims to have obtained copies of the Infringed Copyrighted Works owned the copyrights in those images, or otherwise had the authority to distribute those images to Alamy, Ltd. for their intended purpose.

72.    Defendant Alamy, Ltd. knew that it did not have actual authority to permit Alamy, Inc. to hold out the Infringed Copyrighted Works for license from a known owner of the copyrights in those works.  Nevertheless, it chose to permit Alamy, Ltd. to infringe Plaintiff's exclusive copyrights in the Infringed Copyrighted Works by holding them out for license and providing actual licenses to customers who paid license fees.

73.    Alamy, Ltd. profited from its decision to permit Alamy, Inc. to infringe Plaintiffs' copyrights in the Infringed Copyrighted Works by ███████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

20

74. Defendants infringement of Plaintiff's exclusive copyrights is willful and deliberate and Defendant has demonstrated an intention to profit from the exploitation of their infringing reproduction, distribution, public display and holding out for license of the Infringed Copyrighted Work at the expense of Plaintiff.

75. Pursuant to 17 U.S.C. § 504(c)(2), as a result of Defendant's infringement of Plaintiff's exclusive rights in the Infringed Copyrighted Works, Plaintiff is entitled to recover statutory damages up to a maximum amount of $150,000 with respect to each of the Infringed Copyrighted Works, or such amounts up to a maximum of $30,000 with respect to each of the Infringed Copyrighted Works should Defendant's infringement be found not to have been committed intentionally, pursuant to 17 U.S.C. § 504(c)(1).

76. Alternatively, at Plaintiff's election prior to entry of final judgment, Plaintiff is entitled to recover damages based on Plaintiff's actual damages suffered as a result of Defendants' infringements and the disgorgement of Defendants' profits attributable to the infringements, pursuant to 17 U.S.C. § 504(b), which amounts will be proven at trial.

77. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

78. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive copyrights in the Infringed Copyrighted Works by the Defendants and all persons acting in concert with the Defendants.

DM2\10517521.1

**WHEREFORE**, Plaintiff demands judgment as follows:

(a)     A declaration that Defendants infringed Plaintiff's exclusive copyrights in the Infringed Copyrighted Works in violation of the Copyright Act;

(b)     A declaration that Defendants' infringement was willful;

(c)     An audit of all Infringed Copyrighted Works that were, at any time, transmitted or otherwise provided to Defendants by image file name, serial number, and any other identifying elements; all transactions by Defendants or entities authorized by Defendants related to the Infringed Copyrighted Works; and the current disposition of the Infringed Copyrighted Works;

(d)     An accounting of all revenues earned by each Defendant as a result of the reproduction, distribution, display, licensing or other use or exploitation of the Infringed Copyrighted Works, since the expiration of the Survival Term;

(e)     Awarding Plaintiff, at its discretion, its actual damages and the disgorgement of the non-duplicative gains, profits, property and advantages obtained or derived by Defendants and their agents attributable to the infringement of the Infringed Copyrighted Works or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), up to a maximum of $150,000 for each of the Infringed Copyrighted Works should Defendants' infringement be found to be willful, or a maximum of $30,000 for each of the Infringed Copyrighted Works should Defendants' infringement not be found to be willful;

(f)      A declaration that Defendants have violated the Digital Millennium Copyright Act by intentionally providing and distributing false copyright management information to conceal their infringement;

(g)      Awarding Plaintiff, at its discretion, its actual damages and disgorgement of all non-duplicative gains, profits, property and advantages obtained or derived by Defendants from their acts in violation of the Digital Millennium Copyright Act or, in lieu thereof, should Plaintiff so elect, statutory damages in an amount the Court shall deem proper between a minimum of $2,500 and a maximum of $25,000 for each violation of the Digital Millennium Copyright Act, pursuant to 17 U.S.C. § 1203(c)(3)(B);

(h)      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 1117;

(i)      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

(j)      Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, parents, subsidiaries and assigns, and all those in active concert and participation with Defendants from:

> (i)      directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from any of Plaintiff's Infringed Copyright Works or to participate or assist in any such activity; and

(ii)    directly or indirectly providing or distributing any false copyright management information in connection with, any of Plaintiff's Infringed Copyright Works.

(k)    For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to FED. R. CIV. P. 38.

Dated: October 1, 2019

Respectfully submitted,

DUANE MORRIS LLP

By:    /s/ Steven M. Cowley
Steven M. Cowley
(*Pro Hac Vice to be submitted*)
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone: (857) 488-4261
Facsimile: (857) 401-3090
Email: SWCowley@duanemorris.com

Jovalin Dedaj
1540 Broadway
New York, NY 10036-4086
Telephone: (212) 471-4760
Facsimile: (212) 208-4642
Email: JDedaj@duanemorris.com

*Attorneys for Plaintiff*
*Michael Grecco Photography, Inc.*

DM2\10517521.1