

| | | |
|---|---|---|
| NEW YORK | FIRM and AFFILIATE OFFICES | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | STEVEN M. COWLEY | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 857 488 4261 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 857 401 3090 | LAS VEGAS |
| LOS ANGELES | E-MAIL: SMCowley@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | www.duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

November 11, 2019

**VIA ECF**

Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers S1227
Brooklyn, New York 11201

        Re:    <u>*Michael Grecco Productions, Inc. v. Alamy Inc.*, 18-cv-3260-PKC-JO</u>

Dear Judge Orenstein:

        I write on behalf of Plaintiff Michael Grecco Productions, Inc. ("Plaintiff"), pursuant to your Honor's Individual Rule IV.A., to request an order requiring Defendant Alamy Inc. ("Alamy US") to provide a privilege log identifying documents withheld from production during the first phase of discovery. Counsel for the parties unsuccessfully conferred regarding Plaintiff's request on October 10, 2019. Plaintiff notes that the parties are scheduled to appear for a Status Conference on November 13, 2019 at 9:30 a.m. should the Court wish to address this request at that time.

        Plaintiff served initial requests for production following a discovery conference with the Court on April 25, 2019, during which the parties were instructed to bifurcate discovery. Specifically, in a Case Management and Discovery Order entered on April 25, 2019, your Honor ordered that the "first phase of discovery [is to focus] on whether the plaintiff has sued the defendant responsible for the conduct at issue." (ECF Doc. 38). Alamy US produced a number of documents in response to Plaintiff's requests and objected to certain others. Those objections were addressed in a series of follow up status conferences, resulting in instructions by this Court that led to additional productions by Alamy US.

        Among the requests for production to which Alamy US agreed to produce documents without requiring a motion to compel was a request for "All Documents concerning any license applicable to any of the Copyrighted Works At Issue in which Alamy Ltd. or Alamy Inc. is a licensor." *See* Exh. 1, Alamy Inc.'s Second Amended Objections And Responses To Plaintiff's RFPs, Nos. 18 and 31. Alamy US's response includes a general objection to the production of documents protected by the attorney-client privilege or work product doctrine. *Id.*, General Objection No. 7. Nevertheless, Alamy has not produced a privilege log, or otherwise disclosed



Honorable James Orenstein
November 11, 2019
Page 2

*any* document encompassed by its privilege objection.  There is no good faith question whether the applicable federal and local rules require that a log be produced identifying any documents withheld from discovery under an assertion of privilege.

> Federal Rule of Civil Procedure 26(b)(5)(A) requires that a party withholding discovery on the basis that the requested information is privileged or subject to work product protection must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED.R.CIV.P. 26(b)(5)(A).  Local Civil Rule 26.2(b) "commands, *inter alia,* that when documents sought ... are withheld on the ground of privilege, [a privilege log] shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court." *FG Hemisphere Assocs., L.L.C. v. Republique Du Congo,* No. 01 CV 8700, 2005 WL 545218, at *5 (S.D.N.Y. Mar.8, 2005).  Accordingly, "the starting position is that the privilege log must be served with the objections [to discovery requests] ... and that the failure to do so may result in waiver of the privilege claims."  *In re Chevron Corp.,* 749 F.Supp.2d 170, 181 (S.D.N.Y.), *aff'd sub nom., Lago Agrio Plaintiffs v. Chevron Corp.,* 409 F. App'x 393 (2d Cir. 2010).

*McNamee v. Clemens*, No. 09 CV 1647 SJ, 2013 WL 6572899, at *2 (E.D.N.Y. Sept. 18, 2013); s*ee also JDS Therapeutics, LCC v. CVS Pharmacy, Inc.*, No. 15-CV-4365 JSR, 2015 WL 6459092, at *2 (S.D.N.Y. Oct. 22, 2015)("Rule 26(b)(5) does not end with the caveat, 'if the party feels like it.'  It is in no way optional.").

