**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MICHAEL GRECCO PRODUCTIONS, INC.,

   *Plaintiff,*

  v.

ALAMY INC.,

   *Defendant.*

1:18-cv-03260-PKC-JO

## <u>DEFENDANT ALAMY INC.'S INITIAL DISCLOSURES</u>

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, defendant Alamy Inc. ("Defendant"), by its undersigned attorneys, hereby makes the following initial disclosures based on information reasonable available to it at this time.  Continuing investigation and discovery may alter these disclosures and, accordingly, Defendant expressly reserves its right to amend and/or supplement this document, including as provided by Federal Rule of Civil Procedure 26(e)(1).

By making these disclosures, Defendant does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this proceeding.  Nor does Defendant waive its right to object to the production of any document or tangible thing disclosed on the basis of any privilege, the work product doctrine, relevancy, undue burden, or any other valid objection.  Rather, Defendant's disclosures represent a good faith effort to identify information it reasonably believes is discoverable and which may be used to support its claims or defenses as required by Rule 26(a)(1).

Finally, Defendant's disclosures are made without waiving or relinquishing in any way its right to object (1) on the grounds of competency, privilege, relevancy and materiality,

hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

All of the following disclosures are made subject to the above objections and qualifications.

**A.      Individuals Likely to Have Discoverable Information—Fed. R. Civ. P. 26(a)(1)(A)(i)**

Pursuant to Rule 26(a)(1)(A)(i), Defendant identifies the following individuals as likely having discoverable information that Defendant may use to support its claims or defenses in this action.  Defendant does not give its consent for plaintiff Michael Grecco Productions, Inc. to contact any of Defendant's current or former employees or representatives who may have privileged or confidential information, including any of those listed below.  Any such contact should be made through Defendant's undersigned counsel, Cowan, DeBaets, Abrahams & Sheppard LLP.

> 1.   John Schilizzi
>      c/o Cowan, DeBaets, Abrahams & Sheppard LLP
>      41 Madison Avenue, 38th Floor
>      New York, NY 10010

Mr. Schilizzi is the Chief Operating Office of Alamy Ltd., of which Defendant is a subsidiary.  Mr. Schilizzi is likely to have discoverable information concerning Alamy Ltd.'s licensing processes and workflow, specifically with respect to the website operated and maintained by Alamy Ltd. at the domain name www.alamy.com, as well as information concerning Alamy Ltd.'s contracts and interactions with vendors, customers, and contributors. Mr. Schilizzi is also likely to have discoverable information concerning the total sales and profits (if any) earned by Alamy Ltd. and/or Alamy Inc. in connection with the licensing of the photographs at issue in this proceeding.

> 2.   Michael Grecco
>      c/o Duane Morris LLP
>      100 High Street, Suite 2400
>      Boston, Massachusetts 02110

2

Mr. Grecco is likely to have discoverable information concerning the allegations made by plaintiff Michael Grecco Productions, Inc. ("Plaintiff") in this lawsuit, including the creation and copyright ownership of the photographs at issue in this proceeding, and any damages to which Plaintiff may be entitled.

      3.   Photographer(s) of the images at issue in this litigation
           c/o Duane Morris LLP
           100 High Street, Suite 2400
           Boston, Massachusetts 02110

The creator(s) of the photographs of the images at issue in this litigation—which, as represented by Plaintiff's counsel on August 27, 2018 during the parties' initial scheduling conference, is not Mr. Grecco—is / are likely to have discoverable information concerning the creation and copyright ownership of the images.

      4.   Paramount Television
           5555 Melrose Avenue
           Los Angeles, CA 90038

Paramount Television is likely to have discoverable information concerning the copyright ownership of several of the images at issue in this litigation, namely, the photographs depicting scenes and/or characters from the television show titled "Star Trek: Deep Space Nine."

      5.   Renaissance Pictures, Ltd.
           315 South Beverly Drive, Suite 216
           Beverly Hills, CA 90212

Renaissance Pictures, Ltd. is likely to have discoverable information concerning the copyright ownership of several of the images at issue in this litigation, namely, the photographs depicting scenes and/or characters from the television shows titled "Xena: Warrior Princess" and "Hercules: The Legendary Journeys."

