UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> -against- <br><br> ALAMY INC., <br><br> Defendant. | Civil Action No. 18-cv-03260-PKC-JO |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT ALAMY INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the local rules of this Court, and the Court's April 25, 2019 order bifurcating discovery such that the first phase "focuses on whether the plaintiff has sued the defendant responsible for the conduct at issue", Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") hereby requests that Defendant Alamy Inc. ("Defendant") respond to the following requests for documents and things (collectively, the "Requests") by serving written responses and producing the documents and things requested herein at the offices of Plaintiff's attorney, Jovalin Dedaj, Esq., Duane Morris LLP, 1540 Broadway, New York, NY 10036-4086, within thirty (30) days after service of these requests.

**DEFINITIONS AND INSTRUCTIONS**

A.  The term "Plaintiff" as used herein refers to the Plaintiff Michael Grecco Productions, Inc. in the above-captioned action.

B.  The term "Defendant" as used herein refers to the Defendant Alamy Inc., and any division, corporate parent, subsidiary, affiliate, licensee, franchisee, successor, predecessor in interest, assignee, fictitious entity, holding company, or other related business entity, and any current or former director, officer, employee, agent, representative, or other person acting or

purporting to act on behalf of any such entity.

C. The terms "You" and "Your" as used herein refer to Defendant, as defined above.

D. The term "Litigation" as used herein refers to the litigation captioned as *Michael Grecco Productions, Inc. v. Alamy Inc.*, Civil Action No. 18-cv-03260-PKC-JO, which is currently pending in the United States District Court for the Eastern District of New York.

E. The term "Complaint" as used herein shall mean the Complaint filed by Plaintiff in this Litigation on June 4, 2018.

F. The term "Copyrighted Works At Issue" as used herein refers to the twenty-three photographic images copied and displayed in Exhibit A to these Requests, with each image in Exhibit being a "Copyrighted Work At Issue."

G. The term "Document" as used herein is synonymous in meaning and scope to the usage of that term in FED. R. CIV. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. As used herein, "Document" includes, but is not limited to:

a. Any written, printed or recorded matter of any kind, including originals, drafts, and all copies, whether or not identical with the originals, and whether or not Defendant has possession, custody or control of the originals of the documents, whatever the source, including, but not limited to: agreements; communication, including intra-office and interoffice communications; correspondence; telegrams; telexes; telecopier messages; memoranda; records; books; summaries of records of personal conversations, interviews, or meetings; diaries; work papers and notes; e-mails; accounts; ledgers; bills of lading; invoices; price lists; analytical records; minutes, memoranda or records of meetings or conferences; reports of summaries of interviews; reports of summaries of investigations; opinions or reports or

2

consultations of any type; reports, summaries or memoranda of negotiations; work sheets; bills; receipts; checks; check stubs; charts; press releases; articles, clippings or any other excerpt from any newspaper, periodical or other publication; contracts; any other documents or writings of whatever description, including all drafts of, or exhibits or attachments to, any of the foregoing, whether printed, recorded or produced by any mechanical or electronic process or written or produced by hand;

      b.      All graphic or manual records or representations of any kind, including, but not limited to, blueprints, photographs, charts, graphs, drawings, diagrams and records; and,

      c.      All mechanical or electronic records or representations of any kind, including, but not limited to, microfilm, microfiche, radiographic film, photographs, motion pictures, cassettes, tape recordings, videotapes, computer tapes, discs or CD-ROMS or floppy discs or any other form or computerized, digitized, electronic or machine readable records or any information maintained on any CPU.

H.      The term "concerning" as used herein means relating to, referring to, describing, evidencing, showing, constituting and/or documenting.

I.      The term "Person" means a natural person, partnership, corporation, affiliation, combination or other association of natural and legal persons without limitation.

J.      For the convenience of the Court and the parties, each document request should be quoted in full immediately preceding the response.

K.      For the purposes of these Requests:

      a.      "Any" means "any and all;"

      b.      "Every" means "all and each"; and,

  c. "Including" and "including, but not limited to" are used herein to illustrate documents that are responsive to a particular document request. Phrases employing either term are not exhaustive of the materials sought and in no way limit the scope of any document request.

 L. The term "Website" as used herein refers to the website located at http://www.alamy.com and all versions of the website from January 1, 2016 through the present.

 M. These Requests are intended to be continuing within the scope and meaning of the Federal Rules of Civil Procedure. If, at any time after Defendant has prepared and furnished the requested materials, Defendant ascertains or acquires additional information regarding any of these document requests, Defendant is requested to produce such supplemental information immediately.

