| | | |
|---|---|---|
| CDAS | Cowan,<br>DeBaets,<br>Abrahams &<br>Sheppard llp | 41 Madison Avenue<br>New York, NY 10010<br>T: 212 974 7474<br>F: 212 974 8474<br>www.cdas.com | Nancy E. Wolff<br>212 974 7474<br>NWolff@cdas.com |

October 24, 2019

**VIA ECF**

Hon. Pamela K. Chen
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F
Brooklyn, New York 11201

Re:    *Michael Grecco Productions, Inc. v. Alamy Inc., Alamy Ltd.*, 1:18-cv-03260-PKC-JO

Dear Judge Chen:

Pursuant to your Honor's Individual Rule 3.A, defendants Alamy Inc. and Alamy Ltd. (collectively, "Defendants") respectfully submit this letter requesting a pre-motion conference and setting forth the bases for Defendants' anticipated motion to dismiss the amended complaint of plaintiff Michael Grecco Productions, Inc. ("Plaintiff") dated October 10, 2019 ("Amended Complaint" or "Am. Cplt.") pursuant to Fed. R. Civ. Proc. 12(b)(2) and 12(b)(6).

### I.    Background

Plaintiff, a California corporation owned and operated by serial litigant Michael Grecco, claims that it owns and has registered several photographs (the "Photographs") that were reproduced, displayed, distributed, and licensed through the website www.alamy.com (the "Alamy Website") without authorization, and with false copyright management information. Am. Cplt. ¶¶8, 40-44; Exs. A – C.

On June 4, 2018, Plaintiff filed the complaint in this action against Alamy Inc. ("US Alamy") only, a Brooklyn-based U.S. subsidiary of English corporation Alamy Ltd. ("UK Alamy"). Because US Alamy, which operates solely as an independent sales office, did not engage in any of the conduct alleged in this lawsuit, US Alamy moved to dismiss the complaint (the "Motion"). Dkt. 26. In the Motion, US Alamy alternatively argued that an amendment to the complaint to identify UK Alamy as a party would be futile, as it is not subject to this Court's jurisdiction under any provision of New York's long-arm statue. *Id.* at 8.[1]

Your Honor denied the Motion, but noted that the jurisdictional arguments "may ultimately succeed at a later point in the litigation," particularly given that the Alamy Website contains information supporting US Alamy's argument. Dkt. 32 at 5. The Court also noted that Plaintiff would only be entitled to recover under the operative complaint if it produced evidence establishing that *US Alamy* engaged in the conduct at issue. *Id.* at 7. Consideration of whether the Court could exercise personal jurisdiction over UK Alamy was deferred until Plaintiff filed an amended complaint naming it as a defendant. *Id.* Instead of amending, however, Plaintiff

---

[1] Plaintiff, a seasoned professional photographer who has employed the distribution services of many similar image aggregators in the past, and who has had his images previously distributed by UK Alamy under contract with Superstock as is alleged in the Amended Complaint (Am. Cplt. ¶31), is well aware that UK Alamy's operations wholly take place in the UK. Moreover, he is a seasoned litigant having brought federal copyright cases for similar publicity handouts in N.Y. and throughout the country and should be well-aware of N.Y's jurisdictional limits. We assume he prefers to bring a case in the US to seek statutory damages that are unavailable under UK copyright law.



proceeded with discovery. Given the jurisdictional issues, discovery was bifurcated, with "the first phase of discovery . . . focus[ing] on whether the plaintiff has sued the defendant responsible for the conduct at issue." Dkt. 39 at 1. Following US Alamy's production of over 1,700 documents and over 11 hours of 30(b)(6) testimony from its director and its general manager, the first phase of discovery was completed on September 16, 2019. Thereafter, the parties filed a joint letter, wherein US Alamy requested leave to file a summary judgment motion, since Plaintiff had failed to elicit any information during discovery showing it had sued the correct defendant. Plaintiff requested leave to amend the complaint, which was granted.[2]

In its Amended Complaint, Plaintiff alleges that the Court has personal jurisdiction over US Alamy because it "has conducted business at a principal office address in this Judicial District and has committed torts in this state . . . which cause harm in this state and Judicial District." Am. Cplt. ¶4. Plaintiff alleges jurisdiction over UK Alamy exists because of: (1) its own purported acts of copyright infringement; and (2) purported acts of copyright infringement committed by US Alamy, which Plaintiff alleges is a "mere alter ego" of UK Alamy. *Id.* ¶¶5, 6.

## II. US Alamy Did Not Engage in the Conduct at Issue

Following months of targeted discovery, Plaintiff still fails to properly allege that US Alamy engaged in any of the conduct at issue. At best, Plaintiff alleges that US Alamy uses the Alamy Website in the same manner that a third-party sales team would – referring customers to its contents to make sales. *Id.* ¶12. To the extent Plaintiff falsely claims that US Alamy "operates" the Alamy Website, this allegation is flatly contradicted by evidence the Court may consider at this stage.[3] *See* Serember Tr. at 186:2-5 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See also Kardovich v. Pfizer, Inc.*, 97 F. Supp. 3d 131, 140 (E.D.N.Y. 2015) (declining to accept allegation in complaint as true where it was contradicted by evidence).[4] Realizing that US Alamy is not responsible for the conduct at issue, Plaintiff asserts that because US Alamy purportedly "profit[ed]" from the use at issue, it is liable for copyright infringement. Am. Cplt. ¶46. A purported benefit, however, is insufficient on its own to support Plaintiff's claim.

