

| | | |
|---|---|---|
| NEW YORK | **FIRM and AFFILIATE OFFICES** | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | STEVEN M. COWLEY | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 857 488 4261 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 857 401 3090 | LAS VEGAS |
| LOS ANGELES | E-MAIL: SMCowley@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | www.duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

October 31, 2019

VIA ECF

Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Michael Grecco Productions, Inc. v. Alamy Inc. and Alamy Ltd.*, 18-cv-3260-PKC-JO

Dear Judge Chen:

Pursuant to your Honor's Individual Practices and Rules 3.A., plaintiff Michael Grecco Productions, Inc. ("Plaintiff") responds to and opposes defendants' request for a pre-motion conference seeking leave to file a motion to dismiss the Amended Complaint. In the case of defendant Alamy Inc., the letter actually amounts to a request for leave to file a motion for reconsideration of this Court's denial of its initial motion to dismiss (ECF Doc. 32) although it offers no new evidence, change in controlling law, or other justification for filing a motion to reconsider. In the case of defendant Alamy Ltd., the motion it proposes would be premised solely on disputed factual contentions that are not capable of resolution on a Rule 12 motion.

**Alamy Inc. Directly Committed Copyright Infringement And Violations Of The DMCA**

When denying Alamy Inc.'s first motion to dismiss premised on denials of Plaintiff's infringement allegations, this Court held:

> In brief, the complaint alleges that, through the Alamy website, Defendant reproduced, distributed, displayed and held out the Copyrighted Works for license without legal right to do so, and that Defendant sought to cloak these actions by providing false CMI in the form of watermarks placed on the Copyrighted Works. If Plaintiff produces evidence establishing that Defendant-rather than or in concert with UK Alamy-engaged in these actions, then Plaintiff would be entitled to recover against Defendant under 17 U.S.C. § 501, *et. seq.* and 17 U.S.C. § 1202(a).

DuaneMorris

Hon. Pamela K. Chen
October 31, 2019
Page 2

(ECF Doc. 32, pp. 6-7). The Amended Complaint not only carries forward the substantive allegations summarized by the Court as deleting Alamy Inc.'s initial motion to dismiss (as to the images remaining in dispute), based on the preliminary discovery provided to date[1]; Plaintiff also alleges that **all** of the infringing licenses issued in Plaintiff's Copyrighted Works[2] in the US were issued by Alamy Inc. (Am. Compl., ¶¶ 17, 18, 20). Defendants are aware that Plaintiff presented evidence of Alamy Inc.'s direct infringement through the issuance of licenses and collection of payments – in direct infringement of Plaintiff's exclusive right under 17 U.S.C. § 106(3) – because examples of such licenses were marked as exhibits during the deposition of Alamy Inc.'s corporate designee. *See* Exhibits 1, 2, and 3 enclosed with this letter marked as deposition exhibits 9, 10, and 11, respectively. Each of these licenses of Plaintiff's Copyrighted Works identifies Alamy Inc. – **not** Alamy Ltd. – as the licensor to whom payment must be made.

Additionally, the only U.S. infringements of Plaintiff's exclusive right to hold out its Copyrighted Works for license to potential licenses and on terms and of Plaintiff's choosing is Alamy Inc. – **not** Alamy Ltd. – because, anyone viewing the alamy.com website within the United States was only permitted to access and view the proposed license agreement from Alamy Inc. (Am. Compl., ¶ 17). The "Terms and Conditions" on the website as viewed by all US residents expressly defined "Alamy" as Alamy Inc., so all images U.S. users viewed containing false copyright management information labeling Plaintiff's Copyrighted Works with one of the "Alamy" watermarks – in violation of 17 U.S.C. § 1202(a) - were told that meant Alamy Inc. *See* Exhibit 4, deposition exhibit 13. In short, Alamy Inc. is trying to dispute Plaintiff's allegations <u>and</u> its own admissions, which cannot form a proper basis for a motion to dismiss.

**Alamy Ltd. Is Subject To Personal Jurisdiction In This Forum**

Alamy Ltd.'s request for leave to file a motion to dismiss so that it may contest the jurisdictional allegations in the Plaintiff's Amended Complaint is frivolous and not put forward in good faith. The Amended Complaint alleges that **all** of Alamy Ltd.'s sales of licenses within the United States of **all** images on the alamy.com website are documented by Alamy Inc. licenses, paid for through money paid to Alamy Inc., then that money is transferred by Alamy Ltd. out of Alamy Inc.'s bank account to Alamy Ltd. ████████████████████████████████████████ *See* Amended Compl., ¶¶ 16-18, 21-27. These allegations are based on admissions by an Alamy Ltd. deponent. Alamy Ltd. makes close to ████████████ annually in the United States, all

---

[1] Contrary to Defendants' representation, the initial phase of discovery ordered by Magistrate Judge Orenstein is not complete. Plaintiff has identified discovery Defendants failed to timely provide and complete. Magistrate Judge Orenstein determined that the discovery dispute should not be addressed at this time in light of Plaintiff's intention to file an Amended Complaint. In fact, Judge Orenstein expressly directed Defendantss counsel to inform the Defendants' London-based corporate designee to hold available dates for a potential deposition in New York later this year, in the event it is ordered. Defendants' characterization of discovery as complete suggests they are willfully ignoring that instruction.

[2] The Copyrighted Works, as the term is used and defined in Plaintiff's Amended Complaint, are displayed in attachment A to the Amended Complaint.

DuaneMorris

Hon. Pamela K. Chen
October 31, 2019
Page 3

through its ongoing relationship with and management of Alamy Inc. *Id.* at ¶ 27. Alamy Ltd. does not even attempt to suggest that sustained business activity by a foreign company with and through its New York subsidiary is not sufficient to confer jurisdiction under CPLR § 302(a)(1) over claims arising out of that very business activity. Instead, Alamy Ltd. pretends that Plaintiff's Amended Complaint does not contain those detailed factual allegations.

Additionally, the Amended Complaint alleges that Alamy Ltd., the sole shareholder, exercises complete managerial control over all of Alamy Inc.'s corporate functions. *See* Am. Compl., ¶¶ 14-15. The only officers and directors of Alamy, Inc. are officers and directors of Alamy Ltd. *Id.* Alamy Inc.'s highest ranking employee reports to an Alamy Ltd. employee with no position at Alamy Inc. *Id.* at ¶ 14(iii). In fact, these allegations amply support Plaintiff's claim that there is, in fact, no corporate distinction between Alamy Ltd and Alamy, Inc. under the very case law cited in Defendants' letter:

> When analyzing whether a subsidiary is a "mere department" of its parent, courts consider the following factors: (1) common ownership between the parent and subsidiary; (2) the "financial dependency of the subsidiary on the parent corporation"; (3) "the degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities"; and (4) "the degree of control over the marketing and operational policies of the subsidiary exercised by the parent." *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120-22 (2d Cir. 1984).

(Defendants' letter, p. 3).

Plaintiff respectfully suggests that there is no good faith basis to incur the substantial additional delay and attorneys' fees associated with Defendants' proposed motion to dismiss, given the hotly contested factual disputes underlying each of Defendants' positions. Defendants have avoided discovery on the merits and imposition of the requested permanent injunction for over a year, to Plaintiff's extreme prejudice – *see* Am. Compl. ¶ 42 (Plaintiff discovered a new infringement of one of its Copyrighted Works in 2019). Plaintiff believes the requested motion is nothing more than an attempt to impose further harmful delay on the Plaintiff for its own sake.

Respectfully,

*/s/ Steven M. Cowley*

Steven M. Cowley

cc: All counsel of record (*via ECF*)