

| | | |
|---|---|---|
| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | STEVEN M. COWLEY | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 857 488 4261 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 857 401 3090 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* SMCowley@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | *www.duanemorris.com* | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

December 18, 2019

**VIA ECF**

Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers S1227
Brooklyn, New York 11201

      Re:   <u>*Michael Grecco Productions, Inc. v. Alamy Inc.*, 18-cv-3260-PKC-JO</u>

Dear Judge Orenstein:

      I write on behalf of Plaintiff Michael Grecco Productions, Inc. ("Plaintiff"), pursuant to Your Honor's Individual Rule IV.A., to request an order requiring Defendant Alamy Inc. to produce (1) documents identified on its privilege log; and (2) documents responsive to request for production for which no privilege has been claimed or explanation for the lack of production provided.[1]

**<u>Documents Identified on Alamy Inc.'s Privilege Log</u>**.  It is well-established that communications that otherwise would be protected by the attorney-client privilege or the attorney work product privilege are not protected if they relate to client communications in furtherance of contemplated or ongoing fraudulent conduct.  *In re Richard Roe, Inc.*, 68 F.3d 38, 40 (2d Cir. 1995) (citations omitted).  The crime-fraud exception has been applied where the contemplated fraud is to be perpetrated upon the court.  *See, e.g.*, *JTR Enters. v. Columbian Emeralds*, 697 F. App'x 976, 988 (11th Cir. 2017) (affirming the district court's order compelling disclosure of attorney-client communications under the crime-fraud exception in connection with a fraud on the court); *United States v. Ruhbayan*, 406 F.3d 292, 299 (4th Cir. 2005) (affirming order authorizing presentation of attorney's testimony and communications in a second trial where "the court's

---

[1] On December 9, 2019, counsel for the parties unsuccessfully conferred regarding Plaintiff's request for (1) production of documents identified on the privilege log and (2) communications relating to the license agreements produced only at the end of phase one of discovery.  Defendant's counsel represented they had to confer with their client regarding the second set of documents but never responded further or supplemented the missing production.

D<small>UANE</small> M<small>ORRIS</small> <small>LLP</small>

100 HIGH STREET, SUITE 2400   BOSTON, MA 02110-1724          PHONE: +1 857 488 4200   FAX: +1 857 488 4201
DM2\10780372.1



finding that Ruhbayan had used his attorney to dupe the court and jury at the First Trial was not clearly erroneous.").

The circumstances preceding Alamy Inc.'s begrudging production of a privilege log (after forcing Plaintiff to pursue a motion to compel - ECF No. 63) indicate an effort to manipulate the record evidence to align with its principal defense to the Plaintiff's copyright infringement claims. Specifically, Alamy Inc. argued in a motion to dismiss the original Complaint that "Alamy Inc. does not upload images to Alamy's website" and further represented "it is clear from the Complaint and website upon which the Complaint relies that the Complaint names the wrong defendant …." (ECF No. 26, pp. 7-8). That motion to dismiss was denied, but the Court instructed that Alamy, Inc.'s 'wrong defendant' argument should be the sole focus of a preliminary phase of discovery, to determine if the case could be resolved without addressing the full merits. *See* ECF No. 38.

Alamy Inc.'s Initial Disclosures identified (among other documents): "Licensing agreements between Alamy Ltd. or Alamy Inc. and third parties concerning the photography at issue." *See* Exh. 1, at §B1ii. In addition, Plaintiff requested and Alamy US agreed to produce the following documents:

- All Documents concerning any license applicable to any of the Copyrighted Works At Issue in which Alamy Ltd. or Alamy Inc. is a licensor;
- All Documents concerning the holding out, or offering, any of the Copyrighted Works At Issue for a potential license, or other permission to use; and
- The Documents referenced in Sections B1i and B1ii of Alamy Inc.'s Initial Disclosures.

