# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL GRECCO PRODUCTIONS, INC.,

                     Plaintiff,

          v.

ALAMY INC.,

                     Defendant.

Case No. 18 Civ. 03260 (PKC) (JO)

## ALAMY INC.'S SECOND AMENDED
## OBJECTIONS AND RESPONSES TO PLAINTIFF'S
## FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), and the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), and in accordance with this Court's Order at the conference held on July 10, 2019 (Dkt. No. 49) (the "July 10, 2019 Order"), defendant Alamy Inc. hereby serves further amended objections and responses to plaintiff Michael Grecco Productions, Inc. ("Plaintiff") First Set of Requests for the Production of Documents, dated May 14, 2019 (each, a "Request" and, collectively, the "Requests") as follows:

## GENERAL OBJECTIONS

Alamy Inc. makes the following General Objections to the Requests.  To the extent that one or more of these General Objections are applicable to a specific Request, such General Objections are incorporated therein by reference.  The assertion of the same, similar, or additional objections in response to a specific Request does not waive any of Alamy Inc.' General Objections:

1.      Alamy Inc. objects to each Request, and to each of the definitions and instructions included in the Requests, to the extent they require that Alamy Inc. create documents not already

in existence, process documents in a manner outside Alamy Inc.'s ordinary course of business, or purport to impose other obligations beyond, or inconsistent with, those imposed by the Federal Rules or the Local Rules, or any other applicable statute, regulation, rule, or court order including, without limitation, the July 10, 2019 Order.

2.      Alamy Inc. objects to each Request to the extent that it seeks the production of documents that constitute or contain information that is outside the scope of the first phase of discovery.

3.      Alamy Inc. objects to each Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

4.      Alamy Inc. objects to each Request as being vague, ambiguous, overly broad, unduly burdensome, and not limited in time or scope.

5.      Alamy Inc. objects to each Request to the extent that it purports to require production of documents that are not within Alamy Inc.'s possession, custody, or control.  Alamy Inc. further objects to each Request to the extent that it purports to require production of documents that are within Alamy Ltd.'s possession, custody, or control.  Consistent with the July 10, 2019 Order, Alamy Inc. will produce responsive documents only with respect to information or documents within Alamy Inc.'s possession, custody, and/or control.

6.      Alamy Inc. objects to each Request as unduly burdensome to the extent that it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

7.      Alamy Inc. objects to each Request to the extent that it seeks documents prepared in anticipation of litigation or otherwise protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Alamy Inc. does not

waive, and intends to preserve, any applicable privilege. Any production of such documents shall have been inadvertent, and shall not constitute waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure.

8.  Alamy Inc. objects to the Requests to the extent that they assume disputed facts or legal conclusions in defining the documents requested. Alamy Inc. denies any such disputed facts or legal conclusions to the extent assumed by each Request. Any response or objection by Alamy Inc. to any such Request is without prejudice to this objection.

9.  Alamy Inc. objects to each Request to the extent that it seeks documents subject to a confidentiality obligation owed to any non-party to this lawsuit. Alamy Inc. will attempt to obtain permission of any such non-party to disclose the requested documents. With respect to any non-party that does not provide to Alamy Inc. permission to disclose such documents, Alamy Inc. will provide the identity of such non-party and a description of the documents in Alamy Inc.'s custody, possession or control sufficient to allow Alamy Inc. to request the documents directly from such non-party (or permission for Alamy Inc. to disclose such information).

10.  Alamy Inc. objects to each Request as overbroad in geographical scope to the extent that it seeks production of documents existing outside the United States.

11.  Alamy Inc. objects to each Request to the extent that it seeks the production of documents that constitute or contain confidential or proprietary information belonging to Alamy Inc. Alamy Inc. will produce documents or information only under the terms of an appropriate protective order entered in the above-captioned action.

12.  Alamy Inc. objects to the definitions of "Defendant," "You," and "Your" on the grounds that they are vague, ambiguous, overly broad, unduly burdensome, and inconsistent with

the July 10, 2019 Order.  In responding and objecting to these Requests, Alamy Inc. interprets the terms "Defendant," "You," and "Your" as referring only to Alamy Inc.

13.     In responding and objecting to these Requests, Alamy Inc. does not concede that any of the documents sought or provided are relevant to the claims of any party, proportional to the needs of the case, or admissible in evidence.

