

| | | |
|---|---|---|
| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | *FIRM and AFFILIATE OFFICES* | BALTIMORE |
| PHILADELPHIA | | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | STEVEN M. COWLEY | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 857 488 4261 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 857 401 3090 | LAS VEGAS |
| LOS ANGELES | E-MAIL: SMCowley@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | www.duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

January 14, 2020

**VIA ECF**

Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers S1227
Brooklyn, New York 11201

      Re: *Michael Grecco Productions, Inc. v. Alamy Inc.*, 18-cv-3260-PKC-JO

Dear Judge Orenstein:

      I write on behalf of plaintiff Michael Grecco Productions, Inc. ("Plaintiff"), to address an issue raised during the January 13, 2020 hearing on Plaintiff's motion to compel [ECF Doc. 68], as it relates to the documents identified on defendants Alamy, Inc. and Alamy Ltd.'s ("Defendants") revised privilege log.

      Specifically, during the January 13 hearing, Defendants argued for the first time that the production of the version of the License Agreement created in reaction to allegations made in this lawsuit while representing that it is the License Agreement applicable to pre-Complaint licenses of the Plaintiff's Copyrighted Works was a mistake made by an associate that inadvertently went unnoticed prior to Plaintiff's counsel raising the issue during a deposition. At the conclusion of the January 13 hearing, this Court instructed Defendants (among other things) to provide the Court copies of those documents on their log as to which they continue to assert a privilege for *in camera* review. Plaintiff requests that the Court further require Defendants to provide the Court, for *in camera* review, copies of communications discussing which version(s) of the License Agreement to produce in discovery prior to September 5, 2019, which is the date of the Rule 30(b)(6) deposition in which Plaintiff's counsel raised the issue of a modified License Agreement having been produced.

      Plaintiff did not make this request in its letter motion to compel [ECF Doc. 68], because in the discussions between counsel regarding the issues raised by Defendants' production of a modified License Agreement instead of the actual pre-Complaint License Agreement, Defendants'



Honorable James Orenstein
January 14, 2020
Page 2

counsel had not taken the position that while they were aware of and had access to the correct License Agreement the modified License Agreement was produced as a result of an associate's error that was not caught.  Instead, Plaintiff understood Defendants' counsel's position to be that they were not aware of, and had no access to, the pre-Complaint version of the License Agreement so counsel assumed the modified version was applicable to pre-Complaint licenses of Plaintiff's photographs.  [See, *e.g.*, ECF Doc. 54 at p. 3 stating "Because Defendant has no control over the Alamy UK Website, and no access to agreements predating the one currently on the Alamy UK Website (which it only has access to because it is available to the public), it only produced the current agreement."]

Plaintiff has not served discovery requests seeking access to defense counsel's internal communications relating to document production.  Plaintiff expects that such discovery would give rise to further discovery disputes and that it will be far less intrusive for the Court to review the communications leading to the production of the modified License Agreement *in camera,* than for Plaintiff to take discovery on that issue directly.  Given that Defendants' explanation for the production of a modified License Agreement now rests on the position that an "associate mistake" went unnoticed until Plaintiff's counsel pointed it out, and because Plaintiff has no independent ability to present evidence addressing that representation, Plaintiff requests that the Court direct Defendants' counsel to provide it with copies of the communications addressing which version of the License Agreement to produce prior to September 5, 2019, so that it may fully assess whether the modified License Agreement was intentionally produced in place of the version actually applicable to Plaintiff's claims.  The documents currently identified on the Defendants' revised privilege log address the modification of the License Agreement and the communications requested in this letter will address the production of that document in discovery.  It is the combination of preparation and production of a modified License Agreement with new language supporting the arguments asserted in Defendant's motion to dismiss on which Plaintiff's premises its privilege waiver argument based on the crime / fraud exception, so Plaintiff respectfully suggests that both sets of communications are material and should be reviewed.

Plaintiff has no objection to an extension of the deadline for production of documents to the Court (currently set at January 17, 2020), as the Court may determine to be appropriate, should defense counsel require additional time to gather and produce those documents.

Respectfully,

*/s/ Steven M. Cowley*
Steven M. Cowley

DM2\10876648.1