

| COWAN, | 41 MADISON AVENUE | NANCY E. WOLFF |
| --- | --- | --- |
| DEBAETS, | NEW YORK, NY 10010 | 212 974 7474 |
| ABRAHAMS & | T: 212 974 7474 | NWOLFF@CDAS.COM |
| SHEPPARD LLP | F: 212 974 8474 | |
| | www.cdas.com | |

January 17, 2020

**VIA CM/ECF**

Magistrate Judge James Orenstein
225 Cadman Plaza East
Room 1227 South
New York, New York 11201

Re:   *Michael Grecco Productions Inc. v. Alamy Inc. et al*, Case No. 18 Civ. 03260 (PKC) (JO)

Dear Judge Orenstein:

On behalf of defendants Alamy Inc. ("US Alamy") and Alamy Ltd. ("UK Alamy," together with US Alamy, "Defendants"), we respectfully submit this response to plaintiff Michael Grecco Productions Inc.'s ("Plaintiff") letter, dated January 14, 2020 (Dkt. No. 73), which requests that Defendants be ordered to produce certain additional communications between US Alamy and its undersigned attorneys – all of which are protected by the attorney-client privilege and constitute work product – for *in camera* review by the Court.

As an initial matter, a full picture of the events leading up to the production of the updated version of the U.S. license agreement (the "Updated LA") to Plaintiff is needed to correct the demonstrably false statement in Plaintiff's letter that it was "intentionally produced in place of the version actually applicable to Plaintiff's claims." Dkt. No. 73 at 2. Defendants address this context because of Plaintiff's mischaracterization that US Alamy's updates to its license agreement in 2018 have any relation to its production of the Updated LA during discovery months later, or that it was "intentionally" produced for nefarious purposes.

As the documents being produced for *in camera* inspection will show, the pre-Complaint U.S. license agreement (the "Original LA") was updated to correct a factual error – namely, that US Alamy does not enter into agreements with contributors; only UK Alamy has direct relations with contributors. The error in the Original LA was brought to US Alamy's attention *by Plaintiff*, and the Court was made aware of the existence and contents of the Original LA on two occasions, both which are publicly filed on the docket: once via letter by Plaintiff (*see* Dkt. No. 15 at 2), and then as extensively referenced (*see* Dkt. No. 29 at 4-5, 9-10, 12) in Plaintiff's memorandum of law in opposition (the "Opposition"; Dkt. No. 29) to US Alamy's motion to dismiss (the "Motion"; Dkt. No. 25).[1] The *entire* Original LA was already before the Court on US Alamy's Motion, as Plaintiff's lead counsel, Mr. Cowley annexed the entire Original LA to his affidavit in support of the Opposition. *See* Dkt. No. 30-3.

Plaintiff asserts in its most recent letter that its privilege waiver argument is premised on US Alamy's purported "preparation and production of a modified License Agreement with new

---

[1] If Plaintiff's position that the crime-fraud exception should apply here is accepted, it would effectively bar any party from updating its website in good faith to correct factual inaccuracies and for prospective purposes during the pendency of a proceeding.



COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

PAGE 2

language supporting the arguments asserted in Defendant's motion to dismiss." Dkt. No. 73 at 2. But only Plaintiff, not US Alamy, referenced either license agreement in its briefing on the Motion. As shown below, US Alamy provided specific citations in its Motion only to UK Alamy's website's (the "Website") "General Terms" and "Contact Us" pages, *not* the "Terms and Conditions" page where the license agreements are found:

> Alamy Inc. is a subsidiary of Alamy Ltd., an English corporation based in Milton Park, Abingdon, Oxfordshire, England. *See* Alamy, https://www.alamy.com/**contactus/uk.asp** (last visited August 23, 2018). Alamy Ltd. maintains and operates the website located at the domain name www.alamy.com. *See* Terms and Conditions, https://www.alamy.com/terms/**general.asp** (last visited August 23, 2018) (noting Alamy website owned and operated by Alamy Ltd.).

Dkt. 26 at 7-8 (emphasis added). At all relevant times the "General Terms" and "Contact Us" pages identified Alamy Ltd. as the operator of the Website and the party with whom legal agreements between users of the Website and "Alamy" are made.[2] To be clear, neither the Original LA nor the Updated LA – which were both, at different times, located on the "Terms and Conditions" page of the Website at the URL https://www.alamy.com/**terms/us.aspx** – are ever referenced in the Motion.[3]

Complicating matters going forward, following the upload of the Updated LA to the Website and full briefing on the Motion, the partner and associate who handled the drafting of the Motion left the undersigned firm for in-house positions. *See* Dkt. Nos. 31, 36. Thereafter, a new associate, who was not aware of the earlier updates to the Original LA – as evidenced by the absence of her name from any of the documents concerning the license agreements, which have all been submitted for *in camera* review – was assigned to the case (*see* Dkt. No. 33; Notice of Appearance) and discovery was bifurcated. Dkt. No. 38.

