```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK

------------------------------X Docket#
MICHAEL GRECCO PRODUCTIONS,   : 18-cv-03260-PKC-JO
        INC.,                 :
           Plaintiff,         :
                              :
    - versus -                : U.S. Courthouse
                              : Brooklyn, New York
                              :
                              :
ALAMY INC.                    : September 23, 2019
           Defendants         : 10:33 AM
------------------------------X

      TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
           BEFORE THE HONORABLE JAMES ORENSTEIN
              UNITED STATES MAGISTRATE JUDGE
```

**A  P  P  E  A  R  A  N  C  E  S:**


**For the Plaintiff**:        Steven M. Cowley, Esq.
                              Duane Morris LLP
                              100 High Street, Suite 2400
                              Boston, MA 02110


**For the Defendant**:        **Nancy Evelyn Wolff, Esq.**
                              **Lindsay R. Edelstein, Esq.**
                              Cowan DeBaets Abrahams &
                              Sheppard LLP
                              41 Madison Avenue
                              38th Floor
                              New York, NY 10010


**Transcription Service**:    **Transcriptions Plus II, Inc.**
                              61 Beatrice Avenue
                              West Islip, New York 11795
                              laferrara44@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

Proceedings 2

1 THE CLERK: Civil Cause for a Status
2 Conference, Michael Grecco Productions, Inc. v. Alamy
3 Inc., docket number 18-cv-3260.
4 Will th parties please state their appearances
5 for the record, starting with the plaintiff.
6 MR. COWLEY: Good morning, your Honor.
7 My name is Steven Cowley from Duane Morris for
8 the plaintiff, Michael Grecco Productions, Inc.
9 THE COURT: Good morning.
10 MS. WOLFF: And good morning, it's Nancy Wolff
11 from Cowan DeBaets Abrahams & Sheppard for defendant
12 Alamy Inc.
13 MS. EDELSTEIN: And Edelstein from Cowan
14 DeBaets Abrahams & Sheppard on behalf of defendant Alamy
15 Inc.
16 THE COURT: Good morning. Have a seat please.
17 All right, folks, we've got an extensive status
18 report from you that seems to have a few issues.
19 So I saw that there was late production of some
20 of the disclosures I ordered. Do you now have everything
21 or are you still contending that there's something you're
22 missing?
23 MR. COWLEY: I haven't been told that there's
24 something that exists that I am waiting for.
25 THE COURT: Okay. And just to be clear, is

3

Proceedings

1 there anything that you folks have withheld, or if not
2 actively withheld, just haven't produced that you're
3 aware of that's responsive to the outstanding requests.
4     MS. WOLFF:  Not that we're aware of.
5     THE COURT:  All right.  So we've got the issue
6 of the 30(b)(6) and what relief are you seeking now,
7 because I wasn't clear if you're seeking a further
8 30(b)(6) now or a continuation of it, or you want to wait
9 until after you mend?
10     MR. COWLEY:  Well, that would be from my
11 perspective, that would be the most efficient --
12     THE COURT:  Okay.
13     MR. COWLEY:  -- economical way to proceed.
14     THE COURT:  All right.
15     MR. COWLEY:  I know the defendant has a very
16 different view of what should happen next.
17     THE COURT:  No, I know, but I just want to know
18 what relief you're seeking, so the first thing you want
19 is an opportunity to amend --
20     MR. COWLEY:  Yes.
21     THE COURT:  -- and then the issue of issue of
22 the 30(b)(6) would only come up after that's decided.
23     MR. COWLEY:  I don't believe it makes any sense
24 to knowing what I do know now --
25     THE COURT:  Right.

