UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL GRECCO PRODUCTIONS, INC.,

                Plaintiff,

      v.

ALAMY INC. and ALAMY LTD,

                Defendants.

Case No. 18 Civ. 03260 (PKC) (JO)

# ALAMY INC.'S AND ALAMY LTD.'S JOINT ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Alamy Inc. ("US Alamy") and defendant Alamy Ltd. ("UK Alamy," together with US Alamy, the "Defendants"), by their undersigned counsel, hereby jointly answer the amended complaint of plaintiff Michael Grecco Productions, Inc. ("Plaintiff") in this action, dated October 1, 2019 (Dkt. No. 57) (the "Amended Complaint"), as follows:

## NATURE OF THE ACTION

1. Defendants state that the allegations in Paragraph 1 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 1, except admit that this is a civil action in which Plaintiff seeks damages for claims arising under the Copyright Act, 17 U.S.C. §§ 106, 501, and 1202.

## JURISDICTION AND VENUE

2. Defendants state that the allegations in Paragraph 2 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 2, except admit that this is a civil action in which Plaintiff seeks

damages and injunctive relief for claims arising under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and as such, this Court has subject matter jurisdiction over such claims.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants state that the allegations in Paragraph 4 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 4, except admit that US Alamy maintains a place of business in Brooklyn, New York.

5. Defendants state that the allegations in Paragraph 5 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 5.

6. Defendants state that the allegations in Paragraph 6 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 6.

7. Defendants state that the allegations in Paragraph 7 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 7.

## PARTIES

8. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore deny same.

9. Defendants admit the allegations in Paragraph 9.

10. Defendants admit the allegations in Paragraph 10.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF[1]

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore deny same.

12.     Defendants state that the allegations in Paragraph 12 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 12 (including that US Alamy operates the website located at the URL www.alamy.com (the "UK Alamy Website")), except admit that UK Alamy owns and operates the UK Alamy Website, which makes content uploaded by third-party photographers, illustrators, videographers, and image collectors available for license.

13.     Defendants admit the allegations in Paragraph 13.

14.     Defendants state that the allegations in Paragraph 14 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 14, and state that allegations in Paragraphs 14(i-vii) do not support the contention set forth in Paragraph 14.

  i. Defendants state that the allegations in Paragraph 14(i) contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 14(i) and deny that the allegations in Paragraph 14(i) demonstrate Plaintiff's contention set forth in Paragraph 14 above;

  ii. Defendants state that the allegations in Paragraph 14(ii) contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 14(ii),

---

[1] To the extent any of the italicized section headings in the Amended Complaint contain factual allegations, Defendants deny each and every such allegation.

3

  and deny that the allegations in Paragraph 14(ii) demonstrate Plaintiff's contention set forth in Paragraph 14 above.

iii. Defendants state that the allegations in Paragraph 14(iii) contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 14(iii), and deny that the allegations in Paragraph 14(iii) demonstrate Plaintiff's contention set forth in Paragraph 14 above;

iv. Defendants state that the allegations in Paragraph 14(iv) contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 14(iv), and deny that the allegations in Paragraph 14(iv) demonstrate Plaintiff's contention set forth in Paragraph 14 above;

v. Defendants state that the allegations in Paragraph 14(v) contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 14(v), and deny that the allegations in Paragraph 14(v) demonstrate Plaintiff's contention set forth in Paragraph 14 above;

vi. Defendants state that the allegations in Paragraph 14(vi) contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 14(vi), deny that the allegations in Paragraph 14(vi) demonstrate Plaintiff's contention set forth in Paragraph 14 above;

    vii. Defendants state that the allegations in Paragraph 14(vii) contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 14(vii), and deny that the allegations in Paragraph 14(vii) demonstrate Plaintiff's contention set forth in Paragraph 14 above; and

15. Defendants deny the allegations in Paragraph 15, repeat and reallege the responses set forth in Paragraphs 14(i-vii) above as if set forth herein, and state that the allegations in Paragraphs 15(i-v) do not support the contention set forth in Paragraph 15.

    i. Defendants deny the allegations in Paragraph 15(i), deny that the allegations in Paragraph 15(i) demonstrate Plaintiff's contention set forth in Paragraph 15 above, and aver that US Alamy's By-Laws speaks for itself, and respectfully refer to such document for a full and accurate statement of its contents;

    ii. Defendants deny the allegations in Paragraph 15(ii), except admit that US Alamy has not appointed a Vice President, but aver that it appointed a Vice President of Credit Cards in 2010 to handle certain financial aspects of the company, and further deny that the allegations in Paragraph 15(ii) demonstrate Plaintiff's contention set forth in Paragraph 15 above, and further aver that US Alamy's By-Laws speaks for itself, and respectfully refer to such document for a full and accurate statement of its contents;

    iii. Defendants deny the allegations in Paragraph 15(iii), except admit that US Alamy's General Manager reports to an employee at UK Alamy, Alan Capel; aver that Alan Capel reports to James West, the President of US

5

Alamy; further aver that James West's role of President of US Alamy is equivalent to the position of Chief Executive Officer; and further deny that the allegations in Paragraph 15(iii) demonstrate Plaintiff's contention set forth in Paragraph 15 above;

    iv. Defendants deny the allegations in Paragraph 15(iv), aver that offices are available for use by US Alamy officers in New York, and further deny that the allegations in Paragraph 15(iv) demonstrate Plaintiff's contention set forth in Paragraph 15 above; and

    v. Defendants deny the allegations in Paragraph 15(v), aver that US Alamy employees have debit cards for certain office expenses, and deny that the allegations in Paragraph 15(v) demonstrate Plaintiff's contention set forth in Paragraph 15 above.

