

| | | |
|---|---|---|
| NEW YORK<br>LONDON<br>SINGAPORE<br>PHILADELPHIA<br>CHICAGO<br>WASHINGTON, DC<br>SAN FRANCISCO<br>SILICON VALLEY<br>SAN DIEGO<br>LOS ANGELES<br>TAIWAN<br>BOSTON<br>HOUSTON<br>AUSTIN<br>HANOI<br>HO CHI MINH CITY | *FIRM and AFFILIATE OFFICES*<br><br>STEVEN M. COWLEY<br>DIRECT DIAL: +1 857 488 4261<br>PERSONAL FAX: +1 857 401 3090<br>E-MAIL: SMCowley@duanemorris.com<br><br>www.duanemorris.com | SHANGHAI<br>ATLANTA<br>BALTIMORE<br>WILMINGTON<br>MIAMI<br>BOCA RATON<br>PITTSBURGH<br>NEWARK<br>LAS VEGAS<br>CHERRY HILL<br>LAKE TAHOE<br>MYANMAR<br>OMAN<br>*A GCC REPRESENTATIVE OFFICE<br>OF DUANE MORRIS*<br><br>ALLIANCES IN MEXICO<br>AND SRI LANKA |

June 9, 2020

**VIA ECF**

Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers S1227
Brooklyn, New York 11201

      Re:   *Michael Grecco Productions, Inc. v. Alamy Inc.*, 18-cv-3260-PKC-JO

Dear Judge Orenstein:

      Pursuant to Your Honor's Individual Rule II.A, undersigned counsel for plaintiff Michael Grecco Productions, Inc. ("MGPI") and defendants Alamy Inc. ("US Alamy") and Alamy Ltd. ("UK Alamy," together with US Alamy, the "Defendants"), respectfully submit this joint letter to request an extension of the deadline for "[a]ll discovery, including all expert disclosures under Rule 26(a)(1)" from July 1, 2020 to September 1, 2020. See Dkt. No. 83 (Second Amended Case Management and Scheduling Order (the "Order"), dated March 27, 2020).

      Under Section V.c of the Order, a request for an extension of any deadline submitted less than 30 days before that deadline will not be granted "absent extraordinary circumstances." Id. Given the unprecedented COVID-19 crisis, the states of emergency declared in New York, Massachusetts, California, and the United Kingdom,[1] and the related mandates that the parties' employees and outside counsel work from home along with travel bans prohibiting travel by counsel and the parties' representatives without extended periods of self-quarantine have

---

[1] The Plaintiff and its employees reside in California; Plaintiff's counsel live and work in Massachusetts, Connecticut and New York; Alamy US and its employees largely reside in New York; Alamy UK and its employees reside in the United Kingdom; and Defendants' counsel reside and work in New York and Pennsylvania. While each of these jurisdictions has its own set of pandemic-related orders and rules in effect, all have severely limited access to the parties' and counsel's offices between the date of the Order and this request.



Honorable James Orenstein
June 9, 2020
Page 2

prevented the parties from taking any of the necessary depositions, and slowed the completion of document production for those documents that require access to the parties' or counsel's offices to prepare and produce. The combination of these impediments create the "extraordinary circumstances" underlying this request.

At the time the parties' requested the deadline extension resulting in the Order, they anticipated that restrictions associated with the COVID-19 outbreak would relax sufficiently by the end of May such that the parties and their counsel would have the access to their respective offices to be in a position to perform all the necessary preparation work and complete depositions in June. That did not happen. Instead, counsel for the Plaintiff learned last week (on Thursday, June 4, 2020) that they will have very limited access their offices for the first time on June 15, but no staff will be permitted to return and attorneys will not obtain access to the offices for regular schedules until July 1, 2020. Similarly, Defendants' firm does not have a definitive plan for staff and attorneys to return to the office in the near future.

Accordingly, beginning on July 1, 2020, the Plaintiff and counsel will be in a position to access documents that have not been available remotely to complete production and begin preparing materials for depositions for the first time since the Order entered and no date certain has been announced as to when counsel for Defendants, or its clients, will have an opportunity to access documents that are not available remotely. The Parties believe the requested extension will permit them to complete the necessary preparation work and depositions, including any expert disclosures and depositions, by the new discovery completion deadline.

Since the issuance of the Order, the parties have diligently and cooperatively engaged in discovery, including the ongoing production of documents that have been available to the parties and counsel remotely on a rolling basis.

All parties consent to this request, which is the second request for a postponement of the discovery deadline since the Court's November 13, 2019 order establishing a schedule for comprehensive discovery on the merits and related pre-trial deadlines [Dkt. No. 67]. If the adjournment of the discovery completion deadline is granted, the parties jointly propose the following deadlines for additional pretrial events that will be impacted:

| | |
|---|---|
| Pretrial Conference (ex parte statements of settlement position due via email two business days in advance) | September 15, 2020, at 10:30 a.m. |
| Dispositive motion process started by: | September 30, 2020 |
| Joint pretrial order due by: | October 30, 2020 |

DM2\12705155.1



Honorable James Orenstein
June 9, 2020
Page 3

      We thank the Court for its continued attention to this matter.

                                         Respectfully,

                                         */s/ Steven M. Cowley*
                                         Steven M. Cowley

cc: All counsel of Record (via ECF)

DM2\12705155.1