

| | | |
|---|---|---|
| NEW YORK<br>LONDON<br>SINGAPORE<br>PHILADELPHIA<br>CHICAGO<br>WASHINGTON, DC<br>SAN FRANCISCO<br>SILICON VALLEY<br>SAN DIEGO<br>LOS ANGELES<br>TAIWAN<br>BOSTON<br>HOUSTON<br>AUSTIN<br>HANOI<br>HO CHI MINH CITY | *FIRM and AFFILIATE OFFICES*<br><br>STEVEN M. COWLEY<br>DIRECT DIAL: +1 857 488 4261<br>PERSONAL FAX: +1 857 401 3090<br>*E-MAIL:* SMCowley@duanemorris.com<br><br>*www.duanemorris.com* | SHANGHAI<br>ATLANTA<br>BALTIMORE<br>WILMINGTON<br>MIAMI<br>BOCA RATON<br>PITTSBURGH<br>NEWARK<br>LAS VEGAS<br>CHERRY HILL<br>LAKE TAHOE<br>MYANMAR<br>OMAN<br>*A GCC REPRESENTATIVE OFFICE*<br>*OF DUANE MORRIS*<br><br>ALLIANCES IN MEXICO<br>AND SRI LANKA |

August 24, 2020

**VIA ECF**

Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers S1227
Brooklyn, New York 11201

      Re:    *Michael Grecco Productions, Inc. v. Alamy Inc.*, 18-cv-3260-PKC-JO

Dear Judge Orenstein:

      I write on behalf of Plaintiff Michael Grecco Productions, Inc. ("Plaintiff"), pursuant to Your Honor's Individual Rule IV.A., to request an order requiring Defendants Alamy Inc. and Alamy Ltd. (collectively, the "Defendants") to produce (1) relevant documents the Defendants refuse to produce; and (2) documents that Defendants have not yet confirmed whether they will produce more than a month after their objections were challenged. Counsel for the parties conferred regarding Defendants' objections and outstanding responses on July 2, 2020 and August 4, 2020, but Plaintiff submits this letter to address the unresolved production issues.[1] Copies of Defendants' responses setting forth the requests and objections at issue are enclosed as Exhibit A.

      In response to several requests, Defendants have outright refused to produce documents that directly relate to Defendants' affirmative defenses to Plaintiff's copyright infringement and DMCA claims, including lack of personal jurisdictional over one Defendant and improper venue, and Plaintiff's *alter ego* claim challenging the foundation of those defenses. Defendants have asserted unreasonable and invalid objections to producing documents responsive to Plaintiff's requests, including two misguided attempts to limit Plaintiff's right to obtain relevant documents based on their unfounded position that they will only respond to interrogatories.

---

[1] Upon amending its Complaint and naming Alamy Ltd. as an additional defendant, Plaintiff served Alamy Ltd. its *first* requests for production of documents and served *second* requests for production of documents on Alamy Inc. simultaneously on February 7, 2020. Although the requests and Defendants' respective responses at issue are the same, they appear in two separate sets of requests and are numbered differently. Accordingly, primary reference will be made to the Alamy Ltd. set of requests, with references to an Alamy Inc. request where there is no Alamy Ltd. companion. A table identifying the corresponding requests is attached as Exhibit B.

Honorable James Orenstein
August 24, 2020
Page 2



**Documents Relating To The *Alter Ego* Issue**.  Throughout this litigation, Defendants have steadfastly maintained that Alamy Inc. is not responsible for the alleged infringement of the twenty-four Copyrighted Works at issue because the website on which the infringing images were displayed is owned by Alamy Ltd., while also arguing that Alamy Ltd. is not subject to this Court's personal jurisdiction.  Plaintiff, therefore, seeks to explore the relationship between Alamy Inc. and Alamy Ltd., particularly, the discretion exercised by Alamy Ltd. and its employees over Alamy Inc.'s operations.  *See* Amended Complaint ¶¶69-78.  For example, although Defendants contend that Alamy Inc. does not have any responsibility for the website, including any infringement resulting from the unauthorized display of images displayed on and licensed from the website, evidence produced during the first phase of discovery reveals that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████  Accordingly, several of the requests seek discovery as to the facts and circumstances surrounding ███████████████████████████████████████ as well as evidence of the overlapping management of the two companies, including the maintenance of Alamy Inc.'s computer network, the compensation of Alamy Inc.'s employees, and the identification of the individual employees involved in those decisions.  Defendants have either categorically refused to produce any documents or failed to indicate whether they will produce responsive documents or not.

