# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL GRECCO PRODUCTIONS, INC.,

                    Plaintiff,

          v.                                        Case No. 18 Civ. 03260 (PKC) (JO)

ALAMY INC. and ALAMY LTD.,

                    Defendants.

**ALAMY LTD.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

          Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), and

the Local Rules of the United States District Court for the Eastern District of New York ("Local

Rules"), defendant Alamy Ltd. ("UK Alamy") hereby objects and responds to plaintiff Michael

Grecco Productions, Inc. ("Plaintiff") First Set of Requests for the Production of Documents, dated

February 7, 2020 (each, a "Request" and, collectively, the "Requests") as follows:

**GENERAL OBJECTIONS**

          UK Alamy makes the following General Objections to the Requests.  To the extent that

one or more of these General Objections are applicable to a specific Request, such General

Objections are incorporated therein by reference.  The assertion of the same, similar, or additional

objections in response to a specific Request does not waive any of UK Alamy's General

Objections:

          1.          UK Alamy objects to each Request, and to each of the definitions and instructions

included in the Requests, to the extent they require that UK Alamy create documents not already

in existence, process documents in a manner outside UK Alamy's ordinary course of business, or

purport to impose other obligations beyond, or inconsistent with, those imposed by the Federal Rules or the Local Rules, or any other applicable statute, regulation, rule, or court order.

2.      UK Alamy objects to each Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

3.      UK Alamy objects to each Request as being vague, ambiguous, overly broad, unduly burdensome, and not limited in time or scope.

4.      UK Alamy objects to each Request to the extent that it purports to require production of documents that are not within UK Alamy's possession, custody or control.  UK Alamy will produce responsive documents only with respect to information or documents within its possession, custody, and/or control.

5.      UK Alamy objects to each Request as unduly burdensome to the extent that it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff (including, but not limited to, because of either Defendants' prior production of such documents to Plaintiff), or contained in public records or otherwise in the public domain and/or accessible to all parties.

6.      UK Alamy objects to each Request to the extent that it seeks documents prepared in anticipation of litigation or otherwise protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  UK Alamy does not waive, and intends to preserve, any applicable privilege.  Any production of such documents shall have been inadvertent, and shall not constitute waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure.

7.      UK Alamy objects to each Requests to the extent that it assumes disputed facts or legal conclusions in defining the documents requested.  UK Alamy denies any such disputed facts

or legal conclusions to the extent assumed by each Request.  Any response or objection by UK Alamy to any such Request is without prejudice to this objection.

8.     UK Alamy objects to each Request to the extent that it seeks documents subject to a confidentiality obligation owed to any non-party to this lawsuit.  UK Alamy will attempt to obtain permission of any such non-party to disclose the requested documents.  With respect to any non-party that does not provide to UK Alamy permission to disclose such documents, UK Alamy will provide the identity of such non-party and a description of the documents in UK Alamy's custody, possession or control sufficient to allow UK Alamy to request the documents directly from such non-party (or permission for UK Alamy to disclose such information).

9.     UK Alamy objects to each Request as overbroad in geographical scope to the extent that it seeks production of documents existing outside the United States.

10.    UK Alamy objects to each Request to the extent that it seeks the production of documents that constitute or contain confidential or proprietary information belonging to UK Alamy.  UK Alamy will produce documents or information only under the terms of an appropriate protective order entered in the above-captioned action.

11.    UK Alamy objects to the definition of "You," and "Your" on the ground that "other person acting or purporting to act on its behalf" renders the definition vague, ambiguous, overly broad, and unduly burdensome, and on the ground that "You" or "Your" is defined to refer to "Alamy, Inc.," a party to whom the Requests are not directed to.  In responding and objecting to these Requests, UK Alamy interprets the terms "You," and "Your" as referring only to UK Alamy.

12.    UK Alamy objects to the definition of "Website" on the ground that the definition is vague, ambiguous, and overly broad in that it fails to define the term as encompassing all pages within the website located at the URL "www.alamy.com."  UK Alamy interprets the terms

"Website" to refer to the website hosted at the URL www.alamy.com, including any and all pages encompassed within such website.

13.     In responding and objecting to these Requests, UK Alamy does not concede that any of the documents sought or provided are relevant to the claims of any party, proportional to the needs of the case, or admissible in evidence.

14.     In providing answers to the Requests, UK Alamy does not in any way waive any objections to these Requests, instructions, or definitions that UK Alamy may later assert, including but not limited to competency, relevance, materiality and admissibility, vagueness, and overbreadth. UK Alamy expressly reserves the right to object to the use of any answers below in any subsequent proceedings or any other action. UK Alamy further reserves the right to object to additional discovery into the subject matter of the Requests.

15.     An answer that UK Alamy shall disclose the documents responsive to any Request is not, and shall not be construed as, a representation that such documents exist. Such an answer indicates only that UK Alamy will disclose all such non-privileged documents that it locates through good-faith efforts and reasonable diligence, assuming any such non-privileged documents exist, if there is otherwise no objection to the Request.

16.     UK Alamy reserves the right to supplement, alter or amend these Objections and Responses, if necessary or appropriate.

## SPECIFIC RESPONSES AND OBJECTIONS

Without waiver of, or prejudice to, any of its General Objections, UK Alamy responds to the specific Requests as follows:

**Request No. 1:**

Documents identifying Defendants' respective corporate and legal structures, including without limitation Documents reflecting an organizational chart identifying each of the Defendants' parent companies, divisions, subsidiaries, affiliates, trade names, fictitious entities, holding companies, related business entities and/or current directors and officers, as it existed at any time between January 1, 2016 and the present.

**Response to Request No. 1:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, including with respect to the phrase "related business entities," and overly broad and unduly burdensome. UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.  UK Alamy further objects to this Request to the extent that that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 2:**

Documents sufficient to identify each officer, director, employee and contractor of Alamy Inc. that also held a position (*e.g.,* officer, director, employee or contractor) with Alamy Ltd.

**Response to Request No. 2:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, particularly with respect to the term "contractor" and the phrase "also held a position," and overly broad and unduly burdensome.  UK Alamy further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, UK Alamy states that it has already produced all documents that it located in its possession, custody, or control through good-faith efforts and reasonable diligence.

**Request No. 3:**

Documents sufficient to identify each job title and the actual responsibilities (at each company) of each Person referenced in Request No. 2.

**Response to Request No. 3:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, particularly with respect to the phrase "actual responsibilities," and overly broad.  UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control and because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, UK Alamy states that it has already produced all documents that it located in its possession, custody, or control through good-faith efforts and reasonable diligence.

**Request No. 4:**

All Documents concerning any agreement between Alamy Ltd. and Alamy Inc. in existence at any time between January 1, 2016 and the present.

**Response to Request No. 4:**

UK Alamy objects to this Request on the ground that it is overly broad and unduly burdensome, including insofar as it seeks the production of "all" documents. UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine. UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 5:**

Documents sufficient to identify all corporate functions (e.g., and without limitation, payroll, accounting, information technology, human resources, legal, or similar responsibilities) for the operation of Alamy Inc. performed by Alamy Ltd. officers, directors, or employees.

**Response to Request No. 5:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, and overly broad and unduly burdensome.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request because a deposition constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 6:**

Documents sufficient to illustrate how Alamy Ltd. has been compensated, or Alamy Inc. has been charged, for the corporate functions performed by Alamy Ltd. referenced in Request No. 5.

**Response to Request No. 6:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, and overly broad and unduly burdensome.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the

possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 7:**

Documents sufficient to identify all corporate functions (e.g., and without limitation, payroll, accounting, information technology, human resources, legal, or similar responsibilities) for the operation of Alamy Ltd. performed by Alamy Inc. officers, directors, or employees.

**Response to Request No. 7:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, and overly broad and unduly burdensome.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request because a deposition constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially

reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 8:**

Documents sufficient to illustrate how Alamy Inc. is compensated, or Alamy Ltd. is charged, for any of the corporate functions performed by Alamy Inc. referenced in Request No. 7.

**Response to Request No. 8:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, and overly broad and unduly burdensome.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 9:**

Documents sufficient to identify revenue received, or credited to, Alamy Inc. as a result of the license of any photographic image displayed on the Website.

**Response to Request No. 9:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, and overly broad and unduly burdensome, including insofar as it seeks documents related to "any photographic image" and is overly expansive in temporal scope.  UK Alamy further objects to this

Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.  UK Alamy will agree to limit this Request to responsive, non-privileged documents relating to the photographs at issue in this action.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, UK Alamy states that it has already produced all documents that it located in its possession, custody, or control through good-faith efforts and reasonable diligence.

**Request No. 10:**

Documents sufficient to identify the goods or services provided by Alamy Inc. that resulted in the revenue referred to in Request No. 9.

**Response to Request No. 10:**

UK Alamy objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request because a deposition constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, UK Alamy states that it has already produced all documents that it located in its possession, custody, or control through good-faith efforts and reasonable diligence.

**Request No. 11:**

All Documents concerning the reproduction of any of the Infringed Copyrighted Works.

**Response to Request No. 11:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control and/or are more readily accessible from third parties.  UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 12:**

Documents sufficient to identify all Persons (by name, job title and employer) who played any role in the reproduction of any of the Infringed Copyrighted Works.

**Response to Request No. 12:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, particularly with respect to the phrase "played any role," overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control and/or are more readily accessible from third parties. UK Alamy further objects to this Request to the extent

it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 13:**

All Documents concerning the public display of any of the Infringed Copyrighted Works.

**Response to Request No. 13:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control, are more readily accessible from third parties, or are otherwise publicly available. UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 14:**

Documents sufficient to identify all Persons (by name, job title and employer) who played any role in the public display of any of the Infringed Copyrighted Works.

**Response to Request No. 14:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control, are more readily accessible from third parties, or are otherwise publicly available. UK Alamy further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought. UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 15:**

All Documents concerning the distribution, including without limitation any transfer of any electronic or physical copy, of any of the Infringed Copyrighted Works. This Request includes, but is not limited to, Documents concerning the transfer of any of the Infringed Copyrighted Works between or among the Defendants.

