

| Cowan, DeBaets, Abrahams & Sheppard LLP | 41 Madison Avenue<br>New York, NY 10010<br>T: 212 974 7474<br>F: 212 974 8474<br>www.cdas.com | Nancy E. Wolff<br>212 974 7474<br>nwolff@cdas.com |

August 27, 2020

**VIA CM/ECF**

Magistrate Judge James Orenstein
225 Cadman Plaza East
Room 1227 South
New York, New York 11201

Re: <u>Michael Grecco Productions Inc. v. Alamy Inc.</u>, Case No. 18 Civ. 03260 (PKC) (JO)

Dear Judge Orenstein:

On behalf of defendants Alamy Inc. ("US Alamy") and Alamy Ltd. ("UK Alamy," together with US Alamy, "Defendants"), we respectfully submit this letter in response to plaintiff Michael Grecco Productions Inc.'s ("MGP") letter motion, dated August 24, 2020 (Dkt. No. 90), concerning MGP's motion to compel Defendants' production of certain documents. For the reasons set forth below, MGP's motion should be denied in its entirety.

1. **MGP's Demand for Judicial Intervention is Premature and Unnecessarily Involves the Court in Matters Already Resolved Between the Parties**

As stated in the joint letter submitted to Your Honor on August 11, 2020, the parties had been working cooperatively to "narrow down" discovery issues, but requested that the Court allow the parties to brief any unresolved issues by letter to be filed with the Court on or before the Pre-Trial Conference. Dkt. No. 88. During the parties' most recent meet-and-confer on August 4, 2020, which lasted roughly two hours due in part to MGP's voluminous requests (with over 110 document requests directed to *each* defendant), MGP's counsel clarified certain requests, and Defendants' counsel agreed to confer with their client to provide responsive documents where applicable, and to discuss alternative solutions. Since then, Defendants have been working diligently to locate and collect such documents, and counsel for both parties have corresponded frequently to attend to discovery-related issues. Inexplicably, despite failing to follow-up even once with Defendants while they were preparing the discussed production, MGP filed the instant motion.[1]

---

[1] This is particularly troubling given the history of this case, the egregious amount of judicial intervention and resources that have been sought and expended during this litigation, and the great lengths Defendants have gone through to limit such waste. For example, the parties met and conferred regarding MGP's woefully deficient production in April of 2020. Two months later, MGP still had not supplemented its production. In good faith, Defendants offered to have a second meet and confer with MGP's counsel, and then repeatedly checked-in on the status of the production thereafter. In July, after still not receiving certain documents, Defendants' counsel apprised MGP's counsel of their intention to move to compel, to provide counsel with a chance to make the supplemental production before doing so. When MGP's counsel asked for more time to confer with his client following that correspondence, Defendants' counsel obliged. To date, certain documents requested still have not be produced by MGP's counsel, but Defendants' counsel understood that such "unresolved issues" would be jointly briefed by the parties for the Court. Dkt. No. 88. Defendants have made every effort to be reasonable and to resolve disputes without involving the Court, but it has been difficult when MGP is not acting with similar consideration.



Specifically, Defendants understood the parties to have worked out a compromise with respect to Requests 89, 90, 92 to 96, 103, and 104 (seeking detailed human resources information), whereby Defendants would produce a spreadsheet including all the information requested. Defendants have been diligently working on this, and intend to produce it on or around September 4, as they are on holiday until September 1. Similarly, Defendants will be producing documents responsive to Alamy Request 30, and never stated during the meet and confer that such documents would not be given. It is unclear why these issues are being brought before the Court when the documents are forthcoming.

## 2. Certain of MGP's Requests are Overly Invasive and Irrelevant to This Dispute, Which Relates to *$85.97* in Revenue Received by Defendants in Connection with the Images at Issue

Alamy hosts over 210 million images on its website. This case concerns the display of 24 images purportedly owned by MGP, less than a handful of which were ever actually licensed to third parties, and which generated $85.97 total. As a matter of logic, discretion, and the law, there is no reasonable basis for MGP to demand the plethora of highly-confidential, sensitive financial information – including, but not limited to, information responsive to Requests 72, 73, 99, 100, and 107 – to aid in calculating purported damages for such limited use.[2] Nevertheless, Defendants have already provided to MGP gross revenue reports for UK Alamy, as that information is public pursuant to UK law.

