NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY



*FIRM and AFFILIATE OFFICES*

STEVEN M. COWLEY
DIRECT DIAL: +1 857 488 4261
PERSONAL FAX: +1 857 401 3090
*E-MAIL:* SMCowley@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

September 23, 2020

**VIA ECF**

Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers S1227
Brooklyn, New York 11201

Re: *Michael Grecco Productions, Inc. v. Alamy Inc.*, 18-cv-3260-PKC-JO

Dear Judge Orenstein:

I write on behalf of Plaintiff Michael Grecco Productions, Inc. ("Plaintiff"), pursuant to Your Honor's Individual Rule IV.A., to request an order requiring Defendants Alamy Inc. and Alamy Ltd. ("Defendants") to produce communications with third parties that Defendants are withholding under an improper work product claim premised on an erroneous assertion of a common interest.[1]

On September 17, 2020, Defendants produced a supplemental privilege log identifying for the first time 30 documents being withheld under a claim of "Common Interest/Work Product." A copy is attached as Exhibit A. As an initial matter, Defendants' untimely disclosure of these responsive documents constitutes a waiver of any claim of privilege. Further, Defendants cannot assert a "Common Interest/Work Product" privilege over these communications because Defendants are adverse to the third parties at issue and Defendants have tactically produced selections of the same communications they wish to rely upon.

### I. Defendants Have Waived Any and All Claims of Privilege Over These Communications.

The communications at issue are all with so-called "Contributors," who are independent entities that Defendants claim were the sources of Plaintiff's Copyrighted Works at issue in this copyright infringement action. These withheld communications should have been disclosed in Phase One discovery last year, because they are all responsive to Plaintiff's initial requests for production of documents concerning the reproduction, public display, distribution, and holding

---

[1] On September 22, 2020, counsel for the parties unsuccessfully conferred regarding Plaintiff's request for the production of these documents.



out for license of the Copyrighted Works, as well as documents "sufficient to identify the source" of each of the Copyrighted Works. *See* Exhibit B, Plaintiff's First Set of Requests for Production of Documents and Things to Defendant Alamy Inc., Requests Nos. 11-16, 20, and 21. Had these documents been disclosed when first withheld from production, they would have been addressed at the January 13, 2020 hearing before Your Honor addressing Plaintiff's challenge to other documents listed on the then disclosed privilege log. Defendant's silent withholding of these documents for over a year waives any and all claims of privilege.

The Federal Rules of Civil Procedure require a party who withholds documents to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *See* FED. R. CIV. P. 26(b)(5)(A). Courts in the Second Circuit have uniformly concluded that "[t]he failure of a party to list a document withheld during the course of discovery on a privileged log ... ordinarily results in a finding that the privilege otherwise asserted has been waived." *See Cicel (Beijing) Sci. & Tech. Co. v. Misonix, Inc.*, 331 F.R.D. 218, 228 (E.D.N.Y. 2019) (quoting *Feacher v. Intercontinental Hotels Grp.*, 2007 WL 3104329, at *5 (N.D.N.Y. Oct. 22, 2007); *see also FG Hemisphere Associates, L.L.C. v. Republique Du Congo*, 2005 WL 545218, at *6 (S.D.N.Y. Mar. 8, 2005) ("As other judges in this District and I have repeatedly held, the unjustified failure to list privileged documents on the required log of withheld documents in a timely and proper manner operates as a waiver of any applicable privilege." (citations omitted) ); *accord Kogut v. Cty. of Nassau*, 2011 WL 13284714, at *4 (E.D.N.Y. Nov. 14, 2011) ("The failure of defendants to list the ... documents [in question] on a privilege log constitutes a waiver of any applicable privilege."). Here, most of the log entries at issue identify documents that existed during the Phase One discovery period that concluded on September 16, 2019. Communications with third party Contributors were responsive to Plaintiff's discovery requests concerning the very acts of reproduction, display, distribution, and holding out for license that Defendants attribute to these Contributors. Defendants withheld these documents throughout Phase One discovery, and only disclosed their existence on the eve of the completion of all fact discovery. The extremely belated disclosure of these withheld communications constitutes a waiver of all possible privilege now. *See Cicel*, 331 F.R.D. at 228.

**II. Defendants' Cannot Abuse A Claim of Privilege as Both a Sword and a Shield**

Defendants selectively produced dozens of communications with the same Contributors concerning this lawsuit, many from the same email threads as the communications being withheld. Defendants have cherry-picked the post-Complaint communications they wish to produce, in a self-serving effort to support alleged defenses while withholding unhelpful communications with the same parties on the same topics. *See, e.g.*, Exhibit C. This is a naked attempt by Defendants to wield a claim of privilege as both a sword and a shield, a practice repeatedly rejected by the Second Circuit and federal courts at large. *See In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) ("[A] party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party."). Defendants' selective privilege claims should be rejected.



### III. The Common Interest Privilege Is Unavailable Where No Common Legal Interest Exists.

Each of the third party Contributors identified in Log Entry Nos. 125 – 155 is an independent entity with whom Defendants have a contract providing for indemnification of Defendants for claims arising out of images they provide and Defendants have put these parties on notice that it considers Plaintiff's claims in this case to fall under those obligations. *See* Exhibit C. Indeed, Defendants assert an affirmative defense of immunity under the DMCA (ECF No. 84, Defendants' Joint Answer to the Amended Complaint, Second Affirmative Defense), which is premised on the position that the Contributors are responsible for any infringement, not Defendants. This is not a relationship based on a common interest; it is adversarial. *See, e.g.*, *Lawson v. Spirit AeroSystems, Inc.*, 410 F. Supp. 3d 1195, 1210 (D. Kan. 2019) ("When parties engage in arms-length bargaining, they do not have a common interest."). Accordingly, the Court should compel Defendants produce the documents identified in Log Entry Nos. 125 – 155.

To properly claim the protection of the common interest doctrine, the parties exchanging otherwise privileged information must establish (1) a common legal, rather than commercial, interest, as well as (2) that any exchange of privileged information was made in formulating a common legal strategy [ ] and that the parties understood that the communication would be in furtherance of the shared legal interest. *See Rubie's Costume Co., Inc. v. Kangaroo Mfg., Inc.*, 2018 WL 4864833, at *2 (E.D.N.Y. Sept. 28, 2018) (internal quotations and citations omitted). "The doctrine does not extend to communications about a joint business strategy that happens to include a concern about litigation…. The parties claiming protection under the doctrine must show that they had a common legal, as opposed to commercial, interest…." *Walsh v. Northrop Grumman Corp.*, 165 F.R.D. 16, 18 (E.D.N.Y. 1996). Here, Defendants cannot claim a common legal interest with the third party Contributors identified in these entries. Although Defendants and the third party Contributors may share a desired outcome in which Plaintiff is determined not to be the holder of the Copyrighted Works at issue, that alone does not create a common legal interest. *See North River Ins. Co. v. Columbia Cas. Co.*, 1995 WL 5792, at *4 (S.D.N.Y. Jan.5, 1995) ("What is important is not whether the parties theoretically share similar interests but rather whether they demonstrate actual cooperation toward a common legal goal."). Accordingly, because no common legal interest exists among Defendants and the third party Contributors identified in Log Entry Nos. 125 – 155, Defendants should be compelled to produce the withheld communications.

Respectfully,

*/s/ Steven M. Cowley*