

NEW YORK  
LONDON  
SINGAPORE  
PHILADELPHIA  
CHICAGO  
WASHINGTON, DC  
SAN FRANCISCO  
SILICON VALLEY  
SAN DIEGO  
LOS ANGELES  
TAIWAN  
BOSTON  
HOUSTON  
AUSTIN  
HANOI  
HO CHI MINH CITY  

*FIRM and AFFILIATE OFFICES*

STEVEN M. COWLEY  
DIRECT DIAL: +1 857 488 4261  
PERSONAL FAX: +1 857 401 3090  
*E-MAIL:* SMCowley@duanemorris.com  

www.duanemorris.com  

SHANGHAI  
ATLANTA  
BALTIMORE  
WILMINGTON  
MIAMI  
BOCA RATON  
PITTSBURGH  
NEWARK  
LAS VEGAS  
CHERRY HILL  
LAKE TAHOE  
MYANMAR  
OMAN  
*A GCC REPRESENTATIVE OFFICE*  
*OF DUANE MORRIS*  

ALLIANCES IN MEXICO  
AND SRI LANKA

January 27, 2022

**VIA ECF**

Hon. Ramon E. Reyes, Jr., U.S.M.J.  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East, Room N208  
Brooklyn, New York 11201  

Re: *Michael Grecco Productions, Inc. v. Alamy Inc. and Alamy Ltd.*, 18-cv-3260-PKC-RER

Dear Judge Reyes:

      Pursuant to Section III B of your Honor's Motion and Individual Practice Rules, on behalf of the plaintiff Michael Grecco Productions, Inc. ("Plaintiff"), and consistent with Judge Chen's January 21, 2022 Memorandum & Order (Dkt. 126) denying defendants Alamy Inc. and Alamy Ltd.'s (together, "Defendants") objections to Magistrate Judge Orenstein's October 1, 2020 Memorandum & Order (Dkt. 99 and Dkt. 100) compelling Defendants' production of documents withheld under claims of privilege, I submit this pre-motion conference request seeking a Court order directing that certain filings in connection with Judge Orenstein's M&O and Defendants' subsequent objections be unsealed, or otherwise made available to the Plaintiff.

      Specifically, now that Judge Chen has "affirm[ed] Judge Orenstein's October 1, 2020 M&O in its entirety" (Dkt. 126, at p. 1), finding Defendants' privilege claim to have been waived under the crime-fraud exception, the basis for preventing plaintiff's (and the public's) access to the following filings no longer exists.

      **1. The Unredacted Version of Judge Orenstein's October 1, 2020 Memorandum & Order.**

      Judge Orenstein posted a redacted version of his October 1, 2020 M&O, removing his references to the contents of the documents at issue from public view in order to preserve that privilege should his ruling concerning the application of the crime fraud exception not be sustained (Dkt. 99). Judge Orenstein explained:

> After reviewing the records at issue, I conclude that Grecco's concerns are well-founded, and that there is at least probable cause to believe that the crime-fraud exception applies. To explain how I



Hon. Ramon E. Reyes, Jr., U.S.M.J.
January 27, 2022
Page 2

> reach that conclusion, I must of course refer to some extent to the contents of the communications at issue. However, to avoid undue prejudice to Alamy in the event it seeks review of this decision, I must also be circumspect in describing those contents. I will therefore redact the following description (in which I cite documents using the Bates numbers Alamy assigned them) in the version of this order filed on the public docket, file the unredacted version under seal, and unseal the latter if my decision remains in effect upon the completion of any review.

Defendants did seek the review contemplated by Judge Orenstein, and Judge Chen has now affirmed Judge Orenstein's ruling "in its entirety" (Dkt. 126, at p. 1). In her M&O, Judge Chen cited to Dkt. 100, the non-redacted version of Judge Orenstein's October 1, 2020 M&O filed under seal, which is not currently available to the Plaintiff. As determined by Judge Orenstein, and affirmed by Judge Chen, that non-redacted version should be "unseal[ed]."

   2. **Minutes of Judge Orenstein's February 26, 2020 *Ex Parte* Conference With Defendants' Counsel.**

In his consideration of Plaintiff's motion to compel challenging Defendants' claims of privilege, Judge Orenstein reviewed the withheld documents *in camera*, then conducted an *ex parte* conference with Defendants' counsel on February 26, 2020. In the publicly available Minute Order entered that day (Dkt. 78), Judge Orenstein explained:

> Scheduling: As part of my in camera review of certain records as to which the defendants have asserted a privilege, I discussed certain records with the defendants' counsel ex parte. The defendants may file a supplemental submission by March 11, 2020. The minutes of today's proceeding shall be available to the defendants but otherwise sealed until further order.

Given Judge Chen's recent M&O affirming Judge Orenstein's determination that the documents discussed during the February 26, 2020 *ex parte* conference are not privileged and must be produced to the Plaintiff, there is no basis to continue to hold the Minutes of that conference under seal, preventing Plaintiff's access to those Minutes. As contemplated in Judge Orenstein's publicly available Minutes, the further order now issued by Judge Chen should terminate the sealing of the full February 26, 2020 Minutes.

