**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

MICHAEL GRECCO PRODUCTIONS, INC.,

                Plaintiff,

    -against-

ALAMY, INC. and ALAMY LTD,

                Defendants.

No. 18-CV-03260 (PKC-RER)

---

## OBJECTIONS TO THE SUBMISSION OF THE DECLARATION OF JAMES ALLSWORTH AND PORTIONS OF THE DECLARATION OF NANCY WOLFF AS INADMISSIBLE FOR CONSIDERATION ON SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(c)(2), plaintiff Michael Grecco Productions, Inc. ("Plaintiff"), through its counsel Duane Morris LLP, hereby objects to the submission of the factual allegations in paragraphs 1-111 and the accompanying exhibits A-YY of the Declaration of James Allsworth ("Allsworth Declaration"), and further objects to the submission of the factual allegations in paragraphs 8-12 and 14 of the Declaration of Nancy Wolff ("Wolff Declaration"), on the grounds that the witnesses were not disclosed by Defendants during discovery as having knowledge relevant to Defendants' affirmative defenses, contrary to Defendants' obligations under FED. R. CIV. P. 26(a)(1). Defendants similarly failed to disclose either declarant as an expert witnesses in accordance with the requirements of FED. R. CIV. P. 26(a)(2), yet both attempt to provide opinion testimony on disputed issues. Both the Allsworth Declaration and Wolff Declaration are inadmissible, because each declarant is an impermissible witness.

In addition, both the Allsworth Declaration and Wolff Declaration contain inadmissible testimony lacking a foundation in the witness' personal knowledge, and the Allsworth

Declaration contains both inadmissible testimony and exhibits containing one or more levels of hearsay. Finally, the challenged portions of the Wolff Declaration are inadmissible on the ground that as lead trial counsel for Defendants', Ms. Wolff's attempt to provide and rely upon her own personal opinion testimony violates the applicable New York Rules of Professional Conduct. *See* New York Rules of Professional Conduct, rule 3.7(a).

## PROCEDURAL BACKGROUND

Defendants Alamy, Inc. and Alamy Ltd (together "Defendants"), premise their Motion for Summary Judgment (the "Motion") on the Allsworth Declaration and Wolff Declaration (together, Mr. Allsworth and Ms. Wolff are referred to as "the Declarants" and the Allsworth Declaration and Wolff Declaration are referred to as "the Declarations").

Discovery in this case spanned the period between April 25, 2019 (*see* ECF 40) and August 31, 2022 (*see* ECF 133), with intermittent periods of activity and inactivity dictated by the timing of a number of procedural and discovery motions. Over the course of this multi-year discovery period, Defendants produced three sets of Initial Disclosures: (1) Defendant Alamy, Inc.'s Initial Disclosures, dated August 27, 2018; (2) Defendant Alamy Ltd.'s Initial Disclosures, dated January 8, 2020; and (3) Defendant Alamy Ltd.'s First Amended Initial Disclosures, dated January 17, 2020. Declaration of Steven M. Cowley In Opposition To Defendants' Motion For Summary Judgment ("Cowley Decl.") Exs. 51, 52 and 53. Neither of the Declarants is identified as a witness "likely having discoverable information that Defendant may use to support its claims or defenses in this action" in any of the three sets of Initial Disclosures served by Defendants. *Id.* at Section A.

Alamy Ltd.'s original (January 8, 2020) Initial Disclosures attempted to identify one or more unnamed "Fed. R. Civ. P. 30(b)(6) corporate witness(es) of Defendant" (Cowley Decl. Ex.

52, at Section A), Plaintiff challenged the failure to identify the names of all witnesses called for by FED. R. CIV. P. 26(a)(1), leading Defendant Alamy Ltd. to serve its First Amended Initial Disclosures, removing that non-specific identification and adding two company employees (Kaldip Chohan and Daniel Buckel), in addition to John Schilizzi, who was disclosed in by each of the Defendants in all sets of Initial Disclosures. *See* Cowley Decl. Ex. 53, at Section A.

