

| | | |
|---|---|---|
| NEW YORK | | HANOI |
| LONDON | | HO CHI MINH CITY |
| SINGAPORE | *FIRM and AFFILIATE OFFICES* | SHANGHAI |
| PHILADELPHIA | | ATLANTA |
| CHICAGO | | BALTIMORE |
| WASHINGTON, DC | | WILMINGTON |
| SAN FRANCISCO | STEVEN M. COWLEY | MIAMI |
| SILICON VALLEY | DIRECT DIAL: +1 857 488 4261 | BOCA RATON |
| SAN DIEGO | PERSONAL FAX: +1 857 401 3090 | PITTSBURGH |
| LOS ANGELES | *E-MAIL:* SMCowley@duanemorris.com | NEWARK |
| BOSTON | | LAS VEGAS |
| HOUSTON | *www.duanemorris.com* | CHERRY HILL |
| DALLAS | | LAKE TAHOE |
| FORT WORTH | | MYANMAR |
| AUSTIN | | |
| | | ALLIANCES IN MEXICO |

June 17, 2024

VIA ECF

The Honorable Pamela K. Chen
United States District Court Judge
United States District Court for the
 Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

      Re:    <u>*Michael Grecco Productions, Inc. v. Alamy Inc. and Alamy Ltd.*, U.S.D.C., E.D.N.Y., No. 1:18-cv-3260-PKC-JAM</u>

Dear Judge Chen:

      On behalf of Plaintiff Michael Grecco Productions, Inc. ("MGPI"), I write in response to Your Honor's March 4, 2024 Electronic Order, which directed the parties to advise the court by June 17, 2024 regarding any potential impact of the later-filed, related case *Michael Grecco Productions, Inc. v. Alamy Inc. et al*, 23-CV-8321 (PKC) (JAM) ("MGPI 2") on the pending motion for summary judgment in the current case once all defendants are served and discovery begins in the MGPI 2 case.

      Plaintiff discussed the impact of the MGPI 2 action in its March 1, 2024 position letter (Doc. 172). There is no change from Plaintiff's position, except for an update as to Plaintiff's efforts to serve the defendants in that action. At this time, MGPI is still trying to determine all the "contributors" of the infringed works. MGPI has learned that one contributor identified by Alamy Inc. and Alamy Ltd. (together the "Alamy Defendants") – AF Archive – cannot be served at this time, because it no longer exists. MGPI attempted to effect service on AF Archive via Hague Convention procedures, and during this process, the United Kingdom office tasked with service reported to MGPI that AF Archive could not be found at the address provided and that it had been dissolved in 2016. The correspondence on this issue and the records of dissolution are attached hereto as Exhibit A.



Pamela K. Chen
June 17, 2024
Page 2

      This dissolution calls into question the Alamy Defendants' representations in their summary judgment papers that AF Archive was responsible for 18 of the infringements, as the Alamy Defendants' distributions and offers of licenses in images attributed on their website to AF Archive occurred long after that entity was dissolved. This suggests that the Alamy Defendants retained and attempted to commercially exploit the AF Archive attributed images solely for their own account for a number of years. MGPI anticipates that it will require discovery in the MGPI 2 case into the Alamy Defendants' interactions with AF Archive - such as the Alamy Defendants' knowledge of its dissolution, what happened to the AF Archive share of revenue of any sales of licenses in images attributed to AF Archive, and any related communications, for example – in order to identify the impact this newly discovered fact has on the arguments asserted by the Alamy Defendants concerning AF Archive images in this proceeding.

      Sincerely,

      */s/ Steven M. Cowley*

SMC:mar

cc: All counsel of record (by ECF)

Encl. – Exhibit A

DM2\19753282.1