

June 17, 2024

**VIA ECF**
Hon. Pamela K. Chen
United States District Court Eastern District of New York
225 Cadman Plaza East, Room N631
Brooklyn, New York 11201

  Re: *Michael Grecco Productions, Inc. v. Alamy Inc. and Alamy Ltd.*
     Case No. 1:18-cv-3260-PKC-JAM

Dear Judge Chen:

Defendants Alamy Inc. and Alamy Ltd. respectfully write pursuant to Your Honor's March 4, 2024 Order, which directed the parties to advise the Court regarding any potential impact of the later-filed, related case *Michael Grecco Productions, Inc. v. Alamy Inc. et al*, 23-CV-8321 (PKC) (JAM) on the pending motion for summary judgment in the current case once all defendants are served and discovery begins in the 2023 case.

The Alamy Defendants do not believe the 2023 case currently impacts summary judgment in the instant case. Initially, aside from an exchange of initial disclosures by a subset of the parties, discovery has not yet begun in the 2023 case and not all defendants in that case have been served. While the served-defendants in the 2023 case have moved to dismiss, that motion mostly raises statute of limitations issues that are not germane to summary judgment in this case.[1]

Plaintiff's letter from today alleges that Alamy contributor AF Archive was dissolved in April 2016 and appears to argue that this undercuts the Alamy Defendants' DMCA § 512(c) safe harbor defense in the instant case. (*See* ECF 174 at 2; 174-1 at 5.) While those allegations may require investigation in the 2023 case, the summary record here shows that the images supplied by AF Archive were uploaded to the Alamy platform no later than March 2016 – i.e., prior to AF Archive's alleged dissolution. (*See* ECF 161-1 at ¶ 93.) Accordingly, Plaintiff's new allegations regarding AF Archive, even if true, would not change that those images were uploaded to the Alamy platform by a contributor and that the Alamy Defendants meet the DMCA's safe harbor requirements for the reasons fully set forth in the summary judgment briefing.

We appreciate the Court's time and attention to this matter.

                    Respectfully submitted,

                    /s/ Nancy E. Wolff
                    Nancy E. Wolff

cc: All Counsel of Record (via ECF)

---

[1] The only overlapping issue in the two motions is whether adding Alamy's watermark amounts to providing false copyright management information.

Cowan, DeBaets, Abrahams & Sheppard LLP

60 Broad Street
30th Floor
New York, NY 10004

8447 Wilshire Blvd
Suite 425
Beverly Hills, CA 90211

cdas.com