Plaintiff pressed for a privilege log when a dispute arose regarding Alamy US's production of a license agreement that appears to have been crafted to support Alamy US's 'wrong defendant' defense after the Plaintiff commenced this lawsuit, while holding it out as the terms for the license agreements with "third parties concerning the photographs at issue."  *See* Exh. 2, Alamy US's Initial Disclosures at Section B1ii, and Exh. 1 at Response No. 31, p. 24.  Specifically, Alamy US produced a document titled "Alamy License Agreement," setting out terms by which Alamy US licenses images to customers who pay a fee.  *See* Exh. 3 to this letter (bates numbered ALA000074-80 and marked as Exh. 12 to the Rule 30(b)(6) deposition of Alamy US).  That document contains language (Section 2, p. ALA000075) in accord with Alamy US's 'wrong defendant' defense.  But the versions of the actual Alamy License Agreement applicable to Alamy US's licenses preceding the Complaint – including the licenses at issue in this lawsuit – contain materially different language contradicting that defense.  For example, Exh. 4 to this letter (marked as Exh. 13 to the deposition) states "Alamy has been appointed agent by written agreement with its Contributors to grant this License on their behalf" (Section 2, p. 2), and defines "Alamy" as Alamy US (Section 1, p. 1).

The circumstances of Alamy US producing a version of license terms tailored to align with its 'wrong defendant' defense but not truthfully responsive to Plaintiff's requests for production

DuaneMorris

Honorable James Orenstein
November 11, 2019
Page 3

gives rise to Plaintiff's concern that there was an attempt at fraud on the Court, which was exposed only because Plaintiff's counsel fortunately held one of the correct versions of the License Agreement during a pre-Complaint investigation. This concern was presented to the Court in the joint status report filed on September 19, 2019 (ECF Doc. 54), and discussed briefly during the September 23 status conference. In response, Alamy US argued that an innocent mistake was made, resulting from Alamy US not being aware of the prior license agreements in Alamy Ltd.'s files and needing to download whatever version it could find on the alamy.com website. *Id.* at p. 3. Alamy US suggested that it could not know about the inapplicability of the document produced and existence of responsive documents that were not produced, until it reached out to Alamy Ltd. directly only as a result of later instructions by the Court to produce documents held by Alamy Ltd.

Plaintiff has reason to believe that explanation is false. Other documents were produced at the same time as the false license agreement that could only have come from Alamy Ltd.'s files – for example, an insurance agreement issued to Alamy Ltd. through its UK broker. Alamy US appears to have worked with and obtained access to Alamy Ltd.'s files when making its initial production – the production that included the false license agreement crafted only after the filing of the Complaint – so long as production suited its purposes. Accordingly, Plaintiff's counsel explained during the unsuccessful meet and confer that Plaintiff requests a privilege log, in part, to determine whether any documents withheld are subject to the crime fraud exception negating a privilege claim. A privilege log also will establish whether Alamy US or its counsel participated in the communications concerning the revisions made to Section 2 of the License Agreement that resulted in alignment with the 'wrong defendant' defense. Should a privilege log reveal that Alamy US or its counsel participated in those communications, significant questions would be raised about the honesty of Alamy US's 'innocent mistake' representations in the September 19 joint status letter. It is not possible that Alamy US or its counsel was unaware of the prior License Agreement's terms if either participated in the revisions creating the new version.

In response to Plaintiff's request for a privilege log, counsel for Alamy US responded that no log would be produced, because Plaintiff's Request No. 18 ("All Documents concerning any license applicable to any of the Copyrighted Works At Issue in which Alamy Ltd. or Alamy Inc. is a licensor") does not refer to "communications," only licenses. Plaintiff believes that position is disingenuous in the extreme. "All Documents" concerning allegedly infringing license agreements necessarily includes the subset of documents made up of correspondence. Correspondence is expressly included in the definition of "Documents" provided in Plaintiff's requests for production. *See* Exh. 5, Section G(a), p. 2. In light of Alamy US's position, Plaintiff is forced to ask the Court for an order compelling production of a privilege log and believes it is necessary to ask the Court to specify that Alamy US must include all communications or correspondence referring to the license agreements attached hereto as Exhs. 2 and 3 that have been withheld from production.

                Respectfully,

                */s/ Steven M. Cowley*

DM2\10657581.1