      6.   Fox Broadcasting Company, Inc.
           10201 West Pico Boulevard
           Los Angeles, CA 90064

Fox Broadcasting Company, Inc. is likely to have discoverable information concerning the copyright ownership of several of the images at issue in this litigation, namely, the photographs depicting scenes and/or characters from the television show titled "The X-Files."

**B.  Categories and Location of Documents—Fed R. Civ. P. 26(a)(1)(A)(ii)**

Pursuant to Rule 26(a)(1)(A)(ii), Defendant identifies the following categories of

documents, which it may use to support its claims or defenses, to the extent (1) such documents

exist, (2) are within Defendant's possession, custody or control, and (3) are not privileged.

Copies of such documents will be produced by Defendant's counsel at a time and place to be

agreed upon among counsel.

1. Documents relating to the photographs at issue in this proceeding, including:

   i. Contributor agreements between Alamy Ltd. and third parties
   encompassing the photographs at issue, and

   ii. Licensing agreements between Alamy Ltd. or Alamy Inc. and third parties
   concerning the photographs at issue.

2. Documents concerning Plaintiff's alleged copyright ownership of the photographs
   at issue in this litigation.

3. Documents reflecting the total sales and profits earned by Alamy Inc. or Alamy
   Ltd. in connection with the photographs at issue in this litigation.

Such documents are located in Defendant's possession, custody, or control; Plaintiff's

possession, custody, or control; Alamy Ltd.'s possession, custody, or control; or are in the

possession, custody, or control of third parties to this action.  To the extent such documents are

within the possession, custody, or control of Defendant, such documents are located in

Defendant's office at 20 Jay Street, Suite 848, Brooklyn, New York.  Defendant's document

identification to date is based solely upon such information and documents that Defendant has

been able to discover thus far, as well as Defendant's present analysis of the case, and shall not

in any way be deemed to be a representation that additional documents do not exist.

Accordingly, Defendant reserves the right to amend or supplement this disclosure pursuant to

Rule 26(e) if additional documents are identified.  Furthermore, Defendant reserves the right to

supplement or modify this disclosure based on information or documents subsequently identified

as pertinent to disputed facts.

Defendant will not produce documents generally available to the public but reserves the

right to use such documents in this proceeding.

**C.  Computation of Damages—Fed R. Civ. P. 26(a)(1)(A)(iii)**

Defendant does not claim any damages in this proceeding at this time, but reserves the

right to amend or supplement this disclosure pursuant to Rule 26(e) if any damages are

identified.

**D.  Insurance Agreement—Fed R. Civ. P. 26(a)(1)(A)(iv)**

Pursuant to Rule 26(a)(1)(A)(iv), any insurance policy implicated by this lawsuit will be

available for inspection and/or copying.

Dated: August 27, 2018          COWAN, DEBAETS, ABRAHAMS &
          New York, New York          SHEPPARD LLP


          By:     _s/ Lindsay W. Bowen_____
                  Lindsay W. Bowen
                  Nancy E. Wolff
                  Brittany L. Kaplan-Peterson
                  41 Madison Avenue, 38th Floor
                  New York, New York 10010
                  Tel: (212) 974-7474
                  Fax: (212) 974-8474
                  LBowen@cdas.com
                  NWolff@cdas.com
                  BKaplan@cdas.com

                  *Attorneys for Defendant Alamy Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Brittany L. Kaplan-Peterson, hereby certify that a true and complete copy of the foregoing defendant Alamy Inc.'s Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a) has been served on counsel of record for plaintiff Michael Grecco Productions, Inc. by mailing said copy on August 27, 2018, via electronic mail and First Class Mail, postage prepaid, to:

Steven M. Cowley, Esq.
Duane Morris LLP
100 High Street, Suite 2400
Boston, Massachusetts 02110-1724
*SMCowley@duanemorris.com*

Jovalin Dedaj, Esq.
Duane Morris LLP
1540 Broadway
New York, New York 10036-4086
*JDedaj@duanemorris.com*

*Attorneys for Plaintiff Michael Grecco Productions, Inc.*

/s/ Brittany L. Kaplan-Peterson
Brittany L. Kaplan-Peterson

6