 N. If Defendant objects to furnishing information or documents in response to any document request, or any part or portion thereof, Defendant should specifically state the basis of such objection, identify the information or documents to which each objection applies, and furnish all requested information or documents to which the objection does not apply. Any objection for which a basis has not been specifically stated within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

 O. To the extent that any of the following Requests may call for information or documents subject to a claim of privilege or attorney work product, Defendant should answer any and all portions of the document request which do not request privileged or confidential information. With respect to any portions of the Requests which request privileged information, Defendant should set forth the basis for Defendant's claim of privilege or any

DM2\9832572.2

other objection Defendant may have, and identify the following with respect to any document withheld on these grounds:

    a.    the type of document;

    b.    the general subject matter of the document;

    c.    the date of the document; and

    d.    any other information sufficient to identify the document for a subpoena *duces tecum,* including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other, as well as all other recipients of the document.

P.    All information which is available to Defendant should be furnished, including any information in the possession, custody or control of Defendant's attorneys, agents, employees, investigators, consultants, experts and licensees, as well as any firm, company, corporation or business in which Defendant owns a controlling interest or over which Defendant exercises control. If Defendant cannot answer any of the following Requests in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying Defendant's inability to answer the remainder and stating whatever information or knowledge Defendant has concerning the unanswered portions.

Q.    Each document request seeks production of documents in their entirety, without redaction, abbreviation or expurgation, including all attachments and/or other matter affixed thereto, and including all existing drafts of any such documents.

R.    If any document requested has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, please set forth in writing:

    e.    the date, name and subject matter of the document;

      f.    the name, employment and title of each person who prepared, received, reviewed or had custody, possession or control of the document;

      g.    the previous location of the document;

      h.    the reason for disposal or transfer of the document;

      i.    the manner of disposal of the document; and

      j.    the names and addresses of the transferee of the document.

S.    Requests For Production numbers 1 – 10 and 25 - 30 seek all responsive Documents dated or created or received anytime between January 1, 2016 through the present, and continuing pursuant to Defendant's obligation to supplement its Responses. Requests For Production numbers 11 - 24, as they relate to each Copyrighted Work At Issue, seek all responsive Documents applicable to that Copyrighted Work At Issue from the date that the first reproduction, distribution, public display, or other use of the Copyrighted Work was made through the present, and continuing pursuant to Defendant's obligation to supplement its Responses. Those applicable beginning dates are known to the Defendant, but not the Plaintiff. Request for Production number 31 refers to documents identified in Defendant's Initial Disclosures and Plaintiff requests all Documents referenced by the Defendant regardless of their dates.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1. Documents identifying Defendant's corporate and legal structure, including without limitation Documents reflecting an organizational chart identifying parent companies, divisions, subsidiaries, affiliates, trade names, fictitious entities, holding companies, related business entities and/or current directors and officers, as it existed at any time between January 1, 2016 and the present.

2. Documents sufficient to identify each officer, director, employee and contractor of Alamy Inc. that also held a position (*e.g.,* officer, director, employee or contractor) with Alamy Ltd.

3. Documents sufficient to identify each job title and the actual responsibilities (at each company) of each Person referenced in Request No. 2.

4. All Documents concerning any agreement between Alamy Ltd. and Alamy Inc. in existence at any time between January 1, 2016 and the present.

5. Documents sufficient to identify all corporate functions (*e.g.*, and without limitation, payroll, accounting, information technology, human resources, legal, or similar responsibilities) for the operation of Alamy Inc. performed by Alamy Ltd. officers, directors, or employees.

6. Documents sufficient to illustrate how Alamy Ltd. has been compensated, or Alamy Inc. has been charged, for the corporate functions performed by Alamy Ltd. referenced in Request No. 5.

7. Documents sufficient to identify all corporate functions (*e.g.*, and without limitation, payroll, accounting, information technology, human resources, legal, or similar responsibilities) for the operation of Alamy Ltd. performed by Alamy Inc. officers, directors, or employees.

8. Documents sufficient to illustrate how Alamy Inc. is compensated, or Alamy Ltd. is

charged, for any of the corporate functions performed by Alamy Inc. referenced in Request No. 7.

9. Documents sufficient to identify revenue received, or credited to, Alamy Inc. as a result of the license of any photographic image displayed on the Website.

10. Documents sufficient to identify the goods or services provided by Alamy Inc. that resulted in the revenue referred to in Request No. 9.

11. All Documents concerning the reproduction of any of the Copyrighted Works At Issue.

12. Documents sufficient to identify all Persons who played any role in the reproduction of any of the Copyrighted Works At Issue.

13. All Documents concerning the public display of any of the Copyrighted Works At Issue.

14. Documents sufficient to identify all Persons who played any role in the public display of any of the Copyrighted Works At Issue.

15. All Documents concerning the distribution, including without limitation any transfer of any electronic or physical copy, of any of the Copyrighted Works At Issue.  This Request includes, but is not limited to, Documents concerning the transfer of any of the Copyrighted Works At Issue between or among Alamy Ltd. and Alamy Inc.

16. Documents sufficient to identify all Persons who played any role in the distribution, including without limitation any transfer of any electronic or physical copy, of any of the Copyrighted Works At Issue.  This Request includes, but is not limited to, Documents identifying the Persons who played a role in the transfer of any of the Copyrighted Works At Issue between or among Alamy Ltd. and Alamy Inc.