## III. This Court Lacks Jurisdiction Over UK Alamy

Plaintiff claims that this Court has jurisdiction over Alamy Ltd. pursuant to CPLR § 302(a)(1), which confers personal jurisdiction over a non-domiciliary who "in person or through an agent . .

---

[2] Initially, US Alamy opposed Plaintiff's request to amend, given that Plaintiff had been on notice of the facts supporting its decision to amend before discovery even began, and its delay was due to a tactical, improper motive. *See Briarpatch Ltd. L.P. v. Geisler Roberdeau*, Inc., 148 F. Supp. 2d 321, 330 (S.D.N.Y. 2001). However, following Magistrate Judge Orenstein's strong suggestion that an opposition would be futile, US Alamy consented.

[3] Because the deposition transcripts of US Alamy director John Schilizzi and general manager Jane Serember are "integral" to the Amended Complaint, and Plaintiff relied heavily upon them in drafting it (*see, e.g.*, Am. Cplt. ¶¶13-29), the Court may consider them at this stage. *See, e.g., Furman v. Cirrito*, 828 F.2d 898, 900 (2d Cir. 1987). Relevant excerpts are annexed to the Decl. of Nancy E. Wolff, ¶2, Ex. A ("Serember Tr."), submitted herewith.

[4] The Amended Complaint recites a litany of allegations against UK Alamy, and then asserts in a conclusory fashion that, because UK Alamy purportedly "direct[ed], manage[d], and control[led] the operations" of US Alamy, the conduct should somehow be attributed to US Alamy. As discussed below, this is insufficient, as Plaintiff has not shown, as a matter of law, that US Alamy is a "mere department" of UK Alamy.


. transacts any business within the state or contracts anywhere to supply goods or services in the state," and CPLR § 302(a)(3), which confers personal jurisdiction over a non-domiciliary who "in person or through an agent . . . commits a tortious act without the state causing injury to person or property within the state," subject to further qualifications. Am. Cplt. ¶5. As an initial matter, aside from a conclusory allegation in ¶4, Plaintiff cannot – and does not – allege with particularity what the "harm in this state" is sufficient to satisfy the requirements of CPLR § 302(a)(3).[5] Accordingly, jurisdiction over UK Alamy hinges on Plaintiff's argument that US Alamy is a "mere department" or "agent" of UK Alamy sufficient to confer jurisdiction under CPLR § 302(a)(1). Both arguments fail.

US Alamy is not a "mere department" of UK Alamy.[6] *Among other things*, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Serember Tr. at 17:2-13, 22:17-23:21, 122:2-11, 47:7-25, 52:2-54:23. Any relatedness between the entities is customary in a parent/subsidiary relationship. *See*, *e.g.*, *Musman v. Modern Deb, Inc.*, 377 N.Y.S.2d 17 (1st Dept. 1975) (stock control, interlocking directors and officers not conclusive proof of corporate synonymity); *Oostdyk v. British Airtours Ltd.*, 424 F.Supp. 807, 809-10 (S.D.N.Y. 1976) (no agency where parent owned all stock of subsidiary; common directors). Similarly, Plaintiff has not come forward with facts showing that US Alamy "does all the business which [UK Alamy] could do were it here by its own officials," which is necessary to show an agency relationship. *LPD New York, LLC v. Adidas Am., Inc.*, No. 15CV6360MKBRLM, 2017 WL 1162181, at *17 (E.D.N.Y. Mar. 27, 2017), *reconsideration denied*, 295 F. Supp. 3d 275 (E.D.N.Y. 2017) (no agency between Adidas America and Adidas Germany) (internal quotations and citations omitted). *See also Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998) (Nissan U.S.A. not a "mere department" or "agent" of Nissan Japan).[7]

To the extent Your Honor believes that a Motion with respect to UK Alamy is premature, Defendants would request that they be permitted to move to dismiss US Alamy from the lawsuit, and that limited jurisdictional discovery be conducted with respect to this Court's jurisdiction over UK Alamy under Plaintiff's agency theory.

---

[5] Indeed, the case law is clear that the situs of the injury here is California, Plaintiff's principal place of business, and not New York. Am. Cplt. ¶8. *Penguin Grp. (USA) Inc. v. Am. Buddha*, 946 N.E.2d 159 (2011).

[6] When analyzing whether a subsidiary is a "mere department" of its parent, courts consider the following factors: (1) common ownership between the parent and subsidiary; (2) the "financial dependency of the subsidiary on the parent corporation"; (3) "the degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities"; and (4) "the degree of control over the marketing and operational policies of the subsidiary exercised by the parent." *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120–22 (2d Cir. 1984). Balancing these factors, Plaintiff fails to allege a *prima facie* case of jurisdiction over UK Alamy based on agency.

[7] Moreover, the assertion of jurisdiction under an agency theory is only appropriate under CPLR § 302(a)(1) when control is asserted over the subsidiary "in the matter that is the subject of the lawsuit." *Adidas*, 2017 WL 1162181, at *17 (citations omitted) ("While Plaintiff's allegations show a close connection between Adidas AG and Adidas America, Plaintiff's allegations do not show that Adidas AG exercised any control over or had any knowledge of the collaboration between Plaintiff and Adidas America, which collaboration gave rise to Plaintiff's suit.").

Cowan, DeBaets, Abrahams & Sheppard LLP

Page 4

Alamy appreciates the Court's time and attention to this matter.

Respectfully submitted,

/s/Nancy E. Wolff

Nancy E. Wolff

cc: All counsel of record (via e-mail, mail, and ECF)