*See* Exh. 2, Alamy Inc.'s Second Amended Objections And Responses To Plaintiff's RFPs at Nos. 18, 20 and 31.

Alamy Inc. initially produced a document titled "Alamy License Agreement" (attached as Exh. 3) containing the following language aligning completely with its 'wrong defendant' defense: "The parties to this contract are Alamy and you. Alamy Limited, a corporation based in the United Kingdom and the owner and operator of the alamy.com website (and related domains) and system, has entered into agreements with Contributors to host and offer their Image(s)/Footage for licensing. Alamy Limited authorises Alamy to carry out certain limited sales activities on its behalf, including concluding a License with you." Alamy Inc. expressly represented that the License Agreement it produced corresponded with its identification of documents constituting license agreements with "third parties concerning the photographs at issue." *See* Exh. 1 at § B1ii and Exh. 2 at No. 31 in its Initial Disclosures. But that was not true. Alamy Inc. did not initially produce the version of the "Alamy License Agreement" on the website prior to service of the Complaint containing materially different language on this point (Plaintiff learned of these real license terms on its own): "Alamy has been appointed agent by written agreement with its Contributors to grant this License on their behalf" (Exh. 4 at § 2), and defining "Alamy" as Alamy Inc. (Exh. 4 at § 1). When confronted with this discrepancy, Alamy Inc. was forced to



Honorable James Orenstein
December 18, 2019
Page 3

acknowledge that the version of the License Agreement it produced and held out as applicable to licenses of the photographs at issue actually was created only after the Complaint was filed. It is undisputed that the photographs at issue were removed and not licensed once the Complaint was filed.

When Plaintiff brought its concerns regarding the production of a modified document prepared after the Complaint that was held out as something it was not (ECF No. 54), Alamy Inc. argued that an innocent mistake was made, resulting from its not being aware of prior License Agreements in Alamy Ltd.'s files but no longer on the alamy.com website. *Id.* at p. 3. During a September 23, 2019 Status Conference, Alamy Inc.'s counsel suggested that she did not know about the inapplicability of the document produced and existence of responsive documents that were not produced until she reached out to Alamy Ltd. directly only as a result of instructions by the Court to produce documents held by Alamy Ltd. Alamy Inc. then refused to voluntarily provide a privilege log, but backed down from that position on the eve of the November 13 hearing on Plaintiff's motion to compel and produced the privilege log attached as Exh. 5. Alamy, Inc.'s privilege log lists thirteen communications between the same counsel who represented she was not aware of the earlier License Agreement and Alamy UK representatives concerning the preparation of the modified License Agreement. It is Plaintiff's position that these circumstances "demonstrate that there is probable cause to believe that a fraud has been attempted or committed and that the communications were in furtherance of thereof." *In re Richard Roe*, 68 F.3d at 40. At a minimum, Alamy, Inc.'s counsel's purported lack of awareness of the modification of the applicable License Agreement post-Complaint could not be true, raising significant questions about a potential intent to deceive that merit an *in camera* review of the withheld documents in order to determine if the exception applies.

**Documents Relating To The Newly Produce License Agreements**. When the modified License Agreement was caught, Alamy Inc. produced three agreements and an affidavit explaining when they were on the website (*See* Exh. 6). There are gaps in the License Agreements produced – no License Agreement posted to the website between December 5, 2016-June 20, 2017 and March 22, 2018-May 22, 2018 has been produced - and no communications concerning the multiple modifications were produced or logged as withheld. Those license terms and related communications are responsive to Plaintiff's requests (*See* Exh. 2 at Nos. 18 and 20) and the failure to log any withheld documents itself waives any privilege claims. Defendant has failed to explain this non-production despite a meet and confer in which defense counsel pledged to do so. Accordingly, Plaintiff requests an order compelling production of those missing documents.

                                                Respectfully,

                                                */s/ Steven M. Cowley*

SMC/mar
Enclosures

DM2\10780372.1