14.     In responding and objecting to these Requests, Alamy Inc. does not in any way waive any objections to these Requests, instructions, or definitions that Alamy Inc. may later assert, including but not limited to competency, relevance, materiality and admissibility, vagueness, and overbreadth.  Alamy Inc. expressly reserves the right to object to the use of any answers below in any subsequent proceedings or any other action.  Alamy Inc. further reserves the right to object to additional discovery into the subject matter of the Requests.

15.     An answer that Alamy Inc. shall disclose the documents responsive to any Request is not, and shall not be construed as, a representation that such documents exist.  Such an answer indicates only that Alamy Inc. will disclose all such non-privileged documents that it locates in Alamy Inc.'s possession through good-faith efforts and reasonable diligence, assuming any such non-privileged documents exist, if there is otherwise no objection to the Request.

16.     Alamy Inc. reserves the right to supplement, alter or amend these Objections and Responses, if necessary or appropriate.

17.     In responding and objecting to these Requests, Alamy Inc. interprets each Request as requesting documents and/or information related to and/or in the possession of Alamy Inc. only (and not Alamy Ltd.) in accordance with the July 10, 2019 Order.

## SPECIFIC RESPONSES AND OBJECTIONS

Without waiver of, or prejudice to, any of its General Objections, Defendant responds to the specific Requests as follows:

**Request No. 1:**

Documents identifying Defendant's corporate and legal structure, including without limitation Documents reflecting an organizational chart identifying parent companies, divisions, subsidiaries, affiliates, trade names, fictitious entities, holding companies, related business entities and/or current directors and officers, as it existed at any time between January 1, 2016 and the present.

**Response to Request No. 1:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the Court's July 10, 2019 Order. Alamy Inc. further objects to this Request because it is vague and ambiguous, including with respect to the phrase "related business entities," and overly broad and unduly burdensome. Alamy Inc. further objects to this Request to the extent that it seeks documents that are publicly available. Alamy Inc. further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Alamy Inc. states that it has already produced documents sufficient to satisfy this Request, including the document Bates-numbered ALA000154.

**Request No. 2:**

Documents sufficient to identify each officer, director, employee and contractor of Alamy Inc. that also held a position (e.g., officer, director, employee or contractor) with Alamy Ltd.

**Response to Request No. 2:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the Court's July 10, 2019 Order. Alamy Inc. further objects to this Request because it is vague

and ambiguous, particularly with respect to the term "contractor" and the phrase "also held a position," and overly broad and unduly burdensome.  Alamy Inc. further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  Alamy Inc. further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Alamy Inc. states that it has already produced documents sufficient to satisfy this Request, including the documents Bates-numbered ALA000154 and ALA000168-174.

**Request No. 3:**

Documents sufficient to identify each job title and the actual responsibilities (at each company) of each Person referenced in Request No. 2.

**Response to Request No. 3:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request because it is vague and ambiguous, particularly with respect to the phrase "actual responsibilities," and overly broad.  Alamy Inc. further objects to this Request to the extent that it seeks documents that are not within Alamy Inc.'s possession, custody, or control and because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Alamy Inc. states that it does not possess any documents responsive to this Request as modified by the Court's July 10, 2019 Order.

**Request No. 4:**

All Documents concerning any agreement between Alamy Ltd. and Alamy Inc. in existence at any time between January 1, 2016 and the present.

**Response to Request No. 4:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the Court's July 10, 2019 Order. Alamy Inc. further objects to this Request on the grounds that it is overly broad and unduly burdensome, including insofar as it seeks the production of "all" documents. Alamy Inc. further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Alamy Inc. states that it has already produced all documents that it located in its possession through good-faith efforts and reasonable diligence, including the documents Bates-numbered ALA000175 and ALA000176-179.

**Request No. 5:**

Documents sufficient to identify all corporate functions (e.g., and without limitation, payroll, accounting, information technology, human resources, legal, or similar responsibilities) for the operation of Alamy Inc. performed by Alamy Ltd. officers, directors, or employees.

**Response to Request No. 5:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the Court's July 10, 2019 Order. Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome. Alamy Inc. further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. Alamy Inc. further objects to this Request because a deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, Alamy Inc. states that it does not possess documents responsive to this Request.

**Request No. 6:**

Documents sufficient to illustrate how Alamy Ltd. has been compensated, or Alamy Inc. has been charged, for the corporate functions performed by Alamy Ltd. referenced in Request No. 5.

**Response to Request No. 6:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome.  Alamy Inc. further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, Alamy Inc. states that it does not possess documents responsive to this Request.