On May 2, 2019, US Alamy made an initial production of documents, which included many documents publicly available on the Website at the time of that production, including the

---

[2] From July 26, 2018 (when the pre-motion conference letter was filed) and March 12, 2019 (when the Order on the Motion was issued), as is customary for an operating business, there were minor updates to the "General Terms" that were *not* related to the operation of the Website or the party with whom legal agreements between users of the Website and "Alamy" are made. To the extent the Motion references the website as a whole, it was simply to state the general proposition that a court may take judicial notice of online materials (*see* Motion at 8, n. 5), which the Court ultimately declined to do. Dkt. 32 at 5-6.

[3] In its Opposition, Plaintiff erroneously claimed that US Alamy's Motion cited to the Original LA: "Defendant asks the Court to take judicial notice of one provision in the Terms and Conditions page posted on the website (Defendant's Memorandum p. 3, fin. 2)." Dkt. No. 30 at 4. But the citation referenced in US Alamy's Motion –"Defendant's Memorandum p. 3, n.2" – is a citation to the "General Terms" page displaying the URL path /terms/**general.asp#policy**, not the path of the Original Agreement, **/terms.us.aspx**. Plaintiff's Opposition underscores how easily these agreements, which bear no dates or other identifying information, can be confused.



Cowan,

DeBaets,

Abrahams &

Sheppard LLP

Page 3

Updated LA, bates-numbered ALA000074 through ALA000081. *See* Exhibit A. Defendants made this production over a week before Plaintiff even requested "Licensing agreements between [Defendants] and third parties concerning the photography at issue" or any of the other documents at issue. *See* Exhibit B, Nos. 18, 20, and 31 (Plaintiff's First Set of Requests for the Production of Documents ("Requests"), dated May 14, 2019). On July 17, 2019, over two months after US Alamy's production, when pressed by Plaintiff to identify the document demand that each formerly produced document was responsive to, the undersigned firm erroneously identified the Updated LA as being responsive to one of Plaintiff's document requests instead of the Original LA. *See* Dkt. No. 68-2 at 24 (US Alamy's Responses to Plaintiff's Requests ("Responses") to Request No. 31).

What Plaintiff characterizes as an intentional production of doctored evidence is, at worst, inadvertent non-disclosure and confusion regarding the identification of a license agreement that bore no date, and no other clear identifying information during a transitional time in attorney staffing.[4] This unfortunate oversight does not justify invoking the crime-fraud exception.

It is also important to note that Plaintiff's counsel first informed US Alamy of its inadvertent mistake *seven weeks* after its erroneous reference to the Updated ALA in its Responses, during the deposition of US Alamy employee Jane Serember. Shortly after receiving notice that not all the license agreements at issue had been produced – which could have been achieved through the issuance of a deficiency letter months earlier – US Alamy supplemented its production to include the relevant license agreements Plaintiff. To date, Plaintiff has not explained why, if it believes it discovered a fraudulent scheme allegedly being perpetrated by US Alamy (*i.e.*, its failure to produce an agreement Plaintiff already possessed), Plaintiff and its counsel waited months to say anything. Simply sending a deficiency letter when counsel identified the incorrect version of the document in its Responses would have eliminated this whole dispute.

Plaintiff's demand for inspection of more privileged documents is just the latest in a series of attempts by Plaintiff's counsel to vitiate the protection afforded to attorney-client communications and to use the specter of waiver of the privilege for improper purposes (both during depositions and with respect to document discovery).

Allowing a party to eradicate the privilege every time there is a discovery dispute, even where it causes no prejudice, would chill the ability of clients to seek legal assistance and advice free from the consequences or the apprehension of disclosure. Because Plaintiff has failed to meet the very high standard necessary to invade the sanctity of the attorney-client privilege, his request should be denied, and Defendants should not be required to produce further privileged documents for *in camera* review.

We thank the Court for its patience and attention to this matter.

---

[4] We note that, in its Response to Request number 31 (which is the Response that Plaintiff primarily takes issue with), US Alamy objected on the ground that the Request sought "documents that are already in Plaintiff's possession, custody, or control." *See* Dkt. No. 68-2.



Cowan, DeBaets, Abrahams & Sheppard LLP

Page 4

Respectfully Submitted,

/s/ Nancy E. Wolff
Nancy E. Wolff

*Counsel for Defendants Alamy Inc. and Alamy Ltd.*

cc: All Counsel of Record (via ECF)