Proceedings

4

```
1              MR. COWLEY:  -- to hold off moving to amend --
2              THE COURT:  Okay.
3              MR. COWLEY:  -- to complete the open issues.
4              THE COURT:  So let's talk about the motion to
5   amend, and you're opposed to that?
6              MS. WOLFF:  Yes, we are.
7              THE COURT:  Okay.  So tell me what it is you
8   want to add in the amended complaint, and then I will
9   hear about why it shouldn't happen.
10             MR. COWLEY:  So there's two things, one I
11  identified in the papers.  The second I just need to
12  refer to today because I still have to investigate it.
13             The first is we need to add Alamy Ltd.  There
14  are two principal bases for adding Alamy Ltd.  One is --
15             THE COURT:  And this is the UK-based --
16             MR. COWLEY:  That's right.
17             THE COURT:  -- the entity, okay, right.
18             MR. COWLEY:  What has been held out as the
19  parent company.
20             THE COURT:  Right.
21             MR. COWLEY:  Alamy Ltd., and Alamy Inc. being
22  held out as separate corporate entities we believe is a
23  sham.  We believe it's a paper -- Alamy Inc., the named
24  defendant, based on the information we've been provided,
25  it's our position that it's nothing more than a paper
```

```
                                                        5
                     Proceedings
 1   company that is set up to minimize as much as possible,
 2   the U.S. revenue.
 3             THE COURT:  Let me ask you to pause there.  You
 4   want to assert the same infringement claim against Alamy
 5   UK, that you've already asserted against Alamy US?
 6             MR. COWLEY:  Right, on an alter ego theory.
 7             THE COURT:  Right.
 8             MR. COWLEY:  But there --
 9             THE COURT:  Wait, wait.
10             MR. COWLEY:  Yes.
11             THE COURT:  Just so -- because I want to do --
12   I thought part of the issue underlying the bifurcation
13   was that you folks were saying Alamy US is the wrong
14   defendant.
15             MS. WOLFF:  That is correct.
16             THE COURT:  Okay.  So your contention all along
17   has been the right defendant for the (indiscernible)
18   claim is Alamy UK?
19             MS. WOLFF:  And correct, and the only
20   jurisdiction for that would be in the United Kingdom.
21             THE COURT:  Well, that's a different issue.
22             MS. WOLFF:  Yeah, right.
23             THE COURT:  But you think --
24             MS. WOLFF:  Correct.
25             THE COURT:  -- if they've got a claim --
```

```
                          Proceedings                           6

 1              MS. WOLFF:  If there's a --
 2              THE COURT:  I would like to --
 3              MS. WOLFF:  If he has a --
 4              THE COURT:  -- finish the sentence really.
 5              MS. WOLFF:  Sorry.
 6              THE COURT:  I don't know why that's an issue.
 7   Can we agree that it won't be going forward?
 8              MS. WOLFF:  We can agree to that.
 9              THE COURT:  Ah, that's wonderful.  If you had
10   been telling the Court all along Alamy UK should be the
11   defendant that they named, you can make your -- your
12   jurisdictional argument at an appropriate time, but why
13   can't they amend?  Go ahead, whoever wants to address it.
14              MS. EDELSTEIN:  Okay.  Well, I think that we
15   would not want them to be granted leave to amend because
16   of we believe that there's been undue delay, bad faith,
17   and prejudice, because they've known all along from even
18   before the complaint was filed that Alamy UK was the
19   correct party at issue.
20              THE COURT:  And how are you prejudiced by this?
21              MS. EDELSTEIN:  I mean, I guess just from
22   having litigated for over a year, and had to --
23              THE COURT:  And insisted that we not take
24   discovery of Alamy UK.  You've insisted on that, right?
25              MS. WOLFF:  Correct, because they're not a
```

                                                                7
                            Proceedings

1  party to this case.
2            THE COURT:  All right.  Well, and you think
3  that consistent with the liberal pleading standard of the
4  applicable rules, there's something to be briefed here.
5            MS. WOLFF:  Yes, we do.
6            THE COURT:  Well, I will certainly let you
7  spend your client's money on briefing it, and you can
8  spend yours, and let's set up a schedule for doing that,
9  right?  I think we all recognize the liberal pleading
10 standards, so it may be something that you could, with
11 the application of some foresight, and appreciation of
12 the applicable law, anticipate how it comes out, but if
13 you insist on spending your client's money to brief it,
14 and to take up the Court's resources, by all means, when
15 would you like to have -- first of all, do you have the
16 draft complaint ready?
17           MR. COWLEY:  I don't -- I do not, but I
18 believe --
19           THE COURT:  When do you have your draft
20 complaint, and a letter motion ready?
21           MR. COWLEY:  Two weeks.
22           THE COURT:  Okay.  That long?
23           MR. COWLEY:  Only because of my intervening
24 schedule, I could --
25           THE COURT:  All right.  Two weeks.