16. Defendants deny the allegations in Paragraph 16, except admit that invoices for sales consummated within the United States are issued with US Alamy's name on them and revenue for United States sales are directed to US Alamy's bank account.

17. Defendants deny the allegations in Paragraph 17, except admit that the UK Alamy Website is geo-targeted so that the website defaults to the license agreement applicable to the country in which a user is located when a sale is consummated, but aver that the license agreements applicable to other countries are available as well.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19, except admit that, as is customary, once Plaintiff brought to UK Alamy's attention that the license terms available to United States consumers on the UK Alamy Website did not reflect the commercial realities of UK Alamy's

business, it updated the license terms, and Defendants respectfully refer to the license agreement available on its website for a full and accurate statement of its contents.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21, except admit that a "sales distribution fee" is calculated to leave a three percent profit to US Alamy, with UK Alamy receiving a percentage of sales and revenues from United States sales so that it can pay third-party contributors for content, as well as allocate costs to other services, such as website hosting.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23, except admit that UK Alamy facilitates the transfer of a percentage of sales and revenues from United States sales so that it can pay third-party contributors for content, as well as allocate costs to other services, such as website hosting.

24. Defendants deny the allegations in Paragraph 24, except admit that UK Alamy receives a percentage of revenue from United States sales made by credit card so that it can pay third-party contributors for content, as well as allocate costs to other services, such as website hosting.

25. Defendants deny the allegations in Paragraph 25, and aver that the presence of US Alamy leads overall to more taxation, not less.

26. Defendants state that the allegations in Paragraph 26 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27, except admit that UK Alamy receives a percentage of revenue from United States sales so that it can pay third-party contributors for content, as well as allocate costs to other services, such as website hosting.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in paragraph 30, except admit that UK Alamy has a distribution agreement with Superstock, but aver that such agreement is only potentially relevant with respect to one image at issue, of Bob Marley; UK Alamy did not obtain any of the other allegedly infringed photographs at issue in this case from Superstock.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and therefore deny same.

32. Defendants deny the allegations in Paragraph 32, and state that UK Alamy obtained digital files from Superstock containing numerous photographic images, including some photographic images purportedly owned by Plaintiff; however, UK Alamy did not obtain the images at issue (excluding the Bob Marley photograph) from Superstock. UK Alamy further states that it is apparent on the face of the printouts or screenshots attached to the Amended Complaint as Exhibit C that third-party contributors other than Superstock supplied the images to UK Alamy, and respectfully refers the Court to such exhibit for a full and accurate statement of its contents. *See, e.g.*, Am. Cplt., Exh. C at pp. 7, 39, 43 (identifying "A.F. Archive," "United Archive," and Fox Films, respectively, as contributors).

33. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and therefore deny same.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and therefore deny same.

35. Defendants admit that they were informed by Superstock of the termination of the agreements at issue, but deny the remaining allegations in Paragraph 35, including the implication that Defendants did not comply with any takedown requests by Superstock or that Defendants reproduced, displayed, distributed, offered to license, or otherwise used any the photographs at issue provided by Superstock following the end of the Survival Term.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants state that the allegations in Paragraph 37 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 37.

38. Defendants state that the allegations in Paragraph 38 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in the first sentence of Paragraph 39, and lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that the photographs at issue (the "Allegedly Infringed Photographs") are "created and owned by Plaintiff," and therefore deny same. Defendants further state that the Allegedly Infringed Photographs attached to the Amended Complaint as Exhibit A speak for themselves, and respectfully refer the Court to such exhibit for a full and accurate statement of its contents and deny any mischaracterization thereof.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 and therefore deny same. Defendants further state that

9

the copyright registration certificates attached to the Amended Complaint as Exhibit B speak for themselves, and respectfully refer the Court to such exhibit for a full and accurate statement of its contents and deny any allegation in Paragraph 40 inconsistent therewith.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 and therefore deny same.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 and therefore deny same.

43.     Defendants state that the allegations in Paragraph 43 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.  Defendants state that the screenshots or printouts attached to the Amended Complaint as Exhibit C speak for themselves, and respectfully refer the Court to such exhibit for a full and accurate statement of its contents.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

## FIRST CLAIM FOR RELIEF
### Direct Copyright Infringement – Both Defendants
### (17 U.S.C. § 101 *et seq*.)

49.     Defendants repeat and reallege the responses set forth in Paragraphs 1 through 48 as if fully set forth herein.

50.     Defendants state that the allegations in Paragraph 50 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants

10

lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore deny same.

51. Defendants state that the allegations in Paragraph 51 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations deny the allegations in Paragraph 51.