The unexplained nature of Defendants' ████████████████████████████████████████████████████████████████████ is directly relevant to which affiliate the Defendants treat (for tax purposes and perhaps other reasons) as earning the revenue from customers' use of the website, and whether there is truly a legitimate corporate distinction between the two Defendants.  *See Uebler v. Boss Media AB*, 432 F. Supp. 2d 301, 304 (E.D.N.Y. 2006); *see also Jesselson v. Lasertechnics, Inc.*, 1997 WL 317355, *3 (S.D.N.Y. June 12, 1997) ("[a] corporation's continuous and systematic exercise of supervisory powers within New York may be a basis for exerting personal jurisdiction over that corporation under CPLR § 301.").  The requests seeking evidence to look behind the convoluted system of ████████████████████████████████████████████████████ are designed and intended to look behind Defendants' insistence that holding ownership of the website in Alamy Ltd.'s names absolves Alamy Inc. of all liability for its unauthorized licensing and collection of license fees for Plaintiff's copyrighted works (and the other images displayed on the website)  The requests directed to these issues are, 89, 90, 93-96, 99, 100, and 107.  Plaintiff has agreed to limit the scope of requests 89, 90, 93-96 to just the responsive employees' official title and job description as they appear in Defendants' internal human resources files.  Defendants, however, refuse to produce anything in response to these requests.

**Documents Relating To Alamy Inc.'s Share of Alamy Ltd.'s Total Revenues**. As stated above, the attribution ████████████████████████████████████████████████████████████ contradicts Defendants' argument that Alamy Inc. has no responsibility for what occurs on the website.  In

Honorable James Orenstein
August 24, 2020
Page 3



requests 72, 73, 77, and 78, Plaintiff seeks evidence that will quantify the amount of business Alamy Ltd. conducts in the United States ███████████████████████████████████████████, and its revenue recognition policies and practices that serve Alamy Ltd.'s corporate tax goals and other purposes. These Requests also are relevant to a determination of statutory damages, because the financial status of an infringer is material to the element of deterrence and the financial data concerning revenue ███████████████████████████████████████████ is necessary to establish a realistic comparison profits number (Defendants prefer to identify only profits earned from ███████████████████████████████████████████, which may turn out to be a small percentage of Defendants' total business). Plaintiff agreed to narrow its Requests to financial reports showing revenues, expenses, profits, losses, assets and liabilities, and ███████████████████████████ ███████████████████████████ and forego tax returns if those reports exist. Defendants, however, refuse to produce anything in response to these Requests, even if narrowed.

**Documents Relating To Choice Of Venue**. In their Answer to the Amended Complaint, Defendants deny that venue properly lies with this Court and deny that Alamy Ltd. is subject to this Court's personal jurisdiction. *See* Answer to Amended Complaint ¶7 and Fifteenth Affirmative Defense at p. 17. Plaintiff addresses these defenses by seeking evidence to establish where Defendants transact business in the United States, specifically Requests 79, 80, and 81. Plaintiff's Requests are not objectionable on either burden or relevancy grounds. Plaintiff's counsel offered that if Defendants will agree to produce documents in response to one of the requests it would potentially satisfy the others. For instance, copies of short form state tax returns in response to Request 79 or copies of certificates where Defendants are registered to do business would satisfy Request 81, which seeks documents identifying each state where Alamy Inc. transacts business. But Defendants make a blanket refusal to produce anything in response to these Requests, impairing Plaintiff's ability to respond to their challenges to venue and Alamy Ltd.'s personal jurisdiction in this forum (by showing that most, if not all, business conducted by Alamy Inc. – and therefore Alamy Ltd.'s business with Alamy Inc. – is conducted in this judicial district).

Additionally, after conferring twice, Defendants represented they would confer and decide whether to supplement their responses to several requests, including Requests 91-101 and 103-104 and Alamy Inc. Request 30, which Plaintiff has already clarified does not seek the production of documents referencing or created as a result of this litigation. A month later, however, Plaintiff has not received confirmation of Defendants' agreement to supplement their production in response to these Requests and the deadline to complete fact discovery is upon us. To the extent Defendants do not respond to the relief sought in this letter and voluntarily produce documents responsive to these requests, Plaintiff respectfully requests the Court also compel supplementation of Defendants' responses to Requests 91-101 and 103-104 and Alamy Inc. Request 30.

Respectfully,

/s/ Steven M. Cowley

DM2\12964613.5