**Response to Request No. 15:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. UK Alamy further objects to this Request on the ground that it is improperly compound. UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, UK Alamy states that it has already produced all documents that it located in its possession, custody, or control through good-faith efforts and reasonable diligence.

**Request No. 16:**

Documents sufficient to identify all Persons (by name, job title and employer) who played any role in the distribution, including without limitation any transfer of any electronic or physical copy, of any of the Infringed Copyrighted Works. This Request includes, but is not limited to, Documents identifying the Persons (by name, job title and employer) who played a role in the transfer of any of the Infringed Copyrighted Works between or among the Defendants.

**Response to Request No. 16:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, overly broad and unduly burdensome, particularly with respect to the phrase "played any role," and overly expansive in temporal scope. UK Alamy further objects to this Request on the ground that it is improperly compound. UK Alamy further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought. UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, UK Alamy states that it has already produced all documents that it located in its possession, custody, or control through good-faith efforts and reasonable diligence.

**Request No. 17:**

All Documents concerning any license applicable to any of the Infringed Copyrighted Works in which Alamy Ltd. or Alamy Inc. is a licensee.

**Response to Request No. 17:**

UK Alamy objects to this Request on the ground that it is overly broad and unduly burdensome, including insofar as it seeks the production of "all" documents.  UK Alamy further objects to this Request to the extent that it seeks documents that are already in Plaintiff's possession, custody, or control.  UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, UK Alamy states that it has already produced all documents that it located in its possession, custody, or control through good-faith efforts and reasonable diligence.

**Request No. 18:**

All Documents concerning any license applicable to any of the Infringed Copyrighted Works in which Alamy Ltd. or Alamy Inc. is a licensor.

**Response to Request No. 18:**

UK Alamy objects to this Request on the ground that it is overly broad and unduly burdensome, including insofar as it seeks the production of "all" documents.  UK Alamy further objects to this Request to the extent that it seeks documents that are already in Plaintiff's possession, custody, or control.

Without waiving the foregoing general and specific objections, UK Alamy states that it has already produced all documents that it located in its possession, custody, or control through good-faith efforts and reasonable diligence.

**Request No. 19:**

Documents sufficient to show the receipt and any further transfers of money paid for each of the licenses referred to in Request 18.

**Response to Request No. 19:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, particularly with respect to the term "receipt" and the phrase "further transfers of money paid," and overly broad and unduly burdensome. UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, UK Alamy states that it has already produced all documents that it located in its possession, custody, or control through good-faith efforts and reasonable diligence.

**Request No. 20:**

All Documents concerning the holding out, or offering, any of the Infringed Copyrighted Works for a potential license, or other permission to use.

**Response to Request No. 20:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. UK Alamy further objects to this Request on the ground that it is cumulative and duplicative of other Requests herein. UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control and/or are more readily accessible from third parties. UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, UK Alamy states that it has already produced all documents that it located in its possession, custody, or control through good-faith efforts and reasonable diligence.

**Request No. 21:**

All Documents concerning any modification to, alteration to, cropping of, addition of any watermark or metadata to, or removal of any watermark or metadata from, any of the Infringed Infringed Copyrighted Works after obtained or received from its Source.

**Response to Request No. 21:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. UK Alamy further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein. UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control and/or are more readily accessible from third parties. UK Alamy further objects to this Request to the extent it seeks documents already

available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 22:**

Documents sufficient to identify all Persons (by name, job title and employer) who played any role in any of the actions referenced in Request No. 21.

**Response to Request No. 22:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "played any role," and overly broad and unduly burdensome. UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 23:**

Documents sufficient to identify the insurance coverage applicable, in whole or in part, to claims arising out of operation of the Website and the identification of all insureds covered by those insurance policies.

**Response to Request No. 23:**

UK Alamy further objects to this Request on the ground that it is vague and ambiguous, and overly broad and unduly burdensome.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, UK Alamy states that it has already produced all documents that it located in its possession, custody, or control through good-faith efforts and reasonable diligence.

**Request No. 24:**

All Documents concerning the assertion of copyrights, or demand for a fee or other payment, by either of the Defendants against, or communicated to, any other Person that relates to the Person's reproduction, display, distribution, or other use of any photographic image displayed on the Website.

**Response to Request No. 24:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "assertion of copyrights," and overly broad and unduly burdensome, including insofar as it seeks the production of "all" documents.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 25:**

Documents sufficient to identify each officer, director, employee or contractor, by name and employer, who had password access, or other ability, to post or delete content to or from the Website. This Request does not include Documents identifying officers, directors, employees or contractors who had the same ability to post content on the "Our Blog" section of the Website that was extended to users of the Website generally.

**Response to Request No. 25:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. UK Alamy further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought. UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 26:**

Documents sufficient to identify each officer, director, employee or contractor, by name, job title and employer, identified to the domain registrar for the Website as a representative with authority to make changes to the account information for that domain.

**Response to Request No. 26:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly

broad and unduly burdensome, and overly expansive in temporal scope. UK Alamy further objects

to this Request to the extent that it seeks documents that are neither relevant to the claims or

defenses of any party nor proportional to the needs of the case. UK Alamy further objects to this

Request because an interrogatory constitutes a more practical and less burdensome method of

obtaining the information sought. UK Alamy further objects to this Request to the extent that it

seeks documents that are not within UK Alamy's possession, custody, or control and/or are more

readily accessible from third parties.

Without waiving the foregoing general and specific objections, and subject to the entry of

a protective order in the above-captioned case, UK Alamy states that, to the extent it has not

already produced documents sufficient to satisfy this Request, UK Alamy will use commercially

reasonable efforts to produce additional relevant, non-privileged documents responsive to this

Request, to the extent any exist.

**Request No. 27:**

All Documents concerning the policies and practices applicable to the posting of content to the Website by officers, directors, employees or contractors for either of the Defendants that were in effect at any time between January 1, 2016 and the present.

**Response to Request No. 27:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, and

overly broad and unduly burdensome, including insofar as it seeks the production of "all"

documents.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 28:**

All Documents concerning the policies and practices applicable to the removal of content from the Website by officers, directors, employees or contractors for Alamy Ltd. and / or Alamy, Inc. that were in effect at any time between January 1, 2016 and the present.

**Response to Request No. 28:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome, including insofar as it seeks the production of "all" documents.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information..

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 29:**

The Documents referenced in Sections B 1-4 of Defendant Alamy Ltd.'s First Amended Initial Disclosures.

**Response to Request No. 29:**

UK Alamy objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 30:**

All communication by or on behalf of either of the Defendants and (i) Paramount Television; (ii) Renaissance Pictures, Ltd.; and (iii) Fox Broadcasting Company, Inc., as those entities are identified in Sections A 6-8 of Defendant Alamy Ltd.'s First Amended Initial Disclosures.

**Response to Request No. 30:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, and overly broad and unduly burdensome, including insofar as it seeks "All communication," does not limit the "communication" to the photographs at issue in this action, and is overly expansive in temporal scope.  UK Alamy will agree to limit this Request to responsive, non-privileged documents relating to the photographs at issue in this action.  UK Alamy further objects to this Request to the extent it is premature because discovery is ongoing.

Without waiving the foregoing general and specific objections, UK Alamy states that it does not currently have responsive documents in its possession, custody, or control.

**Request No. 31:**

All Documents concerning each of the Infringed Copyrighted Works, beginning with the date that either Defendant first obtained a copy of any of the Infringed Copyrighted Works through the present.

**Response to Request No. 31:**

UK Alamy objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine. UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties. UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 32:**

Documents concerning the transfer of each Infringed Copyrighted Work to either of the Defendants, beginning with the date that either Defendant first obtained a copy of any of the Infringed Copyrighted Works through the present.

**Response to Request No. 32:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, particularly with respect to the term "transfer," and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 33:**

Documents sufficient to identify each Source of each Infringed Copyrighted Work, including without limitation all contact information for each Source.

**Response to Request No. 33:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "source."  UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 34:**

Copies of each Agreement, and all amendments to each Agreement, between either of the Defendants and each Source, including without limitation all terms and conditions incorporated in each Agreement set forth in any other Document, beginning with the date that either Defendant first obtained a copy of any of the Infringed Copyrighted Works through the present.

**Response to Request No. 34:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "source," overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 35:**

Documents concerning the termination of any Agreement with each Source, beginning with the date that either Defendant first obtained a copy of any of the Infringed Copyrighted Works through the present.

**Response to Request No. 35:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "source," overly broad and unduly burdensome, and overly expansive in temporal scope. UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 36:**

Documents concerning any refusal to accept, refusal to display or hold out for license, or termination of the display or holding out for license, of any image or photograph offered by, or transferred from, each Source, beginning with the date that either Defendant first commenced a relationship with any Source and continuing through the present.

**Response to Request No. 36:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "source," overly broad and unduly burdensome, and overly expansive in temporal scope. UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine. UK Alamy further objects to this

Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 37:**

Documents constituting or concerning any cease and desist demand, takedown notice under the DMCA, or other communication claiming that a photograph or image received from any Source was owned by another Person and/or was displayed on the Website without permission from the owner of the photograph or image, beginning with the date that either of the Defendants commenced a relationship with any Source and continuing through the present.

**Response to Request No. 37:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "source," overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  UK Alamy further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially

reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 38:**

Documents constituting or concerning all subsequent communications, and all other actions taken by or on behalf of either of the Defendants, as a result of each communication referenced in Request for Production 37.

**Response to Request No. 38:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  UK Alamy further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 39:**

Documents constituting cease and desist demands, takedown notices under the DMCA, and other communications claiming that a photograph or image appearing on the Website was being displayed without permission from the owner of the photograph or image.

**Response to Request No. 39:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects

to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 40:**

To the extent not already identified in the Documents responsive to Request For Production 39, Documents identifying the photographic images that were the subject of the communications referenced in Request for Production 39 as they appeared on the Website.