MGP alternatively argues that it needs these disclosures to support its "alter ego" argument (Requests 98-100). As discussed during the parties' latest meet and confer, with respect to the requests relating to taxation information (Requests 77-81), Defendants offered to provide an affidavit stipulating to the jurisdictions where tax returns are filed, and by which entity such returns were filed. During the meet and confer, MGP's counsel seemed open to the proposed compromise.

## 3. Defendants Should Not Be Required to Engage in a Fishing Expedition to Substantiate MGP's Unfounded Conspiracy Theories

---

[2] *See Mango v. BuzzFeed, Inc.*, 316 F. Supp. 3d 811, 814 (S.D.N.Y. 2018) ("[t]he Court is persuaded that evidence of BuzzFeed's total net worth is not relevant to a potential statutory damages calculation in this case . . . any potential relevance of BuzzFeed's financial data would be substantially outweighed by the delay and waste of time the presentation of such evidence would cause and the prejudice BuzzFeed would suffer as a result of disclosing private financial data."). *Compare Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 22 (1991) (cautioning against allowing a jury to consider the wealth of a corporate defendant, noting that a more nuanced analysis is required: "[T]he factfinder must be guided by more than the defendant's net worth . . . plaintiffs do not enjoy a windfall because they have the good fortune to have a defendant with a deep pocket."); *Zoll v. Ruder Finn, Inc.*, No. 01 CIV. 1339 (CSH), 2004 WL 527056, at *4 (S.D.N.Y. Mar. 16, 2004) (in privacy case, excluding evidence of gross sales as irrelevant; "[w]ithout sufficient evidence linking Jordache's alleged success to Defendants' alleged wrongs, descriptions of what is in Jordache's wallet do not pass muster under Rule 403"); *Computer Assocs. Int'l, Inc. v. Am. Fundware, Inc.*, 831 F. Supp. 1516, 1526-28 (D. Colo. 1993) (evidence of parties' financial condition inadmissible under Rule 403 and 401 as irrelevant to proper measure of damages for misappropriation of trade secrets; adopting a "reasonable royalty rule").



Cowan,
DeBaets,
Abrahams &
Sheppard llp

As discussed during the multiple meet and confers, the types of documents sought via many of MGP's requests (including certain of Requests 91-101 and 103-104, which MGP lumps together at the end of its letter, with no explanation), are nearly impossible to ascertain for two reasons.

*First*, it would be nearly impossible to efficiently search for correspondence explaining the general reasoning behind certain business decisions made by UK Alamy over ten years ago. A much less invasive and efficient method to gather this information is via deposition and/or interrogatories, but MGP refuses to accept this alternative. For example, MGP demands documents relating to "the reasons for . . . Sales Distribution Fees," and the "purpose of creating . . . [US Alamy] as a subsidiary of [UK Alamy]" or "the actual . . . tax benefit(s) to [UK Alamy] of allocating any of the revenue attributed to [US Alamy] to that entity compared to allocating that revenue to Alamy Ltd. or another affiliate, regardless of when the Documents were dated, created or received." Defendants have already testified at length regarding these topics during depositions taken last year, and MGP has another opportunity to revisit such testimony during the upcoming depositions.

*Second*, documents responsive to all requests seeking documents pre-dating 2010 (if such responsive documents even exist) are contained in an old email archive in an off-site server that is not in a searchable cloud platform. Because the old email software was incompatible with the new platform Defendants use, they were unable to import the archive.[3] Even if Defendants were able to access the archive and were able to effectively "search" within the archive, from a practical standpoint, the information sought would be difficult to find. For example, it would be impractical to find documents regarding the "tax benefits" for a decade-long period; any search terms would provide endless results that likely would not directly be responsive to the corresponding Request.

Moreover, MGP cannot justify the relevance of these documents, or explain why Defendants' sensitive financial information or motivation for creating a subsidiary has anything to do with its alter ego argument. Instead, MGP cites to general case law stating that a corporation's continuous and systematic exercise of supervisory powers may be a basis to exert personal jurisdiction. Dkt. No. 90. Defendants have provided extensive documentation and deposition testimony regarding the relationship between the two entities (including, but not limited to, the calculation of the Sales Distribution Fees, the purpose of creating US Alamy, and tax information), which is sufficient for discovery purposes. MGP should not have carte blanche access to all of Defendants' private information simply because he does not like the information he has already received.

We thank the Court for its patience and attention to this matter.

Respectfully Submitted,

/s/ Nancy E. Wolff
Nancy E. Wolff

*Counsel for Defendants Alamy Inc. and Alamy Ltd.*

---

[3] Upon request by Your Honor, Defendants can provide further information about the difficulty accessing the archive.