   3. **Defendants' Unauthorized March 2020 Submission Making Further Arguments and Presenting Further Documents in Support of Their Privilege Arguments.**

During the February 26, 2020 *ex parte* conference with Defendants' counsel, Judge Orenstein permitted Defendants to file a supplemental report concerning their position. Judge Orenstein described his invitation for a supplemental report and what Defendants' actually filed – which appears to be Dkt. 80, a document that is not visible to the Plaintiff at this time - as follows:

DM2\15241195.1

DuaneMorris

Hon. Ramon E. Reyes, Jr., U.S.M.J.
January 27, 2022
Page 3

> At an ex parte conference on February 26, 2020, I afforded the defendants an opportunity to submit a supplemental report about their position on the continued assertion of privilege in light of the analysis I shared with counsel at the conference. As I made clear, the opportunity was for the defendants to reassess their position; I did not solicit further argument on the merits to which the plaintiff would have no meaningful opportunity to respond. In their most recent filing, the defendants nevertheless submitted argument on the merits and requested an opportunity to submit still more ex parte arguments if I found the most recent batch unpersuasive. I deny that request and will rule on the motion to compel, docket entry [68], based on the record developed to date. I will not accept or consider further submissions on the merits, and will unseal any ex parte submission filed without prior permission of the court. Ordered by Magistrate Judge James Orenstein on 4/3/2020. (Gutmann, Joseph)

Despite Judge Orenstein's express warning that he would unseal any submission filed without prior permission, and his stated position that the Defendants' submission at Dkt. 80 was not authorized by his February 26, 2020 invitation to submit a further report of their position, Defendants did not seek to withdraw that submission. Instead, Defendants' doubled-down and attempted to rely on their Dkt. 80 submission in their objections to Judge Orenstein's October 1, 2020 M&O. In her January 21, 2022 M&O rejecting Defendants' objections, Judge Chen explained that Defendants' Dkt. 80 submission included additional documents "consist[ing] of additional communications about the September 2018 License Agreement." (Dkt. 126, at p. 4.) Judge Chen rejected Defendants' argument that it was error for Judge Orenstein not to consider "documents left off of the original privilege loge by Defendants and not submitted to him until after his *in camera review*" – referring to the submission at Dkt. 80 – finding that "Defendants had full notice and opportunity to to timely produce those documents, but simply failed to do so without justification." (Dkt. 126, at p. 9).

Given Judge Orenstein's statement that he would unseal any submission filed under seal that was not previously authorized, and Judge Chen's affirmance of the finding that Defendants' submission at Dkt. 80 need not be considered since it was not previously authorized, as well as her own finding that the submission relied upon documents withheld from production and omitted from the required privilege log, all without justification, the full submission at Dkt. 80 should be unsealed or made available to the Plaintiff. To permit Defendants to maintain that submission under seal, contrary to Judge Orenstein's April 3, 2020 Order, will give Defendants an opportunity to continue to hide their undisclosed documents from Plaintiff altogether by failing to include them in the production of documents required by Judge Chen's M&O. Since the documents are not listed on the privilege log, Plaintiff has no way to confirm that they are in the expected production, and given the lengths to which Defendants have gone to hide those documents from Plaintiff to date, there is good reason to believe that they will not be forthcoming with the documents at this time. No further time and effort should be wasted by the parties concerning the production of these documents, since



Hon. Ramon E. Reyes, Jr., U.S.M.J.
January 27, 2022
Page 4

they are readily available on the docket at Dkt. 80, and all that is needed is to give Plaintiff access to that submission.

**4. Defendants' Memorandum and Accompanying Affidavit Filed in Support of Their Objections to Judge Orenstein's M&O.**

Defendants' submitted their full memorandum of law and counsel's full affidavit with exhibits in support of their Objections to Judge Orenstein's M&O under seal – Dkt. 104 and Dkt. 105. Plaintiff only received redacted versions of those filings – Dkt. 107 and Dkt. 108. Because Defendants' redactions were premised on their contention that the contents of the documents and filings being discussed were protected by Defendants' privilege claims, in light of Judge Chen's affirmance of Judge Orenstein's M&O compelling production of the documents at issue under the crime fraud exception to those privilege claims, there is no longer any basis to maintain Defendants' full objections materials at Dkt. 104 and Dkt. 105 under seal. At a minimum, Defendants should be required to provide full unredacted copies of those filings to the Plaintiff.

Plaintiff files this letter under the Court's procedure for requesting a pre-motion conference, and Plaintiff is prepared to participate in such conference and submit full motion papers, including a memorandum of law, if necessary. Given the nature of the issues raised and the apparent contemplation of the requested unsealing of the materials identified above in the orders already entered by Judge Orenstein and Judge Chen, Plaintiff also believes it will be appropriate for your Honor to address this request without conducting a conference or requesting additional briefing.

Respectfully,

*/s/ Steven M. Cowley*

cc:     Nancy E. Wolff, Esq. (by ECF)