On October 19, 2020, Defendants served their Expert Disclosure, providing notice of one expert witness, Eric Rachlis, to testify on the issue of damages (along with a copy of his report). Cowley Decl. at Exs. 54. Defendants did not disclose either of the Declarants as an expert witness to provide opinions testimony on any topic, and did not supplement their expert disclosure to identify an additional expert witness at any time. *Id.*

## OBJECTIONS

### A. Applicable Procedural and Evidentiary Standards

### (i) Federal Rules of Civil Procedure Rule 26 Witness Dislcosures

Among other discovery obligations, FED. R. CIV. P. 26(a)(1) requires party disclose the name of "each individual . . . that the disclosing party may use to support its claims or defenses . . . unless the use would be solely for impeachment" at the outset of a civil lawsuit. FED. R. CIV. P. 26(a)(1)(A)(i). Rule 26(a)(2) further requires the pretrial disclosure of the identities of expert witnesses as well as their opinions and other related information. *See* FED. R. CIV. P. 26(a)(2). To prevent the unfair "sandbagging" of adverse parties, Rule 37(c)(1) prohibits the use of expert opinions that were not timely disclosed under Rule 26(a)(2). *DVL, Inc. v. Gen. Elec. Co.*, 811 F. Supp. 2d 579, 588 (N.D.N.Y. 2010), *aff'd sub nom. DVL, Inc. v. Niagara Mohawk Power Corp.*, 490 F. App'x 378 (2d Cir. 2012).

Additionally, FED. R. CIV. P. 26(e)(1) requires a party to supplement its discovery responses "in a timely manner" if the party learns of additional responsive materials or information. "The duty to supplement 'applies whether the corrective information is learned by the client or by the attorney[]' and extends not only to newly discovered evidence, but to 'information that was not originally provided although it was available at the time of the initial disclosure or response." *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 67–73 (E.D.N.Y. 2012) (quoting *Am. Friends of Yeshivat Ohr Yerushalayim, Inc. v. United States*, No. 04-CV-1798 (CPS), 2009 WL 1617773, at *1 (E.D.N.Y. June 9, 2009)); s*ee also Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 75 (W.D.N.Y. 2011) (applying an objective "reasonably should know" standard to determine when a party "learns" that its prior discovery responses are materially inaccurate or incomplete for Rule 26(e) purposes).

If a party fails to supplement in a timely manner, "it is no answer [to assert that a] supplemental [disclosure] was timely simply because it was technically made before the end of discovery." *Bruhn Farms Joint Venture v. Fireman's Fund Ins. Co.*, No. 13-CV-4106-CJW, 2017 WL 632105, at *5 (N.D. Iowa Feb. 13, 2017); *see also Chemence Med. Prods., Inc. v Quinn*, No. 1:11-CV-1366-CAP, 2014 WL 12538886, at *2 (N.D. Ga. Dec. 30, 2014) (observing that although witness disclosure "took place during discovery[, it] was neither a timely amendment to the plaintiffs' initial disclosures, nor was it a disclosure that was otherwise made known to the defendant."). The obligation to amend prior disclosures continues even after the conclusion of discovery. *See Lujan* 284 F.R.D. at 68 (E.D.N.Y. 2012) (citing *Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 354 (W.D.N.Y. 2011)). While Rule 26(e) does not expressly provide for sanctions for the failure to supplemnt, the duty to supplement responses may be enforced by the trial court through "sanctions . . . including

exclusion of evidence, continuance, or other action, as the court may deem appropriate." *See Outley v. City of New York*, 837 F.2d 587, 589 (2d Cir. 1988) (internal quotation marks and citation omitted).

### (ii) Sanctions Appropriate Under Rule 37 For Failing To Disclose A Witness.

A party found to have violated its Rule 26 will be disallowed from using that "information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "Substantial justification may be demonstrated where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request or if there exists a genuine dispute concerning compliance." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. 2012). "Harmlessness means an 'absence of prejudice to the defendant.'" *Canales v. United States*, No. 19-CV-0834(EK)(RLM), 2021 WL 5830765, at *2 (E.D.N.Y. Dec. 8, 2021) (citation omitted).

The party that fails to comply with Rule 26(a) or (e) bears the burden of proving both that its non-compliance was substantially justified and that it was harmless. *Id.* (citing *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002)); *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006); *Aboeid v. Saudi Arabian Airlines Corp.*, No. 10 CV 2518 SJ VVP, 2011 WL 5117733, at *2 (E.D.N.Y. Sept. 6, 2011). A finding of bad faith is not required to justify preclusion of evidence but a court may nevertheless consider bad faith in its analysis and when exercising its broad discretion in fashioning sanctions pursuant to Rule 37. *See Design Strategy, Inc. v. Davis*, 469 F.3d at 296 (2d Cir. 2006). Sanctions under Rule 37's serve three purposes:

> First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010) (quoting *Roberts v. Bennaceur*, 658 F. App'x 611, 614 (2d Cir. 2016) (quoting *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010)).