17. All Documents concerning any license applicable to any of the Copyrighted Works

8

At Issue in which Alamy Ltd. or Alamy Inc. is a licensee.

18. All Documents concerning any license applicable to any of the Copyrighted Works At Issue in which Alamy Ltd. or Alamy Inc. is a licensor.

19. Documents sufficient to show the receipt and any further transfers of money paid for each of the licenses referred to in Request 18.

20. All Documents concerning the holding out, or offering, any of the Copyrighted Works At Issue for a potential license, or other permission to use.

21. Documents sufficient to identify the source of each of the Copyrighted Works At Issue.

22. Documents sufficient to identify the specific Copyrighted Work(s) At Issue applicable to each source referenced in Request No. 21.

23. All Documents concerning any modification to, alteration to, cropping of, addition of any watermark or metadata to, or removal of any watermark or metadata from, any of the Copyrighted Works At Issue after obtained or received from its source.

24. Documents sufficient to identify all Persons who played any role in any of the actions referenced in Request No. 23.

25. Documents sufficient to identify the insurance coverage applicable, in whole or in part, to claims arising out of operation of the Website and the identification of all insureds covered by those insurance policies.

26. All Documents concerning the assertion of copyrights, or demand for a fee or other payment, by Alamy Ltd. or Alamy Inc. against, or communicated to, any other Person that relates to the Person's reproduction, display, distribution, or other use of any photographic image displayed on the Website.

27. Documents sufficient to identify each officer, director, employee or contractor, by name and employer, who had password access, or other ability, to post or delete content to or from the Website. This Request does not include Documents identifying officers, directors, employees or contractors who had the same ability to post content on the "Our Blog" section of the Website that was extended to users of the Website generally.

28. Documents sufficient to identify each officer, director, employee or contractor, by name and employer, identified to the domain registrar for the Website as a representative with authority to make changes to the account information for that domain.

29. All Documents concerning the policies and practices applicable to the posting of content to the Website by officers, directors, employees or contractors for Alamy Ltd. and / or Alamy Inc. that were in effect at any time between January 2, 2016 and the present.

30. All Documents concerning the policies and practices applicable to the removal of content from the Website by officers, directors, employees or contractors for Alamy Ltd. and / or Alamy, Inc. that were in effect at any time between January 2, 2016 and the present.

31. The Documents referenced in Sections B 1 i and B 1 ii of Defendant Alamy Inc.'s Initial Disclosures.

Dated: May 14, 2019
    New York, New York     **DUANE MORRIS LLP**

    */s/ Jovalin Dedaj*
    Jovalin Dedaj
    1540 Broadway
    New York, NY 10036-4086
    Telephone: 212-471-4760
    Facsimile: 212-208-4642
    Email: JDedaj@duanemorris.com

    Steven M. Cowley (*Pro Hac Vice*)
    100 High Street, Suite 2400
    Boston, MA 02110-1724
    Telephone: 857-488-4261
    Facsimile: 857-401-3090
    Email: SMCowley@duanemorris.com

    *Attorneys for Plaintiff*
    *Michael Grecco Photography, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 14, 2019, a copy of the foregoing Plaintiff's First Set of Requests for Production of Documents and Things To Defendant Alamy Inc. was served on the following parties by email:

Nancy E. Wolff, Esq.
Marissa Lewis, Esq.
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 38th Floor
New York, New York 10010

*Attorneys for Defendant*
*Alamy Inc.*

>  */s/ Jovalin Dedaj*
>  JOVALIN DEDAJ

# EXHIBIT A

| | |
|---|---|
| Registration Number: VA 1-736-729 | |
| Registration Number: VA 1-736-729 | |
| Registration Number: VA 1-736-729 | |
| Registration Number: VA 2-064-915 | |

| | |
|---|---|
| Registration Number:  VA 2-064-915 | |
| Registration Number:  VA 1-298-833 | |
| Registration Number:  VA 1-298-833 | |
| Registration Number:  VA 1-298-833 | |

3

4

| | |
|---|---|
| Registration Number: VA 1-298-833 | |
| Registration Number: VA 1-736-729 | |
| Registration Number: VA 2-030-740 | |
| Registration Number: VA 1-418-420 | |

4

| | |
|---|---|
| Registration Number: VA 2-030-740 | |
| Registration Number: VA 2-030-740 | |
| Registration Number: VA 2-030-740 | |

| | |
|---|---|
| Registration Number:  VA 2-030-740 | |
| Registration Number:  VA 1-418-420 | |
| Registration Number:  VA 1-298-835 | |
| Registration Number: VA 1-431-698 | |

| | |
|---|---|
| Registration Number: VA 1-418-420 | |
| Registration Number: VA 1-418-420 | |
| Registration Number:  VA 1-418-417 | |

Registration Number:  VA 1-418-417



8