**Request No. 7:**

Documents sufficient to identify all corporate functions (e.g., and without limitation, payroll, accounting, information technology, human resources, legal, or similar responsibilities) for the operation of Alamy Ltd. performed by Alamy Inc. officers, directors, or employees.

**Response to Request No. 7:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome.  Alamy Inc. further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  Alamy Inc. further objects to this Request because a deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, Alamy Inc. states that it does not possess documents responsive to this Request, as Alamy Inc. does not perform corporate functions for the operation of Alamy Ltd.

**Request No. 8:**

Documents sufficient to illustrate how Alamy Inc. is compensated, or Alamy Ltd. is charged, for any of the corporate functions performed by Alamy Inc. referenced in Request No. 7.

**Response to Request No. 8:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome.  Alamy Inc. further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, Alamy Inc. states that it does not possess documents responsive to this Request, as Alamy Inc. does not perform corporate functions for the operation of Alamy Ltd.

**Request No. 9:**

Documents sufficient to identify revenue received, or credited to, Alamy Inc. as a result of the license of any photographic image displayed on the Website.

**Response to Request No. 9:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome, including insofar as it seeks documents related to "any photographic image" and is overly expansive in temporal scope.  Alamy

Inc. further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Alamy Inc. states that it has already produced all documents that it located in its possession through good-faith efforts and reasonable diligence, including the documents Bates-numbered ALA000289-293 and ALA000294-306.

**Request No. 10:**

Documents sufficient to identify the goods or services provided by Alamy Inc. that resulted in the revenue referred to in Request No. 9.

**Response to Request No. 10:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  Alamy Inc. further objects to this Request because a deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Alamy Inc. states that it has already produced all documents that it located in its possession through good-faith efforts and reasonable diligence, including the documents Bates-numbered ALA000289-293 and ALA000294-306.

**Request No. 11:**

All Documents concerning the reproduction of any of the Copyrighted Works At Issue.

**Response to Request No. 11:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the July 10, 2019 Order.  Alamy Inc. further objects to this

Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. Alamy Inc. further objects to this Request to the extent that it seeks documents that are not within Alamy Inc.'s possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, Alamy Inc. states that it will not produce documents responsive to this Request at this time because they are outside the scope of the first phase of discovery. Alamy Inc. further states that it does not possess any documents responsive to this Request as modified by the Court's July 10, 2019 Order.

**Request No. 12:**

Documents sufficient to identify all Persons who played any role in the reproduction of any of the Copyrighted Works At Issue.

**Response to Request No. 12:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the Court's July 10, 2019 Order. Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "played any role," overly broad and unduly burdensome, and overly expansive in temporal scope. Alamy Inc. further objects to this Request to the extent that it seeks documents that are not within Alamy Inc.'s possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, Alamy Inc. states that it will not produce documents responsive to this Request at this time because they are outside the scope of the first phase of discovery. Alamy Inc. further states that it does not possess any documents responsive to this Request as modified by the Court's July 10, 2019 Order.

**Request No. 13:**

All Documents concerning the public display of any of the Copyrighted Works At Issue.

11

**Response to Request No. 13:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  Alamy Inc. further objects to this Request to the extent that it seeks documents that are not within Alamy Inc.'s possession, custody, or control, are more readily accessible from third parties, or are otherwise publicly available.

Without waiving the foregoing general and specific objections, Alamy Inc. states that it will not produce documents responsive to this Request at this time because they are outside the scope of the first phase of discovery.  Alamy Inc. further states that it does not possess any documents responsive to this Request as modified by the Court's July 10, 2019 Order.

**Request No. 14:**

Documents sufficient to identify all Persons who played any role in the public display of any of the Copyrighted Works At Issue.

**Response to Request No. 14:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  Alamy Inc. further objects to this Request to the extent that it seeks documents that are not within Alamy Inc.'s possession, custody, or control, are more readily accessible from third parties, or are otherwise publicly available.  Alamy Inc. further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, Alamy Inc. states that it will not produce documents responsive to this Request because they are outside the scope of the first phase of discovery.  Alamy Inc. further states that it does not possess any documents responsive to this Request as modified by the Court's July 10, 2019 Order.

**Request No. 15:**

All Documents concerning the distribution, including without limitation any transfer of any electronic or physical copy, of any of the Copyrighted Works At Issue. This Request includes, but is not limited to, Documents concerning the transfer of any of the Copyrighted Works At Issue between or among Alamy Ltd. and Alamy Inc.