8

Proceedings

1         MR. COWLEY: If your Honor would prefer --
2         THE COURT: No, it's just --
3         MR. COWLEY: -- I will do it in a week.
4         THE COURT: I assume you know what you want to
5 say in your complaint, and we all know the standard.
6 It's not like you need a lot of briefing on the
7 applicable standard. It's going to be a letter motion.
8         MR. COWLEY: The second issue that I just want
9 to make the Court aware of, so that there's no claim
10 later that I withheld --
11         THE COURT: No, no, I will just --
12         MR. COWLEY: And I have been informed --
13         THE COURT: Yeah.
14         MR. COWLEY: -- that there's been a discovery
15 of two new infringements. I still need to verify and
16 confirm that before I could put that into a complaint.
17         THE COURT: Okay.
18         MR. COWLEY: So I just want the opportunity
19 also to make sure I understand.
20         THE COURT: And you're going to assert that
21 against both entities --
22         MR. COWLEY: Absolutely.
23         THE COURT: -- because you think they're the
24 same.
25         MR. COWLEY: Absolutely.

```
                              Proceedings                          9

 1          THE COURT:  Okay.  To the extent that the
 2   amended complaint would simply add new causes of action
 3   for infringement, would there be an objection to that?
 4          MS. WOLFF:  Not on the face of it.
 5          THE COURT:  Okay.  All right.  So it's really
 6   about adding Alamy UK.  You want two weeks.  Okay, when
 7   do you want to respond?
 8          MS. WOLFF:  Two weeks later.
 9          THE COURT:  All right, folks.  I won't --
10          MS. WOLFF:  It --
11          THE COURT:  No, look, it -- this is something,
12   quite honestly, you could bring to bear all of the
13   arguments you need to, you know the law well enough.  We
14   could all -- -- we could get this done today.  But if you
15   want to take two weeks on your side, and two weeks on
16   your side, I will absolutely let you do it.
17          MR. COWLEY:  May I identify one other issue
18   that affects timing?
19          THE COURT:  Yeah, of course.
20          MR. COWLEY:  The alter ego ground of the
21   amended complaint against Almay Ltd. will be impacted
22   significantly by the fact that almost everything of
23   relevance was designated attorney's eyes only.  So I
24   believe we need to go through a process before I could
25   file it with the Court of serving it on the other side,
```

```
                                                              10
                            Proceedings
```

1  getting an agreed upon redaction or presenting to the
2  Court disagreements about redaction before I could even
3  put it up on the system.  That's one of my concerns is I
4  have to turn it around and each --
5              THE COURT:  Well, you said wait, are you
6  contending that an attorney's eye's only disclosure would
7  prevent them from filing something under seal?
8              MS. WOLFF:  No.
9              THE COURT:  Okay.  So that won't keep you from
10 putting it on the system, and --
11             MS. WOLFF:  Okay.
12             THE COURT:  -- look, things that are filed,
13 particularly complaints, should be available to the
14 public, and of course if there's something that you think
15 applicable law allows to be -- you know, if there's some
16 judicial document within the meaning of the case law that
17 applicable law allows to be shielded from public
18 scrutiny, notwithstanding the presumption to the
19 contrary, of course, I will hear you on this.  So file
20 under seal.  Try to agree on publicly filed redacted
21 version that honors as much as possible the public's
22 right to access judicial documents, and to the extent
23 anything remains sealed, I will ask you to justify it.
24             MR. COWLEY:  Your Honor, wasn't anticipating
25 that.  I thought what I was anticipating from experiences

```
                                                                  11
                            Proceedings
 1   in other situations, not with this court, was that we
 2   needed a redacted version to place up when we filed.  I
 3   could file under seal in a week.
 4              THE COURT:  Okay.  All right.  So the motion to
 5   amend with the proposed complaint on September 30th.  Do
 6   you really need two weeks to respond to a letter motion
 7   to amend?
 8              MS. WOLFF:  I think there's a lot of time out
 9   of court next week, that week, because of the Jewish
10   holidays.  I believe.
11              THE COURT:  You want those extra two days for
12   Rosh Hashanah?
13              MS. WOLFF:  Yeah.
14              THE COURT:  Okay.  So that will get you to
15   October 9th, which would allegedly get it done before the
16   start of the Yom Kippur holiday.
17              MS. WOLFF:  Right.  Okay.  And work together on
18   a version of each submission suitable for redaction.
19              THE COURT:  Okay.  So if we're doing that, I
20   will -- I take it you all agree that we should table the
21   issue of the 30(b)(6) continuation?
22              MS. WOLFF:  Correct.
23              MR. COWLEY:  Yes, your Honor.
24              THE COURT:  All right.  Well, what else are we
25   in a position to take up now, given the motion to amend.
```