52. Defendants state that the allegations in Paragraph 52 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants state that the allegations in Paragraph 56 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 56.

57. Defendants state that the allegations in Paragraph 57 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 57

58. Defendants state that the allegations in Paragraph 58 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 58.

59. Defendants state that the allegations in Paragraph 59 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 59.

60. Defendants state that the allegations in Paragraph 60 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 60.

## SECOND CLAIM FOR RELIEF
### Violation of the Digital right Act – Both Defendants
### (17 U.S.C. § 1202)

61. Defendants repeat and reallege the responses set forth in Paragraphs 1 through 60 as if fully set forth herein.

62. Defendants state that the allegations in Paragraph 62 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 62.

63. Defendants state that the allegations in Paragraph 63 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 63.

64. Defendants state that the allegations in Paragraph 64 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 64.

65. Defendants state that the allegations in Paragraph 65 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 65

66. Defendants state that the allegations in Paragraph 66 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 66.

67. Defendants state that the allegations in Paragraph 67 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 67.

68. Defendants state that the allegations in Paragraph 68 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 68.

**THIRD CLAIM FOR RELIEF**
**Indirect Copyright Act – Alamy, Ltd.**
**(17 U.S.C. § 101 *et seq*.)**

69. Defendants repeat and reallege the responses set forth in Paragraphs 1 through 68 as if fully set forth herein.

70. Defendants state that the allegations in Paragraph 70 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants state that the allegations in Paragraph 73 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 73.

74. Defendants state that the allegations in Paragraph 74 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 74.

75. Defendants state that the allegations in Paragraph 75 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 75.

76. Defendants state that the allegations in Paragraph 76 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 76.

77. Defendants state that the allegations in Paragraph 77 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 77.

78. Defendants state that the allegations in Paragraph 78 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the allegations in Paragraph 78

## **PRAYER FOR RELIEF**

Plaintiff's Prayer for Relief does not necessitate a responsive pleading, but Defendants deny that Plaintiff is entitled to any of the relief sought therein.

## **DEFENDANTS' AFFIRMATIVE DEFENSES**

Defendants make the following allegations as affirmative defenses against the claims asserted against them without admitting that they bear the burden of persuasion or presentation of evidence on each or any of these matters, and without waiving the right to assert and rely upon other defenses that become available or appear during the course of this action.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim as to US Alamy because it did not engage in the conduct at issue; it does not own, maintain, or operate the UK Alamy Website nor does it upload images to such website.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the statutory immunity granted to services providers under the Online Copyright Infringement Liability Limitation Act, 17 U.S.C. § 512.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to sue because it does not validly own the copyright rights in some or all of the photographs at issue. Upon information and belief, third-party production companies, including, but not limited to, Twentieth Century Fox Film Corporation, Fox Broadcasting Company, and/or Universal Television Enterprises, validly own the copyright rights in certain of the photographs at issue.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to sue because the asserted copyright registrations are defective or otherwise invalid.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent any copyright has been infringed, which Defendants deny, Defendants' actions were innocent and non-willful, and Plaintiff fails to identify any facts supporting its allegations of willfulness.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent any copyright has been infringed, which Defendants deny, Plaintiff has suffered no damages, or has suffered, at most, *de minimis* damages, as the reasonable license fee for use of any of the photographs at issue is minimal, given the licensing rate for photographs purportedly taken and/or owned by Plaintiff is less than $100.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent any copyright has been infringed, which Defendants deny, Plaintiff failed to mitigate its damages, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered damages as a result of any act or omission by Defendants or attributable to Defendants.

**NINTH AFFIRMATIVE DEFENSE**

To the extent any copyright has been infringed, which Defendants deny, Plaintiff is not entitled to statutory damages under the Copyright Act.

**TENTH AFFIRMATIVE DEFENSE**

To the extent any copyright has been infringed, which Defendants deny, Plaintiff is not entitled to an award of attorneys' fees under 17 U.S.C. § 505 in light of, *inter alia*, Defendants' reasonable defenses.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or acquiescence.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations and/or laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### FIFTEENTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over UK Alamy under New York's long-arm statute.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants had an implied license to use the photographs at issue, including to copy, display, distribute, license, or offer them for license.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, as follows:

a. Denying all relief sought by Plaintiff in the Amended Complaint;

b. Dismissing the Amended Complaint in its entirety with prejudice;

c. Declaring that Defendants have not infringed any of Plaintiff's copyrights;

d. Finding that Plaintiff is not entitled to damages or attorney's fees;

e. Awarding Defendants their costs, including reasonable attorneys' fees in accordance with 17 U.S.C. § 505; and

f. Granting all such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: New York, New York  
   March 27, 2020

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

By:   /s/ Nancy E. Wolff    
 Nancy E. Wolff  
 Lindsay R. Edelstein  
 41 Madison Avenue, 38th Floor  
 New York, New York 10010  
 Tel.: (212) 974-7474  
 Fax: (212) 974-8474  
 nwolff@cdas.com  
 ledelstein@cdas.com

*Attorneys for Defendants Alamy Inc. and Alamy Ltd.*