**Response to Request No. 40:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially

reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 41:**

Documents identifying the photographic images that were removed from display on the Website after receipt of a communication referenced in Request For Production 39 relating to those photographic images.

**Response to Request No. 41:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine. UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 42:**

Documents identifying each lawsuit filed against either of the Defendants between January 1, 2010 and the present in any forum (whether inside the United States or outside) alleging infringement of any Person's copyrights, trademarks, privacy rights, rights of publicity or moral rights, as a result of any photograph or image displayed on the Website.

**Response to Request No. 42:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. UK Alamy further objects

to this Request to the extent it seeks documents already available to Plaintiff, in the possession,

custody or control of Plaintiff, or contained in public records or otherwise in the public domain

and/or accessible to all parties.  UK Alamy further objects to this Request to the extent that it seeks

documents that are neither relevant to the claims or defenses of any party nor proportional to the

needs of the case.

Without waiving the foregoing general and specific objections, UK Alamy states that it

will not produce documents responsive to this Request.

**Request No. 43:**

Documents constituting or concerning all policies, procedures or practices to be followed
before a photographic image received from a source outside of either of the Defendants is or was
permitted to be displayed on the Website and made available for license, beginning with the date
when either Defendant first obtained any of the Infringed Copyrighted Works and continuing
through the present.

**Response to Request No. 43:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous,

particularly with respect to the term "source," overly broad and unduly burdensome, and overly

expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks

documents that contain confidential and/or proprietary business information or are protected by

the attorney-client privilege and/or work-product doctrine.  UK Alamy further objects to this

Request because an interrogatory or deposition constitutes a more practical and less burdensome

method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of

a protective order in the above-captioned case, UK Alamy states that, to the extent it has not

already produced documents sufficient to satisfy this Request, UK Alamy will use commercially

reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 44:**

Documents constituting or concerning all policies, procedures or practices to be followed before a photographic image received from a source within either of the Defendants is or was permitted to be displayed on the Website and made available for license, beginning with the date when either Defendant first obtained any of the Infringed Copyrighted Works and continuing through the present.

**Response to Request No. 44:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "source" and the phrase "within either of the Defendants," overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  UK Alamy further objects to this Request because an interrogatory or deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 45:**

Documents constituting or concerning all policies, procedures or practices to be followed in order to verify ownership of copyrights in photographic images before being displayed on the Website and made available for license, beginning with the date when either Defendant first obtained any of the Infringed Copyrighted Works and continuing through the present.

**Response to Request No. 45:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term phrase "verify ownership of copyrights," overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  UK Alamy further objects to this Request because an interrogatory or deposition constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 46:**

Documents constituting or concerning all actions taken with each of the Infringed Copyrighted Works prior to displaying it on the Website and making it available for license, including without limitation all actions taking to verify ownership of the copyrights in each image, beginning with the date when either Defendant first obtained any of the Infringed Copyrighted Works and continuing through the present.

**Response to Request No. 46:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term phrase "all actions taken," overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request

to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control and/or are more readily accessible from third parties.  UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 47:**

Documents constituting or concerning all communications with each Source concerning each of the Infringed Copyrighted Works or this Litigation, beginning with the date when either of the Defendants first obtained any of the Infringed Copyrighted Works and continuing through the present.

**Response to Request No. 47:**

UK Alamy objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control and/or are more readily accessible from third parties.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 48:**

All Documents concerning any agreement to license or otherwise permit any Person to reproduce, display, distribute or other use, each of the Infringed Copyrighted Works, beginning with the date when either Defendant first obtained any of the Infringed Copyrighted Works and continuing through the present.

**Response to Request No. 48:**

UK Alamy objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control and/or are more readily accessible from third parties. UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties

Without waiving the foregoing general and specific objections, UK Alamy states that it has does not have responsive documents in its possession, custody, or control.

**Request No. 49:**

Documents identifying the metadata embedded in each of the Infringed Copyrighted Works as first received by either Defendant, beginning with the date when either Defendant first obtained any of the Infringed Copyrighted Works and continuing through the present.

**Response to Request No. 49:**

UK Alamy objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.  UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 50:**

Documents identifying the metadata embedded in each of the Infringed Copyrighted Works as first received by either Defendant, beginning with the date when either Defendant first obtained any of the Infringed Copyrighted Works and continuing through the present.

**Response to Request No. 50:**

UK Alamy objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.  UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 51:**

Documents identifying the metadata embedded in each copy of any of the Infringed Copyrighted Works when transferred to any Person by either of the Defendants, beginning with the date when either Defendant first obtained any of the Infringed Copyrighted Works and continuing through the present.

**Response to Request No. 51:**

UK Alamy objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.  UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 52:**

Documents identifying metadata removed from each of the Infringed Copyrighted Works, beginning with the date when either Defendant first obtained any of the Infringed Copyrighted Works and continuing through the present.

**Response to Request No. 52:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "removed."  UK Alamy further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.  UK Alamy further objects to this Request to the extent it assumes that metadata was ever "removed." UK Alamy further objects to this Request because an interrogatory or deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 53:**

For each Source, Documents that identify each Contributor (as that term is defined and used on the Website) sharing the same internet protocol address from January 1, 2010 to the present.

**Response to Request No. 53:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, particularly because it uses the terms "Source" and "Contributor" as if they were different entities, and because the use of the phrase "same internet protocol address" in that context is non-sensical as drafted. UK Alamy further objects to this Request on the ground that it is overly broad and unduly burdensome, and overly expansive in temporal scope.

Without waiving the foregoing general and specific objections, UK Alamy states that this Request is not amenable to a response.

**Request No. 54:**

For each Contributor referenced in Request For Production 23, Documents constituting or concerning the termination of any agreement between either of the Defendants and that Contributor, or any claim by any Person that a photograph or image provided by that Contributor was displayed on the Website without permission of the owner and all Documents created or received as a result of such a claim.

**Response to Request No. 54:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly insofar as it refers to "each Contributor referenced in Request for Production 23," but

that Request related to insurance coverage, not "Contributors."  UK Alamy further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.  Defendant further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  Defendant objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request because an interrogatory or deposition constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 55:**

Documents identifying all modifications, edits, cropping, or other changes to each of the Infringed Copyrighted Works after it was received.

**Response to Request No. 55:**

UK Alamy objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially

reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 56:**

Documents concerning or referring to the purpose of adding any watermark to photographic images displayed on the Website.

**Response to Request No. 56:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to its use of the term "purpose." UK Alamy further objects to this Request because an interrogatory or deposition constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.

Without waiving the foregoing general and specific objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 57:**

Documents referring to all processes and procedures followed or employed to add any watermark to photographic images displayed on the Website.

**Response to Request No. 57:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "followed or employed."  Defendant further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not

already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 58:**

Documents that refer to or identify the date each of the Infringed Copyrighted Works was first displayed on the Website.

**Response to Request No. 58:**

UK Alamy objects to this Request because an interrogatory or deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 59:**

Documents that refer to or identify the date each of the Infringed Copyrighted Works was first displayed on the Website.

**Response to Request No. 59:**

UK Alamy objects to this Request because an interrogatory or deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially

reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 60:**

All Documents referring to the Plaintiff, its predecessor Michael Grecco Photography, Inc., or Michael Grecco.

**Response to Request No. 60:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties. UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 61:**

Documents referring to or identifying all payments to each Source relating to each of the Infringed Copyrighted Works.

**Response to Request No. 61:**

UK Alamy objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 62:**

Documents referring to or identifying all payments any Person other than a Source relating to each of the Infringed Copyrighted Works.

**Response to Request No. 62:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, and overly broad and unduly burdensome, including insofar as it seeks the production of "Documents referring to or identifying all payments."  UK Alamy further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.

Without waiving the foregoing general and specific objections, UK Alamy states that it has does not have responsive documents in its possession, custody, or control.

**Request No. 63:**

All agreements that had the effect of permitting customers to download any of the Infringed Copyrighted Works from the Website without paying an additional license fee. If the terms and conditions of such agreements, or any subset of such agreements, are common, Plaintiff requests production only of the common terms and conditions of such agreements and Documents identifying all customers who entered agreements with those common terms and the dates such agreements were in place with each of those customers. Plaintiff also requests production of any

agreements referenced in the first sentence of this Request For Production 63 that do not share such common terms and conditions.

**Response to Request No. 63:**

UK Alamy objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  UK Alamy further objects on the ground that it requires UK Alamy to create documents not already in existence, process documents in a manner outside UK Alamy's ordinary course of business, and impose other obligations beyond, or inconsistent with, those imposed by the Federal Rules and the Local Rules.

Without waiving the foregoing general and specific objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 64:**

Documents identifying the allocation of each of the Defendants' annual revenue between (i) revenue from customers who are permitted to download a defined, or unlimited, number of photographic images from the Website based on a set rate schedule; (ii) revenue from sales of licenses in images downloaded from the Website on a per image basis; and (iii) all other revenue categories identified in the Defendants' financial records.

**Response to Request No. 64:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 65:**

Documents identifying the amounts paid to either of the Defendants each year between January 1, 2016 and the last date that any of the Infringed Copyrighted Works was displayed on the Website as a result of the customer agreements referenced in Request for Production 63.

**Response to Request No. 65:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 66:**

Copies of sales presentations, advertisements or promotional materials presented to any customer or potential customer referring to the number of photographs available for download from the Website.

**Response to Request No. 66:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business

information.  Defendant further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 67:**

All Documents referring to the use of the total number of photographic images available for download from the Website in any sales pitch or presentation, or sales efforts generally.

**Response to Request No. 67:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  Defendant further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 68:**

All sales presentations or promotional materials that display any of the Infringed Copyrighted Works.

**Response to Request No. 68:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or

defenses of any party nor proportional to the needs of the case.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  Defendant further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, UK Alamy states that it does not have responsive documents in its possession, custody, or control.

**Request No. 69:**

Documents that identify the number of views of each of the Infringed Copyrighted Works.