When determining whether to preclude evidence under Rule 37, courts consider: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997); *see also Gotlin v. Lederman*, No. 04-CV-3736 (ILG), 2009 WL 2843380, at *3 (E.D.N.Y. Sept. 1, 2009).

Rule 37 sanctions are not limited to initial disclosure violations but may be predicated on a party's failure to amend its prior discovery responses. *See, e.g.*, *Haas v. Delaware & Hudson Ry. Co.*, 282 F. App'x 84, 87 (2d Cir. 2008) (upholding an order to strike an affidavit where the nonmoving party could not explain its delay in failing to disclose a witness until the filing its motion); *Kosher Sports, Inc. v. Queens Ballpark Co.*, LLC, No. 10-CV-2618 JBW, 2011 WL 3471508, at *12 (E.D.N.Y. Aug. 5, 2011) (imposing sanctions for providing misleading discovery responses); *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 75 (W.D.N.Y. 2011) (imposing sanctions for failing to amend discovery responses to disclose relevant information).

### (iii) Testimonial Capacity Under FED. R. CIV. P. 56

FED. R. CIV. P. 56(c)(4) requires that affidavits or declarations "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." It is not enough for a declarant to assert that they have personal knowledge of the facts recited; instead, the declarant must show that such facts are matters known to them personally and are not based upon hearsay or "information and belief." *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (2d Cir. 2012) (analyzing FED. R. CIV. P. 56(c)(4)).

If a party fails to properly support an assertion as required by Rule 56(c) the court may consider the fact as undisputed, grant summary judgment, and issue any other appropriate order pursuant to Rule 56(e). *See e.g.*, *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 138 (2d Cir. 2009); *Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002) (observing that a statement based "upon information and belief" and not the declarant's personal knowledge does not comply with Civil Rule 56(e)); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584 (6th Cir. 1992) ("[T]he District Court correctly found that the [plaintiff's] Affidavit was not a proper Rule 56(e) affidavit because it was not made on personal knowledge and did not set forth 'facts' that would be admissible into evidence."). Courts have applied FED. R. CIV. P. 56(e) requirements to declarations submitted in connection with dispositive motions generally, and Rule 56 motions for summary judgment directly implicate those standards. *See, e.g., Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (using Rule 56(e) guidelines to determine the propriety and admissibility of an affidavit submitted in support of a motion to dismiss).

### (iv)    Rule 602 of the Federal Rules of Evidence

Similarly under Federal Rule of Evidence 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *See Brown v. Reinauer Transportation Companies, L.P.*, No. 16CV03998LDHPK, 2018 WL 9986677, at *3 (E.D.N.Y. Sept. 26, 2018), *aff'd*, 788 F. App'x 47 (2d Cir. 2019); *Yukos Cap. S.A.R.L. v. Feldman*, No. 15-CV-4964 (LAK), 2017 WL 10221739, at *5 (S.D.N.Y. Feb. 8, 2017), *aff'd*, 977 F.3d 216 (2d Cir. 2020). The test for admissibility of an affidavit is whether a "reasonable trier of fact could believe the witness had personal knowledge." *Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 764 (2d Cir. 1991). When deciding a motion for summary judgment, courts "will not consider as evidence an affidavit based on inadmissible hearsay unless there is a showing that admissible evidence will be available at trial." See *Isaacs v. Mid Am. Body & Equip. Co.*, 720 F. Supp. 255, 256 (E.D.N.Y. 1989); *Speedfit LLC v. Chapco Inc.*, 490 F. Supp. 3d 575, 583 (E.D.N.Y. 2020); *Kee v. City of New York*, 12 F.4th 150, 168 (2d Cir. 2021).

### (v)    Federal Rules of Evidence Rule 702

Federal Rule of Evidence 702 governs the admissibility of expert testimony. The rule was amended to reflect the U.S. Supreme Court's rulings in *Daubert* and *Kumho*. Under Rule 702, District Judges are to act as "gatekeepers" and must make a preliminary assessment to determine whether the expert testimony is both reliable and relevant. *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256 (2d Cir. 2002) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999)).