**Response to Request No. 15:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  Alamy Inc. further objects to this Request on the grounds that it is improperly compound.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Alamy Inc. states, in response to the first sentence of this Request, that it has produced all documents found in its possession through a commercially reasonable search, including the documents Bates-numbered ALA000181, ALA000182, ALA000183, ALA000184, ALA000185-ALA000186, ALA000187-ALA000189, ALA000190-ALA000215.  In response to the second sentence of this Request, Alamy Inc. states that it does not possess documents responsive to the second sentence of this Request, as there have been no "transfer[s] of any of the Copyrighted Works At Issue between or among Alamy ltd. and Alamy Inc."

13

**Request No. 16:**

Documents sufficient to identify all Persons who played any role in the distribution, including without limitation any transfer of any electronic or physical copy, of any of the Copyrighted Works At Issue. This Request includes, but is not limited to, Documents identifying the Persons who played a role in the transfer of any of the Copyrighted Works At Issue between or among Alamy Ltd. and Alamy Inc.

**Response to Request No. 16:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, particularly with respect to the phrase "played any role," and overly expansive in temporal scope. Alamy Inc. further objects to this Request on the grounds that it is improperly compound.  Alamy Inc. further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, Alamy Inc. states that it will not produce documents in response to the first sentence of this Request because it is ambiguous and overbroad.  However, to the extent that issuing invoices constitutes "play[ing] a role in the distribution," Alamy Inc. Alamy Inc. states that it has already produced all documents that it located in its possession through good-faith efforts and reasonable diligence, including the documents Bates-numbered ALA000185-ALA000186, ALA000187-ALA000189, ALA000190-ALA000215.   In response to the second sentence of this Request, Alamy Inc. states that it does not possess documents responsive to the second sentence of this Request, as there have been no "transfer[s] of any of the Copyrighted Works At Issue between or among Alamy ltd. and Alamy Inc."

14

**Request No. 17:**

All Documents concerning any license applicable to any of the Copyrighted Works At Issue in which Alamy Ltd. or Alamy Inc. is a licensee.

**Response to Request No. 17:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is overly broad and unduly burdensome, including insofar as it seeks the production of "all" documents.  Alamy Inc. further objects to this Request to the extent that it seeks documents that are already in Plaintiff's possession, custody, or control.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Alamy Inc. states that it has already produced all documents that it located in its possession through good-faith efforts and reasonable diligence, including the documents Bates-numbered ALA000022-45, ALA000046-59, and/or ALA000060-73.

**Request No. 18:**

All Documents concerning any license applicable to any of the Copyrighted Works At Issue in which Alamy Ltd. or Alamy Inc. is a licensor.

**Response to Request No. 18:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is overly broad and unduly burdensome, including insofar as it seeks the production of "all" documents.  Alamy Inc. further objects to this Request to the extent that it seeks documents that are already in Plaintiff's possession, custody, or control.

15

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Alamy Inc. states that it has produced all documents found in its possession through a commercially reasonable search, including the documents Bates-numbered ALA000004-14, ALA000181, ALA000182, ALA000183, ALA000184, ALA000185-186, ALA000187-189, and ALA000190-215.

**Request No. 19:**

Documents sufficient to show the receipt and any further transfers of money paid for each of the licenses referred to in Request 18.

**Response to Request No. 19:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "receipt" and the phrase "further transfers of money paid," and overly broad and unduly burdensome.  Alamy Inc. further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  Alamy Inc. further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case,   Alamy Inc. states that it has produced all documents found in its possession through a commercially reasonable search, including the documents Bates-numbered ALA000181, ALA000182, ALA000183, ALA000184, ALA000185-186, ALA000187-189, and ALA000190-215.

**Request No. 20:**

All Documents concerning the holding out, or offering, any of the Copyrighted Works At Issue for a potential license, or other permission to use.

**Response to Request No. 20:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  Alamy Inc. further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.  Alamy Inc. further objects to this Request to the extent that it seeks documents that are not within Alamy Inc.'s possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, Alamy Inc. states that it will not produce documents responsive to this Request at this time because they are outside the scope of the first phase of discovery.  Alamy Inc. further states that it does not possess any documents responsive to this Request as modified by the Court's July 10, 2019 Order.

**Request No. 21:**

Documents sufficient to identify the source of each of the Copyrighted Works At Issue.

**Response to Request No. 21:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "source."  Alamy Inc. further objects to this Request to the extent that it seeks documents that are publicly available and/or are already in Plaintiff's possession, custody, or control.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Alamy Inc. states that it will not produce documents responsive to this Request at this time because they are outside the scope of the first phase of discovery. Alamy Inc. further states that it does not possess any documents responsive to this Request as modified by the Court's July 10, 2019 Order.