                                                                  12
                          Proceedings

1              MR. COWLEY:  The other request that I had in
2    our section of the joint status conference was permission
3    to file a request to be reimbursed for one of the two
4    days of designees.  This Court had before it for a couple
5    of status conferences, a dispute about whether the
6    designee originally told to us to be one person, would be
7    produced in New York as noticed, or only in London.  You
8    asked us to work it out, and we came back with a
9    compromise, that it would be a very limited deposition of
10   the person in London who could only testify about those
11   issues, and I believe it was something like 25 topics by
12   someone in New York.
13             4 p.m., the evening before the deposition of
14   the person in New York, I was told that flipped on its
15   head, the person in London would do 25 topics, the person
16   in New York would have six, two for herself, and four
17   that she would share -- four or five that she would
18   share, speaking to those issues only as to Alamy Ltd.
19             At the end of the day, your Honor, there was
20   one topic on which that witness testified with any
21   knowledge --
22             THE COURT:  This is Shillessy (ph).
23             MR. COWLEY:  -- literally said I had no idea I
24   was even appointed.
25             THE COURT:  Shillessy is the fellow in London.

```
                                                                  13
                          Proceedings
1            MR. COWLEY:  Mr. Shillessy is the London
2   - based --
3            THE COURT:  Okay, who is the New York one?
4            MR. COWLEY:  Ms. Siremeber (ph.).
5            THE COURT:  Okay, right.  And she is the one
6   who disclaimed sufficient knowledge.
7            MR. COWLEY:  I mean it was an utterly --
8            THE COURT:  Okay.
9            MR. COWLEY:  -- the deposition was set up so
10  that someone from Alamy Inc. was supposed to be coming to
11  testify about Alamy Inc.'s role originally.
12           THE COURT:  May I ask a question though, it
13  strikes me that this -- it's hard to assess this issue
14  without also really deciding the other one, and I thought
15  when you were saying table the 30(b)(6), we were tabling
16  this issue, as well.
17           MR. COWLEY:  If as long as we reserve our right
18  to ask because I believe that it was a significant
19  investment in a deposition that was designed to do
20  nothing.
21           THE COURT:  Perhaps, but if that's the case,
22  that would -- a ruling on that contention would also
23  really bear on the other, so let's take all that up
24  later, and you'll reserve your rights.
25           I do think since Mr. Shillessy's schedule had
```

14

Proceedings

1 been somewhat of an issue for the first one, it would
2 make a lot of sense on your side to work with him about
3 his schedule into October, November, in the event I
4 decide that the plaintiff is entitled to relief on this
5 because one possible outcome, and I just don't want
6 scheduling to be an obstacle to reaching it, is that he's
7 going to testify in New York.
8 So in the event that's the rule, and just start
9 working out a schedule, so that that is -- and so that
10 his schedule won't stand in the way of that, okay?  Very
11 good.
12 All right, so anyone want oral argument on the
13 motion to amend?
14 MR. COWLEY:  I believe it could be resolved on
15 the papers.
16 THE COURT:  I assume so but if anyone wants to
17 be heard.
18 MS. WOLFF:  The papers should be sufficient.
19 THE COURT:  Okay.  So I will take it on
20 submission.  It will be fully briefed by the 9th.  One
21 way or another we're going to have to plan for the
22 remainder of pretrial litigation.  So let's have a date
23 in late October.
24 THE CLERK:  We can do Friday, October 25th at
25 11:30.

```
                                                                   15
                          Proceedings
 1              THE COURT:  Okay.  All right.  So --
 2              MR. COWLEY:  I'm available, your Honor, on the
 3   25th.
 4              THE COURT:  Okay.  Any problem on the defense
 5   side that date?
 6              MS. WOLFF:  I can make that work.  I'm
 7   typically not in New York on Fridays, but --
 8              THE COURT:  All right.  If you can make that
 9   work that would be wonderful.  All right.  So I will see
10   you then, and in the meantime I will report to your
11   papers on the motion to amend.  Anything else we can take
12   up today?
13              MR. COWLEY:  If I could just ask you to repeat
14   the time.
15              THE COURT:  11:30.
16              MR. COWLEY:  Thank you.
17              THE COURT:  Anything else that we makes sense
18   for us to discuss today?
19              MR. COWLEY:  Nothing further from the
20   plaintiff, your Honor.
21              MS. WOLFF:  No, your Honor.
22              THE COURT:  Okay, thank you both.  Thank you,
23   all.  Have a very good day.
24                     (Matter Concluded)
25                          -o0o-
```

16

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **1st** day of **February**, 2020.

*Linda Ferrara*
Linda Ferrara

AAERT CET 656
Transcriptions Plus II, Inc.