**Response to Request No. 69:**

UK Alamy objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 70:**

Documents that identify the number of downloads of each of the Infringed Copyrighted Works.

**Response to Request No. 70:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "downloads," and overly broad and unduly burdensome.

UK Alamy further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 71:**

Documents identifying the Copyright Management Information (as that term is used in the DMCA) displayed in connection with any of the Infringed Copyrighted Works by either Defendant.

**Response to Request No. 71:**

UK Alamy objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.  UK Alamy further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 72:**

Documents constituting or concerning Alamy, Inc.'s financial records from January 1, 2016 to the present referring to revenues, expenses, profits, losses, assets and liabilities produced

with as much detail as maintained by or on behalf of either of the Defendants for each year that an annual report is available containing the requested information. Plaintiff seeks production of the annual report for any year for which an annual report is not available. Plaintiff seeks production of the most recent quarterly or monthly report with year-to-date data available, to be updated with the complete annual information when a more comprehensive report is available.

**Response to Request No. 72:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 73:**

Documents constituting or concerning Alamy Ltd.'s financial records from January 1, 2016 to the present referring to revenues, expenses, profits, losses, assets and liabilities produced with as much detail as maintained by or on behalf of either of the Defendants for each year that an annual report is available containing the requested information. Plaintiff seeks production of the annual report for any year for which an annual report is not available. Plaintiff seeks production of the most recent quarterly or monthly report with year-to-date data available, to be updated with the complete annual information when a more comprehensive report is available.

**Response to Request No. 73:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. UK Alamy further objects to this

Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 74:**

Any notice of claim and demand for insurance coverage relating to this Litigation.

**Response to Request No. 74:**

UK Alamy objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine. UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 75:**

All responses to communication referenced in Request For Production 74.

**Response to Request No. 75:**

UK Alamy objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine. UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 76:**

All Communications with any representative of an insurance company concerning coverage of Alamy, Inc. under any policy providing coverage for this Litigation, even if coverage is being provided under a reservation of rights concerning insurance coverage applicable to any of the claims asserted against the Defendant in the Litigation.

**Response to Request No. 76:**

UK Alamy objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine. UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 77:**

Copies of each Defendant's United States federal tax returns for tax years 2016 through the present.

**Response to Request No. 77:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 78:**

Copies of each Defendant's tax returns filed in the United Kingdom for tax years 2016 through the present.

**Response to Request No. 78:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 79:**

A copy of each tax return filed in each state within the United States by or on behalf of either Defendant for tax years 2016, 2017, 2018 and 2019, and each filing requesting an extension of the deadline in each state for any of those tax years that a final tax return was not submitted.

**Response to Request No. 79:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 80:**

Documents sufficient to identify each state in the United States in which each Defendant was (or has been) registered to do business anytime between January 1, 2016 and the present.

**Response to Request No. 80:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, and overly broad and unduly burdensome. UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 81:**

Documents referencing or identifying each state in the United States in which Alamy, Inc. has transacted business and the business that was transacted in each.

**Response to Request No. 81:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, and overly broad and unduly burdensome. UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 82:**

Documents describing the job responsibilities of each employee of Alamy, Inc., including, in the event that a comprehensive job description does not exist for any employee, the personnel records describing the expected performance responsibilities of that employee on which his or her compensation or bonus was (is) based.

**Response to Request No. 82:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, and overly broad and unduly burdensome.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 83:**

Documents sufficient to identify the Defendant that owns the equipment, including computer and telecommunications equipment, office furniture and any business owned automobile, used by any employee of Alamy, Inc. to perform his or her work between January 1, 2016 and the present.

**Response to Request No. 83:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks

documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request, but that it will provide responsive information if served with a properly-worded interrogatory regarding same.

**Request No. 84:**

All Documents the Defendants contend support contention that Alamy Ltd. does not manage the operations of Alamy, Inc.

**Response to Request No. 84:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "manage the operations," overly broad, unduly burdensome, and overly expansive in temporal scope.  UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.   UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 85:**

Documents identifying (by name, job title, name of employer) the Persons who had authority to hire employees of Alamy, Inc., between January 1, 2010 and the present.

**Response to Request No. 85:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request, but that it will provide responsive information if served with a properly-worded interrogatory regarding same.

**Request No. 86:**

Documents identifying (by name, job title, name of employer) the Persons who had authority to fire employees of Alamy, Inc., between January 1, 2010 and the present.

**Response to Request No. 86:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly

expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request, but that it will provide responsive information if served with a properly-worded interrogatory regarding same.

**Request No. 87:**

Documents identifying each bank account in the name of Alamy, Inc. by name and location of the bank, between January 1, 2010 and the present.

**Response to Request No. 87:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request, but that it will provide responsive information if served with a properly-worded interrogatory regarding same.

**Request No. 88:**

Documents identifying the authorized signatories on each bank account in the name of Alamy, Inc. from January 1, 2010 to the present.

**Response to Request No. 88:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought. UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. UK Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request, but that it will provide responsive information if served with a properly-worded interrogatory regarding same.

**Request No. 89:**

Documents identifying (by name, job title, name of employer) the Persons who had authority to manage each computer network utilized by employees of Alamy, Inc. when performing their work.

**Response to Request No. 89:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought. UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. UK Alamy further objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "computer network," overly broad and unduly burdensome, and overly expansive in temporal scope. UK

Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request, but that it will provide responsive information if served with a properly-worded interrogatory regarding same.

**Request No. 90:**

Documents identifying (by name, job title, name of employer) the Persons who had authority to establish sales targets and determine bonus eligibility and amounts to be paid in compensation to employees of Alamy, Inc. between January 1, 2010 through the present.

**Response to Request No. 90:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request, but that it will provide responsive information if served with a properly-worded interrogatory regarding same.

**Request No. 91:**

Documents concerning the reasons for, and basis to calculate, Sales Distribution Fees paid by Alamy, Inc., to Alamy, Ltd.

**Response to Request No. 91:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 92:**

Documents concerning the reasons for, and basis to calculate, Sales Distribution Fees paid by Alamy, Inc., to Alamy, Ltd.

**Response to Request No. 92:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not

produce documents in response to this Request.

**Request No. 93:**

Documents identifying the Persons (by name, job title and employer) with authority to determine what amount to charge as a Sales Distribution Fee to Alamy, Inc.

**Response to Request No. 93:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 94:**

Documents identifying the Persons (by name, job title and employer) with responsibility for determining the amount of taxes owed by Alamy, Inc. and the taxing authority to whom those taxes were owed.

**Response to Request No. 94:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly

expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks

documents that are neither relevant to the claims or defenses of any party nor proportional to the

needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not

produce documents in response to this Request.

**Request No. 95:**

If any of the Persons referenced in Request For Production 94 were (are) employees of
parties other than the Defendants, Documents that identify who paid those outside Persons for their
services.

**Response to Request No. 95:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a

more practical and less burdensome method of obtaining the information sought.  UK Alamy

further objects to this Request to the extent that it seeks documents that contain confidential

and/or proprietary business information.  UK Alamy further objects to this Request on the

grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly

expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks

documents that are neither relevant to the claims or defenses of any party nor proportional to the

needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not

produce documents in response to this Request.

**Request No. 96:**

Documents identifying the Persons (by name, job title and employer) with responsibility
for making the payment of the taxes on behalf of Alamy, Inc. For clarification, this Request For
Production refers to the Persons who had the responsibility for directing payment of an identified
amount to a taxing authority from a bank account, whether that ac

**Response to Request No. 96:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 97:**

All Documents discussing the purpose of creating and/or maintaining Alamy, Inc. as a subsidiary of Alamy Ltd., without limitation on when those Documents were dated, created or received.

**Response to Request No. 97:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

65

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 98:**

Documents discussing how to allocate license fees paid by customers who access images on the Website when the customer does not have a managed customer relationship with Alamy Ltd. or any of its subsidiaries.

**Response to Request No. 98:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought. UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. UK Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 99:**

Documents identifying the total amount of annual revenue attributed to Alamy, Inc. based on licenses issued to customers who download images form the Website that do not have a managed customer relationship or agreement with Alamy, Inc.

**Response to Request No. 99:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought. UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential

and/or proprietary business information.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 100:**

Documents discussing the reason(s) why the amounts referenced in Request For Production 99 were allocated to Alamy, Inc.

**Response to Request No. 100:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 101:**

Documents discussing the actual or theoretical tax benefit(s) to Alamy Ltd. of allocating any of the revenue attributed to Alamy, Inc. to that entity compared to allocating that revenue to Alamy Ltd. or another affiliate, regardless of when the Documents were dated, created or received.

**Response to Request No. 101:**

UK Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy

further objects to this Request to the extent that it seeks documents that contain confidential

and/or proprietary business information or are protected by the attorney-client privilege and/or

work-product doctrine.  UK Alamy further objects to this Request to the extent that it seeks

documents that are neither relevant to the claims or defenses of any party nor proportional to the

needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not

produce documents in response to this Request.

**Request No. 102:**

A disclosure consistent with Fed. R. Civ. Proc. 26(a)(2) for each expert witness that may
provide testimony on behalf of either of the Defendants.

**Response to Request No. 102:**

UK Alamy objects on the ground that discovery is ongoing.  Without waiving the foregoing

general and specific objections, UK Alamy states that it will timely produce its expert disclosures

in accordance with the requirements of the Federal Rules.

**Request No. 103:**

Documents that identify or describe the supervisory responsibilities performed by Alan
Capel concerning Alamy, Inc. or any of its employees.

**Response to Request No. 103:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous,

particularly with respect to the phrase "supervisory responsibilities."  UK Alamy further objects

to this Request because a deposition or interrogatory constitutes a more practical and less

burdensome method of obtaining the information sought.  UK Alamy further objects to this

Request to the extent it seeks documents already available to Plaintiff, in the possession, custody

or control of Plaintiff, or contained in public records or otherwise in the public domain and/or

accessible to all parties.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request, but that it will provide responsive information if served with a properly-worded interrogatory regarding same.