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion

or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. *See Donnelly v. Ford Motor Co.*, 80 F. Supp. 2d 45, 48 (E.D.N.Y. 1999) (citing *Daubert*, at 593–94).

Pursuant to FED. R. EVID. 702, an expert with "specialized knowledge [that] will help the trier of fact" may testify only so long as that testimony is "based on sufficient facts or data" and "is the product of reliable principles and methods" that the witness has "reliably applied . . . to the facts of the case." The proponent of expert testimony has the burden to establish these admissibility requirements, with the district court acting as a gatekeeper to ensure that the "'expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *In re Pfizer Inc. Secs. Litig.*, 819 F.3d 642, 658 (2d Cir. 2016) (quoting *United States v. Williams,* 506 F.3d 151, 160 (2d Cir. 2007)).

### (vi)     Inadmissible Hearsay

Federal Rule of Evidence 805 governs the admissibility of hearsay within hearsay. Under Rule 805, in order for hearsay within hearsay to be admissible, each level of hearsay must conform to an exception to the rule. *See* Fed. R. Evid. 805; *see also United States v. Cruz*, 894 F.2d 41, 44 (2d Cir. 1990) (noting that multiple hearsay in business record was not admissible absent "showing that they fit within the hearsay within hearsay exception"). The proponent of the hearsay has the burden to show the applicability of any exception or exemption. *Reynolds v. Am. Airlines, Inc.*, No. 14 CV 2429 (CLP), 2017 WL 6017355, at *2 (E.D.N.Y. Dec. 4, 2017) ("It is plaintiff's burden, as the proponent of the statement, to show the applicability of an exception or exemption to the prohibition on hearsay." (*citing* 30B Jeffrey Bellin, <u>Federal Practice and Procedure: Evidence</u> §§ 6712, 6803 (2017 ed.))); *United States v. Chen Kuo*, No.

10-CR-671 S-1 KAM, 2011 WL 145471, at *12 (E.D.N.Y. Jan. 18, 2011) (noting that the proponent of evidence containing hearsay within hearsay needed to lay "the proper foundation" prior to its admissibility).

(i)      <b>Rule 30(b)(6) Testimony Is Binding On the Company</b>

In the Second Circuit, there is a preference in the case law to "allow a litigant the opportunity to bind a corporate entity through Rule 30(b)(6) testimony." *Rubie's Costume Co., Inc. v. Kangaroo Mfg., Inc.,* No. CV166517SJFAKT, 2018 WL 4558405, at *3 (E.D.N.Y. Sept. 21, 2018); *see also Keepers, Inc. v. City of Milford*, 807 F.3d 24, 34 (2d Cir. 2015) (explaining that Rule 30(b)(6) testimony "is 'binding' in the sense that whatever its deponent says can be used against the organization). A company is not permitted to walk away from that binding testimony by later submitting a contradictory affidavit or declaration and disavowing its designee's testimony. *See Crawford v. Franklin Credit Management Corp.*, 758 F.3d 473, 483 (2d Cir. 2014)("a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony.").

**B.     The Allsworth Declaration is Inadmissible and Should Be Stricken in its Entirety**

      **(i)     Defendants Failed to Disclose James Allsworth as a Fact or Expert Witness.**

The Allsworth Declaration should be stricken in its entirety and is otherwise inadmissible because Mr. Allsworth is not a permissible witness.  Defendants failed to disclose Mr. Allsworth as a witness with knowledge of any fact relevant to Defendants' affirmative defenses in any of the three sets of Initial Disclosures they served.  *See* Cowley Decl. at Exs. 51, 52 and 53, at Section A in each.  Even in the Parties' Joint Pretrial Report submitted in March 8, 2023 (ECF

No. 155 at pp. 10-11) Defendants did not identify Mr. Allsworth as a potential witness for trial. In fact, during discovery, Defendants identified all Alamy Ltd. employees who had supervisory roles concerning the operations of Alamy, Inc. in the relevant time period, and Mr. Allsworth is not on that list. *See* Cowley Decl. Ex. 55.