**Request No. 22:**

Documents sufficient to identify the specific Copyrighted Work(s) At Issue applicable to each source referenced in Request No. 21.

**Response to Request No. 22:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the Court's July 10, 2019 Order. Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "source." Alamy Inc. further objects to this Request to the extent that it seeks documents that are publicly available and/or are already in Plaintiff's possession, custody, or control.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Alamy Inc. states that it will not produce documents responsive to this Request at this time because they are outside the scope of the first phase of discovery. Alamy Inc. further states that it does not possess any documents responsive to this Request as modified by the Court's July 10, 2019 Order.

**Request No. 23:**

All Documents concerning any modification to, alteration to, cropping of, addition of any watermark or metadata to, or removal of any watermark or metadata from, any of the Copyrighted Works At Issue after obtained or received from its source.

**Response to Request No. 23:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome, including insofar as it seek the production of "all" documents.

Without waiving the foregoing general and specific objections, Alamy Inc. states that it will not produce documents responsive to this Request at this time because they are outside the scope of the first phase of discovery.  Alamy Inc. further states that it does not possess any documents responsive to this Request as modified by the Court's July 10, 2019 Order.

**Request No. 24:**

Documents sufficient to identify all Persons who played any role in any of the actions referenced in Request No. 23.

**Response to Request No. 24:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "played any role," and overly broad and unduly burdensome.

Without waiving the foregoing general and specific objections, Alamy Inc. states that it will not produce documents responsive to this Request at this time because they are outside the scope of the first phase of discovery.  Alamy Inc. further states that it does not possess any documents responsive to this Request as modified by the Court's July 10, 2019 Order.

**Request No. 25:**

Documents sufficient to identify the insurance coverage applicable, in whole or in part, to claims arising out of operation of the Website and the identification of all insureds covered by those insurance policies.

**Response to Request No. 25:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous.  Alamy Inc. further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Alamy Inc. states that it has already produced documents sufficient to satisfy this Request, including the document Bates-numbered ALA000216-246.

**Request No. 26:**

All Documents concerning the assertion of copyrights, or demand for a fee or other payment, by Alamy Ltd. or Alamy Inc. against, or communicated to, any other Person that related to the Person's reproduction, display, distribution, or other use of any photographic image displayed on the Website.

**Response to Request No. 26:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "assertion of copyrights," and overly broad and unduly burdensome, including insofar as it seeks the production of "all" documents.  Alamy Inc. further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  Alamy Inc. further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.

Without waiving the foregoing general and specific objections, Alamy Inc. states that it will not produce documents responsive to this Request at this time because they are outside the scope of the first phase of discovery.  Alamy Inc. further states that it does not possess any documents responsive to this Request as modified by the Court's July 10, 2019 Order.[1]

**Request No. 27:**

Documents sufficient to identify each officer, director, employee or contractor, by name and employer, who had password access, or other ability, to post or delete content to or from the Website. This Request does not include Documents identifying officers, directors, employees, or contractors who had the same ability to post content on the "Our Blog" section of the Website that was extended to users of the Website generally.

**Response to Request No. 27:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  Alamy Inc. further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

---

[1] Alamy Inc. notes that it previously represented that there are "cease-and-desist letters" that are "potentially responsive" to this Request. *See* Letter from Nancy E. Wolff to Plaintiff's Counsel dated June 18, 2019.  At the time this representation was made, Alamy Inc. interpreted Request No. 26 as calling for the production of, *inter alia*, cease-and-desist letters containing "assertion[s] of copyrights, or "demand[s] for a fee or other payment," not only by Alamy Inc., but also "by Alamy Ltd."   The cease-and-desist letters that Alamy Inc. represented were "potentially responsive" were sent on behalf of Alamy Ltd. by a third-party service provider, known as PicScout (Israel) Ltd. ("PicScout"), pursuant to a service agreement made between PicScout and Alamy Ltd. (the "Agreement").  These cease-and-desist letters involve "the assertion of copyrights, or demand for a fee or other payment, by Alamy Ltd." (not Alamy Inc.), and exist only in Alamy Ltd.'s (not Alamy Inc.'s) possession, and therefore are not responsive to Request No. 26 as modified by the Court's July 10, 2019 Order.  Alamy Inc. has nevertheless obtained in good faith a representative example of such a cease-and-desist letter from Alamy Ltd., as well as a copy of the Agreement, and has produced them for Plaintiff's review under Bates numbers ALA000307-ALA000308 and ALA000309-ALA000315.  Alamy Inc. states that it does not possess any cease-and-desist letters or any other documents and communications concerning "the assertion of copyrights, or demand for a fee or other payment, by . . . Alamy Inc."