**Request No. 104:**

Documents that identify or describe the supervisory responsibilities performed by any employee of Alamy Ltd. other than Alan Capel concerning Alamy, Inc. or any of its employees.

**Response to Request No. 104:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, particularly with respect to the phrase "supervisory responsibilities."  UK Alamy further objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  UK Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request, but that it will provide responsive information if served with a properly-worded interrogatory regarding same.

**Request No. 105:**

All Documents discussing the purpose of creating or issuing a license in the name of Alamy, Inc. for photographic images that could be downloaded from the Website, without limitation on when those Documents were dated, created or received.

**Response to Request No. 105:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, and non-sensical as drafted, particularly with respect to the term "purpose." UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. UK Alamy further objects to this Request because a deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Subject to and without waiver of the foregoing objections, UK Alamy states that it has does not have non-privileged, responsive documents in its possession, custody, or control.

**Request No. 106:**

Documents identifying and discussing the technology or system functionality permitting either of the Defendants to screen photographic images from being uploaded to or displayed on the Website based on (i) the source of the photographic image; (ii) the content of the photographic image; (iii) the geographic area where a Website user is located; or (iv) any other criteria on which the Website or background systems can screen images or their sources.

**Response to Request No. 106:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "screen photographic images." UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business

information.  UK Alamy further objects to this Request because a deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 107:**

Documents identifying the percentage of revenue attributed to Alamy, Inc. each year compared to the total revenue of Alamy Ltd. and all its affiliated entities for the same year.

**Response to Request No. 107:**

UK Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  UK Alamy further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.  UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  UK Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, UK Alamy states that it will not produce documents in response to this Request.

**Request No. 108:**

Communications with SuperStock concerning the authorization to license or sublicense photographic images obtained from the Plaintiff or Michael Grecco.

**Response to Request No. 108:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, particularly because it seeks "Communications with SuperStock," and is not limited to UK Alamy's communications with Superstock.  UK Alamy will agree to limit this Request to

responsive, non-privileged communications by and between UK Alamy and Superstock concerning the authorization.  UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control and/or are more readily accessible from third parties.  UK Alamy further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 109:**

Communications with SuperStock concerning the termination of authorization to license or sub-license photographic images obtained from the Plaintiff or Michael Grecco.

**Response to Request No. 109:**

UK Alamy objects to this Request on the ground that it is vague and ambiguous, particularly because it seeks "Communications with SuperStock," and is not limited to UK Alamy's communications with Superstock.  UK Alamy will agree to limit this Request to responsive, non-privileged communications by and between UK Alamy and Superstock concerning the termination.  UK Alamy further objects to this Request to the extent that it seeks documents that are not within UK Alamy's possession, custody, or control and/or are more readily accessible from third parties.  UK Alamy further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, UK Alamy states that, to the extent it has not

already produced documents sufficient to satisfy this Request, UK Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 110:**

Documents identifying all actions taken by either of the Defendants to prevent the set of photographic images referenced in Requests For Production 77 or 78 from being uploaded to or displayed on the Website.

**Response to Request No. 110:**

UK Alamy objects to this Request on the ground that it is vague, ambiguous, and non-sensical as drafted, particularly because it refers to "the set of photographic images referenced in Requests For Production 77 or 78," and those Requests concern tax returns, not "photographic images." UK Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, UK Alamy states that it is not able to produce documents in response to this Request, which does not make sense as drafted.

Respectfully submitted,

Dated: New York, New York       COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
        March 9, 2020

By:  /s/ Nancy E. Wolff
        Nancy E. Wolff
        Lindsay R. Edelstein
        41 Madison Avenue, 38th Floor
        New York, New York 10010
        Tel.: (212) 974-7474
        Fax: (212) 974-8474
        nwolff@cdas.com
        ledelstein@cdas.com

*Attorneys for Defendants Alamy Inc. and Alamy Ltd.*

73

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on March 9, 2020, I caused a true and correct copy of the foregoing

Alamy Ltd.'s Responses and Objections to Plaintiff Michael Grecco Production, Inc.'s First Set

of Requests for Production of Documents to Alamy Ltd. be served by email and U.S. mail on the

following:

Steven M. Cowley
100 High Street, Suite 2400
Boston, MA 02110-1724
smcowley@duanemorris.com

Jovalin Dedaj
1540 Broadway
New York, New York 10036-4086
jdedaj@duanemorris.com


  /s/ Lindsay R. Edelstein
LINDSAY R. EDELSTEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL GRECCO PRODUCTIONS, INC.,

                              Plaintiff,

              v.                                               Case No. 18 Civ. 03260 (PKC) (JO)

ALAMY INC. and ALAMY LTD.

                              Defendants.

## ALAMY INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), and the Local Rules of the United States District Court for the Eastern District of New York ("Local Rules"), defendant Alamy Inc. ("US Alamy") hereby objects and responds to plaintiff Michael Grecco Productions, Inc. ("Plaintiff") Second Set of Requests for the Production of Documents, dated February 7, 2020 (each, a "Request" and, collectively, the "Requests") as follows:

## GENERAL OBJECTIONS

US Alamy makes the following General Objections to the Requests.  To the extent that one or more of these General Objections are applicable to a specific Request, such General Objections are incorporated therein by reference.  The assertion of the same, similar, or additional objections in response to a specific Request does not waive any of US Alamy's General Objections:

1.    US Alamy objects to each Request, and to each of the definitions and instructions included in the Requests, to the extent they require that US Alamy create documents not already in existence, process documents in a manner outside US Alamy's ordinary course of business, or

purport to impose other obligations beyond, or inconsistent with, those imposed by the Federal Rules or the Local Rules, or any other applicable statute, regulation, rule, or court order.

2.      US Alamy objects to each Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

3.      US Alamy objects to each Request as being vague, ambiguous, overly broad, unduly burdensome, and not limited in time or scope.

4.      US Alamy objects to each Request to the extent that it purports to require production of documents that are not within US Alamy's possession, custody or control.  US Alamy will produce responsive documents only with respect to information or documents within its possession, custody, and/or control.

5.      US Alamy objects to each Request as unduly burdensome to the extent that it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff (including, but not limited to, because of either Defendants' prior production of such documents to Plaintiff), or contained in public records or otherwise in the public domain and/or accessible to all parties.

6.      US Alamy objects to each Request to the extent that it seeks documents prepared in anticipation of litigation or otherwise protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  US Alamy does not waive, and intends to preserve, any applicable privilege.  Any production of such documents shall have been inadvertent, and shall not constitute waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure.

7.      US Alamy objects to each Requests to the extent that it assumes disputed facts or legal conclusions in defining the documents requested.  US Alamy denies any such disputed facts

or legal conclusions to the extent assumed by each Request.  Any response or objection by US Alamy to any such Request is without prejudice to this objection.

8.      US Alamy objects to each Request to the extent that it seeks documents subject to a confidentiality obligation owed to any non-party to this lawsuit.  US Alamy will attempt to obtain permission of any such non-party to disclose the requested documents.  With respect to any non-party that does not provide to US Alamy permission to disclose such documents, US Alamy will provide the identity of such non-party and a description of the documents in US Alamy's custody, possession or control sufficient to allow US Alamy to request the documents directly from such non-party (or permission for US Alamy to disclose such information).

9.      US Alamy objects to each Request as overbroad in geographical scope to the extent that it seeks production of documents existing outside the United States.

10.     US Alamy objects to each Request to the extent it is cumulative and duplicative of Requests set forth in Plaintiff's First Set of Requests for the Production of Documents to UK Alamy.

11.     US Alamy objects to each Request to the extent that it seeks the production of documents that constitute or contain confidential or proprietary information belonging to US Alamy.  US Alamy will produce documents or information only under the terms of an appropriate protective order entered in the above-captioned action.

12.     US Alamy objects to the definition of "You," and "Your" on the ground that "other person acting or purporting to act on its behalf" renders the definition vague, ambiguous, overly broad, and unduly burdensome.

13.     US Alamy objects to the definition of "Website" on the ground that the definition is vague, ambiguous, and overly broad in that it fails to define the term as encompassing all pages

within the website located at the URL "www.alamy.com."  US Alamy interprets the terms "Website" to refer to the website hosted at the URL www.alamy.com, including any and all pages encompassed within such website.

14.     In responding and objecting to these Requests, US Alamy does not concede that any of the documents sought or provided are relevant to the claims of any party, proportional to the needs of the case, or admissible in evidence.

15.     In providing answers to the Requests, US Alamy does not in any way waive any objections to these Requests, instructions, or definitions that US Alamy may later assert, including but not limited to competency, relevance, materiality and admissibility, vagueness, and overbreadth.  US Alamy expressly reserves the right to object to the use of any answers below in any subsequent proceedings or any other action.  US Alamy further reserves the right to object to additional discovery into the subject matter of the Requests.

16.     An answer that US Alamy shall disclose the documents responsive to any Request is not, and shall not be construed as, a representation that such documents exist.  Such an answer indicates only that US Alamy will disclose all such non-privileged documents that it locates through good-faith efforts and reasonable diligence, assuming any such non-privileged documents exist, if there is otherwise no objection to the Request.

17.     An answer that US Alamy shall disclose the documents responsive to any Request is not, and shall not be construed as, a representation that such document is specifically in US Alamy's possession, custody, or control.  Rather, such answer shall mean that an entity encompassed within the definition of "You," as set forth in the Requests, may have such documents, and that US Alamy will produce such documents by virtue of same.

US Alamy reserves the right to supplement, alter or amend these Objections and Responses, if necessary or appropriate.

**SPECIFIC RESPONSES AND OBJECTIONS**

Without waiver of, or prejudice to, any of its General Objections, US Alamy responds to the specific Requests as follows:

**Request No. 1:**

All Documents concerning each of the Infringed Copyrighted Works, beginning with the date that either Defendant first obtained a copy of any of the Infringed Copyrighted Works through the present.