Despite these failures, the Allsworth Declaration now purports to provide comprehensive testimony on all factual issues in dispute, including the corporate and operational relationships between the two Defendants, the technological functionality and limitations of the alamy.com website, the contractual and business relationships between Defendants and all contributors of images to the website, including the particular contributors of the specific images at issue, at least one of whom had a unique agency contract and, presumably, unique communications with the Defendants concerning those contract terms, the customer contractual and experiential relationships with the Defendants, the Defendants' watermarking of images, which involves both detailed technological issues and a long history of changing corporate policy decisions at the highest level of the companies, and even alleged facts concerning Plaintiff's relationship with clients dating back decades. To consider the Allsworth Declaration admissible is to accept that he has personal knowledge of all aspects of the Defendants' corporate operations and business relationships with all suppliers and customers, and all details concerning how infringing copies of Plaintiff's twenty-four images came to be created by Defendants, displayed, distributed and accounted for in the Defendants' records. In that circumstance, it is inexplicable how Mr. Allsworth wound up overlooked when Defendants' prepared each of their three Initial Disclosures. Further, Allsworth's declaration purports to provide a new-and-improved version of corporate testimony on the issues concerning which Defendants' prior designees already testified. *See* Cowley Decl. Exs. 4 (Excerpts of Volume 1 of Schilizzi's 30(b)(6) Deposition,

dated September 10, 2019), 7 (Excerpts of Volume 2 of Schilizzi's 30(b)(6) Deposition, dated September 25, 2020), and 8 (Excerpts of Volume 3 of Schilizzi's 30(b)(6) Deposition, dated October 12, 2020). Examples Defendants' efforts to "re-do" their testimony through the Allsworth Declaration include, but are not limited to: Schilizzi testifying to not having knowledge of how the automatic watermark imaging works (Cowley Decl. Ex. 4 at 12:13–19, 14:17–16:25); testifying that he is uncertain whether Alamy tracked whether customers agree to the Alamy License Agreement, where customers click to purchase a license, but the customers do not have to designate whether they read the agreement (Cowley Decl. Ex. 4 at 77:17-78:7); testifying that he does not know whether Alamy can track images that are downloaded by users of the alamy.com website (Cowley Decl. Ex. 8 at 488:10-501:14); explaining that a technically complex analysis requiring levels of investigation would be needed to determine when a particular version of a form contributor contract went live on the website, and Schilizzi could not determine that information himself (Cowley Decl. Ex. 8 at 393:24-397:9); Serember testifying that Alamy Inc. had no control over its bank account (Cowley Decl. Ex. 3, at 22:10-23, 121:5-15); explaining she was unaware of the intercompany loan between Alamy Inc. and Alamy Ltd. (Cowley Decl. Ex. 3, at 118:25–120:23); and failing to understand what it meant for Alamy Inc. to obtain "permission" from Alamy Ltd. regarding providing a license to clients, as nothing was provided in writing (Cowley Decl. Ex. 3, at 164:24–165:24, 166:9–170:7, 170:25–171:19) . The Allsworth Declaration attempts to backfill and change that binding corporate testimony by providing conclusory information on all of those topics, without even recognizing that the foundation for the conclusions he provides has never been disclosed or tested. *See* Allsworth Decl. at ¶¶ 9, 28, 38-39, 40, 41, 48, 59, 61, 88, 110-111.[Cite to example paragraphs of the Allsworth Declaration]

It is appropriate to strike a declaration if it "states legal and factual positions that vary materially with those taken by the corporate representative." *Endico v. Endico*, No. 19 CIV. 7231 (JCM), 2022 WL 3902730, at *10 (S.D.N.Y. Aug. 30, 2022) (quoting *Rainey v. American Forest & Paper Assoc.,* 26 F.Supp.2d 82, 96 (D.C.Cir. 1998).

Further, Defendants did not identify Mr. Allsworth as an expert who would provide testimony on any topic. *See* Cowley Decl. at Exs. 54. Nevertheless, the Allsworth Declaration attempts to provide opinion testimony at paragraphs 34 (compliance with legal standards set by U.S. federal law); 43 (fairness and comparative value in the marketplace of commission payments); 44 (fairness in the marketplace of license fees charged); 47 (the technological impossibility for websites to incorporate screens for images or to require uploaders to post documentation of copyright ownership or license along with images uploaded before the images go live for sub-licensing); and 59 (watermarking practices of the industry). These opinions are not facts, but may be subjects on which an expert may be permitted to opine, but not a layperson, and Defendants never disclosed any expert credentials, or expert report with the underlying analysis supporting any of Mr. Allsworth's opinions. *See United States v. Garcia*, 413 F.3d 201, 216 (2d Cir. 2005)(if a witness' opinion "rests 'in any way' upon scientific, technical, or other specialized knowledge, its admissibility must be determined by reference to Rule 702, not Rule 701," i.e., it is expert not lay opinion).