Alamy Inc. further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Alamy Inc. states that it does not possess any documents responsive to this Request as modified by the Court's July 10, 2019 Order.

**Request No. 28:**

Documents sufficient to identify each officer, director, employee or contractor, by name and employer, identified to the domain registrar for the Website as a representative with authority to make changes to the account information for that domain.

**Response to Request No. 28:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the Court's July 10, 2019 Order. Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. Alamy Inc. further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. Alamy Inc. further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Alamy Inc. states that it does not possess any documents responsive to this Request as modified by the Court's July 10, 2019 Order.

**Request No. 29:**

All Documents concerning the policies and practices applicable to the posting of content from the Website by officers, directors, employees or contractors for Alamy Ltd. and / or Alamy, Inc. that were in effect at any time between January 2, 2016 and the present.

**Response to Request No. 29:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome, including insofar as it seeks the production of "all" documents.  Alamy Inc. further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  Alamy Inc. further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, Alamy Inc. states that it will not produce documents responsive to this Request at this time because they are outside the scope of the first phase of discovery.  Alamy Inc. further states that it does not possess any documents responsive to this Request as modified by the Court's July 10, 2019 Order.[2]

**Request No. 30:**

All Documents concerning the policies and practices applicable to the removal of content from the Website by officers, directors, employees or contractors for Alamy Ltd. and / or Alamy, Inc. that were in effect at any time between January 2, 2016 and the present.

**Response to Request No. 30:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the Court's July 10, 2019 Order.  Alamy Inc. further objects to

---

[2] Alamy Inc. notes that it previously represented that it "confirmed that there are 'policies and procedures applicable to the removal of content from the Website by officers, directors, employees or contractors for Alamy Ltd.' in place."  Letter from Nancy E. Wolff to Plaintiff's Counsel dated June 18, 2019.  However, such policies and procedures relate to Alamy Ltd. and are not responsive to this Request as modified by the Court's July 10, 2019 Order.  Alamy Inc. is not involved in the removal of content from the Website.

this Request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome, including insofar as it seeks the production of "all" documents.  Alamy Inc. further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  Alamy Inc. further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, Alamy Inc. states that it will not produce documents responsive to this Request at this time because they are outside the scope of the first phase of discovery.  Alamy Inc. further states that it does not possess any documents responsive to this Request as modified by the Court's July 10, 2019 Order.

**Request No. 31:**

The Documents referenced in Sections B 1 I and B 1 ii of Alamy Inc. Alamy Inc.'s Initial Disclosures.

**Response to Request No. 31:**

Alamy Inc. objects to this Request to the extent that it seeks information outside the scope of the first phase of discovery and the Court's July 10, 2019 Order.  Alamy Inc. further objects to this Request to the extent that it seeks documents that are publicly available and/or are already in Plaintiff's possession, custody, or control.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, Alamy Inc. states that it has already produced all documents that it located in its possession through good-faith efforts and reasonable diligence, including the documents Bates-numbered ALA000004-14, ALA000022-45, ALA000046-59, ALA000060-73, ALA000074-81, ALA000185-186, ALA000187-189, and ALA000190-215

Respectfully submitted,

Dated: New York, New York          COWAN, DEBAETS, ABRAHAMS  & SHEPPARD LLP
       July 17, 2019


By:  /s/ Nancy E. Wolff
     Nancy E. Wolff
     Marissa B. Lewis
     41 Madison Avenue, 38th Floor
     New York, New York 10010
     Tel.: (212) 974-7474
     Fax: (212) 974-8474
     nwolff@cdas.com
     mlewis@cdas.com

*Attorneys for Defendant Alamy Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 17, 2019, I caused a true and correct copy of the foregoing

Defendant Alamy Inc.'s Second Amended Responses and Objections to Plaintiff's First Set of

Requests for Production of Documents be served by email and U.S. mail on the following:

Steven M. Cowley
Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
smcowley@duanemorris.com

Jovalin Dedaj
Duane Morris LLP
1540 Broadway
New York, New York 10036-4086
jdedaj@duanemorris.com

  /s/ Marissa B. Lewis
MARISSA B. LEWIS