**Response to Request No. 1:**

US Alamy objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine. US Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties. US Alamy further objects to this Request to the extent that it seeks documents that are not within US Alamy's possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 2:**

Documents concerning the transfer of each Infringed Copyrighted Work to either of the Defendants, beginning with the date that either Defendant first obtained a copy of any of the Infringed Copyrighted Works through the present.

**Response to Request No. 2:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, particularly with respect to the term "transfer," and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine. US Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 3:**

Documents sufficient to identify each Source of each Infringed Copyrighted Work, including without limitation all contact information for each Source.

**Response to Request No. 3:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "source." US Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of

Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 4:**

Copies of each Agreement, and all amendments to each Agreement, between either of the Defendants and each Source, including without limitation all terms and conditions incorporated in each Agreement set forth in any other Document, beginning with the date that either Defendant first obtained a copy of any of the Infringed Copyrighted Works through the present.

**Response to Request No. 4:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "source," overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine. US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 5:**

Documents concerning the termination of any Agreement with each Source, beginning with the date that either Defendant first obtained a copy of any of the Infringed Copyrighted works through the present.

**Response to Request No. 5:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "source," overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 6:**

Documents concerning refusal to accept, refusal to display or hold out for license, or termination of the display or holding out for license, of any image or photograph offered by, or transferred from, each Source, beginning with the date that either Defendant first commenced a relationship with any Source and continuing through the present.

**Response to Request No. 6:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "source," overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine. US Alamy further objects to this

Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 7:**

Documents constituting or concerning any cease and desist demand, takedown notice under the DMCA, or other communication claiming that a photograph or image received from any Source was owned by another Person and/or was displayed on the Website without permission from the owner of the photograph or image, beginning with the date that either of the Defendants commenced a relationship with any Source and continuing through the present.

**Response to Request No. 7:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "source," overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine. US Alamy further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially

reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 8:**

Documents constituting or concerning all subsequent communications, and all other actions taken by or on behalf of either of the Defendants, as a result of each communication referenced in Request for Production 7.

**Response to Request No. 8:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine. US Alamy further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 9:**

Documents constituting cease and desist demands, takedown notices under the DMCA, and other communications claiming that a photograph or image appearing on the Website was being displayed without permission from the owner of the photograph or image.

**Response to Request No. 9:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects

to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 10:**

To the extent not already identified in the Documents responsive to Request For Production 9, Documents identifying the photographic images that were the subject of the communications referenced in Request 9 as they appeared on the Website.

**Response to Request No. 10:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially

reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 11:**

Documents identifying the photographic images that were removed from display on the Website after receipt of a communication referenced in Request For Production 9 relating to those photographic images.

**Response to Request No. 11:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 12:**

Documents identifying each lawsuit filed against either of the Defendants between January 1, 2010 and the present in any forum (whether inside the United States or outside) alleging infringement of any Person's copyrights, trademarks, privacy rights, rights of publicity or moral rights, as a result of any photograph or image displayed on the Website.

**Response to Request No. 12:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  US Alamy further objects

12

to this Request to the extent it seeks documents already available to Plaintiff, in the possession,

custody or control of Plaintiff, or contained in public records or otherwise in the public domain

and/or accessible to all parties.  US Alamy further objects to this Request to the extent that it seeks

documents that are neither relevant to the claims or defenses of any party nor proportional to the

needs of the case.

Without waiving the foregoing general and specific objections, US Alamy states that it will

not produce documents responsive to this Request.

**Request No. 13:**

Documents constituting or concerning all policies, procedures or practices to be followed
before a photographic image received from a source outside of either of the Defendants is or was
permitted to be displayed on the Website and made available for license, beginning with the date
when either Defendant first obtained any of the Infringed Copyrighted Works and continuing
through the present.

**Response to Request No. 13:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous,

particularly with respect to the term "source," overly broad and unduly burdensome, and overly

expansive in temporal scope.  US Alamy further objects to this Request to the extent that it seeks

documents that contain confidential and/or proprietary business information or are protected by

the attorney-client privilege and/or work-product doctrine.  US Alamy further objects to this

Request because an interrogatory or deposition constitutes a more practical and less burdensome

method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of

a protective order in the above-captioned case, US Alamy states that, to the extent it has not already

produced documents sufficient to satisfy this Request, US Alamy will use commercially

reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 14:**

Documents constituting or concerning all policies, procedures or practices to be followed before a photographic image received from a source within either of the Defendants is or was permitted to be displayed on the Website and made available for license, beginning with the date when either Defendant first obtained any of the Infringed Copyrighted Works and continuing through the present.

**Response to Request No. 14:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "source" and the phrase "within either of the Defendants," overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine. US Alamy further objects to this Request because an interrogatory or deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 15:**

Documents constituting or concerning all policies, procedures or practices to be followed in order to verify ownership of copyrights in photographic images before being displayed on the Website and made available for license, beginning with the date when either Defendant first obtained any of the Infringed Copyrighted Works and continuing through the present.

**Response to Request No. 15:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term phrase "verify ownership of copyrights," overly broad and unduly burdensome, and overly expansive in temporal scope.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  US Alamy further objects to this Request because an interrogatory or deposition constitutes a more practical and less burdensome method of obtaining the information sought.  US Alamy further objects to this Request to the extent that it seeks documents that are not within US Alamy's possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist

**Request No. 16:**

Documents constituting or concerning all actions taken with each of the Infringed Copyrighted Works prior to displaying it on the Website and making it available for license, including without limitation all actions taking to verify ownership of the copyrights in each image, beginning with the date when either Defendant first obtained any of the Infringed Copyrighted Works and continuing through the present.

**Response to Request No. 16:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term phrase "all actions taken," overly broad and unduly burdensome, and overly expansive in temporal scope.  US Alamy further objects to this Request

to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  US Alamy further objects to this Request to the extent that it seeks documents that are not within US Alamy's possession, custody, or control and/or are more readily accessible from third parties.  US Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 17:**

Documents constituting or concerning all communications with each Source concerning each of the Infringed Copyrighted Works or this Litigation, beginning with the date when either of the Defendants first obtained any of the Infringed Copyrighted Works and continuing through the present.

**Response to Request No. 17:**

US Alamy objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  US Alamy further objects to this Request to the extent that it seeks documents that are not within US Alamy's possession, custody, or control and/or are more readily accessible from third parties.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 18:**

All Documents concerning any agreement to license or otherwise permit any Person to reproduce, display, distribute or other use, each of the Infringed Copyrighted Works, beginning with the date when either Defendant first obtained any of the Infringed Copyrighted Works and continuing through the present.

**Response to Request No. 18:**

US Alamy objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  US Alamy further objects to this Request to the extent that it seeks documents that are not within US Alamy's possession, custody, or control and/or are more readily accessible from third parties.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  US Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties

Without waiving the foregoing general and specific objections, US Alamy states that it has does not have responsive documents in its possession, custody, or control.

**Request No. 19:**

Documents identifying the metadata embedded in each of the Infringed Copyrighted Works as first received by either Defendant, beginning with the date when either Defendant first obtained any of the Infringed Copyrighted Works and continuing through the present.

17

**Response to Request No. 19:**

US Alamy objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.  US Alamy further objects to this Request to the extent that it seeks documents that are not within US Alamy's possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 20:**

Documents identifying the metadata embedded in each of the Infringed Copyrighted Works as first received by either Defendant, beginning with the date when either Defendant first obtained any of the Infringed Copyrighted Works and continuing through the present.

**Response to Request No. 20:**

US Alamy objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.  US Alamy further objects to this Request to the extent that it seeks documents that are not within US Alamy's possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 21:**

Documents identifying the metadata embedded in each copy of any of the Infringed Copyrighted Works when transferred to any Person by either of the Defendants, beginning with the date when either Defendant first obtained any of the Infringed Copyrighted Works and continuing through the present.

**Response to Request No. 21:**

US Alamy objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.  US Alamy further objects to this Request to the extent that it seeks documents that are not within US Alamy's possession, custody, or control and/or are more readily accessible from third parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 22:**

Documents identifying metadata removed from each of the Infringed Copyrighted Works, beginning with the date when either Defendant first obtained any of the Infringed Copyrighted Works and continuing through the present.

**Response to Request No. 22:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "removed."  US Alamy further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.  US Alamy further objects to this Request to the extent it assumes that metadata was ever "removed." US Alamy further objects to this Request because an interrogatory or deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 23:**

For each Source, Documents that identify each Contributor (as that term is defined and used on the Website) sharing the same internet protocol address from January 1, 2010 to the present.

**Response to Request No. 23:**

US Alamy objects to this Request on the ground that it is vague and ambiguous, particularly because it uses the terms "Source" and "Contributor" as if they were different entities, and because the use of the phrase "same internet protocol address" in that context is non-sensical as drafted. US Alamy further objects to this Request on the ground that it is overly broad and unduly burdensome, and overly expansive in temporal scope.

Without waiving the foregoing general and specific objections, US Alamy states that this Request is not amenable to a response.

**Request No. 24:**

For each Contributor referenced in Request For Production 23, Documents constituting or concerning the termination of any agreement between either of the Defendants and that Contributor, or any claim by any Person that a photograph or image provided by that Contributor was displayed on the Website without permission of the owner and all Documents created or received as a result of such a claim.

**Response to Request No. 24:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly insofar as it refers to "each Contributor referenced in Request for Production 23," but

that Request related to insurance coverage, not "Contributors."  US Alamy further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.  Defendant further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  Defendant objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  US Alamy further objects to this Request because an interrogatory or deposition constitutes a more practical and less burdensome method of obtaining the information sought.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 25:**

Documents identifying all modifications, edits, cropping, or other changes to each of the Infringed Copyrighted Works after it was received.

**Response to Request No. 25:**

US Alamy objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially

reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 26:**

Documents concerning or referring to the purpose of adding any watermark to photographic images displayed on the Website.