Defendants have not moved to supplement the disclosures as required by Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure. Discovery closed on August 31, 2022, a deadline that Defendants insisted be enforced in opposition to Plaintiff's request for additional deposition testimony. (*See*, Electronic Notice dated December 6 2022, Magistrate Judge Ramon E. Reyes.) Prior to that deadline, Defendants never withdrew their designations of John

Schilizzi[1] and Jane Serember on any topic for which they were previously designated. Mr. Schilizzi was designated as both Defendants' representative on the comprehensive set of topics implicating Defendant Alamy, Inc. and most of the topics implicating the intra-company relationship between the two Defendants. *See* Cowley Decl. Exs. 1, 2, 5, 6 and 7 (excerpts of the transcript of the deposition of John Schilizzi dated September 25, 2020) at 31:15-21, 32:8-14. Ms. Serember was designated on the specific topics implicating Defendant Alamy, Inc.'s operations. *See* Cowley Decl. Exs. *See* Cowley Decl. Exs. 1-2.

The wholesale lack of foundation to support Mr. Allsworth's omniscience on all alleged facts on all topics appears to be an effort by Defendants to toss aside the Rule 30(b)(6) testimony by Mr. Shilizzi and Ms. Serember with which they are unhappy, and treat summary judgment / trial testimony as a second opportunity to designate whomever they want to testify on all topics, regardless of the limitations on the actual personal knowledge of their new chosen designee. But Rule 30(b)(6) is not an opportunity for a company to disregard the lack of testimonial capacity of their own witnesses, at any stage of litigation. Instead, it imposes an obligation on companies to designate and prepare one or more designees to disclose efficiently the corporate information on specified topics, and designating companies are then bound by their designees' testimony in order to avoid the very bait-and-switch shell game that Defendants attempt to play by swapping out modified "corporate" testimony through the Allsworth Declaration that disregards and contradicts the actual Rule 30(b)(6) testimony of their designees. *See* Allsworth Declaration ¶¶ 3, 4, 9-13, 28, 39-40, 65-73, 75-79, 81-89, 91-100, 102- 105, 107-111; Declaration of Steven M. Cowley ("Cowley Decl.") ¶¶ 5, 6, 9, 10, Ex. 3 22:10-23, 27:4–29:13, 79:23–80:12, 83:14–88:4;

---

[1] Mr. Schilizzi was the principal company witness Defendants disclosed in each of their three sets of Initial Disclosures. *See* Cowley Decl. at Exs. 51, 52 and 53, at Section A in each.

Ex. 4 13:6-19, 32:2-7, 33:12-37:1, 77:17-78:7; Ex. 7 304:24–314:25, 316:7-13, 393:24-397:9; Ex. 8 432:7-25, 436:9-16, 475:4-476:2, 486:22-487:19 .]

Defendants' attempt to swap out their Rule 30(b)(6) designees' testimony with the Allsworth Declaration fails to meet the admissibility requirements of Rule 56(c), even if Mr. Allsworth were a disclosed witness and his testimony did not violation Rule 30(b)(6). The Allsworth Declaration purports to provide comprehensive testimony on all aspects of the Defendants' operations, intra-company and external business relationships, and even Plaintiff's contractual relationships decades old with third parties unknown to Mr. Allsworth. Despite the extraordinary breadth and depth of Mr. Allsworth purported knowledge, the Allsworth Declaration fails to provide any foundational information other than his title – which in and of itself tells the Court nothing about the personal knowledge about the relevant facts Mr. Allsworth gained while working in that position, or even how long he has held the title provided. In short, the Allsworth Declaration entirely fails even to attempt to meet the standard for admissible testimony in support of a motion for summary judgment under FED. R. CIV. P. 56(c)(2) and (c)(4), and Rule 56(e). This lack of personal knowledge or other valid foundation for the comprehensive testimony on all facts relating to all issues in dispute also fails to meet the general standard for admissible evidence at trial under FED. R. EVID. 602 and 702. Similarly, the Allsworth Declaration purports to submit dozens of documents that, on their face constitute inadmissible double (or more) hearsay, with no attempt to provide a foundation for the admissibility of those out-of-Court statements. *See* Allsworth Decl ¶¶ 62, 73 (), and 107 (citing exhibits that were prepared to defend this litigation - Z, AA, EE-GG, and UU-XX - all containing correspondence with or from unkown third parties, or third parties whose testimony will never be tested in discovery or at trial). It is not possible for those documents to meet the