**Response to Request No. 26:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to its use of the term "purpose." US Alamy further objects to this Request because an interrogatory or deposition constitutes a more practical and less burdensome method of obtaining the information sought.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.

Without waiving the foregoing general and specific objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 27:**

Documents referring to all processes and procedures followed or employed to add any watermark to photographic images displayed on the Website.

**Response to Request No. 27:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "followed or employed."  Defendant further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already

produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 28:**

Documents that refer to or identify the date each of the Infringed Copyrighted Works was first displayed on the Website.

**Response to Request No. 28:**

US Alamy objects to this Request because an interrogatory or deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 29:**

Documents that refer to or identify the date each of the Infringed Copyrighted Works was first displayed on the Website.

**Response to Request No. 29:**

US Alamy objects to this Request because an interrogatory or deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially

reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 30:**

All Documents referring to the Plaintiff, its predecessor Michael Grecco Photography, Inc., or Michael Grecco.

**Response to Request No. 30:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. US Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 31:**

Documents referring to or identifying all payments to each Source relating to each of the Infringed Copyrighted Works.

**Response to Request No. 31:**

US Alamy objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 32:**

Documents referring to or identifying all payments any Person other than a Source relating to each of the Infringed Copyrighted Works.

**Response to Request No. 32:**

US Alamy objects to this Request on the ground that it is vague and ambiguous, and overly broad and unduly burdensome, including insofar as it seeks the production of "Documents referring to or identifying all payments."  US Alamy further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.

Without waiving the foregoing general and specific objections, US Alamy states that it has does not have responsive documents in its possession, custody, or control.

**Request No. 33:**

All agreements that had the effect of permitting customers to download any of the Infringed Copyrighted Works from the Website without paying an additional license fee. If the terms and conditions of such agreements, or any subset of such agreements, are common, Plaintiff requests production only of the common terms and conditions of such agreements and Documents identifying all customers who entered agreements with those common terms and the dates such agreements were in place with each of those customers. Plaintiff also requests production of any

agreements referenced in the first sentence of this Request For Production 33 that do not share such common terms and conditions.

**Response to Request No. 33:**

US Alamy objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  US Alamy further objects on the ground that it requires US Alamy to create documents not already in existence, process documents in a manner outside US Alamy's ordinary course of business, and impose other obligations beyond, or inconsistent with, those imposed by the Federal Rules and the Local Rules.

Without waiving the foregoing general and specific objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 34:**

Documents identifying the allocation of each of the Defendants' annual revenue between (i) revenue from customers who are permitted to download a defined, or unlimited, number of photographic images from the Website based on a set rate schedule; (ii) revenue from sales of licenses in images downloaded from the Website on a per image basis; and (iii) all other revenue categories identified in the Defendants' financial records.

**Response to Request No. 34:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 35:**

Documents identifying the amounts paid to either of the Defendants each year between January 1, 2016 and the last date that any of the Infringed Copyrighted Works was displayed on the Website as a result of the customer agreements referenced in Request for Production 63.

**Response to Request No. 35:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 36:**

Copies of sales presentations, advertisements or promotional materials presented to any customer or potential customer referring to the number of photographs available for download from the Website.

**Response to Request No. 36:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business

information.  Defendant further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 37:**

All Documents referring to the use of the total number of photographic images available for download from the Website in any sales pitch or presentation, or sales efforts generally.

**Response to Request No. 37:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  Defendant further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 38:**

All sales presentations or promotional materials that display any of the Infringed Copyrighted Works.

**Response to Request No. 38:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or

defenses of any party nor proportional to the needs of the case.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  Defendant further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.

Without waiving the foregoing general and specific objections, US Alamy states that it does not have responsive documents in its possession, custody, or control.

**Request No. 39:**

Documents that identify the number of views of each of the Infringed Copyrighted Works.

**Response to Request No. 39:**

US Alamy objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 40:**

Documents that identify the number of downloads of each of the Infringed Copyrighted Works.

**Response to Request No. 40:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "downloads," and overly broad and unduly burdensome.

US Alamy further objects to this Request because an interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  US Alamy further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 41:**

Documents identifying the Copyright Management Information (as that term is used in the DMCA) displayed in connection with any of the Infringed Copyrighted Works by either Defendant.

**Response to Request No. 41:**

US Alamy objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.  US Alamy further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 42:**

Documents constituting or concerning Alamy, Inc.'s financial records from January 1, 2016 to the present referring to revenues, expenses, profits, losses, assets and liabilities produced

with as much detail as maintained by or on behalf of either of the Defendants for each year that an annual report is available containing the requested information. Plaintiff seeks production of the annual report for any year for which an annual report is not available. Plaintiff seeks production of the most recent quarterly or monthly report with year-to-date data available, to be updated with the complete annual information when a more comprehensive report is available.

**Response to Request No. 42:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 43:**

Documents constituting or concerning Alamy Ltd.'s financial records from January 1, 2016 to the present referring to revenues, expenses, profits, losses, assets and liabilities produced with as much detail as maintained by or on behalf of either of the Defendants for each year that an annual report is available containing the requested information. Plaintiff seeks production of the annual report for any year for which an annual report is not available. Plaintiff seeks production of the most recent quarterly or monthly report with year-to-date data available, to be updated with the complete annual information when a more comprehensive report is available.

**Response to Request No. 43:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. US Alamy further objects to this

31

Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 44:**

Any notice of claim and demand for insurance coverage relating to this Litigation.

**Response to Request No. 44:**

US Alamy objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 45:**

All responses to communication referenced in Request For Production 44.

**Response to Request No. 45:**

US Alamy objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 46:**

All Communications with any representative of an insurance company concerning coverage of Alamy, Inc. under any policy providing coverage for this Litigation, even if coverage is being provided under a reservation of rights concerning insurance coverage applicable to any of the claims asserted against the Defendant in the Litigation.

**Response to Request No. 46:**

US Alamy objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Without waiving the foregoing general and specific objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 47:**

Copies of each Defendant's United States federal tax returns for tax years 2016 through the present.

**Response to Request No. 47:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 48:**

Copies of each Defendant's tax returns filed in the United Kingdom for tax years 2016 through the present.

**Response to Request No. 48:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 49:**

A copy of each tax return filed in each state within the United States by or on behalf of either Defendant for tax years 2016, 2017, 2018 and 2019, and each filing requesting an extension of the deadline in each state for any of those tax years that a final tax return was not submitted.

**Response to Request No. 49:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 50:**

Documents sufficient to identify each state in the United States in which each Defendant was (or has been) registered to do business anytime between January 1, 2016 and the present.

**Response to Request No. 50:**

US Alamy objects to this Request on the ground that it is vague and ambiguous, and overly broad and unduly burdensome.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 51:**

Documents referencing or identifying each state in the United States in which Alamy, Inc. has transacted business and the business that was transacted in each.

**Response to Request No. 51:**

US Alamy objects to this Request on the ground that it is vague and ambiguous, and overly broad and unduly burdensome.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 52:**

Documents describing the job responsibilities of each employee of Alamy, Inc., including, in the event that a comprehensive job description does not exist for any employee, the personnel records describing the expected performance responsibilities of that employee on which his or her compensation or bonus was (is) based.

**Response to Request No. 52:**

US Alamy objects to this Request on the ground that it is vague and ambiguous, and overly broad and unduly burdensome.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 53:**

Documents sufficient to identify the Defendant that owns the equipment, including computer and telecommunications equipment, office furniture and any business owned automobile, used by any employee of Alamy, Inc. to perform his or her work between January 1, 2016 and the present.

**Response to Request No. 53:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  US Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  US Alamy further objects to this Request to the extent that it seeks

documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not produce documents in response to this Request, but that it will provide responsive information if served with a properly-worded interrogatory regarding same.

**Request No. 54:**

All Documents the Defendants contend support contention that Alamy Ltd. does not manage the operations of Alamy, Inc.

**Response to Request No. 54:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "manage the operations," overly broad, unduly burdensome, and overly expansive in temporal scope.  US Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.   US Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 55:**

Documents identifying (by name, job title, name of employer) the Persons who had authority to hire employees of Alamy, Inc., between January 1, 2010 and the present.

**Response to Request No. 55:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  US Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not produce documents in response to this Request, but that it will provide responsive information if served with a properly-worded interrogatory regarding same.

**Request No. 56:**

Documents identifying (by name, job title, name of employer) the Persons who had authority to fire employees of Alamy, Inc., between January 1, 2010 and the present.

**Response to Request No. 56:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  US Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly

expansive in temporal scope.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not produce documents in response to this Request, but that it will provide responsive information if served with a properly-worded interrogatory regarding same.

**Request No. 57:**

Documents identifying each bank account in the name of Alamy, Inc. by name and location of the bank, between January 1, 2010 and the present.

**Response to Request No. 57:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  US Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not produce documents in response to this Request, but that it will provide responsive information if served with a properly-worded interrogatory regarding same.

**Request No. 58:**

Documents identifying the authorized signatories on each bank account in the name of Alamy, Inc. from January 1, 2010 to the present.

**Response to Request No. 58:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. US Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not produce documents in response to this Request, but that it will provide responsive information if served with a properly-worded interrogatory regarding same.

**Request No. 59:**

Documents identifying (by name, job title, name of employer) the Persons who had authority to manage each computer network utilized by employees of Alamy, Inc. when performing their work.

**Response to Request No. 59:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. US Alamy further objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "computer network," overly broad and unduly burdensome, and overly expansive in temporal scope. US

Alamy further objects to this Request to the extent that it seeks documents that are neither

relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not

produce documents in response to this Request, but that it will provide responsive information if

served with a properly-worded interrogatory regarding same.

**Request No. 60:**

Documents identifying (by name, job title, name of employer) the Persons who had authority to establish sales targets and determine bonus eligibility and amounts to be paid in compensation to employees of Alamy, Inc. between January 1, 2010 through the present.