standard for the business records exception to the hearsay rule of preclusion under FED. R. EVID. 803(6), as they were created only to prepare for this litigation following service of the Complaint, were not created or maintained in the normal course of Defendants' business, and contain multiple layers of hearsay communications from undisclosed third-parties who have a material economic interest in the outcome of this litigation and have no obligation to create or maintain any of the information they promote on behalf of Defendants. *See Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 568 (E.D.N.Y. 1999) ("conclusory allegations, legal arguments, and statements not based on personal knowledge, may be stricken" from affidavits); *Delacroix v. Lublin Graphics, Inc.*, 993 F. Supp. 74, 80 (D. Conn. 1997) (striking portions of affidavits that were "fraught with conclusory statements, legal arguments, speculation, and the affiant's self-serving interpretation of [documents].). *Gem Fin. Serv., Inc. v. City of New York*, No. 13CV1686RPKRER, 2022 WL 409618, at *10 (E.D.N.Y. Feb. 10, 2022) (determining that a NYPD Contact log was not admissible under 803(6), as it was not a business record but rather a record created in anticipation of litigation).

It would be unfair and prejudicial to permit Defendants to toss aside the Rule 30(b)(6) testimony of their designees, on which Plaintiff has relied for years, and create an entire new record as if on a blank slate only at the summary judgment stage of this litigation. The Allsworth Declaration should be stricken without consideration on the summary judgment record. *See, e.g., Ebewo v. Martinez*, 309 F. Supp. 2d 600 (S.D.N.Y. 2004) (finding that plaintiff's delay in disclosing witness testimony after discovery closed prejudiced defendant because defendant had already moved for summary judgment based on what it believed was the strength of the plaintiff's case at the close of discovery).

If the Court were to consider the testimony and exhibits submitted in the Allsworth Declaration, basic fairness to the Plaintiff requires that discovery be re-opened so that Mr. Allsworth's comprehensive testimony may be subject to discovery, including a deposition. This would result in additional litigation costs if the Court decides to reopen discovery. *MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, No. 09 Civ. 3255, 2012 U.S. Dist. LEXIS 92435 at *41-42, 2012 WL 2568972, at *14 (S.D.N.Y. July 2, 2012) (re-opening discovery to allow depositions of three witnesses); *see also Gotlin v. Lederman*, No. 04-CV-3736 (ILG), 2009 WL 2843380, at *4 (E.D.N.Y. Sept. 1, 2009)(precluding use at trial of belatedly produced medical records, where permitting their inclusion would require the reopening of discovery).

### C. The Testimonial Portions of the Wolff Declaration on Contested Factual And Opinion Issues Should Not Be Considered

Plaintiff objects to and requests that paragraphs 8–12 and 14 of the Wolff Declaration be stricken because she inappropriately transforms herself as an "advocate-witness." The Wolff Declaration is riddled with hearsay, and Defendants' counsel failed to provide Plaintiff the opportunity to depose Ms. Wolff as a previously undisclosed fact witness. Furthermore, Defendants' disclosure of Ms. Wolff as a fact witness is untimely. *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd v. Coventry First LLC*, 280 F.R.D. 147, 161 (S.D.N.Y. 2012) ("Making a supplemental disclosure nearly a year after the close of fact discovery is not 'timely' by any definition." (citing *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 80-81 (W.D.N.Y. 2011)).

A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless: (1) the testimony relates solely to an uncontested issue; (2) the testimony relates solely to the nature and value of legal services rendered in the matter; (3) disqualification of the lawyer would work substantial hardship on the

client; (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or (5) the testimony is authorized by the tribunal. *See* N.Y. COMP. CODES R. & REGS. TIT. 22, § 1200.0.