**Response to Request No. 60:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a

more practical and less burdensome method of obtaining the information sought.  US Alamy

further objects to this Request to the extent that it seeks documents that contain confidential

and/or proprietary business information.  US Alamy further objects to this Request on the

grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly

expansive in temporal scope.  US Alamy further objects to this Request to the extent that it seeks

documents that are neither relevant to the claims or defenses of any party nor proportional to the

needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not

produce documents in response to this Request, but that it will provide responsive information if

served with a properly-worded interrogatory regarding same.

**Request No. 61:**

Documents concerning the reasons for, and basis to calculate, Sales Distribution Fees paid by Alamy, Inc., to Alamy, Ltd.

**Response to Request No. 61:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. US Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 62:**

Documents concerning the reasons for, and basis to calculate, Sales Distribution Fees paid by Alamy, Inc., to Alamy, Ltd.

**Response to Request No. 62:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. US Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not

produce documents in response to this Request.

**Request No. 63:**

Documents identifying the Persons (by name, job title and employer) with authority to determine what amount to charge as a Sales Distribution Fee to Alamy, Inc.

**Response to Request No. 63:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. US Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 64:**

Documents identifying the Persons (by name, job title and employer) with responsibility for determining the amount of taxes owed by Alamy, Inc. and the taxing authority to whom those taxes were owed.

**Response to Request No. 64:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. US Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly

expansive in temporal scope.  US Alamy further objects to this Request to the extent that it seeks

documents that are neither relevant to the claims or defenses of any party nor proportional to the

needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not

produce documents in response to this Request.

**Request No. 65:**

If any of the Persons referenced in Request For Production 64 were (are) employees of
parties other than the Defendants, Documents that identify who paid those outside Persons for their
services.

**Response to Request No. 65:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a

more practical and less burdensome method of obtaining the information sought.  US Alamy

further objects to this Request to the extent that it seeks documents that contain confidential

and/or proprietary business information.  US Alamy further objects to this Request on the

grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly

expansive in temporal scope.  US Alamy further objects to this Request to the extent that it seeks

documents that are neither relevant to the claims or defenses of any party nor proportional to the

needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not

produce documents in response to this Request.

**Request No. 66:**

Documents identifying the Persons (by name, job title and employer) with responsibility
for making the payment of the taxes on behalf of Alamy, Inc. For clarification, this Request For
Production refers to the Persons who had the responsibility for directing payment of an identified
amount to a taxing authority from a bank account, whether that ac

**Response to Request No. 66:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. US Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 67:**

All Documents discussing the purpose of creating and/or maintaining Alamy, Inc. as a subsidiary of Alamy Ltd., without limitation on when those Documents were dated, created or received.

**Response to Request No. 67:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. US Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 68:**

Documents discussing how to allocate license fees paid by customers who access images on the Website when the customer does not have a managed customer relationship with Alamy Ltd. or any of its subsidiaries.

**Response to Request No. 68:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information. US Alamy further objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and overly expansive in temporal scope. US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 69:**

Documents identifying the total amount of annual revenue attributed to Alamy, Inc. based on licenses issued to customers who download images form the Website that do not have a managed customer relationship or agreement with Alamy, Inc.

**Response to Request No. 69:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought. US Alamy further objects to this Request to the extent that it seeks documents that contain confidential

and/or proprietary business information.  US Alamy further objects to this Request to the extent

that it seeks documents that are neither relevant to the claims or defenses of any party nor

proportional to the needs of the case.

Without waiving the foregoing general and specific objections, US Alamy states that it will

not produce documents in response to this Request.

**Request No. 70:**

Documents discussing the reason(s) why the amounts referenced in Request For Production
69 were allocated to Alamy, Inc.

**Response to Request No. 70:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a

more practical and less burdensome method of obtaining the information sought.  US Alamy

further objects to this Request to the extent that it seeks documents that contain confidential

and/or proprietary business information or are protected by the attorney-client privilege and/or

work-product doctrine.  US Alamy further objects to this Request to the extent that it seeks

documents that are neither relevant to the claims or defenses of any party nor proportional to the

needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not

produce documents in response to this Request.

**Request No. 71:**

Documents discussing the actual or theoretical tax benefit(s) to Alamy Ltd. of allocating
any of the revenue attributed to Alamy, Inc. to that entity compared to allocating that revenue to
Alamy Ltd. or another affiliate, regardless of when the Documents were dated, created or received.

**Response to Request No. 71:**

US Alamy objects to this Request because a deposition or interrogatory constitutes a

more practical and less burdensome method of obtaining the information sought.  US Alamy

further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information or are protected by the attorney-client privilege and/or work-product doctrine.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 72:**

A disclosure consistent with Fed. R. Civ. Proc. 26(a)(2) for each expert witness that may provide testimony on behalf of either of the Defendants.

**Response to Request No. 72:**

US Alamy objects on the ground that discovery is ongoing.  Without waiving the foregoing general and specific objections, US Alamy states that it will timely produce its expert disclosures in accordance with the requirements of the Federal Rules.

**Request No. 73:**

Documents that identify or describe the supervisory responsibilities performed by Alan Capel concerning Alamy, Inc. or any of its employees.

**Response to Request No. 73:**

US Alamy objects to this Request on the ground that it is vague and ambiguous, particularly with respect to the phrase "supervisory responsibilities."  US Alamy further objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  US Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or

accessible to all parties.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not produce documents in response to this Request, but that it will provide responsive information if served with a properly-worded interrogatory regarding same.

**Request No. 74:**

Documents that identify or describe the supervisory responsibilities performed by any employee of Alamy Ltd. other than Alan Capel concerning Alamy, Inc. or any of its employees.

**Response to Request No. 74:**

US Alamy objects to this Request on the ground that it is vague and ambiguous, particularly with respect to the phrase "supervisory responsibilities."  US Alamy further objects to this Request because a deposition or interrogatory constitutes a more practical and less burdensome method of obtaining the information sought.  US Alamy further objects to this Request to the extent it seeks documents already available to Plaintiff, in the possession, custody or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not produce documents in response to this Request, but that it will provide responsive information if served with a properly-worded interrogatory regarding same.

**Request No. 75:**

All Documents discussing the purpose of creating or issuing a license in the name of Alamy, Inc. for photographic images that could be downloaded from the Website, without limitation on when those Documents were dated, created or received.

**Response to Request No. 75:**

US Alamy objects to this Request on the ground that it is vague and ambiguous, and non-sensical as drafted, particularly with respect to the term "purpose."  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.  US Alamy further objects to this Request because a deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Subject to and without waiver of the foregoing objections, US Alamy states that it has does not have non-privileged, responsive documents in its possession, custody, or control.

**Request No. 76:**

Documents identifying and discussing the technology or system functionality permitting either of the Defendants to screen photographic images from being uploaded to or displayed on the Website based on (i) the source of the photographic image; (ii) the content of the photographic image; (iii) the geographic area where a Website user is located; or (iv) any other criteria on which the Website or background systems can screen images or their sources.

**Response to Request No. 76:**

US Alamy objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "screen photographic images."  US Alamy further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  US Alamy further objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business

information.  US Alamy further objects to this Request because a deposition constitutes a more practical and less burdensome method of obtaining the information sought.

Subject to and without waiver of the foregoing objections, US Alamy states that it will not produce documents in response to this Request.

**Request No. 77:**

Communications with SuperStock concerning the authorization to license or sublicense photographic images obtained from the Plaintiff or Michael Grecco.

**Response to Request No. 77:**

US Alamy objects to this Request on the ground that it is vague and ambiguous, particularly because it seeks "Communications with SuperStock," and is not limited to US Alamy's communications with Superstock.  US Alamy will agree to limit this Request to responsive, non-privileged communications by and between US Alamy and Superstock concerning the authorization.  US Alamy further objects to this Request to the extent that it seeks documents that are not within US Alamy's possession, custody, or control and/or are more readily accessible from third parties.  US Alamy further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 78:**

Communications with SuperStock concerning the termination of authorization to license or sub-license photographic images obtained from the Plaintiff or Michael Grecco.

**Response to Request No. 78:**

US Alamy objects to this Request on the ground that it is vague and ambiguous, particularly because it seeks "Communications with SuperStock," and is not limited to US Alamy's communications with Superstock.  US Alamy will agree to limit this Request to responsive, non-privileged communications by and between US Alamy and Superstock concerning the termination.  US Alamy further objects to this Request to the extent that it seeks documents that are not within US Alamy's possession, custody, or control and/or are more readily accessible from third parties.  US Alamy further objects to this Request on the grounds that it is cumulative and duplicative of other Requests herein.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

**Request No. 79:**

Documents identifying all actions taken by either of the Defendants to prevent the set of photographic images referenced in Requests For Production 77 or 78 from being uploaded to or displayed on the Website.

**Response to Request No. 79:**

US Alamy objects to this Request to the extent that it seeks documents that contain confidential and/or proprietary business information.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order in the above-captioned case, US Alamy states that, to the extent it has not already produced documents sufficient to satisfy this Request, US Alamy will use commercially

reasonable efforts to produce additional relevant, non-privileged documents responsive to this Request, to the extent any exist.

Respectfully submitted,

Dated: New York, New York
       March 9, 2020

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

By:   /s/ Nancy E. Wolff             
       Nancy E. Wolff
       Lindsay R. Edelstein
       41 Madison Avenue, 38th Floor
       New York, New York 10010
       Tel.: (212) 974-7474
       Fax: (212) 974-8474
       nwolff@cdas.com
       ledelstein@cdas.com

*Attorneys for Defendants Alamy Inc. and Alamy Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on March 9, 2020, I caused a true and correct copy of the foregoing

Defendant Alamy Inc.'s Responses and Objections to Plaintiff's Second Set of Requests for

Production of Documents be served by email and U.S. mail on the following:

Steven M. Cowley
100 High Street, Suite 2400
Boston, MA 02110-1724
smcowley@duanemorris.com

Jovalin Dedaj
1540 Broadway
New York, New York 10036-4086
jdedaj@duanemorris.com

Lindsay R. Edelstein
LINDSAY R. EDELSTEIN