These rules—commonly referred to as "advocate-witness" rules—are based upon concerns that: (1) the lawyer will appear to vouch for their own credibility, (2) the lawyer's testimony will put opposing counsel in a difficult position when they has to vigorously cross-examine their lawyer adversary and seek to impeach their credibility, and (3) there may be an implication that the testifying attorney may be distorting the truth as a result of bias in favor of their client. *See Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*, 378 F.3d 269, 282 (2d Cir. 2004); *Dolenec v. Pressler & Pressler L.L.P.*, No. 12-CV-5500 KNF, 2014 WL 6632942, at *3 (S.D.N.Y. Nov. 24, 2014); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413, 419–20 (S.D.N.Y. 2015). "[W]hen one individual assumes the role of both advocate and witness it may so blur the line between argument and evidence that the jury's ability to find facts is undermined." *Finkel v. Frattarelli Bros.*, 740 F. Supp. 2d 368, 373 (E.D.N.Y. 2010).

Attorney Wolff has been lead defense counsel for Defendants on this case since 2018, and has not provided notice to the Court or Plaintiff's counsel that she is withdrawing from that role. Counsel of record are not permitted to become fact witnesses, and both fact and expert witnesses must be disclosed pursuant to Rule 26. *See* FED. R. CIV. P. 26. Paragraphs 8-12 and 14 of Wolff Declaration set forth testimony somewhere on the line between factual allegations (if one were to assume that Ms. Wolff implicitly testifies based on her personal experience gained in representation of Defendants or other clients) and opinion, based on some unexplained expertise she claims to have on the industry or marketplace generally, however those concepts are being

defined.  Ms. Wolff's testimony is hotly contested.  *See* Declaration of Michael Grecco at ¶¶ 9-16, 20-22.  The challenged testimony from Ms. Wolff does not concern her legal services, is not a matter of formality or otherwise authorized by the Court.  S*ee* New York Rules of Professional Conduct, rule 3.7(a).[2]  By providing these statements, Ms. Wolff purports to make herself a principal witness on heavily disputed issues.

Ms. Wolff has failed to establish the basis of her personal knowledge of each of these statements as required by FED. R. Evid. 602 and 702 for the and FED. R. CIV. P. 56(c)(2) and (c)(4), and Rule 56(e).  The purported basis for Ms. Wolff's personal knowledge or expert opinions on the topics she addresses is not disclosed in the Wolff Declaration.  Accordingly, the Defendants should not be permitted to submit paragraphs 8–12 and 14 of the Wolff Declaration for consideration on the summary judgment motion.

Plaintiff had no disclosure of Ms. Wolff's proposed role as a witness, and no opportunity to depose or cross examine Ms. Wolff.  Should the Court consider the Wolff Declaration in full, it would be unfair and prejudicial the Plaintiff to not provide Plaintiff the opportunity now to serve discovery on Ms. Wolff to uncover the basis of her alleged knowledge, and depose her on the scope of the testimony she purports to provide.  *See* FED. R. CIV. P. 56(d); *MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, No. 09 Civ. 3255, 2012 U.S. Dist. LEXIS 92435 at *41-42, 2012 WL 2568972, at *14 (S.D.N.Y. July 2, 2012).

## CONCLUSION

For all of the foregoing reasons, the Court should: (i) strike the entirety of James Allsworth's Declaration (and any pleadings relying); (ii) strike paragraphs 8-12 and 14 of the Wolff Declaration from consideration in the summary judgment record or, in the alternative,

---

[2] N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, at Rule 3.7(a).

permit the reopening of discovery to enable Plaintiff to take discovery concerning her testimony, including a deposition; (iii) strike the Allsworth Declaration from consideration in the summary judgment record or, in the alternative, permit the reopening of discovery to enable Plaintiff to take discovery concerning his testimony, including a deposition; ; and (iv) grant to Plaintiff such other and further relief as this Court deems just and proper.

Dated: August 7, 2023

**DUANE MORRIS LLP**

*/s/ Steven M. Cowley*
Steven M. Cowley (*Pro Hac Vice*)
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone: 857-488-4261
Facsimile: 857-401-3090
Email: SMCowley@duanemorris.com

Peggy Senyie Chen
230 Park Avenue, Suite 1130
New York, NY 10169
Telephone: 212-404-8722
Facsimile: 212-818-9606
Email: PSChen@duanemorris.com

*Attorneys for Plaintiff*
*Michael Grecco Photography, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 7, 2023 a copy of the foregoing Plaintiff's Objections to the Declaration of James Allsworth and portions of the Declaration of Nancy Wolff was electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

_/s/ Steven M. Cowley_
Steven M. Cowley